FILED
2004 FEB -2 A 11: 17
U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., <br><br>    Plaintiffs, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br>        Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. <br> ) 3:03 CV 00644 (CFD) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) JANUARY 30, 2004 |

# PLAINTIFFS' REPORT
## OF PARTIES RULE 26(f) PLANNING MEETINGS

- Complaint was filed in this action on April 9, 2003.
- Defendants were served on or about April 11, 2003.
- Defendants appeared in this action on or about May 28, 2003.
- The related action of *Gwynn et al v. National Union et al,* Docket Number 3:03 CV 01154(CFD) (the "Gwynn action") was filed on or about July 2, 2003.
- By order of the Court dated October 14, 2003, this case has been consolidated with the Gwynn Action.

Pursuant to Rules of the F.R.C.P. 16(b), 26(f) and D, and Local Rule 16, a conference was held on September 11, 2003 and has thereafter been supplemented by various emails, telephone calls and further communications between counsel in this action and counsel in the Gwynn action. **Plaintiffs' counsel provided a copy of this**

1

report in draft form on January 9, 2004 to Defendants' counsel but since then has had no comments or response from counsel for the Defendants on this report despite several requests. Accordingly Plaintiffs' counsel is filing the report on its own behalf pending a response from counsel for the Defendants at some unspecified future date. Participants to those conferences and communications have been:

For the Plaintiffs,
Bruce Charles Ryan,
Russell William Newton,
Robert Fitzpatrick, and
Merit Capital Associates Inc.:                    Peter M. Nolin
                                                  Sandak Hennessey & Greco LLP
                                                  970 Summer Street
                                                  Stamford, CT  06905


For the Defendants,
National Union Fire Insurance
  Company of Pittsburg, PA
and AIG Technical Services Inc.:                  James R. Hawkins, II
                                                  Finn Dixon and Herling LLP
                                                  One Landmark Square
                                                  Stamford, CT  06901-2689


For Plaintiffs:
David W. Gwynn,
Rachel Gwynn and
Gwynn Financial Services Inc.
in the Gwynn action:
                                                  Mario DiNatale
                                                  Silver Golub and Teitell
                                                  184 Atlantic Street
                                                  P. O. Box 389
                                                  Stamford, CT  06904

## I. Certification

Undersigned counsel certifies that, after consultation with his clients, he has discussed the nature and basis of the parties' claims and defenses and any possibility for achieving a prompt settlement or other resolution of the case and, in consultation with has clients, has developed the following proposed case management plan. Counsel further certifies that he has forwarded a copy of this report to his clients.

## II. Jurisdiction

Plaintiff has alleged diversity jurisdiction over this matter under 28 U.S.C. §1332(8)(1) in that the Plaintiffs and Defendants are residents of different states and the amount in controversy exceeds $75,000 as to each Defendant exclusive of interest and costs. To date, Defendant has not denied Plaintiffs' allegation for subject matter jurisdiction.

  B. Personal jurisdiction has not been contested.

## III. Brief Description of Case

Plaintiffs' action has as its center an allegation of a breach of a duty to defend under an insurance policy. Merit is a securities broker/ dealer operating under the regulation of the National Association of Security Dealers ("NASD"). The individual Plaintiffs were high ranking officers of Merit. Plaintiff in the Gwynn action, David W. Gwynn ("Gwynn"), was licensed by the NASD to sell securities and at relevant times worked, in part, as an independent contractor, for Merit serving as a registered representative of Merit primarily in the state of Arizona. National Union issued a securities broker/dealer professional liability insurance policy to Merit for the period

from August 23, 2000 to August 23, 2001. The policy covers Merit as the insured broker/dealer but also includes within the definition of insureds, Ryan, Newton and Fitzpatrick as well as Gwynn.

A claim was made under NASD arbitration rules against Merit and Gwynn dated August 31, 2001 in which Ryan, Newton and Fitzpatrick and their wives, and Gwynn's wife and Gwynn Financial Services were named as additional respondents. Merit tendered the defense of the Arbitration claim to National Union, which initially hired counsel and agreed to provide a defense. Thereafter, National Union in conjunction with Defendant AIGTS purported to revoke the defense being provided under the policy. The Plaintiffs in this action as well as the Plaintiffs in the Gwynn action were thereafter forced to defend themselves, but Gwynn had insufficient funds to hire counsel to represent himself, his wife or his company. The Arbitration proceeded against the Plaintiffs in this action and the Plaintiffs in the Gwynn action in early January 2003. During the first three days of that proceeding, the Plaintiffs in the Gwynn action were without counsel and the Plaintiffs in this action because of lack of funds were unable to fully prepare their own defense. Thereafter, Defendants agreed to resume the defense and provided a counsel to Gwynn, who attempted to resume the defense mid-way through the hearing. The NASD Arbitration Panel entered an award of $1,125,000 against the Plaintiffs in this action and the Plaintiffs in the Gwynn action.

  A. Plaintiffs in this action contend that the conduct of National Union and AIGTS constituted a breach of the duty to defend under the policy, a breach of the duty to indemnify under the policy in light of the fact that the action could have been settled well

4

within policy limits before the NASD Arbitration commenced and further to the extent that the Defendants refused to pay the Arbitration Award until after this action was commenced. On these facts the Plaintiffs in this action also have claims for breach of the duty of good faith and fair dealing and a violation of CUTPA. Plaintiffs in this action allege that they were held liable for the award primarily because of the failure of Defendants to properly defend and indemnify against the arbitration claim.

    B.    It is unclear what defenses will be raised by Defendants, other than the claim that by paying the arbitration award after the commencement of this action they are somehow exempted from a claim of bad faith.

    C.    The Plaintiffs in the Gwynn action have made similar claims against AIGTS and National Union.

## IV. Statement of Undisputed Facts:

Plaintiffs have been unable to ascertain if Defendants agree that certain facts are undisputed.

## V. Case Management Plan

    A.    The parties **do** request modification of the deadlines in the Standing Order on Scheduling of Civil Cases as follows below. During the period from April 2003 to August 2003 this case did not proceed while Defendants worked to settle the underlying arbitration claim. Thereafter the parties consolidated the two cases and Plaintiffs in this action and the Gwynn action each amended their Complaints.

    B.    The parties **do** request a pretrial conference with the Court before entering a Scheduling Order pursuant to Federal Rules of Civil Procedure 16(b).

      C.     Early settlement conference

          1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The parties have partially resolved the issues in this matter in that Defendants National Union and AIGTS agreed to and have settled the underlying NASD Arbitration by paying a substantial settlement to the claimant therein. The Plaintiffs in this action and the Plaintiffs in the Gwynn action have each amended their Complaints to reflect this new fact. It is unclear whether complete settlement of the remaining issues is likely at this time but settlement might be enhanced by a settlement conference with a Magistrate Judge after the parties exchange the requisite Rule 26 discovery. The parties believe that such a conference would be best scheduled after April 1, 2004.

          2.     The parties **do** request an early settlement conference in this matter as noted above, but after April 1, 2004.

          3.     The parties prefer a settlement conference with a Magistrate Judge.

          4.     The parties **do not** request a referral for Alternative Dispute Resolution pursuant to Local Rule 16.

      E.     Joinder of Parties and Amendment of Pleadings.

          1.     Plaintiffs in this action have filed an Amended Complaint to reflect the changed circumstances after Defendants settled the underlying NASD Arbitration. Plaintiffs do not contemplate joining additional parties.

          2.     Defendant should be allowed until January 30, 2004 to file a response to the Complaint and until February 16, 2004 to join additional parties.

        3.      Plaintiffs in the Gwynn action agree to this same schedule.

F.      Discovery

        1.      The parties anticipate that discovery will be needed on the following subjects: (a) the decision making of National Union/AIGTS in agreeing to provide an initial defense to the Plaintiffs in this action and to the Plaintiffs in the Gwynn action in the underlying NASD Arbitration; (b) the decision making of National Union/AIGTS to revoke defense for the Plaintiffs in this action and the Plaintiffs in the Gwynn action in the underlying NASD Arbitration; (c) the initial selection of counsel by National Union/AIGTS in the arbitration for the Plaintiffs in this action and the Plaintiffs in the Gwynn action; (d) the decision of National Union/AIGTS to resume defense of the Plaintiffs in this action and the Plaintiffs in the Gwynn action after the commencement of the NASD Arbitration hearing; (e) the refusal of Nation Union/AIGTS to fund any settlement of the arbitration proceeding before the award entered; (f) the refusal of National Union/AIGTS to pay any part of the Arbitration Award before the commencement of this action and the denial of any duty to indemnify under the policies; (g) the refusal of AIGTS/National Union to mediate the dispute with the Plaintiffs in this action despite due demand; (h) whether AIGTS/ National Union breached their duty to defend or to indemnify the Plaintiffs in this action and the Plaintiffs in the Gwynn action

Plaintiffs are unable to determine what issues Defendants intend to raise in discovery.

Similar discovery topics will be pursued in the Gwynn action and all of the parties agree that discovery will be pursued in both cases simultaneously.

2. All discovery including deposition of expert witnesses will be commenced immediately following the filing of this report and shall be completed by January 31, 2005.

3. Discovery will not be conducted in phases.

4. N/A.

5. The parties anticipate that the Plaintiffs and Defendants will require a total of five depositions each in addition to the planned depositions of Brian Conlin, Merit, Ryan, Fitzpatrick, Newton, David Gwynn, Rachel Gwynn and various counsel to the underlying Arbitration including but not limited to attorneys Federman, Plomsky, Burke and Moskowitz. Depositions of fact witnesses may be commenced by May 1st and shall be completed by November 1, 2004.

6. The parties will not request permission to serve more than 25 interrogatories but each party reserves the right to request the Court for leave to serve additional interrogatories.

7. Plaintiffs do intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Rule 26(a)(2) by October 1, 2004. Depositions of any such Plaintiffs' experts will be completed by December 1, 2004.

8. Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Rule 26(a)(2) by December 24, 2004. Depositions of such experts shall be completed by January 31, 2005.

9. A damage analysis will be provided by any party who has a claim or counterclaim for damages by September 1, 2004.

All of the parties agree that the discovery schedule in the Gwynn action will be the same as that agreed upon the this action.

G. Dispositive Motions.

Dispositive motions will be filed on or before March 15, 2005.

H. Joint Trial Memorandum.

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by April 30, 2005, if no dispositive motions are filed or 60 days after the entry of a ruling by this Court on any dispositive motion.

**V. Trial Readiness**

This action and the related Gwynn action will be trial ready by June 2005 unless that date is extended as a result of the filing of dispositive motions.

As an officer of the Court, the undersigned counsel agrees to cooperate with other counsel to promote the just, speedy and inexpensive determination of this action.

> PLAINTIFFS, BRUCE CHARLES RYAN,
> RUSSELL WILLIAM NEWTON,
> ROBERT FITZPATRICK, and MERIT
> CAPITAL ASSOCIATES INC.,
>
> By_____
> Peter M. Nolin (ct06223)
> Jay H. Sandak (ct06703)
> Sandak Hennessey & Greco LLP
> 970 Summer Street
> Stamford, CT 06905
> (203) 425-4200
> (203) 325-8608 (fax)

pnolin@shglaw.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by regular first class mail postage prepaid, on January 30, 2004, to the following counsel:

James R. Hawkins, II, Esq.
Finn Dixon & Herling, LLP
One Landmark Square, Suite 1400
Stamford, CT 06901-2689

Mario DiNatale
Silver Golub & Teitell LLP
184 Atlantic Street
P.O. Box 389
Stamford CT 06904-0389

_____
Peter M. Nolin