UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
BRUCE CHARLES RYAN, RUSSELL WILLIAM :
NEWTON, ROBERT FITZPATRICK, and MERIT :   CASE NUMBER:
CAPITAL ASSOCIATES, INC.,              :   3:03 CV 00644 (CFD)
                                       :
              Plaintiffs,              :
                                       :
       vs.                             :
                                       :
NATIONAL UNION FIRE INSURANCE          :
COMPANY OF PITTSBURGH, PA., and        :
AIG TECHNICAL SERVICES, INC.,          :   March 1, 2004
                                       :
              Defendants.              :
---------------------------------------------------------------X

## MOTION FOR STATUS CONFERENCE AND
## COORDINATED SCHEDULING ORDER

Defendants National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and AIG Technical Services, Inc. ("AIGTS") (hereinafter referred to collectively as "National Union") hereby respectfully move pursuant to Fed. R. Civ. P. 16(a)-(b) and 42(a) and D. Conn. L. Civ. R. 16(a)-(b) that this Court schedule a status conference for the purpose of coordinating by order the schedules of the above-captioned action and *Gwynn, et al., v. National Union, et al.*, Docket Number 3:03 CV 01154 (CFD) ("*Gwynn*"), transferred to this Court by Order dated October 14, 2003, and now referred together with this action to Magistrate Judge Thomas P. Smith by Order dated February 17, 2004 for the purpose of conferring on scheduling and settlement matters.

In support of this motion, undersigned counsel states as follows:

1. Plaintiffs in the companion *Gwynn* action moved to consolidate that case with this action on September 29, 2004. As the basis for their Motion, Plaintiffs indicated that

{00061616; 1; 0040-3}

> [t]he two matters are similar, in that each action alleges a violation by the same defendant insurers of their good faith obligation to indemnify and defend the plaintiffs in an NASD arbitration . . . . As such, the two claims involve much the same questions of fact, and issues of law, even though the plaintiffs in the Gwynn matter have asserted an additional claim against the defendants that the plaintiffs in Ryan did not.

Motion to Consolidate, *Gwynn,* Docket Number 3:03 CV 01154 (CFD), at 2.

2.  By order of the Court dated October 14, 2003, *Gwynn* was transferred to this Court for all purposes, including trial, with the Court's consent.

3.  Both actions were also referred to Magistrate Judge Thomas P. Smith on February 17, 2004, for the purpose of conducting conferences regarding scheduling and opportunities for settlement.

4.  On January 26, 2004, National Union moved to dismiss the Amended Complaint in the above-captioned action dated December 12, 2003, for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick, and Merit Capital Associates, Inc. ("Plaintiffs") filed a Memorandum in Opposition thereto on February 17, 2004 ("Plaintiffs' Opposition"). According to D. Conn. L. Civ. R. 7(d) and Fed. R. Civ. P. 6, National Union's reply memorandum to Plaintiffs' Opposition is currently due on or before March 2, 2004.

5.  National Union also moved on January 26, 2004, to dismiss the Amended Complaint in *Gwynn* dated September 29, 2003, for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs David W. Gwynn, Raquel Gwynn and Gwynn Financial Services, Inc. (the "Gwynn Plaintiffs") have moved for an extension of the time for their response until on or before March 17, 2004. The Court granted that request by

{00061616; 1; 0040-3}

Order dated February 18, 2004. According to D. Conn. L. Civ. R. 7(d) and Fed. R. Civ. P. 6, National Union's reply memorandum in *Gwynn* will be due on or before March 31, 2004.

6. Because these actions involve substantially common questions of law and fact, the coordination of the schedules of these cases would conserve judicial resources, promote the just and efficient conduct of both actions, and serve the convenience of the parties and witnesses. Both this case and the *Gwynn* action are currently proceeding on roughly parallel tracks but without coordination as to timing, leading to potentially duplicative pleading and argument before the Court.

7. For example, Plaintiffs opposed Defendants' Motion to Dismiss on February 17, 2004, but the *Gwynn* Plaintiffs have received an extension until one month from that date, March 17, 2004. According to D. Conn. L. Civ. R. 7(d), National Union's reply to Plaintiffs opposition is currently due on March 2, 2004, whereas such a similar response in the *Gwynn* action would not be due until March 31, 2004. Without a coordinated schedule, National Union would be responding to both actions in a disjointed and piecemeal fashion, repeating many of the same arguments and lodging the same defenses at different times before the Court. The *Gwynn* action would proceed approximately one month behind this case, even though common questions predominate between both cases.

8. A coordinated schedule would promote the swift and orderly resolution of these matters and the interests of justice and judicial economy. Under such a schedule, the Court could consider similar arguments and issues at the same time. Plaintiffs would also benefit from the opportunity to coordinate their arguments and responses, and National Union could present more a uniform and coherent defense to these matters. A coordinated schedule would also level

{00061616; 1; 0040-3}

the playing field between the parties so that the Plaintiffs, as effective co-plaintiffs, would not benefit from tactical opportunities created by an uncoordinated schedule.

For the reasons stated above, National Union respectfully requests that this Court schedule a status conference for the purpose of coordinating by order the schedules of this case and the companion *Gwynn* action, and other such relief as the Court may deem just and proper.

> DEFENDANTS NATIONAL UNION FIRE INSURANCE
> COMPANY OF PITTSBURGH, PA. And
> AIG TECHNICAL SERVICES, INC.
>
> By: _____
> James R. Hawkins II (ct 00128)
> FINN DIXON & HERLING LLP
> One Landmark Square
> Stamford, CT 06901-2689
> Tel: (203) 325-5000
> Fax: (203) 348-5777
> Email: jhawkins@fdh.com

{00061616; 1; 0040-3}

## CERTIFICATION

I hereby certify that a true and correct copy of the foregoing was mailed, United States mail, first class, postage prepaid to the following on this the 1st day of March, 2004:

Mario DiNatale, Esq.
Silver, Golub and Teitell
184 Atlantic Street
P.O. Box 389
Stamford, CT 06904

Peter M. Nolin, Esq.
Sandak Hennessey & Greco
970 Summer Street
Stamford, CT 06905

_____
James R. Hawkins II

{00061616; 1; 0040-3}