UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. ) 3:03 CV 00644 (CFD) ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) |
| Defendants | ) ) |
| | ) MARCH 2, 2004 |

**PLAINTIFFS' OBJECTION TO MOTION FOR EXTENSION
OF TIME IN WHICH TO REPLY TO PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs hereby object to the excessive, 29 day or longer, extension of time

sought by the Defendants to file a Reply Brief pursuant to Local Rule 7(d).  It appears

that the Defendants are pursuing a consistent pattern of delay in this case.

Counsel for the Plaintiffs extended great courtesy to counsel for the Defendants in

allowing numerous extensions of time, which this Court granted, for the Defendants to

file an Answer.[1]  Thereafter, without any prior warning, Defendants filed a Motion to

---

[1] If Defendants truly had wished to coordinate a schedule with Plaintiffs, they should have raised the issue
in response to the Rule 26(f) Report filed by the Plaintiffs.  In fact, after months of trying to negotiate a
Joint Rule 26(f) Report, the Plaintiffs were forced to file a Report without a signature of the Defendants
because the Defendants simply refused to respond to numerous requests for comments or approval of the
Proposed Rule 26(f) Report. See, Plaintiffs' Rule 26(f) Report dated January 30, 2004.  Thus the reason for
the extension, a claimed need to coordinate, appears to be a pretext.

1

Dismiss on January 27, 2004, more than eight months after this action was commenced. On February 17, 2004, Plaintiffs filed their Memorandum in Opposition to the Motion to Dismiss, within the 21 days specified by Local Rule 7(a)(1). Pursuant to Local Rule 7(d), Defendants Reply Brief was due within 10 business days, or by March 2, 2004.

On March 1st about 2:35 p.m. counsel for the Defendants requested an extension of time by email communication. The undersigned responded at about 4:54 p.m. that afternoon that the extension sought was far too extensive but that the undersigned would consent to a reasonable extension of three days to March 5, if the time was necessary to complete the Brief.

Defendants have not met the requirement for an extension of time under Local Rule 7(b)(2) in that counsel has made no particularized showing of why it cannot meet the particular briefing deadline. Instead, defense counsel seeks to delay this case merely because the briefing schedule in the related consolidated case has been extended. Counsel for the Defendants never made this proposal before the undersigned counsel worked to file its Brief within the timeframe required by the Local Rules. Defense counsel now seeks an extension of time of at least 28 days or longer to file a simple Reply Brief. Moreover, what the Defendants intend to brief in the related action is irrelevant to what Defendants must brief in a Reply Brief in this action. Under Local 7(d) a Reply Brief must be strictly confined to a discussion of the issues raised in Plaintiffs' Memorandum in Opposition to the Motion to Dismiss in this action.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully object to the excessive extension sought by the Defendants.

PLAINTIFFS, BRUCE CHARLES RYAN,
RUSSELL WILLIAM NEWTON,
ROBERT FITZPATRICK, and MERIT
CAPITAL ASSOCIATES INC.,

By_____
Peter M. Nolin (ct06223)
Jay H. Sandak (ct06703)
Sandak Hennessey & Greco LLP
970 Summer Street
Stamford, CT  06905
(203) 425-4200
(203) 325-8608 (fax)
pnolin@shglaw.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by facsimile and regular mail, on March 2, 2004, to the following counsel:

James R. Hawkins, II, Esq.
Finn Dixon & Herling, LLP
One Landmark Square, Suite 1400
Stamford, CT 06901-2689

Mario DiNatale
Silver Golub & Teitell LLP
184 Atlantic Street
P.O.Box 389
Stamford CT 06904-0389

_____
Peter M. Nolin

3