

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
BRUCE CHARLES RYAN, RUSSELL WILLIAM :
NEWTON, ROBERT FITZPATRICK, and MERIT :
CAPITAL ASSOCIATES, INC.,

           Plaintiffs,

vs.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., and
AIG TECHNICAL SERVICES, INC.,

           Defendants.
---------------------------------------------------------------X

CASE NUMBER:
3:03 CV 00644 (CFD)

March 30, 2004

## MOTION FOR EXTENSION OF TIME IN WHICH TO REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and AIG Technical Services, Inc. ("AIGTS") (hereinafter referred to collectively as "National Union") hereby respectfully move pursuant to Fed. R. Civ. P. 6(b)(1) and D. Conn. L. Civ. R. 7(b)(3) for an extension of time to reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss, currently due on March 31, 2004. Defendants move that the Court extend the time for such reply until April 23, 2004, at which time, on the current schedule, a similar reply will be due in the companion case of *Gwynn, et al., v. National Union, et al.*, Docket Number 3:03 CV 01154 (CFD) ("*Gwynn*").

In support of this motion, undersigned counsel states as follows:

    1.    This is the second request for an extension of time made by National Union with respect to this time limitation.

{00064938; 2; 0040-3}

2.  This case, together with the *Gwynn* action, is one of two (2) actions before this Court based on the same facts. Although both cases are based on different Amended Complaints, and the *Gwynn* matter asserts additional causes of action, the substance of both actions concern substantially common questions of law and fact. To promote judicial economy, among other substantive and procedural benefits, both actions should proceed on a coordinated schedule.

3.  National Union moved to dismiss both actions on January 27, 2004, for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

4.  In response, Plaintiffs submitted their Memorandum in Opposition to National Union's Motion to Dismiss, dated February 17, 2004 ("Plaintiffs' Opposition"). At this stage, plaintiffs in the *Gwynn* action have not responded to National Union's Motion to Dismiss, and their time to respond was first extended to March 17, 2004 by consent and Order of this Court, and upon their request, National Union has consented to a further extension until April 9, 2004.

5.  Because of the extensions in the *Gwynn* action, and Plaintiffs' submission of their response to National Union's Motion to Dismiss before the *Gwynn* plaintiffs, National Union's reply to their responses are due at different times, and therefore the briefing schedule for both cases has become disjointed and uncoordinated.

6.  In an attempt to coordinate the actions, and to return both cases to a coordinated briefing schedule on National Union's motions to dismiss, National Union filed on March 1, 2004, a Motion for Extension of Time to reply to Plaintiffs' Opposition.

7.  At the same time, National Union filed a Motion for Status Conference and Coordinated Scheduling Order ("Motion for Status Conference") to coordinate this action

with the companion *Gwynn* case. The Court has not yet ruled on National Union's Motion for Status Conference, and Plaintiffs have not objected to that motion.

8. On March 16, 2004, the Court granted National Union's Motion for Extension of Time to reply to Plaintiffs' Opposition, and extended the reply deadline until March 31, 2004. The response by the *Gwynn* plaintiffs was also previously due on March 31, 2004.

9. National Union seeks this second extension because the *Gwynn* Plaintiffs requested and were granted a second extension of time to respond to National Union's Motion to Dismiss until April 9, 2004.

10. As stated above and in the Motion for Status Conference, an extension of time is necessary here to facilitate the coordination of this action with *Gwynn* and conserve judicial resources, promote the just and efficient conduct of both actions, and serve the convenience of the parties. A disjointed briefing schedule, on the other hand, simply does not make sense as a matter of judicial economy, nor would this case move any faster in any meaningful way. The Court's consideration of both motions to dismiss, both sets of briefs, and both oral arguments—at the same time—makes more sense in terms of efficiency and the burden on limited judicial resources. The resolution of this matter, therefore, would not be materially advanced by National Union's reply to Plaintiffs' Opposition by March 31, 2004, when the response by the *Gwynn* plaintiffs would still be outstanding. An uncoordinated schedule, and a rush to respond to Plaintiffs' Opposition by March 31, is merely an exercise in keeping time and ultimately a waste of judicial resources.

11. Counsel for National Union have sought the consent of Plaintiffs' counsel to this extension, but Plaintiffs' counsel has objected thereto.

For the reasons stated above, National Union respectfully requests that this court grant an extension of time within which National Union must reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss until April 23, 2004, at which time a similar reply will be due in the companion case of *Gwynn, et al., v. National Union, et al.,* Docket Number 3:03 CV 01154 (CFD) ("*Gwynn*").

DEFENDANTS NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA. And
AIG TECHNICAL SERVICES, INC.

By: _____
James R. Hawkins II (ct00128)
William M. Tong (ct25304)
FINN DIXON & HERLING LLP
One Landmark Square
Stamford, CT 06901-2689
Tel: (203) 325-5000
Fax: (203) 348-5777
Email: jhawkins@fdh.com
Email: wtong@fdh.com

{00064938; 2; 0040-3}

## CERTIFICATION

I hereby certify that a true and correct copy of the foregoing was mailed, United States mail, first class, postage prepaid to the following on this the 30th day of March, 2004:

Mario DiNatale, Esq.
Silver, Golub and Teitell
184 Atlantic Street
P.O. Box 389
Stamford, CT 06904

Peter M. Nolin, Esq.
Sandak Hennessey & Greco
970 Summer Street
Stamford, CT 06905

_____
James R. Hawkins II