UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM ) <br> NEWTON, ROBERT FITZPATRICK, and MERIT ) <br> CAPITOL ASSOCIATES, INC. ) <br>     Plaintiffs ) <br> ) <br> vs. ) <br> ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA., and ) <br> AIG TECHNICAL SERVICES, INC. ) <br>     Defendants ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. <br> 03-CV644 (CFD) <br><br><br><br><br><br> JUNE 14, 2004 |

**MOTION TO RESCHEDULE SETTLEMENT CONFERENCE**

Plaintiffs David Gwynn, Raquel Gwynn and Gwynn Financial Services, Inc. respectfully request that the Settlement conference currently scheduled for June 17, 2004 be rescheduled to another date 30 days or longer thereafter.

This matter has been consolidated with the case of <u>Bruce Charles Ryan, et al. v. National Union Fire Insurance Company, et al.</u> Docket No. 3:03 CV 00644 (CFD) ("the Ryan matter"). While the parties to the Ryan matter received notice of the settlement conference some time ago, plaintiffs in this case did not. It was only within the past week, in speaking to counsel for plaintiffs in the Ryan matter, that the undersigned was advised for the first time of the date of the conference.

Plaintiffs David and Raquel Gwynn reside in Phoenix, Arizona. They are the parents of two small children, one of whom is four years old, and the other about 11 months old. Given the relatively short notice received, it posed a great burden on them, financially and otherwise, to make the necessary child care and other arrangements to travel to Connecticut to attend the conference. In addition, David Gwynn is a licensed securities broker-dealer and certified financial planner, who essentially operates his business as a sole proprietor. He has a number of business-related matters on and around June 17 that could not easily be re-scheduled in the available period of time. For Mr. Gwynn to travel to Connecticut would require him to be away from his business for as much as three full days. In order to ease the financial burden on the business necessitated by his absence, Mr. Gwynn would request a minimum of approximately four weeks' notice.

Nonetheless, the undersigned requested leave of the court to have plaintiffs available by telephone for the conference, so that it could go forward as scheduled, but that request was denied.

Accordingly, plaintiffs respectfully request that the settlement conference be continued for a period of approximately thirty days. This will permit plaintiffs the opportunity to make adequate arrangements to care for their young children, and permit David Gwynn to make arrangements with respect to his business as well. Finally, because of the financial pressures plaintiffs face at present, it will likely permit them to obtain less expensive airfare.

If the Court prefers, the undersigned will endeavor to find mutually convenient dates with all parties consistent with the court's schedule.

The undersigned has spoken to James Hawkins, Esq., counsel to defendants in both this matter and the Ryan matter, and he does not object to this motion. I have been unable to reach Peter Nolin, Esq., counsel to plaintiffs in the Ryan matter, to determine whether Mr. Nolin objects to this motion.

Wherefore, plaintiffs respectfully request that the Settlement Conference currently scheduled for June 17 be rescheduled to another date 30 or more days thereafter.

**PLAINTIFFS, DAVID GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC.**


By_____
Mario DiNatale (ct 12449)
Jonathan M. Levine (ct 07584)
Silver Golub & Teitell, LLP
184 Atlantic Street
Stamford, CT 06904
(203) 325-4491
(203) 325-3769 (Fax)
Email: MDinatale@sgtlaw.com
         JLevine@sgtlaw.com

**CERTIFICATE OF SERVICE**

      THIS IS TO CERTIFY that a copy of the foregoing was sent via facsimile on this 14th day of June, 2004, to:

James R. Hawkins, II, Esq.
Finn Dixon & Herling LLP
One Landmark Square
Stamford CT 06901

Peter M. Nolin, Esq.
Sandak Hennessey & Greco LLP
970 Summer Street
Stamford, CT 06905

                                                      _____
                                                      MARIO DiNATALE