UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITOL ASSOCIATES, INC.<br>Plaintiffs<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.<br>Defendants | CIVIL ACTION NO.<br>03-CV644 (CFD)<br><br><br><br><br><br><br><br>AUGUST 2, 2004 |

**PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO MOTION TO IMMEDIATELY COMMENCE DISCOVERY**

In this consolidated matter, Plaintiffs David Gwynn, Raquel Gwynn and Gwynn Financial Services, Inc. (hereafter collectively referred to as "the Gwynn Plaintiffs") respectfully submit this Memorandum in Reply to Defendants' July 27, 2004 Memorandum opposing the Motion of co-plaintiffs Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick and Merit Capital Associates, Inc. (hereafter collectively referred to as "the Ryan Plaintiffs") to immediately commence discovery.

The Gwynn Plaintiffs join in the Motion filed by the Ryan Plaintiffs.

**ARGUMENT**

Defendants' memorandum in opposition to the Motion of the Ryan Plaintiff, cites to a number of factors which lead them to conclude that it would somehow be inappropriate, in a

matter which has been pending for over a year, to commence discovery sooner rather than later. All of these arguments, however, are unpersuasive.

A.  **RESOLUTION OF THE PENDING MOTIONS TO DISMISS WILL NOT SUBSTANTIALLY AFFECT DISCOVERY**.

Defendants correctly state that the Motions to Dismiss the two amended complaints in this matter have been fully briefed, and await adjudication. Defendants claim that most, if not all, of the plaintiffs' claims will be dismissed by the court, and accordingly, they should be spared the time and expense of discovery. This assertion, however, is simply incorrect.

The amended complaints charge a number of different causes of action. All of them, however, arise from the same set of operative facts, that is, the defendants' failure to defend and timely indemnify plaintiffs in an underlying NASD arbitration. While the theories of recovery and scope of damages may differ from count to count, the facts do not. Thus, unless the complaints are dismissed in their entirety, which is exceedingly unlikely, the scope of discovery will not substantially change. There is simply no rational basis, therefore, to delay discovery while the motions to dismiss are pending.[1]

---

[1] Defendants state that "plaintiffs seek to relitigate all the issues of the arbitration... [and] require little discovery." Memorandum at 4. Nothing could be further from the truth. The Gwynn plaintiffs have no interest in litigating the allegations raised in the NASD arbitration. Rather, plaintiffs' claims are based on *defendants' actions* in not fulfilling their contractual obligations to plaintiffs, regardless of the validity of the underlying claims. In proving those claims, plaintiffs will require discovery from most of the same parties defendants reference in their Memorandum. In addition, of course, they will require discovery of claims adjustors and others of defendants' employees who were involved in the decision-making process. As stated supra, such discovery will be necessary even if one or more of the claims in the amended complaints are dismissed.

2

**B.    THE PARTIES' JOINT RULE 26(f) REPORT SHOULD NOT BE USED AS A BASIS TO DELAY DISCOVERY**.

There is no doubt, as defendants state, that the parties' Joint Rule 26(f) report contemplated discovery commencing after a settlement conference before Magistrate Judge Smith. However, defendants are forced to concede that, at the time the parties submitted the Joint Rule 26(f) Report, all counsel anticipated that such a conference would take place in June, not December. Indeed, the very words of the Report, as cited by defendants in their Motion, call for "[a]n *early* settlement conference."[Defendants' Memorandum at 6.] Unfortunately, however, Magistrate Judge Smith could not schedule such a conference before December 10. The Gwynn plaintiffs would not have consented to commencing discovery in January 2005, which is essentially what defendants now desire, had they known of the court's inability to conduct a settlement conference before December. Clearly, the intent of the parties in agreeing to the Rule 26(f) Report was to begin discovery in July. It is unfortunate that defendants now seek to blatantly ignore the spirit and intent of the parties' agreement concerning when discovery should begin.[2]

---

[2]Defendants criticize the Gwynn plaintiffs for the fact that the settlement conference did not occur in June. The facts, however, paint a different picture. It was not until June 6, 2004 that the Gwynn Plaintiffs received notice that the conference had been rescheduled to June 17. Unfortunately, this was not sufficient notice. David and Raquel Gwynn reside in Arizona, and are the parents of two small children who are 4 and 1 years old. Moreover, Mr. Gwynn is essentially a sole proprietor of his business. There was simply not enough time for them to make child care arrangements, and for David Gwynn to make the necessary arrangements concerning his business. However, wishing for the settlement conference to move forward, the Gwynn plaintiffs applied to the court for leave to be available by telephone. The Court denied the motion and chose instead to postpone the conference. In any event, defendants objected to this motion. While the defendants' objection did not play a role in the court's decision to postpone

### C. THE POSSIBILITY OF SETTLEMENT AT THIS STAGE IS TOO REMOTE TO DELAY THE COMMENCEMENT OF DISCOVERY.

Finally, defendants urge the court to deny this Motion because the parties have not had a chance to settle this case, either by settlement conference with the court, or private mediation.

The Gwynn plaintiffs were interested in mediation, and agreed to take defendants up on their offer to mediate. Exhibit C to Defendants' Memorandum is a letter from defendants' counsel to plaintiffs' counsel dated June 23, 2004. Counsel to the Gwynn plaintiffs responded by letter dated June 30, 2004 (Exhibit A). Defendants' counsel has not, to date, responded to this June 30 letter.

As plaintiffs' June 30 letter makes perfectly clear, there is almost no hope of resolving these claims by way of settlement conference or mediation. There continues to be a significant and fundamental difference between plaintiffs and defendants as to the *types* of damages to which plaintiffs would be entitled should they prevail at trial. Defendants continue to take the position, in effect, that plaintiffs' damages in this case are somehow limited to "bill[s], invoice[s] or claim[s] for reimbursement" that defendants have not paid. Plaintiffs, of course, believe they are entitled to other types of damages, including physical and emotional pain and suffering, and damage to their reputations and business. Certainly, plaintiffs expect defendants to vigorously contest the *value* of such damages claims. However, if defendants continue to refuse to acknowledge the *validity* of such claims, there is certainly no point to mediation, and no

---

the conference, it does call into question defendants' motivation. Having objected to a reasonable compromise from the Gwynn plaintiffs concerning a settlement conference, their present protestations against those same plaintiffs for delaying the process ring most hollow.

expectation that a settlement conference would have any efficacy.  Accordingly, there is no justification to delay discovery in order to have a settlement conference that is likely to be unproductive.

**CONCLUSION**

Accordingly, the motion of the Ryan plaintiffs to commence discovery immediately should be granted.

                                           **PLAINTIFFS, DAVID GWYNN,
RAQUEL GWYNN AND GWYNN
FINANCIAL SERVICES, INC.**

By_____
       Mario DiNatale (ct 12449)
       Jonathan M. Levine (ct 07584)
       Silver Golub & Teitell, LLP
       184 Atlantic Street
       Stamford, CT 06904
       (203) 325-4491
       (203) 325-3769 (Fax)
       Email: MDinatale@sgtlaw.com
              JLevine@sgtlaw.com

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was sent via facsimile and U.S. Mail, postage prepaid on this 2nd day of August, 2004, to:

James R. Hawkins, II, Esq.
Finn Dixon & Herling LLP
One Landmark Square
Stamford CT 06901

Peter M. Nolin, Esq.
Sandak Hennessey & Greco LLP
970 Summer Street
Stamford, CT 06905

_____
MARIO DiNATALE

Case 3:03-cv-00644-CFD  Document 50  Filed 08/04/2004  Page 7 of 7