UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CASE NUMBER: <br> 3:03 CV 00644 (CFD) |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC. <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CASE NUMBER: <br> 3:03 CV 1154 (CFD) <br><br><br><br><br> July 21, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS FOR**
**LACK OF SUBJECT MATTER JURISDICTION**

INTRODUCTION

Defendants National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and AIG Technical Services, Inc. ("AIGTS", and collectively the "Defendants"), submit the Memorandum of Law in Support of Defendants' Motion to Dismiss for lack of subject matter jurisdiction (the "Motion") the Amended Complaint (Exhibit A to the Motion) of the Plaintiffs David W. Gwynn, Raquel Gwynn and Gwynn Financial Services on the ground that there is no diversity jurisdiction.

1

{00147334; 1; 0040-3}

PRELIMINARY STATEMENT

This civil action against National Union and AIGTS was commenced on July 2, 2003 styled <u>David W. Gwynn, et al. v. National Union Fire Insurance Company of Pittsburgh, Pa., et al.</u>, Docket No. 3:03-CV-1154 (JBA). On September 29, 2003, the Gwynn Plaintiffs filed an Amended Complaint. Both the original complaint and the Amended Complaint alleged diversity jurisdiction under 28 U.S.C. §1332(a)(1). Amended Complaint, ¶6. On April 26, 2004, the Gwynn Plaintiffs' case was consolidated with the matter of <u>Bruce C. Ryan, et al. v. National Union Fire Insurance Company of Pittsburgh, Pa., et al.</u>, Docket No. 3:03-CV-644 (CFD), for all pretrial purposes. Plaintiff Gwynn Financial Services, Inc. ("GFS") and Defendant AIGTS share citizenship in the same state since both entities were incorporated under the laws of the State of Delaware. Therefore, this Court lacks subject matter jurisdiction and should dismiss the Amended Complaint.

ARGUMENT

**I. THE GWYNN PLAINTIFFS' AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION.**

This Court lacks subject matter jurisdiction over the Gwynn Plaintiffs' Amended Complaint because there is no diversity of citizenship as required. The Gwynn Plaintiffs alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332, which states, in pertinent part, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between citizens of different States. . . ." 28 U.S.C. § 1332(a)(1). It is axiomatic that diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff. <u>Strawbridge v. Curtis</u>, 7 U.S. 267, 3 Cranch 267 (1806); <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365 (1978). The Gwynn Plaintiffs have the burden of proving all jurisdictional facts. <u>Scelsa v. City University of New York</u>, 76 F.3d 37 (2d Cir. 1996). Since

Plaintiffs GFS and Defendant AIGTS share a State of citizenship, the Amended Complaint should be dismissed. FED. R. CIV. P. 12(b)(1) & (h)(3); See McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936).

GFS and AIGTS share citizenship in the same State and therefore are not diverse parties. For purposes of establishing diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated . . . ." 28 U.S.C. § 1332(c)(1). The operative time period in determining whether federal diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced. Freeport-McMoran, Inc. v. K.N. Energy, Inc., 498 U.S. 426 (1991).

The Amended Complaint alleges that GFS is a corporation organized and existing under the laws of the State of Delaware. Amended Complaint, ¶3. In fact, the corporate records of the Delaware Secretary of State show that GFS was incorporated in Delaware on August 31, 1999. See also Delaware Secretary of State Corporate Filing Information of GFS, attached to Defendants' Motion to Dismiss as "Exhibit B". The Amended Complaint alleges that AIGTS is a corporation organized and existing under the laws of the State of Delaware. Amended Complaint, ¶4. Likewise, the corporate records of the Delaware Secretary of State show that AIGTS was incorporated in Delaware on April 19, 1994. See also Delaware Secretary of State Corporate Filing Information of AIGTS, attached to Defendants' Motion to Dismiss as "Exhibit C". Plaintiff GFS and Defendant AIGTS were both organized and existing under the laws of the State of Delaware at the commencement of suit, and thus, shared citizenship in Delaware. Therefore, the court should dismiss the Amended Complaint for lack of subject matter jurisdiction.

The defense of lack of subject matter jurisdiction may be asserted at any time and is never waived. The presence of a nondiverse party automatically destroys original jurisdiction and no party can waive the defect or consent to jurisdiction. Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); People's Bank v. Calhoun, 102 U.S. 256, 260-261 (1880). A court shall dismiss an action "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." FED. R. CIV. P. 12(h)(3). Defendants recently realized that GFS and AIGTS are not diverse parties. Defendants have advised Plaintiffs' counsel of the lack of diversity jurisdiction. Defendants are unaware of any other grounds for subject matter jurisdiction and the Amended Complaint does not allege any other grounds.

WHEREFORE, Defendants National Union Fire Insurance Company of Pittsburgh, Pa. and AIG Technical Services, Inc. respectfully request that the Court grant Defendants' Motion to Dismiss for lack of subject matter jurisdiction and such other and further relief as the Court may deem just and proper.

DEFENDANT NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, Pa.
and AIG TECHNICAL SERVICES, INC.

By: _____
James R. Hawkins, II (ct00128)
William M. Tong (ct25304)
Finn Dixon & Herling LLP
One Landmark Square, Suite 1400
Stamford, CT 06901-2689
Tel: (203) 325-5000
Fax: (203) 348-5777
Email: jhawkins@fdh.com

## **CERTIFICATION**

This is to certify that a true and correct copy of the foregoing was delivered by United States mail, postage prepaid to the following this 21st day of July, 2005:

Peter M. Nolin
Jay H. Sandak
Sandak Hennessey & Greco LLP
970 Summer Street
Stamford, CT 06905
(203) 425-4200
(203) 325-8608 (fax)

Mario DiNatale
Jonathan M. Levine
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06904
(203) 325-4491
(203) 325-3769 (fax)

James R. Hawkins II

{00147334; 1; 0040-3}