# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., <br>　　　Plaintiffs, <br><br>v. <br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br>　　　Defendants <br><br>DAVID W. GWYNN, RAQUEL GWYNN and GWYNN FINANCIAL SERVICES, INC., <br>　　　Plaintiffs, <br><br>v. <br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br>　　　Defendants | CIVIL ACTION NO. <br>3:03 CV 00644 (CFD) <br><br><br><br><br><br><br><br><br><br><br><br>JULY 28, 2005 |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' OBJECTION**
**TO THE RYAN PLAINTIFFS' RENOTICE OF DEPOSITION**

　　Plaintiffs Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick, and Merit Capital Associates, Inc. (collectively the "Ryan Plaintiffs") submit this legal memorandum in opposition to the Objections served by the Defendants National Union Fire Insurance Company of Pittsburgh, PA., ("NU") and AIG Technical Services, Inc. ("AIGTS"), (collectively the

1

"Defendants") regarding the re-notice of depositions of two officers of the Defendants. Defendants' objections that the depositions must be held in New York City rather than Stamford, Connecticut and that the form of the notices are improper are not supported under the Federal Rules. Because the Ryan Plaintiffs have properly noticed deposition of these two officers the Court should overrule Defendants' objections and allow the depositions to proceed as scheduled in Stamford, Connecticut on August 18th and August 29th respectively.

## PROCEDURAL BACKGROUND

This action was commenced in April of 2003. The Ryan Plaintiffs have asserted claims for breach of the Defendants' duty to defend and indemnify them under a liability policy they purchased from NU, in connection with a NASD Arbitration initiated by a former customer, and for bad faith and CUTPA violations arising out of those breaches. Although NU was the Defendant that actually provided the insurance policy to the Ryan Plaintiffs, it appears that all decisions regarding the handling of the claim were made by AIGTS, acting as NU's agent.

Since earlier this year, the Ryan Plaintiffs and the Plaintiffs in the consolidated case brought by David Gwynn, Raquel Gwynn and Gwynn Financial Services, Inc. (the "Gwynn Plaintiffs") have been pressing to move forward and complete fact discovery.[1] By notices dated

---

[1] Throughout 2004 Defendants resisted fact discovery asserting that they wished to avoid the expense of discovery pending a settlement conference. Defendants then reversed position and refused to attend the settlement conference scheduled for December 2004 before Magistrate Judge Smith, arguing that they could not attend a settlement conference without having obtained discovery from the Plaintiffs. The parties have exchanged documents, all of the plaintiffs have been deposed, although their depositions have not been completed by the Defendants. Plaintiffs deposed the AIG claims handler, Brian Conlin, on June 16, 2005, and have scheduled the completion of that deposition for August 3, 2005.

June 21, 2005 the Ryan Plaintiffs sought to take the depositions of three officers of the Defendants, who had been identified in a prior deposition of Brian Conlin, the adjuster who had handled the insurance coverage for the customer claim against the Ryan Plaintiffs and the Gwynn Plaintiffs. These officers noticed for depositions were Raymond Tiburzi, Raymond DeCarlo and Keith Riccio. Because Mr. Conlin had not specifically identified whether these three officers worked for NU or for AIGTS, the notices of deposition identified them as agents of both Defendants. The three notices were for depositions on July 13th, 14th and 15th respectively. These three notices are attached hereto as Exhibit A.

      Defendants did not timely object to these notices but rather, a few days before the depositions were to proceed, counsel for the Defendants indicated they were unavailable and asked that the depositions be rescheduled to dates that would be provided in the future. The Ryan Plaintiffs' counsel consented to this request. *See* E-mails of counsel reflecting the unavailability of counsel for the deposition and the agreement to reschedule to agreed upon dates, attached hereto as Exhibit B. Thereafter, when new dates were supplied by the Defendants, the Ryan Plaintiffs re-noticed the depositions of Raymond DeCarlo and Raymond Tiburzi for August 18, 2005 and August 29, 2005 respectively.[2] The re-notices for Mr. DeCarlo and Mr. Tiburzi, were issued on July 15, 2005 and are attached hereto as Exhibit C.

      Thereafter, for the first time, defense counsel objected informally to the location of the depositions and purported to object to the form of the notice on the basis that the depositions were actually 30(b)(6) notices but failed to specify topics for the witnesses. The undersigned

---

[2] Defendants counsel advised that Mr. Riccio no longer was employed by either Defendant and therefore he would need to be subpoenaed once his last known address was provided by the Defendants.

3

counsel responded with emails explaining that in fact the depositions were not 30(b)(6) notices but rather were depositions of particular agents or officers of the Defendants and were scheduled for Stamford, Connecticut, inasmuch as the witnesses worked without 100 miles of that city. See e-mails on the informal objections and undersigned counsels responses attached hereto as Exhibit D. On July 20, 2005, Defendants served their formal objections to these depositions and to the deposition notices served by the Gwynn Plaintiffs for other officers of the Defendant. *See* Objections attached hereto as Exhibit E. Defendants did not move for protective orders but in their objections purported to unilaterally move the depositions to a location of their own selection in New York City and are essentially refusing to appear for the depositions as noticed. Significantly it appears that Defendants not only did not file for protective orders as generally required under the rules but apparently they have not even filed their objections to the deposition notices with the Court.[3]

**ARUGMENT**

**I.    THE RYAN PLAINTIFFS' DEPOSITION NOTICES ARE PROPER**

A deposition may be taken by of any person, including a party. Fed. R. Civ. Proc., Rule 30(a)(1). To take a deposition the party seeking it must issue a notice.

---

[3] As of noon on July 28, 2005, there is no record in the Court's electronic filing Pacer systems of Defendants' objections to the deposition notices served by either the Ryan Plaintiffs or Gwynn Plaintiffs having been filed with the Court Clerk.

> The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs.

Rule 30(b)(1). Here the notices named Mr. DeCarlo and Mr. Tiburzi and identified them as agents of NU and AIGTS.

No additional subpoena is necessary to take the deposition of a party; a properly issued notice is sufficient. Wright & Miller 8A Fed. Prac. & Proc. Civ. 2d §2107 and 2112 ( PP 2005) (hereinafter "Wright & Miller at §"). *Pinkham v. Paul,* 91 F.R.D. 613, 614 (D. Me 1981). The party issuing a notice to another party may set the place for the deposition of another party, subject to the power of the Court to grant a protective order under Rule 26(c)(2) designating a different place. Wright & Miller, at § 2112. *Turner v. Prudential Insurance Co. of America*, 119 F.R.D. 381, 383 (D. N.C. 1988). *Pinkham v. Paul,* 91 F.R.D. 613, 614 (D. Me 1981).

A corporation, which is a party, may be deposed by way of 30(b)(6) notice which specifies topics and pursuant to which the corporation must designate its witness(es) on the topics specified. In the alternative, a corporate party may also be deposed upon a notice specifying particular officers, directors or managing agents. Wright & Miller, at § 2103. Indeed, Rule 37(d)(1) expressly holds that party may be sanctioned if "an officer, director or managing agent of party **or** a person designated under Rule30(b)(6)" fails to appear before the officer who is to take the depositions after having been properly noticed (emphasis supplied). Thus, a party's officers, directors, and managing agents, and not just its designated 30(b)(6)

witnesses are required to attend a deposition, without a subpoena, as long as the depositions are noticed under the rules. Wright & Miller, at § 2107.

Under this standard, the notices issued by the Ryan Plaintiffs are clearly proper. Plaintiff has identified two witnesses, as agents of the Defendants, Raymond Tiburzi and Raymond DeCarlo. Discovery to date suggests that Mr. DeCarlo is a Vice President of at least one of the Defendants while Mr. Tiburzi is an Assistant Vice President of at least one of the Defendants, but the discovery to date has not clearly specified whether the named deponents work for NU or AIGTS. Thus as officers of a Defendant they can be brought to a deposition by notice. Because the Ryan Plaintiffs have specified officers of a party by name it need not use the provisions of Rule 30(b)(6) to have the Defendant specify which witness will attend and give testimony.

Absent a protective order, which defendants have not even moved for, the Ryan Plaintiffs' choice of location for the deposition in Stamford, Connecticut, where all counsel of record in the action have their offices and in a State in which Defendants routinely conduct business is appropriate. It is well accepted that the party issuing the notice in the first instance, and absent a protective order, may select the location for the deposition. *See Buzzeo v Board of Education,* 178 F.R.D. 390, 392 (E.D.N.Y. 1998). Accordingly this Court should hold that the two notices issued by the Ryan Plaintiffs are proper.

## II.     DEFENDANTS HAVE FAILED TO STATE A VALID OBJECTION TO THE NOTICES OF DEPOSITION

Defendants have objected to the deposition notices served by the Ryan Plaintiffs on the grounds that the notices are not proper 30(b)(6) notices and on the grounds that the depositions are noticed for Stamford Connecticut rather than New York City where the witnesses apparently work and the Defendants have offices. The Court should over rule the Defendants' objections because the objections are untimely, no protective order was filed, the form of the notice is appropriate under the rules, and the location for the noticed depositions is proper, especially in the absence of any showing or allegation of hardship by the Defendants.

### A.     Defendants' Objections Are Untimely.

This Court should find the Defendants' objections to the re-notices of deposition are untimely and that the Defendants have waived any objections because of the Defendants' failure to interpose objections to the original deposition notices or to move this Court for protective orders. Plaintiffs had served original notices on June 21, 2005, Exhibit A, which were virtually identical to the re-notices, Exhibit C, served on July 15, 2005, to which Defendants now object. Defendants interposed no objection to the original notices and filed no motion for protective order, but instead, just days before the original dates for these depositions, the Defendants through counsel sought to reschedule the depositions because defense counsel was unavailable for the days selected. *See* Exhibit B. After counsel provided dates for the depositions to be reconvened, re-notices were issued by the Ryan Plaintiffs on July 15, 2005. Only after the re-

7

notices were served did the Defendants object to the form of the notices and the specified location of the depositions in Stamford, Connecticut.  *See* Exhibits D and E.

It is well accepted that objections to a deposition notice must be seasonally made and a party cannot retroactively seek to change the selected location of a deposition. *See*, Wright & Miller, §2112 at FN 6.  *See also*; *Loosley v. Stone*, 15 F.R.D. 373 (D. Il. 1954); *Dictograph Products, Inc. v. Kentworth Corp.* 7 F.R.D. 543, (D. Ky. 1947).  Thus, if Defendants believed that the notices were defective in form or as to the specified location of the depositions, Defendants should have objected or more appropriately filed for a protective order in connection with the first notices issued on June 21st and should not have waited until after Plaintiffs counsel had agreed to reschedule the depositions for the convenience of Defendants' counsel.  Because these objections are untimely they should be overruled.

**B.     Defendants' Claim that the Notices are not Proper in Form is Groundless**.

Defendants assert that the notices used by the Ryan Plaintiffs are defective because they purport to take the deposition of the Defendants without using the procedure specified under 30(b)(6) and because the notices identify the officers sought to be deposed as being agents for both Defendants.   Neither objection is sustainable under the federal rules.

As noted above a deposition of an individual should state their name and address if known. Under Rule 30(b)(1) if that information is not known the notice can give a general description sufficient to identify the person.  Here where the Ryan Plaintiffs seek to take the deposition of officers who had been mentioned in a prior deposition but about whom the Ryan

Plaintiffs had not been given precise information about where the deponents worked, their precise title, their addresses, or even for which Defendant the witnesses worked, the notice used should be a sufficient description under Rule 30(b)(1) to identify the deponent. In both cases the notices state that the deposition would be of NU and AIGTS "through their agent" and then gave the name of the specific individual sought. Defendant has not asserted there is any confusion about who the witnesses are and in fact provided dates to produce them. Moreover, there appears to be an agency relationship between AIGTS and NU, in that AGITS acted substantively on all aspects of the claim handling involving the Plaintiffs notwithstanding that the relevant policy was issued by NU, which is part of the larger AIG group of insurance companies. Thus without knowing precisely for whom Mr. DeCarlo and Mr. Tiburzi work the notice is more than adequate for the Defendants to identify the deponent sought to be deposed and in no way prejudices the deponent from explaining what, if any, relationship he has with each of the Defendants.

     Moreover, Defendants' claim that the notices are defective 30(b)(6) notices is wholly disingenuous. The Rules expressly allow a party's officers to be deposed which is precisely what the Ryan Plaintiffs seek here. Nothing in the notice purports to make the notices 30(b)(6) notices and that very issue was clarified before the objections were served by the defendant. *See* Exhibit E (e-mail from Peter Nolin to James Hawkins June 18, 2005). Indeed, the undersigned counsel expressly advised counsel for the Defendants that the notices were not seeking corporate representatives under 30(b)(6) but rather were for the specifically identified employees named in the re-notices. *Id.* Because the depositions are not and never were intended to be Rule 30(b)(6)

9

depositions, Plaintiffs did not have to state the subject matter upon which the examination was sought and Defendants had no right to name who would appear to testify for them at the depositions.

Given that the re-notices properly conform to Rule 30 and name the individual deponents, Defendants' objection as to the form of the notice should be overruled.

C.     **Stamford is a Proper Location for the Depositions**

The Ryan Plaintiffs noticed the depositions for Stamford Connecticut because: the number of exhibits and other documents upon which the examination is to be conducted are growing so voluminous as to be not easily moved for depositions: Stamford is the location where all trial counsel have their offices; Stamford is in the District where the action is pending; Connecticut is a state in which the Defendants routinely conduct business; and Stamford is less than 50 miles from where the deponents work.

> Under the Federal Rules of Civil Procedure the location of a deposition is first left to the party noticing the deposition. Fed.R.Civ.P. 30(b)(1). Resolution of any dispute regarding the location is left to the sound discretion of the court. A party who objects to the place set for the deposition ordinarily files a motion for protective order, averring physical or financial hardship.

*Sampathachar v. Federal Kemper Life Assurance Co.*, 2004 WL 2743589 (E.D. Pa. 2004) *citing Philadelphia Indemnity Ins. Co. v. Federal Insurance Co.,* 215 F.R.D. 492, 495 (E.D. Pa. 2003). Thus there is a presumption in favor of the location set forth in the notice and it was incumbent upon the Defendants to state their objection to proceeding in Stamford in the form of a motion

for protective order showing hardship.  Defendants have not filed a protective order and have not averred, let alone shown, any hardship.

Instead, Defendants have cited those cases which have permitted Defendants to object to being forced to travel great distances for a deposition. *See Philadelphia Indemnity Ins. Co. v. Federal Insurance Co.,* 215 F.R.D. 492, 495 (E.D. Pa. 2003)(witnesses based in California sought to be deposed in Pennsylvania); *Media Group Inc. v. In-Finn-ity Producitons, Inc.*, 2000 WL 303221 (D. Conn. 2000) (witnesses based in California sought to be deposed in New York). Even these cases are not without significant exceptions in which corporate defendants have been required to produce witnesses far from the location of their principal place of business.  *See e.g. Sugarhill Records, Ltd v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985) (managing agent of California company ordered to proceed with deposition in New York).

Defendants however have cited no authority where a corporate representative of a defendant successfully opposed a deposition in a location less than 50 miles from the company's principal place of business.  Such a distance must be presumed reasonable, because even when a defendant is located outside this District they can be compelled to attend a deposition within 100 miles of the location of the deposition under Rule 45.  Here, AIG's corporate offices, located at 199 Water Street, in lower Manhattan, New York and where the Defendants propose to do the depositions, are less than 50 miles by road or rail from Stamford, Connecticut,  where the depositions are noticed.  Given this proximity there is no good reason for the Defendants to supersede the notices issued by the Plaintiffs and force the depositions to be moved to New York.

11

Finally as noted by the Gwynn Plaintiffs in their memorandum in response to the Defendants Objections to the Deposition Notices, if these is a valid contest on the issue of where a deposition should take place the Court will balance various factors regarding efficiency and hardship.  Here the convenience of counsel, the proximity of the deposition location to Defendants offices, the fact that both defendants do business in Connecticut and sold the policy at issue to Merit Capitol Associates Inc., a Westport Connecticut based company, and the current location of the voluminous documents produced through discovery in Stamford certainly weigh in favor of a finding that Stamford is a fair and efficient location to take the depositions.  By failing to move for a protective order and by failing to articulate any hardship that would be suffered by Defendants in having their officers travel to Stamford, Connecticut for deposition, the Defendants have failed to establish any legitimate basis to move the depositions to Manhattan.  The Court should make a finding that the issues of hardship, cost and litigation efficiency all weigh in favor of overruling the objections made by the Defendants.

## CONCLUSION

Defendants have established no legitimate basis to object to either the form of the notices of depositions issued for the depositions of their officers and employees and have not established a basis to move the depositions form Stamford, Connecticut to Manhattan, New York.   In the absence of any timely protective order or showing of harm, burden or prejudice by the Defendants, the Court should overrule all of the objections.

                                      **PLAINTIFFS, BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES INC.,**

By_____**/S/**_____
               Peter M. Nolin (ct06223)
               **Sandak Hennessey & Greco LLP**
               707 Summer Street
               Stamford, CT  06901-1026
               (203) 425-4200
               (203) 325-8608 (fax)
               pnolin@shglaw.com

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was sent by fist class mail, on July 28, 2005, to the following counsel:

James R. Hawkins, II, Esq.
Finn Dixon & Herling, LLP
One Landmark Square, Suite 1400
Stamford, CT 06901-2689

Mario DiNatale
Silver Golub & Teitell LLP
184 Atlantic Street
P.O.Box 389
Stamford CT 06904-0389

                               _____**/S/**_____
                               Peter M. Nolin