## Peter Nolin

**From:** Mario DiNatale- Silver Golub & Teitell [mdinatale@sgtlaw.com]
**Sent:** Thursday, July 07, 2005 8:35 AM
**To:** jhawkins@fdh.com; wtong@fdh.com
**Cc:** pnolin@shglaw.com; gklein@shglaw.com; Sarah Reardon- Silver Golub & Teitell
**Subject:** Gwynn

Jim and William-

We are now two business days away form the scheduled deposition of Mr. Weiman. I have received no response to my request of two days ago to confirm that this deposition will go forward as scheduled, not to mention the three depositions that Peter noticed for later in the week (Messrs. Tiburzi, DeCarlo and Riccio).

Since these depositions were first noticed some weeks ago, we have not received any indication from you that the dates selected were not convenient.

Accordingly, I expect that next week's depositions will go forward as noticed.

Mario

Gwynn Case 3:03-cv-00644-CFD    Document 91-5    Filed 08/01/2005    Page 1 of 1    Page 1 of 1

7/27/2005

## Peter Nolin

| | |
|---|---|
| **From:** | James Hawkins [jhawkins@fdh.com] |
| **Sent:** | Thursday, July 07, 2005 11:11 AM |
| **To:** | Mario DiNatale- Silver Golub & Teitell |
| **Cc:** | pnolin@shglaw.com; William Tong |
| **Subject:** | RE: Gwynn |

Mario,
Although you noticed this deposition, this is a consolidated case. I believe that the Ryan plaintiffs intend to fully participate in all aspects of discovery.
The convention in this case to date, and in most other cases, is to try to work out a schedule before you notice depositions. You chose to ignore that convention and without inquiring about our availability of counsel or witnesses you noticed the deposition of someone who is no longer an employee of my clients, as well as the depositions of 6 or 7 other people who are employed by our clients.
The availability and convenience of all clients, not just your clients, is an issue that we have to deal with in scheduling. Obviously, this issue is more complex because plaintiffs have issued at the same time deposition notices for so many people.

Jim

James R. Hawkins II
Finn Dixon & Herling LLP
One Landmark Square
Stamford, Connecticut 06901
203 325 5042　(direct)
203 348 5777　(fax)
jhawkins@fdh.com


-----Original Message-----
**From:** Mario DiNatale- Silver Golub & Teitell [mailto:mdinatale@sgtlaw.com]
**Sent:** Thursday, July 07, 2005 10:21 AM
**To:** James Hawkins; William Tong
**Cc:** pnolin@shglaw.com; gklein@shglaw.com; Sarah Reardon- Silver Golub & Teitell
**Subject:** RE: Gwynn

Jim-

Let me respond to both your recent emails.

I do not recall your advising that you were not available the week of July 11. I *do* recall a prior email or letter advising of your unavailability the week of July 18. I also seem to recall an email from Peter before he left for vacation which suggested that he was unaware of your unavailability next week. But I will put that aside for now.

I am more concerned by the notion in your email that "[y]our clients are trying to coordinate the schedule" of depositions. I appreciate that we have noticed 7 current or former AIGTS or NU employees, and that your clients have a business to run.

7/27/2005

Nonetheless, the notices went out on June 21 and 23. It is now 16 days later, and you are unable to provide us with any dates for any one of these depositions. I asked for 30 days' notice for my clients' depositions (who reside in Oregon and had child care and financial concerns), and you found this unreasonable. And yet, your clients, all of whom reside or work in the area, apparently need more time than that.

As a courtesy to you, I will agree that we will not proceed on Monday. Since the remaining depositions next week were noticed by Peter, I will give him the opportunity to weigh in on the schedule for the remainder of the week.

I look forward to receiving a proposed schedule from you next week.

Mario

-----Original Message-----
**From:** James Hawkins [mailto:jhawkins@fdh.com]
**Sent:** Thursday, July 07, 2005 9:33 AM
**To:** Mario DiNatale- Silver Golub & Teitell; William Tong
**Cc:** pnolin@shglaw.com; gklein@shglaw.com; Sarah Reardon- Silver Golub & Teitell
**Subject:** RE: Gwynn

Mario,
I previously advised you, in fact probably a month ago in connection with Gwynn's deposition, that we were not available this next week. Our clients are trying to coordinate the schedule in a way that will be least disruptive to them and efficient for us. Given the number of people plaintiffs have noticed during the summer that is proving to be a bit of a logistical problem. We hope to get back to you with a proposed schedule next week.
Jim

James R. Hawkins II
Finn Dixon & Herling LLP
One Landmark Square
Stamford, Connecticut 06901
203 325 5042 (direct)
203 348 5777 (fax)
jhawkins@fdh.com

-----Original Message-----
**From:** Mario DiNatale- Silver Golub & Teitell [mailto:mdinatale@sgtlaw.com]
**Sent:** Thursday, July 07, 2005 8:35 AM
**To:** James Hawkins; William Tong
**Cc:** pnolin@shglaw.com; gklein@shglaw.com; Sarah Reardon- Silver Golub & Teitell
**Subject:** Gwynn

Jim and William-

We are now two business days away form the scheduled deposition of Mr. Weiman. I have received no response to my request of two days ago to confirm that this deposition will go forward as scheduled, not to mention the three depositions that Peter noticed for later in the week (Messrs. Tiburzi, DeCarlo and Riccio).

Since these depositions were first noticed some weeks ago, we have not

7/27/2005

## Peter Nolin

| | |
|---|---|
| From: | Peter Nolin [pnolin@shglaw.com] |
| Sent: | Sunday, July 10, 2005 8:07 AM |
| To: | 'James Hawkins'; 'Mario DiNatale- Silver Golub & Teitell' |
| Cc: | 'William Tong' |
| Subject: | RE: Gwynn |

I am proceeding with my depositions absent an agreed upon new date for the persons noticed or a court order. I made it very clear when I issued my notices that was how I intended to proceed. As to issuing an advance courtesy request for dates, I would normally do so but in this case defendants have been so tardy in responding to date requests on an informal basis that such an approach cannot be used. Normally when I ask for dates for depositions I get a response within days if not hours; here weeks pass before we even get an acknowledgement that defendants are trying to get dates. Indeed even in trying to get the depositions scheduled of my own clients I offered updates on multiple occasions with no response for weeks then only to be told the proposals did not work.

We have lots of discovery to complete before the end of fall and we must press a head. AIG has to start taking this case seriously and having its representatives take sufficient interest to make themselves available.

Regards,

Peter M. Nolin
SANDAK HENNESSEY & GRECO LLP
707 SUMMER STREET
3RD FLOOR
STAMFORD, CT 06901-1026
203-425-4200
203-252-2688 (Direct Dial)
203-325-8608 (Fax)
203-856-6135 (Cell)
pnolin@shglaw.com (office)
pnolin@optonline.net (home)

THE INFORMATION CONTAINED IN THIS ELECTRONIC TRANSMISSION IS ATTORNEY/CLIENT PRIVILEGED, ATTORNEY WORK PRODUCT, AND/OR CONFIDENTIAL OR PROPRIETARY OR TRADE SECRET INFORMATION INTENDED ONLY FOR THE USE AND VIEWING OF THE ABOVE NAMED RECIPIENT. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,

DISTRIBUTION OR COPYING OF THIS TRANSMISSION IS STRICTLY PROHIBITED AND THAT IF THIS MESSAGE WAS RECEIVED BY YOU IN ERROR, PLEASE CONTACT THE SENDER BY TELEPHONE OR E-MAIL, RETURN THIS TRANSMISSION, AND DESTROY ALL COPIES OF THE SAME IN YOUR POSSESSION.

**From:** James Hawkins [mailto:jhawkins@fdh.com]
**Sent:** Thursday, July 07, 2005 11:11 AM
**To:** Mario DiNatale- Silver Golub & Teitell
**Cc:** pnolin@shglaw.com; William Tong
**Subject:** RE: Gwynn

Mario,
Although you noticed this deposition, this is a consolidated case. I believe that the Ryan plaintiffs intend to fully participate in all aspects of discovery.
The convention in this case to date, and in most other cases, is to try to work out a schedule before you notice depositions. You chose to ignore that convention and without inquiring about our availability of counsel or witnesses you noticed the deposition of someone who is no longer an employee of my clients, as well as the depositions of 6 or 7 other people who are employed by our clients.
The availability and convenience of all clients, not just your clients, is an issue that we have to deal with in scheduling. Obviously, this issue is more complex because plaintiffs have issued at the same time deposition notices for so many people.

Jim

James R. Hawkins II
Finn Dixon & Herling LLP
One Landmark Square
Stamford, Connecticut 06901
203 325 5042  (direct)
203 348 5777  (fax)
jhawkins@fdh.com


-----Original Message-----
**From:** Mario DiNatale- Silver Golub & Teitell [mailto:mdinatale@sgtlaw.com]
**Sent:** Thursday, July 07, 2005 10:21 AM
**To:** James Hawkins; William Tong
**Cc:** pnolin@shglaw.com; gklein@shglaw.com; Sarah Reardon- Silver Golub & Teitell
**Subject:** RE: Gwynn

Jim-

Let me respond to both your recent emails.

I do not recall your advising that you were not available the week of July 11. I *do* recall a prior email or letter advising of your unavailability the week of July 18. I also seem to recall an email from Peter before he left for vacation which suggested that he was unaware of your unavailability next week. But I will put that aside for now.

I am more concerned by the notion in your email that "[y]our clients are trying to

7/27/2005

coordinate the schedule" of depositions. I appreciate that we have noticed 7 current or former AIGTS or NU employees, and that your clients have a business to run. Nonetheless, the notices went out on June 21 and 23. It is now 16 days later, and you are unable to provide us with any dates for any one of these depositions. I asked for 30 days' notice for my clients' depositions (who reside in Oregon and had child care and financial concerns), and you found this unreasonable. And yet, your clients, all of whom reside or work in the area, apparently need more time than that.

As a courtesy to you, I will agree that we will not proceed on Monday. Since the remaining depositions next week were noticed by Peter, I will give him the opportunity to weigh in on the schedule for the remainder of the week.

I look forward to receiving a proposed schedule from you next week.

Mario

>-----Original Message-----
>**From:** James Hawkins [mailto:jhawkins@fdh.com]
>**Sent:** Thursday, July 07, 2005 9:33 AM
>**To:** Mario DiNatale- Silver Golub & Teitell; William Tong
>**Cc:** pnolin@shglaw.com; gklein@shglaw.com; Sarah Reardon- Silver Golub & Teitell
>**Subject:** RE: Gwynn
>
>Mario,
>I previously advised you, in fact probably a month ago in connection with Gwynn's deposition, that we were not available this next week. Our clients are trying to coordinate the schedule in a way that will be least disruptive to them and efficient for us. Given the number of people plaintiffs have noticed during the summer that is proving to be a bit of a logistical problem. We hope to get back to you with a proposed schedule next week.
>Jim
>
>James R. Hawkins II
>Finn Dixon & Herling LLP
>One Landmark Square
>Stamford, Connecticut 06901
>203 325 5042  (direct)
>203 348 5777  (fax)
>jhawkins@fdh.com
>
>>-----Original Message-----
>>**From:** Mario DiNatale- Silver Golub & Teitell [mailto:mdinatale@sgtlaw.com]
>>**Sent:** Thursday, July 07, 2005 8:35 AM
>>**To:** James Hawkins; William Tong
>>**Cc:** pnolin@shglaw.com; gklein@shglaw.com; Sarah Reardon- Silver Golub & Teitell
>>**Subject:** Gwynn
>>
>>Jim and William-
>>
>>We are now two business days away form the scheduled deposition of Mr. Weiman. I have received no response to my request of two days ago to confirm that this deposition will go forward as scheduled, not to mention the three depositions that Peter noticed for later in the week (Messrs. Tiburzi, DeCarlo and Riccio).

7/27/2005

Since these depositions were first noticed some weeks ago, we have not received any indication from you that the dates selected were not convenient.

Accordingly, I expect that next week's depositions will go forward as noticed.

Mario

## Peter Nolin

**From:** James Hawkins [jhawkins@fdh.com]
**Sent:** Monday, July 11, 2005 10:53 AM
**To:** pnolin@shglaw.com
**Cc:** mdinatale@sgtlaw.com; William Tong
**Subject:** Ryan and Gwynn Depositions

Peter,

I do not understand your email. Before you left on vacation you indicated that you would agree to changes in the deposition schedule. Because of vacations of others and other commitments we are simply not available the next two weeks. I made that known well over a month ago when Mario was trying to schedule Gwynn's deposition in connection with his trip to Oregon for other matters.

Your email of 8:07 a.m. on Sunday morning cannot make me now available, to say nothing of the witnesses. As I said last week we will be getting back to you with a schedule later this week.

If you insist, I will contact Magistrate Judge Smith or Judge Droney to see if they have time iron out this scheduling issue. Please let me know.

Jim

James R. Hawkins II
Finn Dixon & Herling LLP
One Landmark Square
Stamford, Connecticut 06901
203 325 5042  (direct)
203 348 5777  (fax)
jhawkins@fdh.com

7/27/2005

# Peter Nolin

**From:** Mario DiNatale- Silver Golub & Teitell [mdinatale@sgtlaw.com]
**Sent:** Tuesday, July 12, 2005 9:44 AM
**To:** James Hawkins; pnolin@shglaw.com
**Cc:** William Tong; Catherine Sommer
**Subject:** RE: Ryan and Gwynn

Jim-

Your communications with respect to scheduling, whether verbal or written, have been consistently inconsistent, and often seem to vary from day to day. Yes, you did tell me that you and William were both "unavailable" to depose Mr. Gwynn in Oregon this week, but that came after a communication from you in which you advised that the week of July 11 was a good one for you. You also made it clear that you wanted to make the Gwynn deposition one more stop in a multi-deposition tour, though you have yet to advise whom you wish to depose, other than, presumably, Nicgorski.

And while I recognize your client's right to have some input into deposition dates, it is not inconsistent, as you suggest, to be critical of the fact that, three weeks after the depositions have been noticed, we have not been given a single date, as your client wishes to "organize" the schedule.

Finally, assuming that Peter and I both negligently noticed depositions for a week when you had previously advised that you were unavailable, it would have been a simple matter- and indeed, would follow "convention" in this case and others- to pick up a phone or send an email reminding us of your unavailability. Instead, you chose to wait until two business days before the first scheduled deposition to do so.

Mario

>  -----Original Message-----
>  **From:** James Hawkins [mailto:jhawkins@fdh.com]
>  **Sent:** Monday, July 11, 2005 3:24 PM
>  **To:** Mario DiNatale- Silver Golub & Teitell; pnolin@shglaw.com
>  **Cc:** William Tong; Catherine Sommer
>  **Subject:** Ryan and Gwynn
>
>  Mario,
>  I fundamentally disagree with you. I will try not repeat myself.
>  We are trying to schedule the depositions in an organized way. Last week you said we had the right to do that. Now you criticize me because I did not schedule a single deposition for this week. Obviously, that would defeat our attempts to organize 7 depositions.
>
>  With all due respect, both William and I have observed repeatedly that it appears to us that you do not read or listen to our communications. I told you a month ago that we were unavailable this week to do Gwynn. Despite that, you served deposition notices for a time when you had already been told we were not available. Just because it is not Gwynn in Oregon does not now mean I am now available to do something else. Your attempt to blame me for holes in your scheduling is just silly. I have never heard anyone say that a lawyer has any responsibility for an opposing lawyer's scheduling, particularly where, as here, you knew I already had scheduling problems when you sent

7/27/2005

your deposition notices.

    I understand that the depositions Peter noticed are off. I will get back to you this week with a schedule. Just to be clear, although we are trying to schedule all the witnesses one of them no longer works for my clients.  Despite my frustration with your repeated and inconsistent emails, I will, of course, attempt to honor your scheduling requests.

        Jim
James R. Hawkins II
Finn Dixon & Herling LLP
One Landmark Square
Stamford, Connecticut 06901
203 325 5042  (direct)
203 348 5777  (fax)
jhawkins@fdh.com

7/27/2005

## Peter Nolin

**From:** Peter Nolin [pnolin@shglaw.com]
**Sent:** Tuesday, July 12, 2005 10:16 AM
**To:** 'Mario DiNatale- Silver Golub & Teitell'; 'James Hawkins'
**Cc:** 'William Tong'; 'Catherine Sommer'
**Subject:** RE: Ryan and Gwynn

I concur with Mario in all respects. Further I have not agreed to postpone my noticed depositions. As indicated originally and repeated by e-mail Sunday and again by phone yesterday, I have agreed to reschedule them provided I have dates before tomorrow for the new deposition dates. I do not consent to a postponement to an unscheduled date with some vague assurance we will hear from AIG. In the past that has resulted in months of delay.

Regards,

Peter M. Nolin
SANDAK HENNESSEY & GRECO LLP
707 SUMMER STREET
3RD FLOOR
STAMFORD, CT 06901-1026
203-425-4200
203-252-2688 (Direct Dial)
203-325-8608 (Fax)
203-856-6135 (Cell)
pnolin@shglaw.com (office)
pnolin@optonline.net (home)

THE INFORMATION CONTAINED IN THIS ELECTRONIC TRANSMISSION IS ATTORNEY/CLIENT PRIVILEGED, ATTORNEY WORK PRODUCT, AND/OR CONFIDENTIAL OR PROPRIETARY OR TRADE SECRET INFORMATION INTENDED ONLY FOR THE USE AND VIEWING OF THE ABOVE NAMED RECIPIENT. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS TRANSMISSION IS STRICTLY PROHIBITED AND THAT IF THIS MESSAGE WAS RECEIVED BY YOU IN ERROR, PLEASE CONTACT THE SENDER BY TELEPHONE OR E-MAIL, RETURN THIS TRANSMISSION, AND DESTROY ALL COPIES OF THE SAME IN YOUR POSSESSION.

**From:** Mario DiNatale- Silver Golub & Teitell [mailto:mdinatale@sgtlaw.com]
**Sent:** Tuesday, July 12, 2005 9:44 AM

**To:** James Hawkins; pnolin@shglaw.com
**Cc:** William Tong; Catherine Sommer
**Subject:** RE: Ryan and Gwynn

Jim-

Your communications with respect to scheduling, whether verbal or written, have been consistently inconsistent, and often seem to vary from day to day. Yes, you did tell me that you and William were both "unavailable" to depose Mr. Gwynn in Oregon this week, but that came after a communication from you in which you advised that the week of July 11 was a good one for you. You also made it clear that you wanted to make the Gwynn deposition one more stop in a multi-deposition tour, though you have yet to advise whom you wish to depose, other than, presumably, Nicgorski.

And while I recognize your client's right to have some input into deposition dates, it is not inconsistent, as you suggest, to be critical of the fact that, three weeks after the depositions have been noticed, we have not been given a single date, as your client wishes to "organize" the schedule.

Finally, assuming that Peter and I both negligently noticed depositions for a week when you had previously advised that you were unavailable, it would have been a simple matter- and indeed, would follow "convention" in this case and others- to pick up a phone or send an email reminding us of your unavailability. Instead, you chose to wait until two business days before the first scheduled deposition to do so.

Mario

> -----Original Message-----
> **From:** James Hawkins [mailto:jhawkins@fdh.com]
> **Sent:** Monday, July 11, 2005 3:24 PM
> **To:** Mario DiNatale- Silver Golub & Teitell; pnolin@shglaw.com
> **Cc:** William Tong; Catherine Sommer
> **Subject:** Ryan and Gwynn
>
>> Mario,
>> I fundamentally disagree with you. I will try not repeat myself.
>> We are trying to schedule the depositions in an organized way. Last week you said we had the right to do that. Now you criticize me because I did not schedule a single deposition for this week. Obviously, that would defeat our attempts to organize 7 depositions.
>>
>> With all due respect, both William and I have observed repeatedly that it appears to us that you do not read or listen to our communications. I told you a month ago that we were unavailable this week to do Gwynn. Despite that, you served deposition notices for a time when you had already been told we were not available. Just because it is not Gwynn in Oregon does not now mean I am now available to do something else. Your attempt to blame me for holes in your scheduling is just silly. I have never heard anyone say that a lawyer has any responsibility for an opposing lawyer's scheduling, particularly where, as here, you knew I already had scheduling problems when you sent your deposition notices.
>>
>> I understand that the depositions Peter noticed are off. I will get back to you this week with a schedule. Just to be clear, although we are trying to schedule all the witnesses one of them no longer works for my clients. Despite my frustration with your repeated and inconsistent emails, I will, of course, attempt to honor your scheduling requests.

7/27/2005

      Jim  
James R. Hawkins II  
Finn Dixon & Herling LLP  
One Landmark Square  
Stamford, Connecticut 06901  
203 325 5042  (direct)  
203 348 5777  (fax)  
jhawkins@fdh.com

7/27/2005

## Peter Nolin

**From:** Mario DiNatale- Silver Golub & Teitell [mdinatale@sgtlaw.com]
**Sent:** Tuesday, July 12, 2005 4:34 PM
**To:** James Hawkins; pnolin@shglaw.com
**Cc:** William Tong
**Subject:** RE: Ryan and Gwynn

I will accept your representations as outlined in this email. If your clients fail to follow the instructions you outline below, I will take it up with you then.

If you cannot agree to produce the one or two who no longer work for AIGTS, then simply provide us with last known addresses and telephone numbers (business and residence) and we will subpoena such person(s) for dates that are convenient to counsel, since your client should have no say in scheduling under these circumstances.

> -----Original Message-----
> **From:** James Hawkins [mailto:jhawkins@fdh.com]
> **Sent:** Tuesday, July 12, 2005 4:37 PM
> **To:** Mario DiNatale- Silver Golub & Teitell; pnolin@shglaw.com
> **Cc:** William Tong
> **Subject:** RE: Ryan and Gwynn
>
> I cannot agree to your conditions without my clients' approval, obviously. I would prefer that you leave it to me to work out these scheduling issues. If I get the clients involved it will just be another distraction. I know we have a responsibility to be reasonable about about dates. My instructions to the clients is to schedule them early in August.
> As I mentioned to you earlier, one of the people, perhaps two now longer work for my clients. We will try to schedule their depositions, but cannot "agree" to provide them. Lastly, I am currently scheduled to be in a conference out of state on Friday. William will be on vacation.
> I agree to get you dates by Friday, perhaps sooner, but I cannot agree to be available Friday morning.
> Jim
>
>> -----Original Message-----
>> **From:** Mario DiNatale- Silver Golub & Teitell [mailto:mdinatale@sgtlaw.com]
>> **Sent:** Tuesday, July 12, 2005 3:59 PM
>> **To:** James Hawkins; pnolin@shglaw.com
>> **Cc:** William Tong; Sarah Reardon- Silver Golub & Teitell
>> **Subject:** RE: Ryan and Gwynn
>>
>> Jim-
>>
>> I've spoken with Peter, and this is a joint response to your email.
>>
>> We will agree to wait until Friday morning for you and your clients to provide us with a proposed schedule for the seven depositions we have noticed. However, we fully expect that the schedule your clients propose will permit these depositions to be concluded before Labor Day.
>>
>> Moreover, given the length of time your clients have taken in scheduling these depositions, you and they must agree to be flexible. By that, I mean that it is not

acceptable to say, by way of example, that Mr. DeCarlo is only available on August 5. As you might expect, Peter and I have other matters that we have scheduled on a day-to-day basis from now until Labor Day. If a particular date does not work for either of us, your clients must be willing to agree to an alternative date.

If you or your clients object to what I have outlined above, please let me or Peter know.

Mario


Original Message-----
**From:** James Hawkins [mailto:jhawkins@fdh.com]
**Sent:** Tuesday, July 12, 2005 3:46 PM
**To:** pnolin@shglaw.com; Mario DiNatale- Silver Golub & Teitell
**Cc:** William Tong
**Subject:** Ryan and Gwynn

Mario and Peter,
I have just returned from Court in New Haven and thus have not responded sooner.
Let me take this opportunity to say, based upon all the recent emails, that we should each undertake to communicate more clearly and more promptly, surely that will help us all.

I understood from the earlier communications with both of you that I was going to get you dates for the depositions of employees of my client by the end of the week. I have confirmed with my clients that this is being done. Whether or not you agreed to that, as I thought you had, that is what is being done.

If that is not acceptable, please let me know immediately and I will seek a conference with the Court. But I would hope that is unnecessary.

Jim
James R. Hawkins II
Finn Dixon & Herling LLP
One Landmark Square
Stamford, Connecticut 06901
203 325 5042 (direct)
203 348 5777 (fax)
jhawkins@fdh.com

7/27/2005

**Peter Nolin**

| | |
|---|---|
| **From:** | William Tong [wtong@fdh.com] |
| **Sent:** | Thursday, July 14, 2005 11:34 PM |
| **To:** | Mario DiNatale- Silver Golub & Teitell; pnolin@shglaw.com |
| **Cc:** | James Hawkins |
| **Subject:** | Ryan Depositions |

Mario, Peter:

As we discussed, the following are the dates for depositions scheduled thusfar:

J. Weber, August 17
Raymond DeCarlo, August 18
Elizabeth Wacik, August 23
Raymond Tiburzi, August 29

Please note that I am not in this office through next week. If you have immediate questions, please contact Jim. Thanks.

William

William M. Tong, Esq.
Finn Dixon & Herling LLP
One Landmark Square
Stamford, Connecticut 06901-2689
Telephone: (203) 325-5089
Facsimile: (203) 348-5777
wtong@fdh.com

This message originates from the law firm of Finn Dixon & Herling LLP. The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Finn Dixon & Herling LLP.