## Peter Nolin

| | |
|---|---|
| **From:** | Peter Nolin [pnolin@shglaw.com] |
| **Sent:** | Friday, July 15, 2005 9:55 AM |
| **To:** | 'James Hawkins'; 'mdinatale@sgtlaw.com' |
| **Cc:** | 'William Tong' |
| **Subject:** | RE: Ryan and Gwynn |

Jim you simply are not correct. Mario is right, as party representatives AIG does business here and can be compelled to appear here.   We can subpoena the witnesses here from up to 100 miles. So to the extent the witnesses are in New York  City for work we can go that route if you want.   I think we should just do this in the ordinary course here in Connecticut, unless the witnesses are not within that zone.

Regards,

Peter M. Nolin
SANDAK HENNESSEY & GRECO LLP
707 SUMMER STREET
3RD FLOOR
STAMFORD, CT 06901-1026
203-425-4200
203-252-2688 (Direct Dial)
203-325-8608 (Fax)
203-856-6135 (Cell)
pnolin@shglaw.com (office)
pnolin@optonline.net (home)


THE INFORMATION CONTAINED IN THIS ELECTRONIC TRANSMISSION IS ATTORNEY/CLIENT PRIVILEGED, ATTORNEY WORK PRODUCT, AND/OR CONFIDENTIAL OR PROPRIETARY OR TRADE SECRET INFORMATION INTENDED ONLY FOR THE USE AND VIEWING OF THE ABOVE NAMED RECIPIENT. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS TRANSMISSION IS STRICTLY PROHIBITED AND THAT IF THIS MESSAGE WAS RECEIVED BY YOU IN ERROR, PLEASE CONTACT THE SENDER BY TELEPHONE OR E-MAIL, RETURN THIS TRANSMISSION, AND DESTROY ALL COPIES OF THE SAME IN YOUR POSSESSION.

**From:** James Hawkins [mailto:jhawkins@fdh.com]
**Sent:** Friday, July 15, 2005 9:35 AM
**To:** mdinatale@sgtlaw.com

**Cc:** William Tong; pnolin@shglaw.com
**Subject:** Ryan and Gwynn

Mario,
I have your email of 9:30 p.m. last night. I would respectfully request that you reconsider your position.
The law with respect to the location of depositions is rather well defined.  According to my reading, the paramount consideration is not the convenience of lawyers, but the convenience of parties and witnesses.

Jim

James R. Hawkins II
Finn Dixon & Herling LLP
One Landmark Square
Stamford, Connecticut 06901
203 325 5042  (direct)
203 940 3512  (cell)
203 348 5777  (fax)
jhawkins@fdh.com


*************************************************************************
This message originates from the law firm of Finn Dixon & Herling LLP.  The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413.  Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited.  If you have received this message in error, please advise the sender by immediate reply and delete the original message.  Personal messages express views solely of the sender and are not attributable to Finn Dixon & Herling LLP.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.  If you are not the original addressee of this communication, you should seek advice based on your particular circumstances from an independent advisor.  For information about why we are required to include this legend in emails, please see http://www.fdh.com/CM/ClientUpdates/ClientUpdatesCir230.asp.

7/27/2005

received any indication from you that the dates selected were not convenient.

Accordingly, I expect that next week's depositions will go forward as noticed.

Mario

## Peter Nolin

| | |
|---|---|
| **From:** | Peter Nolin [pnolin@shglaw.com] |
| **Sent:** | Monday, July 18, 2005 6:27 PM |
| **To:** | 'James Hawkins' |
| **Cc:** | William Tong; Mario DiNatale (mdinatale@sgtlaw.com) |
| **Subject:** | RE: Document responses |

Not sure what your objections mean. We are noticing employees of the companies in their corporate capacity. In other words I am not noticing the depositions of witnesses unconnected with the Defendants, but rather asking the Defendants to produce specific witnesses who work for one or the other of the Defendants, which after all are affiliated and seem to act interchangeably. (otherwise how did AIGTS which has no relationship with my clients get to control their defense and handle their coverage?) See Rule 30b(1), which says I can identify deponents by name and/or description. I am not noticing 30b (6) depositions so you are not being asked to put up a spokesperson for the company, which you would get to pick, but who would also have to undertake to learn all of the defendants information on the designated topics. Each named witness is being asked to testify as an employee of a defendant and to give his personal knowledge based on his own involvement with the file and the circumstances at issue. Since they are employed by one of the defendants, the defendants control their production. This is an approach I have followed for years and have never had it objected to, but if you want to state some basis for an objection I will be happy to hear it. Please let me know the basis of your objection immediately so we can go to the Court well in advance of the scheduled dates. Also I would note that my re-notices are the same as my original notices to which no objections were interposed.

The location is totally appropriate given that 100 mile rule applies and AIG and National Union do business in Connecticut. Obviously if they were employed in California we would have to travel there, but in this case when they are working within 100 miles of Stamford and are employees of a party, I believe they are required to come here. There is no rule I know of which limits me to the state or city where they work. What is the basis for the objection as to the location given these factors?

As to documents, I note that you signed the objections and waited 60 days and until William had left to object without producing anything. You should be in a position to have the good faith conference, but if you are saying you are unavailable until next week and then William will be back anyways that is fine. Please advise him that I want to conference as soon as he is back, so we can resolve as many issues as possible and get documents before the depositions in August.

In the meantime, am I correct that you are producing no documents in response to my 47

requests?


Regards,

Peter M. Nolin
SANDAK HENNESSEY & GRECO LLP
707 SUMMER STREET
3RD FLOOR
STAMFORD, CT 06901-1026
203-425-4200
203-252-2688 (Direct Dial)
203-325-8608 (Fax)
203-856-6135 (Cell)
pnolin@shglaw.com (office)
pnolin@optonline.net (home)


THE INFORMATION CONTAINED IN THIS ELECTRONIC TRANSMISSION IS
ATTORNEY/CLIENT PRIVILEGED, ATTORNEY WORK PRODUCT, AND/OR
CONFIDENTIAL OR PROPRIETARY OR TRADE SECRET INFORMATION
INTENDED ONLY FOR THE USE AND VIEWING OF THE ABOVE NAMED
RECIPIENT. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED
RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION OR COPYING OF THIS TRANSMISSION IS STRICTLY
PROHIBITED AND THAT IF THIS MESSAGE WAS RECEIVED BY YOU IN
ERROR, PLEASE CONTACT THE SENDER BY TELEPHONE OR E-MAIL,
RETURN THIS TRANSMISSION, AND DESTROY ALL COPIES OF THE SAME IN
YOUR POSSESSION.

**From:** James Hawkins [mailto:jhawkins@fdh.com]
**Sent:** Monday, July 18, 2005 5:41 PM
**To:** Peter Nolin
**Cc:** Mario DiNatale; William Tong
**Subject:** RE: Document responses

Peter,
    As you know, William is on vacation this week. I was already tied up before I received your request for a discovery meeting. I will ask William who handled our prior discovery conference to respond when he returns.
    By the way, I plan to object to your re notices of deposition for several reasons. The primary reasons are: 1) if you are taking the deposition of a company by a representative, we get to pick the representative, 2) your notices purport to make an individual employed by one employer the representative of two companies, and 3) we will object to the location of the depositions. There may be other objections. I am assuming that your notices can and will be corrected and that the depositions you noticed can go forward on the scheduled dates.
    Please let me know if my assumption is incorrect.
    We intend to object to Gwynn's notices also on similar grounds and other grounds.
    I just thought I would give you some advance notice.


7/27/2005

Jim

James R. Hawkins II
Finn Dixon & Herling LLP
One Landmark Square
Stamford, Connecticut 06901
203 325 5042 (direct)
203 940 3512 (cell)
203 348 5777 (fax)
jhawkins@fdh.com

-----Original Message-----
**From:** Peter Nolin [mailto:pnolin@shglaw.com]
**Sent:** Monday, July 18, 2005 3:11 PM
**To:** James Hawkins
**Cc:** Mario DiNatale; William Tong
**Subject:** Document responses

Jim thank you for providing your formal responses to our document requests served on you on May 16, 2005. It appears that you have objected to all questions without providing any documents. Are there documents coming or are you taking the position that you need not produce anything?

Please advise when you are available for our good faith conference. To the extent you have objected, I would like to try to resolve the objections before we proceed with the depositions, so that if there are some items you will agree to produce we can have them before we resume depositions in August.

Finally at the Conlin deposition you had agreed to produce the documents which had been redacted on reserve information without the redactions. Would please provide those few documents at your first convenience and well before we resume the depositions.

Regards,

Peter M. Nolin
SANDAK HENNESSEY & GRECO LLP
707 SUMMER STREET
3RD FLOOR
STAMFORD, CT 06901-1026
203-425-4200
203-252-2688 (Direct Dial)
203-325-8608 (Fax)
203-856-6135 (Cell)
pnolin@shglaw.com (office)
pnolin@optonline.net (home)

7/27/2005

THE INFORMATION CONTAINED IN THIS ELECTRONIC TRANSMISSION IS ATTORNEY/CLIENT PRIVILEGED, ATTORNEY WORK PRODUCT, AND/OR CONFIDENTIAL OR PROPRIETARY OR TRADE SECRET INFORMATION INTENDED ONLY FOR THE USE AND VIEWING OF THE ABOVE NAMED RECIPIENT. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS TRANSMISSION IS STRICTLY PROHIBITED AND THAT IF THIS MESSAGE WAS RECEIVED BY YOU IN ERROR, PLEASE CONTACT THE SENDER BY TELEPHONE OR E-MAIL, RETURN THIS TRANSMISSION, AND DESTROY ALL COPIES OF THE SAME IN YOUR POSSESSION.

7/27/2005