UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CASE NUMBER: <br> 3:03 CV 00644 (CFD) |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC. <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CASE NUMBER: <br> 3:03 CV 1154 (CFD) <br><br><br><br><br> July 20, 2005 |

**OBJECTION TO THE RYAN PLAINTIFFS'**
**RE-NOTICE OF DEPOSITION**

Defendants National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and AIG Technical Services, Inc. ("AIGTS") (collectively, the "Defendants"), by its attorneys Finn Dixon & Herling LLP, hereby object to the Ryan plaintiffs' Re-notice of Deposition of the Defendants National Union and AIGTS through their agent Raymond Tiburzi, dated July 15, 2005, a copy of which is attached hereto as "Exhibit A".

Defendants National Union and AIGTS object and represent in support hereof the following:

1. On July 15, 2005, the Ryan plaintiffs, through their attorneys Sandak, Hennessey & Greco LLP, served upon National Union and AIGTS a Re-Notice of Deposition of the Defendants through their agent Raymond Tiburzi (the "Re-Notice") on Thursday, August 29, 2005 at 9:30 a.m. at Sandak Hennessey & Greco LLP, 707 Summer Street (Third Floor), Stamford, CT 06901, dated July 15, 2005. See Exhibit A.

2. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the Ryan plaintiffs may notice "as the deponent *a private corporation* . . . and describe with reasonable particularity the matters on which examination is requested." (emphasis added). Upon a private corporation's receipt of this notice of deposition, "*the organization shall designate* one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify." FED. R. CIV. P. 30(b)(6) (emphasis added).

3. Defendants object to the Re-Notice because it fails to describe with reasonable particularity the matters on which examination of an agent is requested in violation of FED. R. CIV. P. 30(b)(6).

4. Defendants object to the Re-Notice because the Ryan plaintiffs designated an agent for whom deposition was requested on behalf of the Defendants contrary to FED. R. CIV. P. 30(b)(6). See U.S. v. Barth, 591 F.Supp. 91, 97 (D. Conn), aff'd in part, 745 F.2d 184 (2d. Cir. 1984), cert. denied, 470 U.S. 1004 (1985) (it is the duty of the corporation to name one or more persons who consent to testify on its behalf); See also Sony Electronics, Inc. v. Soundview Tech., Inc., 217 F.R.D. 104, 112 (D. Conn. 2002) ("the deponent must make a conscientious

2

{00147675; 1; 0040-3}

good-faith endeavor to designate the persons having knowledge of the matters sough by the party noticing the deposition . . . .").

5. Defendants object to the Re-Notice because the Ryan plaintiffs noticed the deposition of both Defendants - National Union and AIGTS - collectively by their agent Raymond Tiburzi. Federal Rule of Civil Procedure 30 contemplates one notice for each individual deponent. See FED. R. CIV. P. 30. National Union and AIGTS object further because Raymond Tiburzi is not an agent of both National Union and AIGTS.

6. Defendants object to the Re-notice because the deposition has been noticed to be conducted at a place other than the Defendants' principal place of business. The prevailing and general rule provides that "where a corporation is involved as a party to the litigation, there is a general presumption in favor of conducting depositions of a corporation in its principal place of business . . . . In addition, the plaintiff is generally required to bear any reasonable burdens of inconvenience that the action presents." Media Group, Inc. v. In-Finn-ity Prod. Inc., 2000 WL 303221, at *1 (D. Conn. Feb. 1, 2000); see also Demato v. Northwestern Mut. Life Ins. Co., 2002 WL 31559967, at *2 (D. Conn. Nov. 19, 2002) (deposition of a defendant corporation's employees "must take place in Wisconsin" notwithstanding district in which case proceeds); Philadelphia Indem. Ins. Co. v. Federal Ins. Co., 215 F.R.D. 492, 495 (E.D.Pa. 2003) ("deposition of a corporate . . . employee should usually take place at the corporation's principal place of business or . . . at his place of business or employment). Absent an agreement to the contrary, National Union will make its employee Raymond Tiburzi available as a witness for deposition on Monday, August 29, 2005 at 9:30 a.m. at Lewis Brisbois Bisgaard & Smith LLP, 199 Water St., 25th Floor, NY, NY 10038.

3

DEFENDANT NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, Pa.
and AIG TECHNICAL SERVICES, INC.

By: _____
James R. Hawkins, II (ct00128)
William M. Tong (ct25304)
Finn Dixon & Herling LLP
One Landmark Square, Suite 1400
Stamford, CT 06901-2689
Tel: (203) 325-5000
Fax: (203) 348-5777
Email: jhawkins@fdh.com

4

{00147075; 1; 0040-3}

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM ) <br> NEWTON, ROBERT FITZPATRICK, and MERIT ) <br> CAPITAL ASSOCIATES, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA., and ) <br> AIG TECHNICAL SERVICES, INC., ) <br> ) <br> Defendants. ) | CASE NUMBER: <br> 3:03 CV 00644 (CFD) |
| DAVID W. GWYNN, RAQUEL GWYNN AND ) <br> GWYNN FINANCIAL SERVICES, INC. ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA., and ) <br> AIG TECHNICAL SERVICES, INC., ) <br> ) <br> Defendants. ) | CASE NUMBER: <br> 3:03 CV 1154 (CFD) <br><br><br><br><br><br> July 20, 2005 |

**OBJECTION TO THE RYAN PLAINTIFFS'**
**<u>RE-NOTICE OF DEPOSITION</u>**

Defendants National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and AIG Technical Services, Inc. ("AIGTS") (collectively, the "Defendants"), by its attorneys Finn Dixon & Herling LLP, hereby object to the <u>Ryan</u> plaintiffs' Re-notice of Deposition of the Defendants National Union and AIGTS through their agent Raymond DeCarlo, dated July 15, 2005, a copy of which is attached hereto as "Exhibit A".

{00147138; 1; 0040-3}

Defendants National Union and AIGTS object and represent in support hereof the following:

1. On July 15, 2005, the <u>Ryan</u> plaintiffs, through their attorneys Sandak, Hennessey & Greco LLP, served upon National Union and AIGTS a Re-Notice of Deposition of the Defendants through their agent Raymond DeCarlo (the "Re-Notice") on Thursday, August 18, 2005 at 9:30 a.m. at Sandak Hennessey & Greco LLP, 707 Summer Street (Third Floor), Stamford, CT 06901, dated July 15, 2005. <u>See</u> Exhibit A.

2. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the <u>Ryan</u> plaintiffs may notice "as the deponent *a private corporation* . . . and describe with reasonable particularity the matters on which examination is requested." (emphasis added). Upon a private corporation's receipt of this notice of deposition, "*the organization shall designate* one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify." FED. R. CIV. P. 30(b)(6) (emphasis added).

3. Defendants object to the Re-Notice because it fails to describe with reasonable particularity the matters on which examination of an agent is requested in violation of FED. R. CIV. P. 30(b)(6).

4. Defendants object to the Re-Notice because the <u>Ryan</u> plaintiffs designated an agent for whom deposition was requested on behalf of the Defendants contrary to FED. R. CIV. P. 30(b)(6). <u>See</u> <u>U.S. v. Barth</u>, 591 F.Supp. 91, 97 (D. Conn), <u>aff'd in part</u>, 745 F.2d 184 (2d. Cir. 1984), <u>cert. denied</u>, 470 U.S. 1004 (1985) (it is the duty of the corporation to name one or more persons who consent to testify on its behalf); <u>See also</u> <u>Sony Electronics, Inc. v. Soundview Tech., Inc.</u>, 217 F.R.D. 104, 112 (D. Conn. 2002) ("the deponent must make a conscientious

2

good-faith endeavor to designate the persons having knowledge of the matters sough by the party noticing the deposition . . . .").

5. Defendants object to the Re-Notice because the <u>Ryan</u> plaintiffs noticed the deposition of both Defendants - National Union and AIGTS - collectively by their agent Raymond DeCarlo. Federal Rule of Civil Procedure 30 contemplates one notice for each individual deponent. <u>See</u> FED. R. CIV. P. 30. National Union and AIGTS object further because Raymond DeCarlo is not an agent of both National Union and AIGTS.

6. Defendants object to the Re-notice because the deposition has been noticed to be conducted at a place other than the Defendants' principal place of business. The prevailing and general rule provides that "where a corporation is involved as a party to the litigation, there is a general presumption in favor of conducting depositions of a corporation in its principal place of business . . . . In addition, the plaintiff is generally required to bear any reasonable burdens of inconvenience that the action presents." <u>Media Group, Inc. v. In-Finn-ity Prod. Inc.</u>, 2000 WL 303221, at *1 (D. Conn. Feb. 1, 2000); <u>see also</u> <u>Demato v. Northwestern Mut. Life Ins. Co.</u>, 2002 WL 31559967, at *2 (D. Conn. Nov. 19, 2002) (deposition of defendant corporation's employees "must take place in Wisconsin" notwithstanding district in which case proceeds); <u>Philadelphia Indem. Ins. Co. v. Federal Ins. Co.</u>, 215 F.R.D. 492, 495 (E.D.Pa. 2003) ("deposition of a corporate . . . employee should usually take place at the corporation's principal place of business or . . . at his place of business or employment). Absent an agreement to the contrary, National Union will make its employee Raymond DeCarlo available as a witness for deposition on Thursday, August 18, 2005, at 9:30 a.m. at Lewis Brisbois Bisgaard & Smith LLP, 199 Water St., 25th Floor, NY, NY 10038.

3

DEFENDANT NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, Pa.
and AIG TECHNICAL SERVICES, INC.

By: _____
James R. Hawkins, II (ct00128)
William M. Tong (ct25304)
Finn Dixon & Herling LLP
One Landmark Square, Suite 1400
Stamford, CT 06901-2689
Tel: (203) 325-5000
Fax: (203) 348-5777
Email: jhawkins@fdh.com

4