UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., </br></br>Plaintiffs,</br></br>vs.</br></br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,</br></br>Defendants. | CASE NUMBER:</br>3:03 CV 00644 (CFD) |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC.</br></br>Plaintiffs,</br></br>vs.</br></br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,</br></br>Defendants. | CASE NUMBER:</br>3:03 CV 1154 (CFD)</br></br></br></br></br></br>August 4, 2005 |

### AFFIDAVIT OF WILLIAM M. TONG

STATE OF CONNECTICUT    )
                        ) ss: Stamford
COUNTY OF FAIRFIELD     )

WILLIAM M. TONG, being duly sworn, deposes and says:

1. I am an attorney with the firm of Finn Dixon & Herling LLP, counsel for Defendants National Union Fire Insurance Company of Pittsburgh, Pa. and AIG Technical Services, Inc. (collectively, "National Union") in the above captioned matter. I am a member of

the bar of this court. I make this affidavit based upon my personal knowledge and pursuant to D. CONN. L. CIV. R. 37(a)(2). The purpose of this affidavit is to describe the good faith efforts made to resolve National Union's discovery objections with opposing counsel prior to filing National Union's Motion to Postpone Discovery and Set Location of Depositions.

2. National Union specifically objected to the *Ryan* Plaintiffs' Re-notices of Deposition, copies of which are attached hereto as Exhibits A and B, on the grounds that the re-notices sought the deposition at a place other than a location at or near National Union's principal place of business and were not in compliance with FED. R. CIV. P. 30.

3. National Union specifically objected to the *Gwynn* Plaintiffs' Re-notices of Deposition, copies of which are attached hereto as Exhibits C through E, on the ground that the court does not have subject matter jurisdiction over the *Gwynn* Plaintiffs' action under 28 U.S.C. §1332. National Union further objected to these re-notices because the *Gwynn* Plaintiffs sought the deposition at a place other than a location at or near National Union's principal place of business, after agreeing to hold the deposition of Brian T. Conlin in New York City.

4. The *Ryan* Plaintiffs have filed a Memorandum in Opposition to Defendants' Objection to the *Ryan* Plaintiffs' Renotice of Deposition, dated July 28, 2005. They claim their Renotices are proper in form under FED. R. CIV. P. 30, National Union's objections are untimely, and that Connecticut is the proper location for the depositions of National Union's current or former officers and employees.

5. The *Gwynn* Plaintiffs have filed a Memorandum in Support of Response to National Union's Objections to Re-notices of Depositions, dated July 27, 2005. They claim that Connecticut is the proper location for the depositions of National Union's current or former officers and employees.

{00148831; 1; 0040-3}

6. On behalf of National Union, my colleague, James Hawkins, and I have engaged in a series of communications by telephone and email with Peter Nolin, Esq., counsel for the Plaintiffs Bruce Charles Ryan, Russell William Newtown, Robert Fitzpatrick, and Merit Capital Associates, Inc., and Mario DiNatale, Esq., counsel for Plaintiffs David W. Gwynn, Raquel Gwynn, and Gwynn Financial Services, Inc., to address National Union's objections to Plaintiffs' re-notices of depositions in a good faith effort to resolve the issues by agreement without the intervention of the Court. These communications included a telephone conversation between Peter Nolin and me on July 28, 2005, and telephone and email communications between James Hawkins, Peter Nolin and Mario DiNatale which continued through yesterday, August 3, 2005. We were unable to reach an agreement concerning National Union's objections to Plaintiffs' attempts to renotice depositions.

William M. Tong

SWORN TO BEFORE ME on this the 4th day of August, 2005.

Notary Public

**JUDITH P. PEPLER**
**NOTARY PUBLIC**
MY COMMISSION EXPIRES FEB. 28, 2010

{00148831; 1; 0040-3}