## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| _____ <br> BRUCE CHARLES RYAN, RUSSELL WILLIAM ) <br> NEWTON, ROBERT FITZPATRICK, and ) <br> MERIT CAPITAL ASSOCIATES, INC., ) <br>       Plaintiffs, ) <br> ) <br>                     ) <br> v. ) <br> ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA., and ) <br> AIG TECHNICAL SERVICES, INC., ) <br>       Defendants ) <br> _____) <br> DAVID W. GWYNN, RAQUEL GWYNN and ) <br> GWYNN FINANCIAL SERVICES, INC., ) <br>       Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA., and ) <br> AIG TECHNICAL SERVICES, INC., ) <br>       Defendants ) <br> _____) | **CIVIL ACTION NO.** <br> **3:03 CV 00644 (CFD)** <br><br><br><br><br><br><br><br><br><br><br><br><br><br> **August 12, 2005** |

### MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY AND SET LOCATION OF DEPOSITIONS

Plaintiffs Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick, and Merit

Capital Associates, Inc. (collectively the "Ryan Plaintiffs") submit this legal memorandum in

opposition to the Motion to Stay Discovery and Set location of Depositions by the Defendants

National Union Fire Insurance Company of Pittsburgh, PA., ("NU") and AIG Technical

1

Services, Inc. ("AIGTS"), (collectively the "Defendants"), dated August 4, 2005.  The Ryan

Plaintiffs also specifically incorporate herein the facts and arguments made in their

Memorandum In Opposition To Defendants' Objection to the Ryan Plaintiffs' Renotice of

Depositions, dated July 28, 2005.

Defendants now take the odd position that discovery must be stayed in the consolidated

case brought by David Gwynn, Raquel Gwynn and Gwynn Financial Services, Inc. (the "Gwynn

Plaintiffs"), because of a claimed newly discovered jurisdictional defect and argue that efficiency

will be served by such a stay.  The only point of Defendants request is to further delay the

Plaintiffs in both actions from finally getting deposition testimony from the AIG officers and

employees who had mismanaged the defense of these Plaintiffs in the underlying NASD

arbitration claim.  Defendants also have renewed their prior objection that the depositions, all of

which had been re-noticed and scheduled by agreement, must now be moved from Stamford,

Connecticut to lower Manhattan, New York.

Defendants' effort to stay discovery in this case, yet again, is contrary to the Standing

Order on Case Scheduling of this District which provide that a motion to dismiss does not stay

discovery.  Further the proposed stay will not promote efficiency, because the defendants

concede that the Ryan Plaintiffs have the right to proceed with the five currently noticed

depositions of Defendants officers and employees.  Forcing the Gwynn Plaintiffs to redo the

discovery in their case at some later time would only serve to duplicate the efforts of counsel in

this action and would subject Defendants' own witnesses to a needless second round of

depositions.   Because the Ryan Plaintiffs have properly noticed the deposition of these five

officers of Defendant for a location which is less than 40 miles from AIG's home offices, the

Court should deny Defendants' motion to stay discovery and allow the depositions to proceed as

scheduled by agreement in Stamford, Connecticut on August 16th through August 29th.

## PROCEDURAL BACKGROUND

This action was commenced in April 2003. The Ryan Plaintiffs have asserted claims for

breach of the Defendants' duty to defend and indemnify them under a liability policy they

purchased from NU, in connection with a NASD arbitration initiated by a former customer, and

for bad faith and CUTPA violations arising out of those breaches. The Gwynn plaintiffs

subsequently brought suit in a separate action and the two actions were consolidated. Although

NU was the Defendant that actually provided the insurance policy to the Plaintiffs, it appears that

all decisions regarding the handling of the claim were made by AIGTS, an affiliated company

which is part of the AIG Group, acting as NU's agent.

Since earlier this year, the Ryan Plaintiffs and the Gwynn Plaintiffs have been pressing to

move forward and complete fact discovery.[1] After repeated efforts to reach agreement on a

schedule to commence deposition discovery from the Defendants, Plaintiffs were finally

permitted to take the deposition of Brian Conlin the Claims Analyst who, according to the

---

[1] Throughout 2004 Defendants resisted fact discovery asserting that they wished to avoid the expense of discovery pending a decision on their initial Rule 12 motion to dismiss and a scheduled settlement conference. After the motion to dismiss was denied, Defendants then reversed position and refused to attend the settlement conference scheduled for December 2004 before Magistrate Judge Smith, arguing that they could not attend a settlement conference without having obtained discovery from the Plaintiffs. The settlement conference was canceled. Since the beginning of 2005, the parties have exchanged documents, all of the Plaintiffs were deposed in May 2005, for a full day each, although their depositions have not been completed or rescheduled by the Defendants.

Defendants' documents, was the primary person acting in connection with the defense and coverage of the underlying NASD arbitration claim from October 2001 through January 2003. That deposition was commenced by counsel for the Gwynn Plaintiffs on June 16, 2005, but was adjourned prior to completion, at about 5:00 pm, before Counsel for the Ryan Plaintiffs could question the witness.

Mr. Conlin testified that he was a relatively new employee of AIGTS when he began handling this claim.   At the deposition he displayed only limited familiarity with the claims file, the process of defending the underlying NASD arbitration claim and the policy at issue.  Most surprising, Mr. Conlin disclaimed any decision making role in the Defendants' decision in January 2002 to withdraw their defense of the Ryan and Gwynn Plaintiffs in the underlying claim.  While Mr. Conlin claimed the decision was made by his superiors, either, Mr. Raymond Tiburzi or Mr. Marc Wieman, he could not say which one and could not recall any discussions with either man about that decision.  Similarly in January 2004 when AIGTS decided to resume the defense of the Ryan and Gwynn Plaintiffs in the middle of the hearing in underlying NASD arbitration, Mr. Conlin again claimed to have had no role in the decision making process. Once again he thinks the decision may have been made by his superior, at that time either Mr. Jonathan Weber or Mr. Tiburzi.  Once again Mr. Conlin could recall no discussions on the topic and was unaware of precisely how the decision to resume the defense had been communicated to him. Mr. Conlin identified Mr. Raymond DeCarlo as the superior to whom Messrs. Weber, Wieman and Tiburzi reported.  Mr. Conlin also testified that the claim file was transferred to Ms. Elizabeth Wacik in January 2003.  It now appears that Ms Wacik and her superiors in the

"coverage department" of AIGTS made all subsequent decision regarding the continued defense

of the Plaintiffs, the eventual decision by AIGTS to pay to settle the underlying claim after the

Arbitration award had entered the underlying claimant had moved to have it confirmed in the

state courts of Arizona, and the Ryan Plaintiffs had commenced this action.  Despite their

involvement in the file as testified to by Mr. Conlin, there are no notes or recorded entries in the

AIGTS claim file, as produced to date, from Mr. Weiman, Mr. Tiburzi, Mr. Weber, Mr. DeCarlo

or Ms. Wacik.

Given the lack of knowledge by Mr. Conlin as to how and why any of the decisions were

made in the handling of the Plaintiffs' defense in the underlying NASD claim, counsel for the

Ryan Plaintiffs and the Gwynn Plaintiffs took the logical next step of noticing depositions of the

five above named individuals and Keith Riccio, the primary underwriter on the policy at issue.

By notices dated June 21, 2005 the Ryan Plaintiffs sought to take the depositions of three

officers of the Defendants, Messrs. Tiburzi, DeCarlo and Riccio.  The three notices were for

depositions on July 13th, 14th and 15th respectively.  These three notices were attached to

Memorandum In Opposition To Defendants' Objection to the Ryan Plaintiffs' Renotice Of

Depositions, dated July 28, 2005 as Exhibit A.  Similarly, on June 23, 2005, the Gwynn Plaintiffs

issued notices for the depositions of Mr. Weiman, Ms. Wacik for July 11, 18, and 25, 2005,

respectively.   All of the depositions were noticed to held in Stamford Connecticut. The Gwynn

Plaintiffs also noticed the continuation of Mr. Conlin's deposition for August 9, 2005.

Defendants did not object to these notices but rather, a few days before the depositions

were to proceed, counsel for the Defendants indicated they were unavailable on the scheduled

dates and asked that the depositions be rescheduled to dates that would be provided in the future.

Plaintiffs' counsel consented to this request. *See* E-mails of counsel reflecting the unavailability

of counsel for the deposition and the agreement to reschedule to agreed upon dates, attached to

Memorandum In Opposition To Defendants' Objection to the Ryan Plaintiffs' Renotice Of

Depositions, dated July 28, 2005 as Exhibit B. Thereafter, when new dates were supplied by the

Defendants, the Ryan Plaintiffs re-noticed the depositions of Raymond DeCarlo and Raymond

Tiburzi for August 18, 2005 and August 29, 2005 respectively.[2]  The re-notices for Mr. DeCarlo

and Mr. Tiburzi, were issued on July 15, 2005 and are attached to Memorandum In Opposition

To Defendants' Objection to the Ryan Plaintiffs' Renotice Of Depositions, dated July 28, 2005

as Exhibit C. The Gwynn Plaintiffs re-noticed the depositions of Mr. Weber, and Ms Wacik, for

August 17, and 23, respectively.

Thereafter, for the first time, defense counsel objected informally to the location of the

depositions and purported to object to the form of the notice on the basis that the depositions

were actually 30(b)(6) notices, but failed to specify topics for the witnesses.  The undersigned

counsel responded with e-mails explaining that in fact the depositions were not 30(b)(6) notices

but rather were depositions of particular agents or officers of the Defendants and were scheduled

for Stamford, Connecticut, inasmuch as the witnesses worked without 100 miles of that city.  See

e-mails on the informal objections and undersigned counsels responses attached to Memorandum

In Opposition To Defendants' Objection to the Ryan Plaintiffs' Renotice Of Depositions, dated

July 28, 2005, as Exhibit D.   On July 20, 2005, Defendants served their formal objections to

---

[2] Defendants counsel advised that Mr. Riccio and Mr. Weiman  no longer were employed by either Defendant and therefore they would need to be subpoenaed once their last known addresses were provided by the Defendants.

these depositions and to the deposition notices served by the Gwynn Plaintiffs for other officers

of the Defendant. *See* Objections attached to Memorandum In Opposition To Defendants'

Objection to the Ryan Plaintiffs' Renotice Of Depositions, dated July 28, 2005, as Exhibit E.

Defendants did not move for protective orders but in their objections purported to unilaterally

move the depositions to a location of their own selection in New York City and were essentially

refusing to appear for the depositions as noticed.  Both the Gwynn Plaintiffs and the Ryan

Plaintiffs filed memoranda opposing these Objections only to learn after the fact that Defendants

did not intend to file these Objections with the Court. [3]

On August 5, 2005, Defendants filed the current Motion to Stay Discovery and Set

location of Depositions.  That motion apparently abandoned the procedural objections to the re-

notices of depositions served by the Ryan Plaintiffs, admits that the motion to stay is directed

solely to the Gwynn Plaintiffs and objects to the location of the depositions in Stamford.  To

ensure that there would be no dispute that the depositions could proceed in the Ryan Plaintiffs'

Action, the undersigned counsel issued notice of deposition dated August 4, 2005 for Mr. Weber,

Ms Wacik, and Mr. Conlin on the dates previously noted

**ARUGMENT**

**I.      THE COURT SHOULD NOT STAY DISCOVERY**

This case is now nearly two and half years old.  To date Plaintiffs have only had access

to deposition testimony from <u>one</u> representative of the Defendants not withstanding the Ryan

---

[3] On August 2, 2005 and again to accommodate Defendants' scheduling problems, the Gwynn Plaintiffs re-noticed Mr. Conlin's deposition to August 25, 2005 in New York.

Plaintiffs efforts to pursue discovery in 2004. [4]  Mr. Conlin, the one AIGTS witness deposed to

date has testified that the all of the Defendants' decisions which are at issue in this litigation

were made by other officers or employees of the Defendants.  In this setting, it is critical that the

Ryan Plaintiffs and the Gwynn Plaintiffs be permitted to proceed with deposition discovery as

currently scheduled.  After several motions for extension of time by the parties, which have been

granted by this Court, the current deadline for completing all discovery is currently set for

January 15, 2006, just five months from now.   Plaintiffs need to complete fact discovery from

the Defendants far in advance of that date so they may retain experts and timely disclose their

opinions to the Defendants.  With just five months left on the current discovery schedule time is

already tight.  Any further delay in the current discovery schedule is likely to result in yet

another request to adjourn the currently schedule and postpone the trial date again.

The five noticed witnesses, together with two former employees of the Defendants whom

Plaintiffs are seeking to subpoena for depositions, are the only persons identified to date as

having been involved in the decision to withdraw and then belatedly reinstate the insurer's

defense of the Plaintiffs in the underlying NASD arbitration. [5]  Accordingly these are the critical

---

[4] *See* Ryan Plaintiffs' Motion for Immediate Commencement of Discovery, dated July 7, 2004 ( Docket entry 47),
Defendants Memorandum in Opposition thereto dated July 27, 2004 ( Docket entry 48) and this Court's Orders
denying the Defendants' original motion to dismiss and denying the Ryan Plaintiffs' motion to immediately
commence discovery, dated August 30, 20004 ( Docket entry 51).
[5] Defendants in their Motion for Stay now assert that two of the officers, who they do not name, have little
knowledge of the issues in this case.  This is the first time Defendants have raised this contention and the lack of
knowledge possessed by any of the noticed witnesses was never raised by counsel for Defendants in any prior good
faith conference.  More important Defendants have offered no affidavits from these witnesses to demonstrate a bona
fide lack of knowledge.  Finally, it is highly unlikely that Defendants could sustain their burden to show any of the
named witnesses have no discoverable information.  On the contrary the more highly placed officers will certainly
have to testify as to the policies and procedures routinely used in the claims handling area of AIGTS  and whether

witnesses Plaintiffs need to depose to lock in evidence of the events at issue from the perspective

of the Defendants.  It has taken two months to get these depositions scheduled and any delay in

these dates will undoubtedly result in a postponement of many weeks or months as counsel and

the witnesses try to find new dates acceptable to all parties.

The only reason Defendants now offer for a stay of discovery is the claimed lack of

diversity with one of the Gwynn Plaintiffs.  Defendants make little of the fact that the Gwynn

Plaintiffs have already proposed to correct this jurisdictional defect by dropping the claims of

Gwynn Financial Services Inc from this action, so that complete diversity will be restored. More

important, the Defendants ignore this Court's Standing Order On Scheduling In Civil Cases

which states expressly that "[t]he filing of a motion to dismiss will not result in a stay of

discovery or extend the time for completing discovery."

Further Defendants' motion appears to only ask for stay as to the discovery to be taken by

the Gwynn Plaintiffs.  In other words the Defendants concede there is no legitimate basis to

postpone discovery sought by the Ryan Plaintiffs and each of the five defense witnesses have

been noticed in the Ryan case in addition to the three witnesses also being noticed in the Gwynn

case.  Thus, at a minimum the Ryan Plaintiffs should be permitted to proceed with these five

depositions regardless of Defendants' motion to dismiss.

---

those policies are consistent with way the Plaintiffs' claim was handled.  Thus it is almost a certainty that each of the
noticed witnesses will have discoverable information on one or more aspects of the claims in issue.  The fact that
Defendants now propose to file Counterclaims will also ensure that testimony is needed from each of these
witnesses.

Indeed, the Court should look skeptically on Defendants' argument that it would be more efficient to postpone the depositions in the Gwynn case until it has amended its answer defenses to add new defenses and counterclaims and until the motion to dismiss is resolved. First the Defendants have their amended pleading ready to file and have already presented a draft to the Plaintiffs in connection with a proposed request for leave to amend. They can serve it now and then the Plaintiffs will be in a position to question the noticed witnesses about it on the current deposition schedule. Second deferring discovery by the Gwynn Plaintiffs until after the motion to dismiss is resolved will result in duplicative discovery rather than more efficient discovery. If the stay is granted as to the Gwynn Plaintiffs, then they will have to come back and re-depose the witnesses at a later time. That is far less efficient then proceeding with depositions now on a consolidated basis.

In the absence of any compelling reason to postpone discovery in the Gwynn case, the Court should deny Defendants' motion for a stay and should permit consolidated discovery to proceed in both cases on the current schedule, especially as to the five depositions which have been re-noticed on dates proposed by the Defendants.

## II.    DEFENDANTS HAVE FAILED TO STATE A VALID OBJECTION TO THE NOTICES OF DEPOSITION

Defendants have objected to the deposition notices served by the Plaintiffs on the grounds that the depositions are noticed for Stamford Connecticut rather than New York City

where the witnesses apparently work and the Defendants have their principal offices.[6]  Absent a

protective order, which Defendants have not even moved for, the Plaintiffs' choice of location

for the depositions in Stamford, Connecticut, where all counsel of record in the action have their

offices and in a state in which Defendants routinely conduct business is appropriate.  It is well

accepted that the party issuing the notice in the first instance, and absent a protective order, may

select the location for the deposition.  *See Buzzeo v Board of Education,* 178 F.R.D. 390, 392

(E.D.N.Y. 1998).  The Court should over rule the Defendants' objections because the objections

as to the location of the depositions are untimely, no protective order was filed, and the location

for the noticed depositions is proper, especially in the absence of any showing or allegation of

hardship by the Defendants.

## A.    Defendants' Objections Are Untimely.

No additional subpoena is necessary to take the deposition of a party; a properly issued

notice is sufficient.  Wright & Miller 8A Fed. Prac. & Proc. Civ. 2d §2107 and 2112 ( PP 2005)

(hereinafter "Wright & Miller at §").  *Pinkham v. Paul,* 91 F.R.D. 613, 614 (D. Me 1981).   The

party issuing a notice to another party may set the place for the deposition of another party,

subject to the power of the Court to grant a protective order under Rule 26(c)(2) designating a

different place.  Wright & Miller, at § 2112.  *Turner v. Prudential Insurance Co. of America*, 119

F.R.D. 381, 383 (D. N.C. 1988).  *Pinkham v. Paul,* 91 F.R.D. 613, 614 (D. Me 1981).

---

[6] Plaintiffs had previously agreed to depose Brian Conlin in New York and have continued that agreement with the
continuation of that deposition on August 25, 2005. That agreement was made before it became apparent that the
volume of discovery materials was growing to the point that make it difficult to transport the documents back and
forth to New York on multiple occasions.

Rule 37(d)(1) expressly holds that party may be sanctioned if "an officer, director or managing agent of party **or** a person designated under Rule30(b)(6)" fails to appear before the officer who is to take the depositions after having been properly noticed (emphasis supplied). A party's officers, directors, and managing agents, and not just its designated 30(b)(6) witnesses are required to attend a deposition, without a subpoena, as long as the depositions are noticed under the rules. Wright & Miller, at § 2107.

This Court should find the Defendants' objections to the re-notices of deposition are untimely and that the Defendants have waived any objections because of the Defendants' failure to interpose objections to the original deposition notices or to move this Court for protective orders. The Ryan Plaintiffs had served original notices on June 21, 2005, Exhibit A, which were virtually identical to the re-notices, Exhibit C, served on July 15, 2005, to which Defendants now object. The Gwynn Plaintiffs served their original notices on June 23, 2005. Defendants interposed no objection to the original notices and filed no motion for protective order, but instead, just days before the original dates for these depositions, the Defendants through counsel sought to reschedule the depositions because defense counsel was unavailable for the days selected. *See* Exhibit B. After counsel provided dates for the depositions to be reconvened, re-notices were issued by the Ryan Plaintiffs on July 15, 2005 and by the Gwynn plaintiffs on July 14, 2005. Only after the re-notices were served did the Defendants object to the form of the notices and the specified location of the depositions in Stamford, Connecticut. *See* Exhibits D and E.

It is well accepted that objections to a deposition notice must be seasonally made and a party cannot retroactively seek to change the selected location of a deposition. *See*, Wright & Miller, §2112 at FN 6. *See also*; *Loosley v. Stone*, 15 F.R.D. 373 (D. Il. 1954); *Dictograph Products, Inc. v. Kentworth Corp.* 7 F.R.D. 543, (D. Ky. 1947). Thus, if Defendants believed that the original notices were defective as to the specified location of the depositions, Defendants should have objected or more appropriately filed for a protective order in connection with those original notices issued in June and should not have waited until after Plaintiffs counsel had agreed to reschedule the depositions for the convenience of Defendants' counsel. Because Defendants current objections to the deposition locations are untimely the motion to reset the location of the depositions should be denied.

**B.       Stamford is a Proper Location for the Depositions**

The Ryan Plaintiffs noticed the depositions for Stamford Connecticut because: the number of exhibits and other documents upon which the examination is to be conducted are growing so voluminous as to be not easily moved for each depositions. Currently more than 180 documents have been marked as deposition exhibits and the Defendants' claim and underwriting files on which these witnesses will be examined consist of more than 1700 pages of additional documents. Stamford is the location where all trial counsel have their offices; Stamford is in the District where the action is pending; Connecticut is a state in which the Defendants routinely conduct business; and Stamford is less than 50 miles from where the deponents work.

> Under the Federal Rules of Civil Procedure the location of a deposition is first left to the party noticing the deposition. Fed.R.Civ.P. 30(b)(1). Resolution of any dispute regarding the location is left to the sound discretion of the court. A party who objects to the place set for the deposition ordinarily files a motion for protective order, averring physical or financial hardship.

*Sampathachar v. Federal Kemper Life Assurance Co.*, 2004 WL 2743589 (E.D. Pa. 2004) *citing*

*Philadelphia Indemnity Ins. Co. v. Federal Insurance Co.,* 215 F.R.D. 492, 495 (E.D. Pa. 2003).

Thus there is a presumption in favor of the location set forth in the notices and it was incumbent

upon the Defendants to state their objection to proceeding in Stamford in the form of a motion

for protective order showing hardship.   Defendants have not filed a protective order and have

not averred, let alone shown, any real hardship.  Each deponent is being deposed on the day they

selected as being convenient for their schedule.  When the agreement was made to postpone the

original deposition dates and to reschedule them for the convenience of the Defendants, their

witnesses and their counsel, the Defendants selected these deposition dates with full knowledge

that the original notices called for these witnesses to come to Stamford, Connecticut.  Defendants

have not shown why traveling to Stamford, approximately 40 miles from AIG's headquarters in

New York, for a single day of testimony presents any hardship for Mr. Tiburzi, Mr. DeCarlo, Mr.

Weber, or Ms Wacik.  Given AIG's size it cannot be contended that the business of the Company

will be slowed inordinately merely because these each witnesses need to come to Connecticut for

day.

Instead, Defendants have primarily cited those cases which have permitted Defendants to

object to being forced to travel great distances for a deposition. *See Philadelphia Indemnity Ins.*

*Co. v. Federal Insurance Co.,* 215 F.R.D. 492, 495 (E.D. Pa. 2003)(witnesses based in

California sought to be deposed in Pennsylvania); *Media Group Inc. v. In-Finn-ity Producitons,*

*Inc.*, 2000 WL 303221 (D. Conn. 2000) (witnesses based in California sought to be deposed in

New York).  Even these cases are not without significant exceptions in which corporate

defendants have been required to produce witnesses far from the location of their principal place

of business.  *See e.g. Sugarhill Records, Ltd v. Motown Record Corp.*, 105 F.R.D. 166, 171

(S.D.N.Y. 1985) (managing agent of California company ordered to proceed with deposition in

New York).  But these case are irrelevant because the distance is short and the expense of bring

the witnesses to Connecticut is minimal.

The two cases Defendants cite in which plaintiffs were denied the right to request

depositions of defendants at relatively short distances are distinguishable from this case. In

*Brown v. Van Nostrand Reinhold* 1990 WL 129182 ( S.D.N.Y. Aug. 30, 1990) the court did

prevent a defendant from being deposed in Melville New York  when its home office was in

Manhattan.  However, in that case Melville's only connection with the case was that it was

where the plaintiff's attorney had his offices.  Melville was not in the district where the case was

pending, was not alleged to be a place where the defendant did business and it was not where

defense counsel had its offices.   Similarly *Citizen's Capital Corp. v. RMI Refinery, Inc.*, 1987

WL 7939 (S.D.N.Y. Mar. 13, 1987), held that President and CEO of the defendant did not have

to be deposed in Manhattan when the Defendant and its attorney were both based in Woonsocket

Rhode Island.  There the court looked to the fact that the defendant was not a large corporation

with substantial assets, a factor which cannot apply here to AIG the world's largest insurer.

There the Court also noted that the records requested to be produced at the deposition were also in Rhode Island. No new documents are being produced at the deposition as Plaintiffs have previously served discovery requests ad have already obtained the claims and underwriting files from the Defendants.

Moreover, neither *Brown* nor *RMI Refinery* addressed the fact that Rule 45 expressly permits witnesses to be compelled to appear within 100 miles of the site for a deposition. Such a distance must be presumed reasonable, because even when a defendant is located outside this District they can be compelled to attend a deposition within 100 miles of the location of the deposition under Rule 45. Here, AIG's corporate offices, located at 199 Water Street, in lower Manhattan, New York and where the Defendants propose to do the depositions, are less than 50 miles by road or rail from Stamford, Connecticut, where the depositions are noticed. Given this proximity there is no good reason for the Defendants to supersede the notices issued by the Plaintiffs and force the depositions to be moved to New York.

Finally, as noted by the Gwynn Plaintiffs in their memorandum in response to the Defendants Objections to the Deposition Notices, if there is a valid contest on the issue of where a deposition should take place the Court will balance various factors regarding efficiency and hardship. Here the convenience of counsel, the proximity of the deposition location to Defendants offices, the fact that both defendants do business in Connecticut and sold the policy at issue to Merit Capitol Associates Inc., a Westport Connecticut based company, and the current location of the voluminous documents produced through discovery in Stamford certainly weigh in favor of a finding that Stamford is a fair and efficient location to take the depositions. By

failing to move for a protective order and by failing to articulate any particularized hardship that

would be suffered by Defendants in having their officers travel to Stamford, Connecticut for

deposition, the Defendants have failed to establish any legitimate basis to move the depositions

to Manhattan.  The Court should make a finding that the issues of hardship, cost and litigation

efficiency all weigh in favor of overruling the objections made by the Defendants.

**CONCLUSION**

Defendants have established no legitimate basis to stay discovery as to the Gwynn

Plaintiffs while at the same time as Defendants concede the Ryan Plaintiffs are permitted to

proceed with the currently scheduled depositions.  Further Defendants have not established a

basis to move the depositions form Stamford, Connecticut to Manhattan, New York.   In the

absence of any timely protective order or a particular showing of harm, burden or prejudice by

the Defendants, the Court should deny Defendants Motion to Stay Discovery and Set location of

Depositions.

**PLAINTIFFS, BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES INC.,**

By_____**/s/**_____
      Peter M. Nolin (ct06223)
      **Sandak Hennessey & Greco LLP**
      707 Summer Street
      Stamford, CT  06901-1026
      (203) 425-4200
      (203) 325-8608 (fax)
      pnolin@shglaw.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by fist class mail, on August 12, 2005, to the following counsel:


James R. Hawkins, II, Esq.
Finn Dixon & Herling, LLP
One Landmark Square, Suite 1400
Stamford, CT 06901-2689

Mario DiNatale
Silver Golub & Teitell LLP
184 Atlantic Street
P.O.Box 389
Stamford CT 06904-0389


<u>      **/s/**       </u>
Peter M. Nolin