UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., | ) ) ) | CASE NUMBER: 3:03 CV 00644 (CFD) |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC. | ) ) | CASE NUMBER: 3:03 CV 1154 (CFD) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | |
| Defendants. | ) | August 24, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO FILE AN AMENDED ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

**INTRODUCTION**

Defendants National Union Fire Insurance Company of Pittsburgh, Pa. and AIG

Technical Services, Inc., now known as AIG Domestic Claims, Inc. (collectively, "National

Union"), submit this Memorandum of Law in Support of National Union's Motion for Leave

(the "Motion") to file an Amended Answer asserting additional Affirmative Defenses and new

Counterclaims (the "Amended Answer") in the above-captioned action *Ryan, et al.* v. *National*

*Union Fire Insurance Company of Pittsburgh, Pa., et al.,* Case No. 3:03 CV 00644 (CFD) (the

"*Ryan* action"), substantially in the form attached as Exhibit A to the Motion.  National Union

has requested, pursuant to FED. R. CIV. P. 15(a), that Plaintiffs Bruce Charles Ryan, Russell

William Newton, Robert Fitzpatrick and Merit Capital Associates, Inc. (collectively, the "*Ryan*

Plaintiffs") provide written consent to the Motion.  National Union has been advised by counsel

for the *Ryan* Plaintiffs that they "do not object to the amendment being approved by the Court."

The Court should grant leave pursuant to FED. R. CIV. P. 15 and allow the requested

amendments because:

<ol type="a">
<li>National Union has discovered new facts through discovery—of which National Union was not previously aware—that give rise to new counterclaims and affirmative defenses that National Union was not able to assert until now;</li>

<li>all of these new counterclaims and affirmative defenses arise out of the same transaction or occurrence that is the basis of the *Ryan* Plaintiffs' First Amended Complaint, and it would be more efficient to adjudicate them together with the *Ryan* Plaintiffs' claims in this action;</li>

<li>if leave were denied, National Union would be compelled to file a new action asserting these claims, and then to move to consolidate with the two other actions presently before the Court, which would unnecessarily burden judicial and party resources and may lead to the piecemeal adjudication of these disputes;</li>

<li>the *Ryan* Plaintiffs will not suffer any undue prejudice because they have not yet completed their first deposition in this action, and they have only just recently noticed the depositions of four (4) other witnesses; and</li>

<li>leave to amend is freely granted in this Court.</li>
</ol>

## BACKGROUND

This civil action against National Union was commenced on April 8, 2003, styled *Ryan,*

*et al. v. National Union Fire Insurance Company of Pittsburgh, Pa., et al.*, Docket No. 3:03-CV-

644 (CFD) (the "*Ryan* action").  On July 2, 2003, another action was commenced styled *Gwynn,*

*et al. v. National Union Fire Insurance Company of Pittsburgh, Pa., et al.*, Docket No. 3:03-CV-

1154 (JBA) (the "*Gwynn* Action"). On April 26, 2004, the *Ryan* and *Gwynn* actions were consolidated for all pretrial purposes. Additionally, National Union moved to dismiss the *Gwynn* action for lack of subject matter jurisdiction on July 21, 2005.

This dispute arises from the issuance of a Securities Broker/Dealer's Professional Liability Insurance Policy, Policy No. 473-36-20 (the "Policy"), to Merit Capital Associates, Inc. ("Merit"). The *Ryan* Plaintiffs are principals of Merit and insureds under the Policy. The *Ryan* Plaintiffs claim that National Union failed to provide coverage and acted in bad faith, among other things, with respect to an arbitration proceeding initiated by Michael A. Sowell ("Sowell"), a former customer of Merit, David W. Gwynn, and Gwynn Financial Services, Inc. ("GFS"), who asserted claims for fraud, churning, selling unsuitable investments, and failing to supervise, among other things ("Sowell's Claims"). National Union has denied the substantive allegations of the *Ryan* Plaintiffs' Complaint and seeks to assert new counterclaims and additional affirmative defenses.

### SUMMARY OF PROPOSED AMENDMENTS

National Union requests leave to file the Amended Answer to assert new counterclaims (the "Counterclaims") and affirmative defenses that are based on facts that National Union has recently acquired through discovery and of which it was not previously aware. In short, National Union could not have asserted these Counterclaims and affirmative defenses earlier because it did not know about them. Now, after document and deposition discovery, National Union has learned that the *Ryan* Plaintiffs' (1) failed to give timely notice as required under the Policy; (2) made several false statements and material omissions; and (3) acted in bad faith by fraudulently inducing the extension of insurance coverage, defense and indemnification to which they were not entitled.

The Counterclaims allege that the *Ryan* Plaintiffs knew about Sowell's Claims long before they gave notice to National Union, and made false statements and material omissions to conceal the existence of Sowell's claims in order to wrongfully acquire insurance coverage, defense and indemnification. National Union has learned that:

a.     the *Ryan* Plaintiffs were aware of Sowell's complaints by April 2001, at the latest, but did not notify National Union;

b.     in May 2001, the *Ryan* Plaintiffs knew there was a "significant chance" of an arbitration proceeding being filed against them, but did not notify National Union;

c.     the *Ryan* Plaintiffs applied for a renewal of insurance without notifying National Union of the potential of Sowell's Claims;

d.     the *Ryan* Plaintiffs sought a thirty (30) day extension of the Policy, which was granted, but again, without advising National Union of the potential of Sowell's Claims;

e.     at the time Sowell filed his Statement of Claim on September 4, 2001, the *Ryan* Plaintiffs continued to conceal the existence Sowell's Claims;

f.     on September 10, 2001, a week after Sowell's Statement of Claim was filed, they sent National Union a letter known in the insurance industry as a "warranty letter," in which they stated that they did not know of any claims to be made against National Union; and

g.     it was not until September 21, 2001, that the *Ryan* Plaintiffs gave notice to their insurance broker of Sowell's Claims, which National Union received on September 24, 2001.

As a result of this bad faith and deception, National Union is compelled to assert Counterclaims for (a) Intentional Fraud; (b) Negligent Misrepresentation; (c) Breach of Contract; (d) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (e) Unjust Enrichment.

National Union also requests leave to file the Amended Answer to assert additional affirmative defenses. In addition to the affirmative defenses first asserted in National Union's original Answer, dated October 13, 2004, the new First Affirmative Defense asserts fraud since the *Ryan* Plaintiffs knowingly and intentionally defrauded National Union by their false

statements. The new Second Affirmative Defense asserts that the *Ryan* Plaintiffs' late notice materially prejudiced National Union's ability to perform its obligations under the Policy. The new Third Affirmative Defense asserts that the *Ryan* Plaintiffs breached the implied covenant of good faith and fair dealing. The new Fourth Affirmative Defenses asserts that the *Ryan* Plaintiffs have come to the Court with unclean hands. Finally, the new Fifth Affirmative Defense asserts that the *Ryan* Plaintiffs lack standing to assert their claims in this action.

**ARGUMENT**

## I.    LEAVE TO AMEND IS FREELY GRANTED UNDER THE FEDERAL RULES

Unless the amendment is to occur before a responsive pleading is served (or within 20 days of the original pleading if no responsive pleading is allowed), which is not the case here, Rule 15(a) of the Federal Rules of Civil Procedure provides

> [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

FED. R. CIV. P. 15(a). It is well-established that leave to amend under Rule 15(a) "shall be freely given when justice so requires," and that such liberality in pleading is a "mandate . . . to be heeded." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Wells v. Harris,* 185 F.R.D. 128, 131 (D. Conn. 1999); *Victor G. Reiling Assocs. v. Fisher-Price, Inc.*, No. 3:03CV222 (JBA), 2004 WL 2381719, at * 2 (D. Conn. Sept. 30, 2004). As this Court has held: "This is well-settled law. It is rare that leave to amend should be denied." *Wells*, 185 F.R.D. at 131 (internal citations and quotations omitted).

The Supreme Court in *Foman* explained that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. The decision whether to

amend is committed to the discretion of the District Court, but the *Foman* Court directed that

leave to amend shall not be denied except with justification of such factors as the following:

> (a)    undue delay;
> (b)    bad faith;
> (c)    dilatory motive;
> (d)    repeated failure to remedy problems in the complaint;
> (e)    undue prejudice; or
> (f)    futility of amendment.

*Id.* These liberal rules are intended to "avoi[d] piecemeal litigation" which "serves the interests

of judicial economy." *Reiling*, 2004 WL 2381719, at * 5.

## II.  THE PROPOSED NEW COUNTERCLAIMS AND ADDITIONAL AFFIRMATIVE DEFENSES WILL NEITHER PREJUDICE NOR CAUSE UNDUE DELAY TO THE *RYAN* PLAINTIFFS

It is not "too late" to amend in this case. National Union has recently discovered new

information to substantiate its proposed counterclaims and affirmative defenses through

document and deposition discovery. Prior to discovery, National Union had no knowledge of the

facts that support its proposed counterclaims and affirmative defenses; discovery was essential.

Upon learning of this new information, National Union has diligently moved to amend its

Answer. *See Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71 (2d Cir. 1998) (court denied leave

to amend answer when defendants knew of underlying facts prior to discovery). This Court

granted leave to amend in the similar *Reiling* case because the plaintiffs moved to amend "prior

to the close of discovery and well before motions for summary judgment were due." *Id.* at * 4.

The very same can be said of the case at bar. *Cf. Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84,

101 (2d Cir. 2002) (finding no abuse of discretion where court denied request for leave to amend

when the motion was filed "long after the close of discovery").

The Amended Answer will not materially delay discovery deadlines or cause undue

prejudice to the *Ryan* Plaintiffs. Their depositions of National Union's employees are ongoing

and have only recently begun. The *Ryan* Plaintiffs will have sufficient time to respond to the Amended Answer and prepare for their depositions, and will not suffer undue prejudice by the necessity to respond to any supplemental discovery requests. *See Schaghticoke Tribe of Indians v. Kent School Corp.*, 423 F.Supp. 780, 783 (D. Conn. 1976) (evidence that plaintiffs will be forced to respond to additional defenses and undertake supplemental discovery is insufficient to find "undue prejudice"). Counsel for the *Ryan* Plaintiffs have recently been served a proposed copy of the Amended Answer and have knowledge of the facts contained therein.

Furthermore, the Plaintiffs in the *Gwynn* action have sought leave to file a Second Amended Complaint. Accordingly, if the *Gwynn* amendment is permitted, National Union would have the right to plead in response to the Second Amended Complaint in the *Gwynn* action, in any event. FED. R. CIV. P. 15(a). On the other hand, National Union will suffer undue prejudice if the court withheld leave because National Union will not have an opportunity to fairly test its claims on the merits. *See Foman*, 371 U.S. at 182; also *Tokio Marine and Fire Ins. Co. Ltd. v. Employers Ins.*, 786 F.2d 101, 104 (2d Cir. 1986) (withholding leave to amend answer was an abuse of discretion when defendants discovered new information only three months prior to seeking leave to amend).

If the Court was to deny National Union's motion for leave to file an Amended Answer, then National Union would be compelled to institute a separate action asserting the causes of action in its proposed Counterclaim. This third action would waste judicial and party resources and result in piecemeal litigation. *See Reiling*, 2004 WL 2381719, at *5 (liberal rules are intended to "avoi[d] piecemeal litigation" which "serves the interests of judicial economy"). National Union would be further compelled to move to consolidate its action with the

consolidated action presently before this Court. Therefore, the Court should grant National Union's motion in order to preserve judicial and party resources and to avoid piecemeal litigation.

WHEREFORE, Defendants National Union Fire Insurance Company of Pittsburgh, Pa., and AIG Technical Services, Inc., now known as AIG Domestic Claims, Inc., respectfully request that the Court grant National Union's Motion for Leave to File an Amended Answer, Affirmative Defenses, and Counterclaims in the *Ryan* action and such other and further relief as the Court may deem just and proper.

DEFENDANT    NATIONAL    UNION    FIRE
INSURANCE  COMPANY OF PITTSBURGH, Pa.
and AIG TECHNICAL SERVICES, INC.

By: _____
James R. Hawkins II (ct00128)
William M. Tong (ct25304)
Finn Dixon & Herling LLP
One Landmark Square, Suite 1400
Stamford, CT 06901-2689
Tel: (203) 325-5000
Fax: (203) 348-5777
Email: jhawkins@fdh.com

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was delivered by United

States mail, postage prepaid to the following this 24th day of August, 2005:

> Peter M. Nolin, Esq.
> Jay H. Sandak, Esq.
> Sandak Hennessey & Greco LLP
> 707 Summer Street
> Stamford, CT 06905
> (203) 425-4200
>
> Mario DiNatale, Esq.
> Jonathan M. Levine, Esq.
> Silver Golub & Teitell LLP
> 184 Atlantic Street
> Stamford, CT 06904
> (203) 325-4491

James R. Hawkins II