

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITOL ASSOCIATES, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br><br>Defendants | ) <br> ) CIVIL ACTION NO. <br> ) 3:03 CV 00644 (CFD) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br><br>Defendants | ) <br> ) CIVIL ACTION NO. <br> ) 3:03 CV 01154 (CFD) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) AUGUST 24, 2005 |

### GWYNN PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY AND SET LOCATION OF DEPOSITIONS

Plaintiffs David Gwynn, Raquel Gwynn and Gwynn Financial Services, Inc. (collectively,

"the Gwynn plaintiffs") respectfully submit this Memorandum of Law in Response and

Opposition to defendants' August 4, 2005 Motion to Stay Discovery and Set Location of the depositions of several of defendants' present or former employees.

For the reasons more fully articulated herein, defendants' Motion should be denied, the Gwynn plaintiffs should be permitted to take discovery as scheduled, and the depositions of defendants' employees should be taken in Stamford, Connecticut, where they were first noticed, without objection.

Specifically, the Gwynn plaintiffs contend that defendants' Motion is yet another attempt by defendants in what has become a pattern of behavior to thwart plaintiffs' ability to take discovery in this case; that these plaintiffs have cured any defect in subject matter jurisdiction, which forms the sole basis for the motion to stay discovery; that defendants concede that, even if the motion to stay discovery as to these plaintiffs is granted, the same discovery would be had in any event by plaintiffs in the consolidated matter of Ryan, et al. v National Union, et al; that there is no sound basis for the noticed depositions to be taken in New York City; that two of the depositions to which defendant has objected have already been taken, in Stamford; and that, in any event, defendants' conduct concerning these depositions warrants the denial of this motion.

## I. PROCEDURAL AND FACTUAL HISTORY

This Court should not evaluate defendants' claims without considering the procedural history of this case, and defendants' repeated attempts to stall discovery in this matter.

The Gwynn plaintiffs noticed the deposition of Brian Conlin, the adjustor or "claims analyst" who handled this file on defendants' behalf, for June 16, 2005.  Defendants requested that this deposition be taken in lower Manhattan.  Plaintiffs, however, requested that the deposition be conducted in midtown Manhattan, in the vicinity of Grand Central Terminal, because transporting the large numbers of documents used during the depositions in this case (plaintiffs alone have produced more than 20,000 pages of documents) would be far easier for counsel if they did not have to take the subway after riding the train.  Defendants refused to honor this most basic of courtesies, however, and provided no reason or explanation for their refusal.  Nonetheless, in order to keep discovery moving without having to trouble the court, plaintiffs' counsel acquiesced and conducted Mr. Conlin's deposition at the location specifically designated by defendants.

Conlin's deposition was not concluded on June 16.  Accordingly, on June 23, plaintiffs noticed the continuation of his deposition for August 9, for the same location as the first session.  On that same date the Gwynn plaintiffs also noticed the depositions of Mark Weiman (for July 11), Elizabeth Wacik (July 18 ), and Jonathan Weber (July 25).  On June 21, the Ryan plaintiffs noticed the depositions of Raymond Tiburzi (July 13), Raymond De Carlo (July 14) and Keith Riccio (July 15).  All of these individuals were present or former employees of one or the other defendant who had some involvement in evaluating the claims in the underlying arbitration, accoridng to Conlin and/or documents produced during discovery.  These deposition notices

3

were accompanied by a representation from plaintiffs' counsel that if the dates selected were not convenient, they would be changed, so long as dates certain were scheduled before the depositions were to begin. Other than Conlin's, the remaining depositions were all noticed to take place in plaintiffs' counsel's offices in Stamford. Defendants never objected to the designated venue.

On July 7, just two business days before the first of these seven depositions, defendants' counsel notified plaintiffs' counsel that *not a single one* of the seven proposed deposition dates was convenient for defendants, and new dates would have to be selected. It was not until July 14 that defendants first provided dates for the depositions of some of these seven deponents. *Even then, however, not a single objection was raised to having these depositions taken in Stamford, as noticed.* (See, Exhibit A; Exhibit B to the Ryan Plaintiffs' July 28, 2005 Memorandum in Opposition to Defendants' Objection to the Ryan Plaintiffs' Renotice of Deposition ("the Ryan Plaintiffs' Memorandum")).

Plaintiffs' counsel re-noticed the depositions for the agreed-upon dates and at precisely the same location where they had been noticed the first time- plaintiffs' counsel's offices. At this point, three weeks after the depositions were first noticed, and only *after* plaintiffs' counsel agreed to postpone all seven depositions to dates that suited defendants, defendants objected to having these depositions taken in Stamford. (See, Exhibit B.)

As discussions among counsel continued with respect to discovery, defendants' counsel telephoned counsel to the Gwyn plaintiffs on or about July 15, 2005, to indicate that he believed the court was deprived of subject matter jurisdiction. Counsel then discussed various options that would cure any defect in subject matter jurisdiction, while at the same time keeping this claim consolidated with the Ryan plaintiffs' claims. No mention was made of staying discovery. (See, Exhibit C.)

Following these discussions, defendants' counsel offered August 3 as a new date for the continued deposition of Brian Conlin. On August 1, though, at the request of defendants' counsel, plaintiffs' counsel agreed to postpone Conlin's deposition.[1] However, this agreement was made contingent on specific representations by defendants' counsel that Conlin's deposition would proceed in short order, and that plaintiffs would *not* agree to stay discovery, as defendants had requested. (See, Exhibit D.) Defendants' counsel did not indicate that it was his intention to move to stay discovery because of lack of subject matter jurisdiction, even though he had discovered the jurisdictional defect as early as July 15, and had even moved to dismiss the complaint on July 21. Had he done so, plaintiffs' counsel would never have consented to a continuance of Conlin's deposition, and it would have taken place as noticed on August 3.

On August 4, 2005, counsel to the Ryan plaintiffs re-noticed the depositions of Conlin, Wacik and Weiman, the three deponents whose depositions were originally noticed by counsel to

---

[1]Conlin's deposition is now scheduled for August 25, 2005.

5

the Gwynn plaintiffs. The dates selected were those specifically provided by defendants'

counsel. Only then, after weeks of discussion and specific representations made by defendants

that discovery would proceed, did defendants move to stay discovery and to have the depositions

take place in New York City. However, defendants did not move for a protective order with

respect to this discovery. As a result, Weber's deposition was taken on August 17, and De

Carlo's on August 18. Tiburzi's deposition is now scheduled for August 29, and Wacik's for

September 7.


## II. LEGAL ARGUMENT

### A. Discovery in the Gwynn Case Should Not Be Stayed While The Motion to Dismiss is Pending.

Defendants would have this Court stay discovery by the Gwynn plaintiffs while the

Motion to Dismiss is pending. However, this Motion should be denied, for several reasons.

Connecticut Standing Order In Civil Cases 2(c) is explicit: "The filing of a motion to

dismiss will not result in a stay of discovery or extend the time for completing discovery." While

the Court may have discretion to ignore this standing order, there is no reason to do so here.

The Gwynn plaintiffs resolved the jurisdictional issue by moving to dismiss GFS' claims

on August 11, 2005. Defendants acknowledge that by doing so, there is complete diversity

between every plaintiff and every defendant in this matter. No counterclaim has ever been

asserted against GFS. Under these circumstances, there is no reason to stay discovery, as the basis for defendants' motion to dismiss has been eliminated.[2]

Defendants also assert that staying discovery in the Gwynn case would "preserve party resources" and eliminate "needless time and expense" on the part of defendants. Plaintiffs, however, fail to see the logic in this claim. Defendants concede that, even if discovery is stayed in the Gwynn case, the Ryan plaintiffs would be permitted to continue discovery as noticed. Indeed, counsel to the Ryan plaintiffs has now noticed even those depositions originally noticed by counsel to the Gwynn plaintiffs. If the Motion to Stay were granted, those depositions would go forward anyway. Thereafter, the Gwynn plaintiffs would have the right to take discovery of the same deponents. Rather than preserve resources, granting this motion would only subject defendants to additional time and expense.

The conduct of defendants is yet another reason to deny the stay. As indicated above, plaintiffs agreed to postpone Conlin's deposition on August 1, 2005, based on explicit representations by counsel to defendants that it would occur on a date certain. Only then, after the date was agreed to, some 10 days after defendants' motion to dismiss was filed, did

---

[2]Recognizing full well that the Gwynn plaintiffs have thus proposed a cure to any defects in diversity jurisdiction, defendants continue to request a stay of discovery based on the conclusory allegation that "there are issues concerning *whether* GFS is an indispensable party, as per Fed. R. Civ. P. 19, which *may* have to be resolved by the Court." Defendants' Memorandum of Law in Support of Motion to Dismiss at 6 (emphasis supplied). Such a motion, however, is not presently before the court, and does not rest, in any event, on sound legal footing. Discovery should not be stayed on the basis of such unfettered speculation.

defendants move for a stay of discovery. Such gamesmanship concerning discovery should not be tolerated by this court.

Defendants are also incorrect in their cavalier assertion that the Gwynn plaintiffs "would suffer no prejudice or hardship with a relatively brief stay." Defendants' Memorandum at 6. Plaintiffs have been trying to take depositions of defendants' key fact witnesses for close to two months. Seven depositions were cancelled at the 11th hour. Defendants' explicit agreement to have Conlin available for deposition on August 25 has been rendered meaningless by filing this motion after unequivocally agreeing to postpone this deposition to a date certain.

Defendants have undertaken deliberate efforts to deny discovery to plaintiffs. These depositions should have been concluded by now. Instead, defendants keep seeking to delay them. Under the circumstances, plaintiffs are, in fact, prejudiced, and the motion to stay discovery should be denied.

Finally, the issue is essentially moot. The depositions of Weber and DeCarlo have been concluded. The depositions of Conlin on August 25 and Tiburzi on August 29 are likely to proceed, in that the court is not likely to decide the motion before those depositions are taken. In this context, defendants' arguments become even less compelling, and the motion to stay discovery should be denied.

**B.** <u>**The Depositions should take place at the offices of Plaintiffs' Counsel.**</u>

Defendants also request an order from this court directing that the depositions take place at or near defendants' principal place of business in New York.

The Gwynn plaintiffs anticipated these arguments in their July 25, 2005 Memorandum of Law in Support of Response to Defendants' Objections to Re-Notices of Depositions ("the Gwynn plaintiffs' Memorandum"). The Gwynn plaintiffs respectfully refer the court to that Memorandum, as well as the Memorandum filed by the Ryan Plaintiffs on July 28, 2005, and those arguments will not be repeated here.

In their Memorandum, the Gwynn plaintiffs made a compelling argument for having these depositions taken in counsels' offices in Stamford, based on a reasoned balance of the factors of cost, convenience and litigation efficiency. The Gwynn plaintiffs' Memorandum, at pp. 6-9. Significantly, the only reasons defendants offer in response are the obvious one that it would be more convenient for the witnesses if they did not need to travel,[3] and cases citing a supposed general presumption in favor of defendants being deposed at or near their places of business.

_____

[3]Defendants' argument would have more merit if one or two people were being deposed. However, they fail to address plaintiffs' argument that it is far more cost- and time- efficient for each deponent to come to Connecticut, rather than for counsel to travel to New York on 7 separate occasions, particularly given the volume of documents that have been produced in this matter, and transported to each deposition.

9

Equally significant is what defendants' Memorandum does *not* state. The Gwynn

plaintiffs asserted that the defendants' conduct in delaying discovery and failing to timely object

to the selection of Stamford as the venue for this deposition was yet another reason to conduct

the depositions in Stamford. The Gwynn plaintiffs' memorandum at pp.8-9. Defendants'

response to this assertion is silence. They chose not to address or justify their conduct, or suggest

to the court that this conduct should not influence the venue for the depositions.[4]  Of course,

there is no justification for this conduct. Indeed, it continues unabated to the present, as is

evident by agreeing to continue Conlin's deposition to a date certain, and then moving to stay

discovery once plaintiffs' consent to a continuance has been obtained.

Accordingly, for the reasons previously articulated in the Gwynn plaintiffs' Memorandum

and the Ryan Plaintiffs' Memorandum, as well as those articulated herein, the depositions of

defendants' current and former employees should be taken at the offices of plaintiffs' counsel, as

originally noticed without objection.

---

[4]Defendants are incorrect when they assert that "[t]he Gwynn Plaintiffs did not object" to
taking Conlin's deposition at 175 Water Street, within approximately 100 feet of defendants'
offices. Memorandum at pp. 7-8. It was defendants who first proposed this location for the
deposition, not plaintiffs. When plaintiffs sought to move the location to midtown Manhattan,
defendants refused this accommodation, with no reason or justification offered for the refusal.
At that point, the Gwynn plaintiffs chose to proceed with discovery rather than delay it, and
trouble this Court with motions addressed to the proper venue for Conlin's deposition.
Accordingly, they agreed to conduct Conlin's deposition at the location selected by defendants.
The Gwynn plaintiffs continue to wonder why such a common courtesy was refused. No
response has been provided to date.

**PLAINTIFFS, DAVID GWYNN AND
RAQUEL GWYNN**


By_____

Mario DiNatale (ct 12449)
Jonathan M. Levine (ct 07584)
Silver Golub & Teitell, LLP
184 Atlantic Street
Stamford, CT 06904
(203) 325-4491
(203) 325-3769 (Fax)
Email: MDinatale@sgtlaw.com
          JLevine@sgtlaw.com

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was sent U.S. mail, postage prepaid

on this 24th day of August, 2005, to:

James R. Hawkins, II, Esq.
Finn Dixon & Herling LLP
One Landmark Square
Stamford CT 06901

Peter M. Nolin, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905

MARIO DiNATALE