## Sarah Reardon- Silver Golub & Teitell

**From:** Mario DiNatale- Silver Golub & Teitell
**Sent:** Thursday, July 07, 2005 2:07 PM
**To:** 'James Hawkins'
**Cc:** pnolin@shglaw.com; William Tong; Sarah Reardon- Silver Golub & Teitell
**Subject:** RE: Gwynn

Jim,

Following Mr Conlin's deposition on June 16, Peter and I discussed the remaining depositions of defendants' employees we desried to take, and split the notices of deposition between us. Peter sent three notices out on June 21; I sent out four more on June 23. Peter's cover letter or email indicated that we were not wedded to these dates, and would agree to re-schedule the depositions, but wanted to get the process moving. Thus, I believe that we did, in fact, follow "convention" and provided due deference to the "availability and convenience" of your clients.

I am not so much concerned that the depositions are not going forward as noticed. Rather, I am concerned that two weeks after the depositions have been noticed, we still have no firm dates from any one of the seven people who have been noticed.

While defendants no doubt have some right to try to coordinate the schedule of the depositions of its employees and agents, plaintiffs are entitled to take discovery. Accordingly, I eagerly await the schedule you will propose next week for these depositions.

Mario

>-----Original Message-----
> **From:** James Hawkins [mailto:jhawkins@fdh.com]
> **Sent:** Thursday, July 07, 2005 11:11 AM
> **To:** Mario DiNatale- Silver Golub & Teitell
> **Cc:** pnolin@shglaw.com; William Tong
> **Subject:** RE: Gwynn
>
> Mario,
> Although you noticed this deposition, this is a consolidated case. I believe that the Ryan plaintiffs intend to fully participate in all aspects of discovery.
> The convention in this case to date, and in most other cases, is to try to work out a schedule before you notice depositions. You chose to ignore that convention and without inquiring about our availability of counsel or witnesses you noticed the deposition of someone who is no longer an employee of my clients, as well as the depositions of 6 or 7 other people who are employed by our clients.
> The availability and convenience of all clients, not just your clients, is an issue that we have to deal with in scheduling. Obviously, this issue is more complex because plaintiffs have issued at the same time deposition notices for so many people.
>
> Jim
>
> James R. Hawkins II
> Finn Dixon & Herling LLP
> One Landmark Square

Stamford, Connecticut 06901
203 325 5042 (direct)
203 348 5777 (fax)
jhawkins@fdh.com




-----Original Message-----
**From:** Mario DiNatale- Silver Golub & Teitell [mailto:mdinatale@sgtlaw.com]
**Sent:** Thursday, July 07, 2005 10:21 AM
**To:** James Hawkins; William Tong
**Cc:** pnolin@shglaw.com; gklein@shglaw.com; Sarah Reardon- Silver Golub & Teitell
**Subject:** RE: Gwynn

Jim-

Let me respond to both your recent emails.

I do not recall your advising that you were not available the week of July 11. I *do* recall a prior email or letter advising of your unavailability the week of July 18. I also seem to recall an email from Peter before he left for vacation which suggested that he was unaware of your unavailability next week. But I will put that aside for now.

I am more concerned by the notion in your email that "[y]our clients are trying to coordinate the schedule" of depositions. I appreciate that we have noticed 7 current or former AIGTS or NU employees, and that your clients have a business to run. Nonetheless, the notices went out on June 21 and 23. It is now 16 days later, and you are unable to provide us with any dates for any one of these depositions. I asked for 30 days' notice for my clients' depositions (who reside in Oregon and had child care and financial concerns), and you found this unreasonable. And yet, your clients, all of whom reside or work in the area, apparently need more time than that.

As a courtesy to you, I will agree that we will not proceed on Monday. Since the remaining depositions next week were noticed by Peter, I will give him the opportunity to weigh in on the schedule for the remainder of the week.

I look forward to receiving a proposed schedule from you next week.

Mario

-----Original Message-----
**From:** James Hawkins [mailto:jhawkins@fdh.com]
**Sent:** Thursday, July 07, 2005 9:33 AM
**To:** Mario DiNatale- Silver Golub & Teitell; William Tong
**Cc:** pnolin@shglaw.com; gklein@shglaw.com; Sarah Reardon- Silver Golub & Teitell
**Subject:** RE: Gwynn

Mario,
I previously advised you, in fact probably a month ago in connection with Gwynn's deposition,

that we were not available this next week. Our clients are trying to coordinate the schedule in a way that will be least disruptive to them and efficient for us. Given the number of people plaintiffs have noticed during the summer that is proving to be a bit of a logistical problem. We hope to get back to you with a proposed schedule next week.
Jim

James R. Hawkins II
Finn Dixon & Herling LLP
One Landmark Square
Stamford, Connecticut 06901
203 325 5042  (direct)
203 348 5777  (fax)
jhawkins@fdh.com

-----Original Message-----
**From:** Mario DiNatale- Silver Golub & Teitell [mailto:mdinatale@sgtlaw.com]
**Sent:** Thursday, July 07, 2005 8:35 AM
**To:** James Hawkins; William Tong
**Cc:** pnolin@shglaw.com; gklein@shglaw.com; Sarah Reardon- Silver Golub & Teitell
**Subject:** Gwynn

Jim and William-

We are now two business days away form the scheduled deposition of Mr. Weiman. I have received no response to my request of two days ago to confirm that this deposition will go forward as scheduled, not to mention the three depositions that Peter noticed for later in the week (Messrs. Tiburzi, DeCarlo and Riccio).

Since these depositions were first noticed some weeks ago, we have not received any indication from you that the dates selected were not convenient.

Accordingly, I expect that next week's depositions will go forward as noticed.

Mario

## Sarah Reardon- Silver Golub & Teitell

**From:** Mario DiNatale- Silver Golub & Teitell
**Sent:** Monday, July 11, 2005 11:34 AM
**To:** Sarah Reardon- Silver Golub & Teitell
**Subject:** FW: Ryan and Gwynn Depositions

-----Original Message-----
**From:** Mario DiNatale- Silver Golub & Teitell
**Sent:** Monday, July 11, 2005 11:29 AM
**To:** 'James Hawkins'; pnolin@shglaw.com
**Cc:** William Tong
**Subject:** RE: Ryan and Gwynn Depositions

Jim-

I think that Peter's email expressed the same frustration as mine- the inability, some 2 1/2 weeks after deposition notices have been sent, to provide so much as one date for any of seven deponents. For example, I find it difficult to believe that all four of those noticed for deposition this week were coincidentally unavailable, or that none of the other three could have filled the slots. I agree with Peter- your clients are simply delaying their obligations to comply with plaintiffs' legitimate discovery requests.

If you are saying that *both* you and William are unavailable this week, then why did it take more than 2 weeks to advise us of this? I had other matters that I did not schedule this week, expecting that these depositions would proceed since I heard nothing to the contrary. I seem to recall a letter or email some weeks ago, in which you stated, in substance, that counsel was unavailable the week of July 18, not the week of July 11. Is it your position that both you and William need to attend every deposition? If so, this is frankly unacceptable, as it makes scheduling that much more difficult.

Peter's request is perfectly reasonable- let's agree to a schedule before the end of the day tomorrow. If you wish instead to involve Judge Droney or Judge Smith, that is your prerogative.

I also disagree with your comments about David Gwynn's deposition in Oregon. I was accomodating in taking your schedule into account with respect to this deposition, and provided you with alternate dates on either of two separate weeks. You declined any of those dates, not because of counsel's unavailability, but because of your insistence to include Mr. Gwynn's deposition as part of a trip to Arizona and/or Oklahoma City to take other discovery in this matter.

Finally, please be advised that any schedule your clients wish to impose at this point can only be tentative, as I have several business trips and family vacations that will limit my availability for the rest of the summer. Accordingly, it would make sense to provide alternate dates for each deponent. In particular, you must avoid scheduling any of these depositions for the period between July 26 and August 2, as I am travelling, first to Oregon on business, and then to San Jose to be with my son. I am also likely unavailable the week before Labor Day.

Mario

-----Original Message-----
**From:** James Hawkins [mailto:jhawkins@fdh.com]
**Sent:** Monday, July 11, 2005 10:53 AM
**To:** pnolin@shglaw.com
**Cc:** Mario DiNatale- Silver Golub & Teitell; William Tong
**Subject:** Ryan and Gwynn Depositions

Peter,

I do not understand your email. Before you left on vacation you indicated that you would agree to changes in the deposition schedule. Because of vacations of others and other commitments we are simply not available the next two weeks. I made that known well over a month ago when Mario was trying to schedule Gwynn's deposition in connection with his trip to Oregon for other matters.

Your email of 8:07 a.m. on Sunday morning cannot make me now available, to say nothing of the witnesses. As I said last week we will be getting back to you with a schedule later this week.

If you insist, I will contact Magistrate Judge Smith or Judge Droney to see if they have time iron out this scheduling issue. Please let me know.

Jim

James R. Hawkins II
Finn Dixon & Herling LLP
One Landmark Square
Stamford, Connecticut 06901
203 325 5042  (direct)
203 348 5777  (fax)
jhawkins@fdh.com

### Sarah Reardon- Silver Golub & Teitell

**From:** Mario DiNatale- Silver Golub & Teitell
**Sent:** Thursday, July 14, 2005 9:37 PM
**To:** Sarah Reardon- Silver Golub & Teitell
**Subject:** FW: Ryan and Gwynn

-----Original Message-----
From: Mario DiNatale- Silver Golub & Teitell
Sent: Thu 7/14/2005 9:30 PM
To: James Hawkins
Cc: pnolin@shglaw.com; William Tong
Subject: RE: Ryan and Gwynn

Jim-

Why would you expect that the depositions would be conducted in Manhattan? When Peter and I noticed these depositions three weeks ago, it was quite clear that we noticed them for our respective offices in Stamford. (Conlin was the only exception.) There was never a single word of objection to the venue we selected. Even over the past week, when we exchanged numerous emails about dates, you never once discussed or objected to our choice of venue. Accordingly, even if you fail to agree with our choice of venue, why do you now seem surprised? And why have you waited until now to raise this point?

Absent court order, I will not consent to a location in Manhattan. Your clients do a substantial amount of business in Connecticut. The policy in question was issued in Connecticut, to a Connecticut corporation. My clients traveled from Oregon. All counsel have their offices in Connecticut. It is far simpler for each witness to come to us than for us to travel to the witness- particularly given the voluminous number of documents that need to be trasnsported for each deposition. Finally, your clients refused to acquiesce to the simplest of courtesies, namely, to conduct Mr. Conlin's deposition at a location in midtown. It is therefore, under all these circumstances, perfectly reasonable to require the deponents to come to Stamford to be deposed.

Peter and I will expect dates for the remaining three deponents tomorrow, as per our agreement.

Mario

-----Original Message-----
From: James Hawkins [mailto:jhawkins@fdh.com]
Sent: Thu 7/14/2005 5:16 PM
To: Mario DiNatale- Silver Golub & Teitell
Cc: pnolin@shglaw.com; William Tong
Subject: Ryan and Gwynn

Mario,

I have your notices of deposition for Mr. Weber and Ms. Wacik. I would expect that the depositions will be conducted in Manhattan.

I will have my clients arrange for a venue and I will advise you

Jim

James R. Hawkins II
Finn Dixon & Herling LLP
One Landmark Square
Stamford, Connecticut 06901
203 325 5042  (direct)
203 940 3512  (cell)
203 348 5777  (fax)
jhawkins@fdh.com

***********************************************************************

This message originates from the law firm of Finn Dixon & Herling LLP. The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Finn Dixon & Herling LLP.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. If you are not the original addressee of this communication, you should seek advice based on your particular circumstances from an independent advisor. For information about why we are required to include this legend in emails, please see http://www.fdh.com/CM/ClientUpdates/ClientUpdatesCir230.asp.

## Sarah Reardon- Silver Golub & Teitell

**From:** Mario DiNatale- Silver Golub & Teitell
**Sent:** Friday, July 15, 2005 4:56 PM
**To:** 'James Hawkins'; 'pnolin@shglaw.com'
**Cc:** William Tong; Sarah Reardon- Silver Golub & Teitell
**Subject:** RE: Gwynn v. National Union

Jim,

The conversation is confirmed. I will discuss this with my client and get back to you.

Mario

>-----Original Message-----
>**From:** James Hawkins [mailto:jhawkins@fdh.com]
>**Sent:** Friday, July 15, 2005 4:58 PM
>**To:** Mario DiNatale- Silver Golub & Teitell
>**Cc:** William Tong
>**Subject:** Gwynn v. National Union
>
>   Mario,
>   This will confirm my telephone conversation with you of earlier today in which I advised you that it does not appear to me that there is diversity jurisdiction with respect to your clients' claims in this matter because AIGTS and Gwynn Financial Services are both Delaware corporations.
>
>   Jim
>James R. Hawkins II
>Finn Dixon & Herling LLP
>One Landmark Square
>Stamford, Connecticut 06901
>203 325 5042  (direct)
>203 940 3512  (cell)
>203 348 5777  (fax)
>jhawkins@fdh.com

********************************************************************

This message originates from the law firm of Finn Dixon & Herling LLP. The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Finn Dixon & Herling LLP.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. If you are not the original addressee of this communication, you should seek advice based on your particular circumstances from an independent advisor. For information about why we are required to include this legend in emails, please see http://www.fdh.com/CM/ClientUpdates/ClientUpdatesCir230.asp.

## Mario DiNatale- Silver Golub & Teitell

**From:** Mario DiNatale- Silver Golub & Teitell
**Sent:** Tuesday, August 02, 2005 4:06 PM
**To:** 'James Hawkins'; Peter Nolin; William Tong
**Cc:** Sarah Reardon- Silver Golub & Teitell; Catherine Sommer; Victoria Sicilian
**Subject:** RE: Ryan and Gwynn

Will Do.

-----Original Message-----
From: James Hawkins [mailto:jhawkins@fdh.com]
Sent: Tuesday, August 02, 2005 4:02 PM
To: Peter Nolin; Mario DiNatale- Silver Golub & Teitell; William Tong
Cc: Sarah Reardon- Silver Golub & Teitell; Catherine Sommer; Victoria Sicilian
Subject: RE: Ryan and Gwynn

All,
Let's schedule Conlin for August 25.
Jim

-----Original Message-----
From: Peter Nolin [mailto:pnolin@shglaw.com]
Sent: Tuesday, August 02, 2005 3:28 PM
To: 'Mario DiNatale- Silver Golub & Teitell'; James Hawkins; pnolin@optonline.net; William Tong
Cc: 'Sarah Reardon- Silver Golub & Teitell'
Subject: RE: Ryan and Gwynn

All of those days except the 9th currently work for me.

Regards,

Peter M. Nolin
SANDAK HENNESSEY & GRECO LLP
707 SUMMER STREET
3RD FLOOR
STAMFORD, CT 06901-1026
203-425-4200
203-252-2688 (Direct Dial)
203-325-8608 (Fax)
203-856-6135 (Cell)
pnolin@shglaw.com (office)
pnolin@optonline.net (home)

THE INFORMATION CONTAINED IN THIS ELECTRONIC
TRANSMISSION IS ATTORNEY/CLIENT PRIVILEGED, ATTORNEY

WORK PRODUCT, AND/OR CONFIDENTIAL OR PROPRIETARY OR TRADE SECRET INFORMATION INTENDED ONLY FOR THE USE AND VIEWING OF THE ABOVE NAMED RECIPIENT. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS TRANSMISSION IS STRICTLY PROHIBITED AND THAT IF THIS MESSAGE WAS RECEIVED BY YOU IN ERROR, PLEASE CONTACT THE SENDER BY TELEPHONE OR E-MAIL, RETURN THIS TRANSMISSION, AND DESTROY ALL COPIES OF THE SAME IN YOUR POSSESSION.

---

**From:** Mario DiNatale- Silver Golub & Teitell [mailto:mdinatale@sgtlaw.com]
**Sent:** Tuesday, August 02, 2005 1:29 PM
**To:** James Hawkins; pnolin@optonline.net; William Tong
**Cc:** pnolin@shglaw.com; Sarah Reardon- Silver Golub & Teitell
**Subject:** RE: Ryan and Gwynn

Gentlemen:

Yes, we have an understanding, and I will agree to posptone Conlin's deposition. However, I am not available on August 19, as I have a depo tha has been re-scheduled numerous times that I simply must complete.

Other dates that work for me: Aug. 9, 12, 15, 22, 24, 25. That should provide us with enough flexibility to re-schedule this deposition.

As for the jurisidictional issue, I will resolve it any way that makes sense. Let me knoiw what you have in mind.

Mario

>     -----Original Message-----
>     **From:** James Hawkins [mailto:jhawkins@fdh.com]
>     **Sent:** Tuesday, August 02, 2005 10:28 AM
>     **To:** Mario DiNatale- Silver Golub & Teitell; pnolin@optonline.net; William Tong
>     **Cc:** pnolin@shglaw.com; Sarah Reardon- Silver Golub & Teitell
>     **Subject:** RE: Ryan and Gwynn
>
>     Mario,
>     I am assuming we have an agreement. We will deliver the proposed amendments to my clients' answer to the Ryan Amended Complaint no later than Friday. Because of the jurisdictional issue we have redrafted the Counterclaims to apply just to the Ryan case at this time. Assuming your clients' jurisdictional issues are resolved we will include the counterclaims to your clients' claims in our answer to your "new" complaint. However, there may be some differences in our counterclaims against your clients, although they will be substantially the same.
>     I have confirmed that Conlin is available the 16th.
>     With regard to Weber, I had a misunderstanding. He had to reschedule his preparation meeting, not his deposition. So his deposition remains scheduled for the 17th.
>     Let me know if you concur with these arrangements.
>     Jim
>
>         -----Original Message-----
>         **From:** Mario DiNatale- Silver Golub & Teitell [mailto:mdinatale@sgtlaw.com]

**Sent:** Monday, August 01, 2005 6:24 PM
**To:** James Hawkins; pnolin@optonline.net
**Cc:** pnolin@shglaw.com; Sarah Reardon- Silver Golub & Teitell
**Subject:** RE: Ryan and Gwynn

Jim-

1. I agree with you that it makes sense to keep these cases in one forum. Let me know how you propose to make that happen.

2. I will not agree to postpone discovery until such time as plaintiffs have replied to defendants' counterclaims and/or other amendments to the pleadings. Frankly, plaintiffs' discovery from defendants has nothing to do with however we choose to respond to your proposed amended pleadings. However, I will consider postponing *only* Conlin's deposition, if we agree that:
 a. Defendants will serve their proposed amended pleadings by the end of the week- i.e., August 5; and
 b. We agree to a new date for Conlin within two weeks of August 3- or by 8/17.

Please advise if this is acceptable. If not, we plan on proceeding with Conlin on Wednesday.

Mario

-----Original Message-----
**From:** James Hawkins [mailto:jhawkins@fdh.com]
**Sent:** Mon 8/1/2005 12:55 PM
**To:** pnolin@optonline.net; Mario DiNatale- Silver Golub & Teitell
**Cc:**
**Subject:** Ryan and Gwynn

Peter and Mario,
I am sending you this both as a heads up and with some hope that perhaps it will help us resolve some of the outstanding procedural issues.

1. I am planning on sending you a letter with respect to the Gwynn's proposed amendment. I point out some concerns about whether Gwynn Financial Services is an indispensable party. Perhaps these issues can be resolved. It would make sense to keep these cases in one forum, if possible.

2. This week we will file a motion to amend our clients' answer to allege counterclaims seeking, among other things, repayment of the settlement amount.

3. Hopefully today we will file a motion to postpone discovery until 15 days after plaintiffs have responded to the counterclaims and to move the location of the depositions to NYC.

Putting aside the location of the depositions, which we have discussed extensively, it seems to me to make sense to proceed in this way. I ask you to

think about it again and let me know your thoughts.

Jim
James R. Hawkins II
Finn Dixon & Herling LLP
One Landmark Square
Stamford, Connecticut 06901
203 325 5042 (direct)
203 940 3512 (cell)
203 348 5777 (fax)
jhawkins@fdh.com