UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CASE NUMBER: <br> 3:03 CV 00644 (CFD) |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC. <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CASE NUMBER: <br> 3:03 CV 1154 (CFD) <br><br><br><br> August 29, 2005 |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY AND SET LOCATION OF DEPOSITIONS**

Defendants National Union Fire Insurance Company of Pittsburgh, Pa. and AIG Technical Services, Inc. (now known as AIG Domestic Claims, Inc.) (collectively, "National Union"), submit this Reply in support of its Motion to Stay Discovery and to Set Location of Depositions (the "Motion to Stay Discovery").[1]

---

[1] Plaintiffs in both the above-captioned *Ryan* and *Gwynn* actions have opposed the Motion to Stay Discovery in memoranda dated August 12, 2005 and August 24, 2005, respectively (the "Oppositions"). This Reply Memorandum replies to both Oppositions.

{00152610; 3; 0040-3}                                1

This Court should stop discovery from proceeding further in the *Gwynn* action because it does not have subject matter jurisdiction over that case, nor will the Court be able to acquire it.[2] Plaintiffs in the *Gwynn* action (the "Gwynn Plaintiffs") admit that Plaintiff Gwynn Financial Services, Inc. ("GFS") is not a diverse party pursuant to 28 U.S.C. § 1332(a), denying the Court its sole possible basis for jurisdiction. *See Gwynn* Plaintiffs' Amended Complaint at ¶ 6. Accordingly, National Union moved to dismiss for lack of subject matter jurisdiction on July 21, 2005. In a futile attempt to "cure" this jurisdictional defect, the *Gwynn* Plaintiffs have also filed their own so-called "motion to dismiss" to selectively dismiss GFS from this action, among other irregular pleadings. *See Gwynn* Plaintiffs' Motion to Dismiss, dated August 11, 2005. The Court has no alternative, however, but to grant National Union's motion to dismiss the *Gwynn* action, in its entirety, because GFS not only destroys subject matter jurisdiction, but it is also an indispensable party without which this action cannot fairly proceed.[3] Specifically, on its face, the *Gwynn* Plaintiffs' Amended Complaint should be dismissed because:

    a.    GFS deprives this Court of subject matter jurisdiction;

    b.    the Court cannot dismiss GFS alone from this action because it is a necessary and indispensable party under FED. R. CIV. P. 19(a);

---

[2] National Union's Motion to Stay Discovery is directed solely at the *Gwynn* action. As noted above, Plaintiffs in the *Ryan* action (the "*Ryan* Plaintiffs") have opposed National Union's Motion to Stay Discovery and Set Location of Depositions in a memorandum dated August 12, 2005. National Union's Motion to Stay Discovery, however, was directed at the *Gwynn* action. To the extent the *Ryan* Plaintiffs' Opposition seeks to oppose a motion that was not directed at their action, their arguments are merely advisory, should not be considered and have no bearing on the Motion to Stay Discovery. On the other hand, National Union did intend to direct its arguments concerning the location of depositions to the *Ryan* action.

[3] National Union will brief these jurisdictional issues, and in particular the reasons why GFS is an indispensable party, at greater length in its Memorandum in Opposition to the *Gwynn* Plaintiffs' Motion to Dismiss, Motion for Leave to File a Second Amended Complaint, and Objection to National Union's Motion to Dismiss, which National Union will file shortly on or before September 6, 2005. National Union respectfully refers the Court to this memorandum and incorporates herein by reference the substance thereof.

  c.  the *Gwynn* Plaintiffs admit that GFS is necessary and indispensable;

  d.  GFS was a principal actor in the facts that precipitated this action;

  e.  GFS was found liable, jointly and severally, in the underlying arbitration that precipitated this action;

  f.  GFS is an essential element of the *Gwynn* Plaintiffs' damages claims; and

  g.  GFS is necessary and indispensable to National Union's pending counterclaims.

The *Gwynn* Plaintiffs' Opposition to the Motion to Stay Discovery, dated August 26, 2005 (the "*Gwynn* Plaintiffs' Opposition")—which does not include a single case cite—merits no consideration. Plaintiffs mischaracterize the course of discovery thusfar, paying little attention to the fact that Plaintiffs in these consolidated actions have completed four (4) of the six (6) depositions they have noticed within a short thirty (30) day period (excluding Plaintiffs' recent 30(b)(6) notices). And tellingly, the *Gwynn* Plaintiffs do not cite a single case which condones the noticing of additional depositions and the conduct of discovery where the plaintiffs admit, as here, by its own motion to dismiss its complaint, that the court has no jurisdiction. On the contrary, in a recent case where personal jurisdiction seemed very much in doubt, this Court stayed discovery pending resolution of a motion to dismiss and declined to order even jurisdictional discovery. *See Nunez-Polanco v. Boch Toyota, Inc.*, No. Civ. 3:03CV2251, 2004 WL 2063406 (D. Conn. July 21, 2004). Here, the *Gwynn* Plaintiffs seek to take advantage of this Court's busy schedule, and the fact that it has not acted to dismiss this action that the *Gwynn* Plaintiffs effectively admit to be void *ab initio*. The *Gwynn* Plaintiffs are trying to sell half-truths about discovery as a smokescreen to hide what is an incurable defect in subject matter jurisdiction.

National Union will respond shortly to the *Gwynn* Plaintiffs' peculiar patchwork of irregular pleading, including (1) a Motion to Dismiss their own co-Plaintiffs, GFS, from the

action, filed without a memorandum of law in support; (2) a Motion for Leave to File a Second Amended Complaint, also lacking a memorandum of law; and (3) a two (2) page "Objection" to National Union's Motion to Dismiss. The *Gwynn* Plaintiffs' failure to provide legal memoranda as to disputed issues of law pursuant to D. CONN. L. CIV. R. 7(a) or any credible legal arguments in support of any of these pleadings belies their lack of merit. In addition, the *Gwynn* Plaintiffs' improper pleading has been exacerbated by even more oppressive tactics including threats to unilaterally schedule depositions two (2) business days after National Union received notices of deposition, without regard for the schedules of counsel and the deponents. Finally, all Plaintiffs in these actions also continue to insist that all of National Union's employee-witnesses (except for one) appear for deposition in Stamford, Connecticut, in what appears to be an effort to both harass and inconvenience National Union's employees, and also to save resources in an action they know is on the precipice of dismissal.

WHEREFORE, Defendants National Union Fire Insurance Company of Pittsburgh, Pa. and AIG Technical Services, Inc. respectfully request that the Court grant Defendants' Motion to Stay Discovery and Set Location of Depositions, and such other and further relief as the Court may deem just and proper.

DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Pa. and AIG TECHNICAL SERVICES, INC.

By: _____
James R. Hawkins II (ct00128)
William M. Tong (ct25304)
Finn Dixon & Herling LLP
One Landmark Square, Suite 1400
Stamford, CT 06901-2689
Tel: (203) 325-5000
Fax: (203) 348-5777
Email: jhawkins@fdh.com

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was delivered by United States mail, postage prepaid to the following this 29th day of August, 2005:

>Peter M. Nolin, Esq.
>Jay H. Sandak, Esq.
>Sandak Hennessey & Greco LLP
>707 Summer Street
>Stamford, CT 06905
>(203) 425-4200
>
>Mario DiNatale, Esq.
>Jonathan M. Levine, Esq.
>Silver Golub & Teitell LLP
>184 Atlantic Street
>Stamford, CT 06904
>(203) 325-4491

_____
William M. Tong