# SILVER GOLUB & TEITELL LLP

RICHARD A. SILVER
DAVID S. GOLUB
ERNEST F. TEITELL
PATRICIA M. HAUGH (1942-1988)
JOHN D. JOSEL*
MARIO DINATALE*
JONATHAN M. LEVINE
MARILYN J. RAMOS*
PAUL A. SLAGER*
ANGELO A. ZIOTAS
KATHLEEN L. BRANDT*
PETER MASON DREYER*
CRAIG N. YANKWITT

*ALSO ADMITTED IN NY

LAW OFFICES
THE HERITAGE BUILDING
184 ATLANTIC STREET

MAIL ADDRESS
POST OFFICE BOX 389
STAMFORD, CONNECTICUT 06904

TELEPHONE
(203) 325-4491

FACSIMILE
(203) 325-3769

August 3, 2005

*SENT VIA FACSIMILE & REGULAR MAIL*

James R. Hawkins II, Esq.
Finn Dixon & Herling LLP
One Landmark Square
Stamford CT 06901

RE:   **GWYNN, ET AL V. AIG**
      **OUR FILE NO. 16,432**

Dear Jim:

I have had the opportunity to review your August 1 letter concerning the claims of Gwynn Financial Services, Inc. ("GFS").

I share your view that it makes sense to keep all claims, including those of GFS, before the District Court here in Connecticut. However, as you noted, the court lacks subject matter jurisdiction over GFS, and is therefore likely to grant defendants' Motion to Dismiss.

However, we continue to claim that GFS suffered damages as a result of defendants' actions. I cannot agree, on behalf of GFS, that it give up its right to pursue damages related to defendants' bad faith. Accordingly, I cannot agree that GFS agree not to separately file suit against your clients and be bound by any judgment in this case, as you propose, if by doing so GFS abandons its right to damages.

One option would be for GFS to sue your clients in a separate action, most likely in the state courts of Connecticut, and to stay the proceeding until the federal action is resolved. I would likely be willing to agree that any judgment in the federal action would have a res judicata effect in state court. In that event, a judgment for defendants in the federal action would result in a dismissal of the state court claim, while a judgment for plaintiffs in the federal action would leave us with only a hearing in damages in the state court claim.

RECEIVED
AUG -5 2005
FINN DIXON & HERLING, LLP

SILVER GOLUB & TEITELL LLP

James Hawkins, Esq.
August 3, 2005
Page Two


The above thoughts are merely preliminary musings on my part, and I hope that they will serve as a basis for further discussion. I have not discussed the above with my client yet, and will likely not do so until you and I have agreed, in principle, on what we think is the best way to proceed.

In the interim, however, you have filed a Motion to Dismiss that I must respond to in some fashion. My inclination would be to request leave of the court for an additional 30 days to respond, as we seek to resolve this issue. Please advise if you would consent to such a request.

Very truly yours,

Mario DiNatale

MD/sfn
cc: Peter Nolin, Esq. (via fax)