## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITOL ASSOCIATES, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br><br>Defendants | )<br>) CIVIL ACTION NO.<br>) 3:03 CV 00644 (CFD)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br><br>Defendants | )<br>) CIVIL ACTION NO.<br>) 3:03 CV 01154 (CFD)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) APRIL 25, 2005 |

### GWYNN PLAINTIFFS' SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiffs David Gwynn, Raquel Gwynn, and Gwynn Financial Services, Inc.

(collectively "Gwynn Plaintiffs") hereby file the following supplemental responses to

Defendants' National Union Fire Insurance Company of Pittsburgh, PA. and AIG Technical



Services, Inc. (hereinafter referred to collectively as "National Union's") First Set of Interrogatories dated January 10, 2005, subject to the objections previously filed.

**GENERAL OBJECTIONS**

The Gwynn Plaintiffs hereby specifically incorporate by reference, as if set forth fully therein, each of the following General Objections in the response to each of National Union's Interrogatories:

1. The Gwynn Plaintiffs object to the extent the Interrogatories seek information which is protected from discovery under the attorney-client privilege, the work-product doctrine and any other applicable privilege under the laws of Connecticut.

2. The Gwynn Plaintiffs object to the extent the Interrogatories seek information which is irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence and to the extent any of the Interrogatories are vague and unclear;

3. The Gwynn Plaintiffs object to the extent the Interrogatories seek confidential proprietary information related to their business and/or seek information which are or may be protected by copyright and trade-secret laws of the United States and such information will only be produced upon the entry of a suitable protective order;

4. The Gwynn Plaintiffs object to the extent the Interrogatories seek confidential proprietary information related to other businesses and entities which are not parties to these proceedings and have not been subpoenaed to provide information in these actions;

2

5.  The Gwynn Plaintiffs object to the extent the Interrogatories are overbroad or that responding to them would subject the Gwynn Plaintiffs to undue burden and expense, or would duplicate the production of documents and other materials previously provided to National Union;

6.  The Gwynn Plaintiffs object to the extent the Interrogatories purport to obligate Plaintiffs to provide answers based on information or documents in the possession, custody or control of third-parties, including any counsel retained or hired by or through National Union;

7.  The Gwynn Plaintiffs object to the extent the definitions or instructions purport to impose burdens upon the Gwynn Plaintiffs beyond the customary requirements for discovery under the Federal Rules of Civil Procedure and the Local Rules for this District.

8.  The Gwynn Plaintiffs object to the extent the interrogatories purport to impose burdens upon the Gwynn Plaintiffs beyond the schedule for discovery agreed to by the parties.

9.  The Gwynn Plaintiffs object to the extent the Interrogatories purport to obligate plaintiffs to provide answers based on documents previously produced to National Union or otherwise in the possession of National Union either in the course of this litigation, or in the course of the <u>Sowell</u> arbitration.

## INTERROGATORIES

1.  Separately for each Plaintiff, identify each and every category or element of damages claimed by each Plaintiff.

**OBJECTION:**

The Gwynn Plaintiffs incorporate the general objections stated above and also specifically object to the extent the interrogatory seeks or may be deemed to seek attorney-client or work product communications.

**ANSWER:**

Without waiving the foregoing objections, however, the Gwynn Plaintiffs respond as follows:

David Gwynn's claims for damages include loss of earning capacity, lost earnings, damage to business and reputation, physical and emotional pain and suffering, reimbursement for legal fees and expenses, reimbursement for medical expenses, reimbursement for other expenses incurred as a result of defendants' negligence, and damage to quality of life. His claims also include damages resulting from increased scrutiny from regulators, increased risk of disciplinary hearings, and increased risk of and exposure to unfounded customer arbitrations.

Raquel Gwynn's claims for damages include physical and emotional pain and suffering, reimbursement for legal fees and expenses, reimbursement for other expenses incurred as a result of defendants' negligence, and damage to quality of life.

The damages claims of Gwynn Financial Services include economic loss in the form of lost income and business opportunities.

All of the Gwynn Plaintiffs also claim punitive damages as may be provided by law.

2. Separately for each Plaintiff, provide a detailed listing or computation of each and every category of damages claimed by each Plaintiff, and make available for inspection and copying as under FED. R. Civ. P. 34 the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of all damages.

**OBJECTION:**

The Gwynn Plaintiffs incorporate the general objections stated above and further object on the grounds that the Interrogatory calls for information prior to the agreed-upon deadlines contained in the parties' joint Rule 26(f) Report. Moreover, plaintiffs object to the extent the documents sought were produced to National Union or any counsel or other party retained by National Union in connection either with the Arbitration or previously in this action.

**ANSWER:**

Without waiving the foregoing objections, the Gwynn plaintiffs respond that documents enabling defendants to calculate the costs and expenses incurred in defending themselves in the Sowell arbitration, as well as documents evidencing amounts of money plaintiffs borrowed while the arbitration was pending and other costs have previously been provided.

Counsel fees incurred in this action will be determined at the end of trial. Plaintiffs seek fees based on 1/3 of total recovery obtained from defendants. Punitive damages are to be determined as provided by law.

3.  Separately identify each and every communication concerning the damages claimed by each Plaintiff, and for each such communication, identify (a) whether the communication was oral or written, (b) the date of the communication, (c) the persons in the communication, (d) the substance thereof, and (e) identify any documents evidencing or memorializing such communication.

**OBJECTION:**

The Gwynn Plaintiffs incorporate the general objections stated above and further object to the extent the request seeks information which is irrelevant and unduly burdensome. The Gwynn Plaintiffs further object to the extent that this Interrogatory purports to require them to further identify documents previously produced to National Union either in connection with the arbitration or previously in this action. The Gwynn plaintiffs also object to the extent that this Interrogatory purports to require them to identify and summarize oral communications with persons or entities other than National Union. The Gwynn plaintiffs also object to the extent that this Interrogatory seeks or may be deemed to seek attorney-client or work product communications.

**ANSWER:**

Subject to the foregoing objections, the Gwynn plaintiffs state that documents responsive to this Interrogatory have been produced and will be supplemented as appropriate.

The Gwynn plaintiffs have the following response with respect to oral communications with National Union that are responsive to this request, as follows.

Plaintiff, Raquel Gwynn, had no conversations with anyone from National Union

concerning the subject matter of this interrogatory.

Plaintiff, David Gwynn, recalls the following conversations:

a. Mr. Gwynn recalls a conversation with Brian Conlin shortly after the complaint in the Sowell matter was filed, though he does not recall the date of the conversation. It was the first time he spoke with Mr. Conlin. He does not recall the substance of that conversation, other than they generally discussed the allegations in the complaint.

b. Mr Gwynn recalls a conversation with Mr. Conlin on or about December 3, 2001, which he believes followed receipt of a letter from Mr. Conlin concerning the Sowell complaint and AIG's review of the insurance coverage issues. Mr. Gwynn recalls discussing the potential damages he would incur if AIG failed to provide a defense. Mr. Gwynn recalls listing the following as potential areas of damages: loss of income and business opportunities; loss of securities licenses and professional designations; loss of future income and earning opportunities; loss of personal property and assets; loss of intellectual property; and mental and physical anguish and distress. Mr. Gwynn recalls Mr. Conlin indicating that AIG would review the policy language to determine if it would provide coverage or a defense. Mr. Conlin also requested that certain documents be produced, including a copy of the contents of Mr. Sowell's files, and a copy of the supposed discretionary authority agreement.

c. Mr. Gwynn recalls a subsequent telephone conversation with Mr. Conlin on or about December 3, 2001. During this conversation, Mr. Gwynn again expressed concern over potential exposure and damages to he and his family if AIG did not provide a competent defense to the

allegations in the <u>Sowell</u> complaint. Mr. Gwynn recalls Mr. Conlin expressed reservations about whether AIG had the obligation to provide coverage. Mr. Gwynn recalls that he told Mr. Conlin that he would look to AIG for any damages caused by their failure to defend him. They also discussed documents that Mr. Conlin believed he needed to complete his review.

    d. Mr. Gwynn recalls a telephone conversation with Mr. Conlin on or about January 18, 2002, following receipt by Mr. Gwynn of a letter from AIG, signed by Mr. Conlin, that AIG would not provide a defense to Mr. Gwynn because Sowell signed a discretionary agreement. Mr. Gwynn recalls disputing that contention with Mr. Conlin, and advising him, among other things, that the agreement was meant to be used only in the event of an emergency, and had never been used during the entire period he had managed Sowell's account.

    e. Mr. Gwynn recalls a telephone conversation with Mr. Conlin on or about March 22, 2002. He recalls that he told Mr. Conlin during that conversation that he was upset and concerned about AIG's refusal to provide a defense, that he was unable to defend himself at the NASD proceedings, and that he was concerned about the damages to his business, reputation, and health as a result of AIG's failure to provide a defense. Mr. Gwynn recalls that Mr. Conlin indicated that he would continue to review coverage issues, and asked Mr. Gwynn to compile additional documentation.

    f. Mr. Gwynn believes there may be other conversations with Mr. Conlin, but he does not specifically recall any others at this time.

4.  Separately identify each and every communication with National Union concerning Sowell's claims, and for each such communication, identify (a) whether the communication was oral or written, (b) the date of the communication, (c) the persons involved in the communication, (d) the substance thereof, and (e) identify any documents evidencing or memorializing such communication.

**OBJECTION:**

The Gwynn Plaintiffs incorporate the general objections stated above and further object to the extent the request seeks information which is irrelevant and unduly burdensome. The Gwynn Plaintiffs further object to the extent that this Interrogatory purports to require them to further identify documents previously produced to National Union either in connection with the arbitration or previously in this action. The Gwynn plaintiffs also object to the extent that this Interrogatory purports to require them to identify and summarize oral communications with persons or entities other than National Union. The Gwynn plaintiffs also object to the extent that this Interrogatory seeks or may be deemed to seek attorney-client or work product communications.

**ANSWER:**

Subject to the foregoing objections, the Gwynn plaintiffs state that documents responsive to this Interrogatory have been produced and will be supplemented as appropriate.

Plaintiff, Raquel Gwynn, had no conversations with anyone from National Union concerning the subject matter of this interrogatory.

All conversations that plaintiff, David Gwynn, had with anyone at National Union concerning the subject matter of this interrogatory have been summarized in the response to

Interrogatory no. 3.

5. Separately identify each and every communication concerning Sowell's claims other than with National Union, and for each such communication, identify (a) whether the communication was oral or written, (b) the date of the communication, (c) the persons involved in the communication, (d) the substance thereof, and (e) identify any documents evidencing or memorializing such communication.

**OBJECTION:**

The Gwynn Plaintiffs incorporate the general objections stated above and further object to the extent the interrogatory seeks irrelevant information about the relationship with Sowell that was not used in or made a part of the arbitration proceeding related to the Sowell Claims (the "Arbitration"). The Gwynn Plaintiffs also specifically object to the extent the interrogatory seeks or may be deemed to seek attorney- client work product, or other privileged communications. The Gwynn Plaintiffs also specifically object on the grounds that the request is unduly burdensome, and that the material sought is not relevant to this action and is not likely to lead to the discovery of admissible evidence. The Gwynn Plaintiffs further object to the extent that responsive documents sought were produced to National Union or any counsel or other party retained by National Union in connection with the Arbitration or previously in this action, and accordingly, defendants may obtain the information requested from said documents.

6. Separately identify each and every communication concerning National Union and the Policy, including without limitation communications regarding the Policy exclusions and

coverage under the Policy with respect to Sowell's claims, and for each such communication, identify (a) whether the communication was oral or written, (b) the date of the communication, (c) the persons involved in the communication, (d) the substance thereof, and (e) identify any documents evidencing or memorializing such communication.

**OBJECTION:**

The Gwynn Plaintiffs incorporate the general objections stated above and further object to the extent the request seeks information which is irrelevant and unduly burdensome. The Gwynn Plaintiffs further object to the extent that this Interrogatory purports to require them to further identify documents previously produced to National Union either in connection with the arbitration or previously in this action. The Gwynn plaintiffs also object to the extent that this Interrogatory purports to require them to identify and summarize oral communications with persons or entities other than National Union. The Gwynn plaintiffs also object to the extent that this Interrogatory seeks or may be deemed to seek attorney- client or work product communications.

**ANSWER:**

Subject to the foregoing objections, the Gwynn plaintiffs state that documents responsive to this Interrogatory have been produced and will be supplemented as appropriate.

Plaintiff, Raquel Gwynn, had no conversations with anyone from National Union concerning the subject matter of this interrogatory.

11

All conversations that plaintiff, David Gwynn, had with anyone at National Union concerning the subject matter of this Interrogatory have been summarized in response to Interrogatory no. 3

7.   Separately identify each and every communication concerning settlement of Sowell's claims, and for each such communication, identify (a) whether the communication was oral or written, (b) the date of the communication, (c) the persons involved in the communication, (d) the substance thereof, and (e) identify any documents evidencing or memorializing such communication.

**OBJECTION:**

The Gwynn Plaintiffs incorporate the general objections stated above and further object to the extent the request seeks information which is irrelevant and unduly burdensome. The Gwynn Plaintiffs further object to the extent that this Interrogatory purports to require them to further identify documents previously produced to National Union either in connection with the arbitration or previously in this action. The Gwynn plaintiffs also object to the extent that this Interrogatory purports to require them to identify and summarize oral communications with persons or entities other than National Union. The Gwynn plaintiffs also object to the extent that this Interrogatory seeks or may be deemed to seek attorney-client or work product communications.

**ANSWER:**

Neither plaintiff David Gwynn nor plaintiff Raquel Gwynn can recall any conversation with any representative of National Union concerning the subject matter of this interrogatory.

8.  Separately identify each and every communication concerning any attempts to mediate, arbitrate or otherwise resolve Plaintiffs' claims against National Union, and for each such communication, identify (a) whether the communication was oral or written, (b) the date of the communication, (c) the persons involved in the communication, (d) the substance thereof, and (e) identify any documents evidencing or memorializing such communication.

**OBJECTION:**

The Gwynn Plaintiffs incorporate the general objections stated above and further object to the extent the request seeks information which is irrelevant and unduly burdensome. The Gwynn Plaintiffs further object to the extent that this Interrogatory purports to require them to further identify documents previously produced to National Union either in connection with the arbitration or previously in this action. The Gwynn plaintiffs also object to the extent that this Interrogatory purports to require them to identify and summarize oral communications with persons or entities other than National Union. The Gwynn plaintiffs also object to the extent that this Interrogatory seeks or may be deemed to seek attorney- client or work product communications.

13

**ANSWER:**

Neither plaintiff David Gwynn nor plaintiff Raquel Gwynn can recall any conversation with any representative of National Union concerning the subject matter of this interrogatory.

9.  Identify all persons who have been retained or specially employed by Plaintiffs to provide expert testimony in this action or any other action or proceeding concerning Sowell's claims ("expert(s)"), in accordance with FED. R. Civ. P. 26(a)(2)(A)-(B), including without limitation such expert's name, address, telephone number, facsimile number, and electronic mail (email) address.

**OBJECTION:**

The Gwynn Plaintiffs incorporate the general objections stated above. Subject to the foregoing objections, however, the Gwynn Plaintiffs state that expert witnesses will be disclosed in accordance with the scheduling requirements agreed to by the court and the parties.

10.  Separately identify each and every communication with experts, and for each such communication, identify (a) whether the communication was oral or written, (b) the date of the communication, (c) the persons involved in the communication, (d) the substance thereof, and (e) identify any documents evidencing or memorializing such communication.

1.    the compensation the expert is to receive; and

m.    a list of all other cases in which the expert has testified within the last four (4) years.

**OBJECTION:**

The Gwynn Plaintiffs incorporate the general objections stated above. Subject to the foregoing objections, however, the Gwynn Plaintiffs state that expert witnesses will be disclosed in accordance with the scheduling requirements agreed to by the court and the parties.

12.    Identify all experts who have been retained or specially employed by Plaintiffs in anticipation of litigation or preparation for trial and who are not or were not expected to be called as a witness at trial in this action or in any other action or proceeding concerning Sowell's claims, including without limitation such expert's name, address, telephone number, facsimile number, and electronic mail (email) address.

**OBJECTION:**

The Gwynn Plaintiffs incorporate the general objections stated above. Th Gwynn Plaintiffs also object to this Interrogatory on the grounds that it calls for the production of material to which defendant is not entitled, and which violates the attorney-client privilege and the work product exemption.

**PLAINTIFFS, DAVID GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC.**

By /s/ Mario DiNatale
Mario DiNatale (ct 12449)
Jonathan M. Levine (ct 07584)
Silver Golub & Teitell, LLP
184 Atlantic Street
Stamford, CT 06904
(203) 325-4491
(203) 325-3769 (Fax)
Email: MDinatale@sgtlaw.com
       JLevine@sgtlaw.com

17

## PLAINTIFF'S CERTIFICATION

I, **David Gwynn**, hereby certify that I have reviewed the above Supplemental Responses to Defendants' First Set of Interrogatories thereto and that they are true and accurate to the best of my knowledge and belief.

_____
David Gwynn

Subscribed and sworn to before me this 15th day of April, 2005.

OFFICIAL SEAL
BRENDA DUPRÉ
NOTARY PUBLIC-OREGON
COMMISSION NO 388644
MY COMMISSION EXPIRES JANUARY 17, 2009

_____
Notary Public

## PLAINTIFF'S CERTIFICATION

I, **David Gwynn, on behalf of Gwynn Financial Services, Inc.**, hereby certify that I have reviewed the above Supplemental Responses to Defendants' First Set of Interrogatories thereto and that they are true and accurate to the best of my knowledge and belief.

David Gwynn

Subscribed and sworn to before me this 15th day of April, 2005.



OFFICIAL SEAL
BRENDA DUPRÉ
NOTARY PUBLIC-OREGON
COMMISSION NO. 388644
MY COMMISSION EXPIRES JANUARY 17, 2009

Notary Public

## PLAINTIFF'S CERTIFICATION

I, **Raquel Gwynn**, hereby certify that I have reviewed the above Supplemental Responses to Defendants' First Set of Interrogatories thereto and that they are true and accurate to the best of my knowledge and belief.

_____
Raquel Gwynn

Subscribed and sworn to before me this 15th day of April, 2005.



_____
Notary Public

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was U.S. mail on this 25th day of April, 2005, postage prepaid, to:

James R. Hawkins, II, Esq.
Finn Dixon & Herling LLP
One Landmark Square
Stamford CT 06901

Peter M. Nolin, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905

_____
MARIO DiNATALE