**From:** Mario DiNatale- Silver Golub & Teitell [mdinatale@sgtlaw.com]
**Sent:** Wednesday, August 03, 2005 10:55 PM
**To:** James Hawkins
**Cc:** pnolin@shglaw.com; William Tong; Sarah Reardon- Silver Golub & Teitell
**Subject:** RE: Gwynn v. National Union

Jim-

I don't normally respond to emails at night while at home, but since I have no idea when you plan to leave town, I will share with you *my* thoughts.

Your proposal to delay discovery is unacceptable, and unworkable. How is it that you plan to let the Ryan plaintiffs conduct discovery as noticed, but not the Gwynn plaintiffs?
I specifically agreed to postpone Conlin's deposition subject to your explicit agreement to conduct this deposition within two weeks of August 3, which I then moved further back to August 25, I believe, for the convenience of all. Are you now seeking to renege on this agreement?

Nor will I agree to change the locale of the depositions to New York City in exchange for your agreement for 30 days' time to respond to the Motion to Dismiss.

If this means that I have to now seek leave of the court to file my proposed amended complaint, I will do so. In that event, I will dismiss GFS from the federal case and pursue my remedies for that party in state court. If your clients are subject to double exposure as a result, it will be their fault for not agreeing to my reasonable proposal. You may then feel free to do whatever you wish with your notion that GFS is somehow an indispensable party.

I am also perplexed that you now state that it is your "intention" to serve an amended answer, special defenses and counterclaims by Friday, "subject to [your] clients' approval." I agreed to postpone Conlin's deposition on the express condition that such a pleading be served by Friday, at least in the Ryan matter. I would expect that your clients authorize you to live up to this commitment.

Mario