**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITOL ASSOCIATES, INC. | ) <br> ) CIVIL ACTION NO. <br> ) 3:03 CV 00644 (CFD) <br> ) |
| Plaintiffs, | ) <br> ) <br> ) |
| vs. | ) <br> ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) <br> ) <br> ) <br> ) |
| Defendants | ) |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC. | ) <br> ) CIVIL ACTION NO. <br> ) 3:03 CV 01154 (CFD) |
| Plaintiffs, | ) <br> ) |
| vs. | ) <br> ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) <br> ) <br> ) <br> ) |
| Defendants | ) <br> ) SEPTEMBER 13, 2005 |

<u>**PLAINTIFFS' DAVID GWYNN, RAQUEL GWYNN, AND GWYNN FINANCIAL SERVICES, INC.'S MOTION FOR AN EXTENSION OF TIME TO REPLY TO DEFENDANTS' SEPTEMBER 6, 2005 "MEMORANDUM IN OPPOSITION TO THE GWYNN PLAINTIFFS' (1) MOTION TO DISMISS GWYNN FINANCIAL SERVICES, INC; (2) MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT; AND (3) OBJECTION TO DEFENDANTS' MOTION TO DISMISS"**</u>

Plaintiffs David Gwynn, Raquel Gwynn and Gwynn Financial Services, Inc. ("GFS") (collectively, "the Gwynn plaintiffs) respectfully request that this Court grant their Motion for an additional seven days, up to and including September 30, 2005, to prepare and file a Memorandum in Opposition to the defendants' September 6, 2005 pleading, which they styled "Memorandum in Opposition to the Gwynn Plaintiffs' (1) Motion to Dismiss GFS; (2) Motion for Leave to File a Second Amended Complaint; and (3) Objection to Defendants' Motion to Dismiss" ("defendants' Memorandum").

It is the intention of the Gwynn plaintiffs to file a responsive pleading to defendants' Memorandum. Pursuant to L. Civ. R. 7(d), a Reply Brief must be filed within 10 days. The provisions of L. Civ. R. 6 and Fed. R. Civ. P. 6(a) require a reply brief to be filed on or before September 20, 2005. Because the defendants' Memorandum was served by United States mail, an additional three days is permitted pursuant to Fed. R. Civ. P. 6 (a), 5 (b) (2) (B) and 6 (e). Accordingly, a reply brief would be due on or before September 23, 2005.

The Gwynn plaintiffs, however, assert that defendants' Memorandum injects new legal arguments not previously addressed by plaintiffs in any of the three pleadings to which it purports to object. Accordingly, the Gwynn plaintiffs assert that they should be entitled to the time permitted to file a memorandum in opposition rather than a reply brief. Such a memorandum would need to be filed on or before September 30, 2005.

The Gwynn plaintiffs assert the following in support of their motion:

1. On July 21, 2005, defendants filed a Motion to Dismiss the Gwynn plaintiffs'

amended complaint on the grounds that the court lacks diversity jurisdiction in that GFS and defendant AIGTS are citizens of the same state, Delaware.  In their Memorandum in support of the motion to dismiss, the defendants do not assert that GFS is a necessary or indispensable party to the action.

2.  Thereafter, the <u>Gwynn</u> plaintiffs sought to cure the defect in subject mater jurisdiction by: (a) moving to dismiss GFS as a party, pursuant to Fed. R. Civ. P. 41(a)(2), on August 10, 2005; and (b) moving for leave to file a second amended complaint on the same date.  Based on these actions, the <u>Gwynn</u> plaintiffs also filed an objection to defendants' motion to dismiss on August 11, 2005.  As the defendants did not cite to either section of Fed. R. Civ. P. 19 in their motion to dismiss, the <u>Gwynn</u> plaintiffs did not address any potential issues relating to Rule 19 in any of these pleadings.

3.  Defendants' Motion was filed on September 6, 2005.  In their Memorandum in support of the Motion, defendants spend approximately 12 pages asserting legal arguments which were made for the first time, and *not* addressed in defendants' July 23 Motion to Dismiss, nor in the motions by the <u>Gwynn</u> plaintiffs to which defendants' Memorandum purportedly objects, namely: (a) that GFS is a necessary party under Fed. R. Civ. P. 19(a); and (b) that GFS is an indispensable party under Fed. R. Civ. P. 19(b).

Accordingly, defendants' Memorandum injects an entirely new argument, not previously asserted, in support of its goal of asking the court to dismiss the <u>Gwynn</u> plaintiffs' complaint for lack of subject matter jurisdiction.  As a result, plaintiffs are, in effect, filing a Memorandum in

Opposition to defendants' Memorandum, and not a "reply" memorandum, since defendants raised this issue in the first instance, and not in response to any arguments advanced by the Gwynn plaintiffs.

Therefore, the Gwynn plaintiffs should be entitled to the additional time requested. Alternatively, if the Court does not agree with the above analysis, the Gwynn plaintiffs respectfully request that the court grant this motion in any event. The Gwynn plaintiffs are requesting an additional seven days, from September 23 to September 30. The additional seven days is a reasonable request, and is needed to permit counsel to research the legal issues raised by defendants' Memorandum and respond accordingly. The necessity for the additional time is especially compelling in that defendants' motion, if granted, would serve to dismiss this action.

This is the first motion for extension of time filed by the Gwynn plaintiffs with respect to this limitation.

The undersigned counsel has spoken with James Hawkins, II, Esq., counsel to defendants. Mr. Hawkins has advised that the defendants object to this motion for extension of time.

The undersigned counsel has also spoken with Peter Nolin, Esq., counsel to the co-plaintiffs.  Mr. Nolin has advised that he does not object to this motion.


**PLAINTIFFS, DAVID GWYNN AND
RAQUEL GWYNN**


By_____

      Mario DiNatale (ct 12449)
      Jonathan M. Levine (ct 07584)
      Silver Golub & Teitell, LLP
      184 Atlantic Street
      Stamford, CT 06904
      (203) 325-4491
      (203) 325-3769 (Fax)
      Email: MDinatale@sgtlaw.com
             JLevine@sgtlaw.com

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was sent via facsimile and U.S. mail, postage prepaid on this 13th day of September, 2005, to:

James R. Hawkins, II, Esq.
Finn Dixon & Herling LLP
One Landmark Square
Stamford CT 06901

Peter M. Nolin, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905

_____
MARIO DiNATALE