UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br><br>Defendants. | CASE NUMBER:<br>3:03 CV 00644 (CFD) |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br><br>Defendants. | CASE NUMBER:<br>3:03 CV 1154 (CFD)<br><br><br><br>September 16, 2005 |

**DEFENDANTS' MEMORANDUM
IN OPPOSITION TO THE GWYNN
PLAINTIFFS' MOTION FOR EXTENSION OF TIME**

Defendants National Union Fire Insurance Company of Pittsburgh, Pa., and AIG Technical Services, Inc. (now known as AIG Domestic Claims, Inc.) (collectively, "National Union") hereby oppose the *Gwynn* Plaintiffs' Motion for an Extension of Time, dated September 13, 2005, in which to reply to Defendants' September 6, 2005 Memorandum. National Union will be prejudiced by the extension of time because:

{00156023; 2; 0040-3}

a. there is admittedly no subject matter jurisdiction for this action;

b. the *Gwynn* Plaintiffs continue to notice and conduct discovery although there is no subject matter jurisdiction;

c. there is no authority to conduct discovery where there is admittedly no subject matter jurisdiction;

d. National Union has a pending motion to stay discovery; and

e. the indispensable party issue is not new.

## ARGUMENT

### I. NO SUBJECT MATTER JURISDICTION

On July 21 2005, after notice to counsel to the *Gwynn* Plaintiffs, National Union moved to dismiss the *Gwynn* Plaintiffs' Amended Complaint because there was no subject matter jurisdiction. The sole basis alleged in the Amended Complaint for jurisdiction is diversity of citizenship. There is no diversity of citizenship because the corporate plaintiff and one corporate defendant is incorporated in the State of Delaware. This is undisputed.

### II. THE GWYNN PLAINTIFFS CONTINUE TO NOTICE AND CONDUCT DISCOVERY

Despite the admitted lack of subject matter jurisdiction, the *Gwynn* Plaintiffs continue to notice and conduct discovery. Attached as Exhibit 1 is a copy of a Re-Notice of Deposition dated August 30, 2005 by the *Gwynn* Plaintiffs. (Interestingly, when National Union requested a postponement because the re-notice contained a new document request, it was just before the long Labor Day Weekend, and time was needed to consult with a client who was away, the *Gwynn* Plaintiffs refused the requested postponement.)

### III. NATIONAL UNION'S MOTION TO STAY DISCOVERY IS PENDING

National Union requested the *Gwynn* Plaintiffs' to stay or postpone discovery until the jurisdictional issues were resolved. They declined. On or about August 4, 2005, National Union

moved for a stay of discovery pending resolution of the jurisdictional issues. The *Gwynn* Plaintiffs' cite no authority permitting them to conduct discovery in an action where admittedly there is no subject matter jurisdiction. The motion is pending decision by the Court. Granting the *Gwynn* Plaintiffs' requested extension of time will further prejudice National Union when subject matter jurisdiction is not only in doubt, but is conclusively lacking in this action.

IV.   **THE INDISPENSABLE PARTY ISSUE IS NOT NEW**

In its Opposition, National Union demonstrated that Gwynn Financial Services, a *Gwynn* Plaintiff, is not only not diverse, but it is a necessary and indispensable party. Accordingly, the *Gwynn* action should be dismissed in its entirety and with prejudice.

The *Gwynn* Plaintiffs have complained bitterly that the "indispensable party" issue is new and they require additional time to consider and research this issue. This is far from the case. Attached as Exhibit 2 hereto is an exchange of communications between counsel dated in early August, six (6) weeks ago, where counsel are arguing about the indispensable party issue. The *Gwynn* plaintiffs knew about the indispensable party issue before they filed their motions to amend and dismiss on August 10. Just a day before they filed those motions to amend and to dismiss, counsel for the *Gwynn* Plaintiffs wrote: " You have made the assertion that GFS is an indispensable party. I disagree." (Exhibit 2, Letter dated August 9, 2005.) Despite this known disagreement on a point of law, the *Gwynn* Plaintiffs filed their motions without a memorandum of law as required by D. CONN. L. CIV. R. 7(a)(1). Now, despite the obvious prejudice to National Union, the *Gwynn* Plaintiffs ask the Court to overlook their conscious disregard of this Court's rules and permit them more time to research "new legal arguments." The Gwynn plaintiffs knew about these issues, discusses them, but decided not to address them at the time they filed their August 10 motions.

Further, in the unlikely event the *Gwynn* Plaintiffs were somehow unaware of the indispensable party issue, this is irrelevant to the question of whether they should be given some special consideration here and an extension of time. Although the *Gwynn* Plaintiffs' suggest that National Union has somehow improperly surprised them with the indispensable party issue, this is upside down; National Union raised the issue in due course. The *Gwynn* Plaintiffs initiated their Motion to Dismiss (one of their own co-Plaintiffs) and their Motion for Leave to File a Second Amended Complaint by motions dated August 10, 2005. National Union set forth the indispensable party issue in its opposition filed September 6, 2005. The opposition is the pleading by which the opposing party sets forth its contrary legal arguments. The *Gwynn* Plaintiffs now have an opportunity to reply. National Union cannot be expected to have anticipated the *Gwynn* Plaintiffs' irregular course of pleading and pled the indispensable party issue first. In fact, however, National Union advised the *Gwynn* Plaintiffs of this issue 6 weeks ago, but the *Gwynn* Plaintiffs chose to ignore the issue. In the end analysis, the lack of subject matter jurisdiction is the *Gwynn* Plaintiffs' problem and their burden to overcome. They cannot blame National Union for what is plainly a defect in their pleading.

## **CONCLUSION**

For the reasons set forth above, Defendants National Union Fire Insurance Company of Pittsburgh, Pa. and AIG Technical Services, Inc. respectfully oppose the *Gwynn* Plaintiffs' motion for extension of time, and request that the Court deny their motion along with such other and further relief as the Court may deem just and proper.

           DEFENDANT NATIONAL UNION FIRE
           INSURANCE COMPANY OF PITTSBURGH, Pa.
           and AIG TECHNICAL SERVICES, INC.

By: _/s/ James R. Hawkins II_
           James R. Hawkins II (ct00128)
           William M. Tong (ct25304)
           Finn Dixon & Herling LLP
           One Landmark Square, Suite 1400
           Stamford, CT 06901-2689
           Tel: (203) 325-5000
           Fax: (203) 348-5777
           Email: jhawkins@fdh.com

## **CERTIFICATION**

This is to certify that a true and correct copy of the foregoing was delivered by United States mail, postage prepaid to the following this 16th day of September, 2005:

Peter M. Nolin, Esq.
Jay H. Sandak, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905
(203) 425-4200

Mario DiNatale, Esq.
Jonathan M. Levine, Esq.
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06904
(203) 325-4491

_____
James R. Hawkins II