| | |
|---|---|
| *From:* | James Hawkins (internal) |
| *Sent:* | Mon 8/1/2005 12:55 PM |
| *Rcvd:* | Mon 8/1/2005 12:55 PM |
| *To:* | pnolin@optonline.net; mdinatale@sgtlaw.com |
| *CC:* | |
| *Subject:* | Ryan and Gwynn |

==========================================

Peter and Mario,

    I am sending you this both as a heads up and with some hope that perhaps it will help us resolve some of the outstanding procedural issues.

    1. I am planning on sending you a letter with respect to the Gwynn's proposed amendment. I point out some concerns about whether Gwynn Financial Services is an indispensable party. Perhaps these issues can be resolved. It would make sense to keep these cases in one forum, if possible.

    2. This week we will file a motion to amend our clients' answer to allege counterclaims seeking, among other things, repayment of the settlement amount.

    3. Hopefully today we will file a motion to postpone discovery until 15 days after plaintiffs have responded to the counterclaims and to move the location of the depositions to NYC.

    Putting aside the location of the depositions, which we have discussed extensively, it seems to me to make sense to proceed in this way. I ask you to think about it again and let me know your thoughts.

    Jim

James R. Hawkins II
Finn Dixon & Herling LLP
One Landmark Square
Stamford, Connecticut 06901
203 325 5042 (direct)
203 940 3512 (cell)
203 348 5777 (fax)
jhawkins@fdh.com

{RYANAN~1; 1; -}

## FINN DIXON & HERLING LLP
### ATTORNEYS AT LAW

ONE LANDMARK SQUARE
STAMFORD, CONNECTICUT 06901-2689
TELEPHONE (203) 325-5000
FACSIMILE (203) 348-5777

JAMES R. HAWKINS II

DIRECT DIAL: (203) 325-5042
INTERNET: JHAWKINS@FDH.COM

August 1, 2005

**Via Facsimile**

Mario Di Natale, Esq.
Silver Golub & Teitell, LLP
184 Atlantic Street
Stamford, CT 06904

Re:   David W. Gwynn, Raquel Gwynn and Gwynn Financial Services
      Docket No: 3:03 CV 01154

Dear Mario:

I have your letter of July 25, 2005 and the enclosed Proposed Second Amended Complaint. I am concerned that Gwynn Financial Services, Inc. may be an indispensable party because in the Sowell Arbitration it was held jointly and severally liable with Mr. and Mrs. Gwynn and the Ryan plaintiffs. I am also concerned that Gwynn Financial Services might sue my clients separately. Additionally, my clients intend to file counterclaims in which they will seek, among other things, to recover from your clients and the Ryan Plaintiffs the amounts paid in settlement. They expect to file those counterclaims this week against the Ryan plaintiffs and against your clients at the appropriate time after they have filed a complaint over which the Court will have subject matter jurisdiction.

Personally, having your clients' actions before the District Court in Connecticut makes sense if we can accomplish that. Perhaps we can agree that Gwynn Financial will not separately sue my clients and will be bound by any judgment. However, I have not done any research to determine whether or not that would work. Additionally, in light of the "joint and several" award we may need the consent of the Ryan Plaintiffs to any arrangement.

I look forward to discussing this with you at your earliest convenience.

Very truly yours,

James R. Hawkins II

cc: Peter M. Nolin, Esq.

{00148870; 1; 0040-3}

# SILVER GOLUB & TEITELL LLP.

RICHARD A. SILVER
DAVID S. GOLUB
ERNEST F. TEITELL
PATRICIA M. HAUGH (1942-1988)
JOHN D. JOSEL*
MARIO DINATALE*
JONATHAN M. LEVINE
MARILYN J. RAMOS*
PAUL A. SLAGER*
ANGELO A. ZIOTAS
KATHLEEN L. BRANDT*
PETER MASON DREYER*
CRAIG N. YANKWITT

*ALSO ADMITTED IN NY

LAW OFFICES
THE HERITAGE BUILDING
184 ATLANTIC STREET

MAIL ADDRESS
POST OFFICE BOX 389
STAMFORD, CONNECTICUT 06904

TELEPHONE
(203) 325-4491

FACSIMILE
(203) 325-3769

August 3, 2005

*SENT VIA FACSIMILE & REGULAR MAIL*

James R. Hawkins II, Esq.
Finn Dixon & Herling LLP
One Landmark Square
Stamford CT 06901

RE:  GWYNN, ET AL V. AIG
     OUR FILE NO. 16,432

Dear Jim:

I have had the opportunity to review your August 1 letter concerning the claims of Gwynn Financial Services, Inc. ("GFS").

I share your view that it makes sense to keep all claims, including those of GFS, before the District Court here in Connecticut. However, as you noted, the court lacks subject matter jurisdiction over GFS, and is therefore likely to grant defendants' Motion to Dismiss.

However, we continue to claim that GFS suffered damages as a result of defendants' actions. I cannot agree, on behalf of GFS, that it give up its right to pursue damages related to defendants' bad faith. Accordingly, I cannot agree that GFS agree not to separately file suit against your clients and be bound by any judgment in this case, as you propose, if by doing so GFS abandons its right to damages.

One option would be for GFS to sue your clients in a separate action, most likely in the state courts of Connecticut, and to stay the proceeding until the federal action is resolved. I would likely be willing to agree that any judgment in the federal action would have a res judicata effect in state court. In that event, a judgment for defendants in the federal action would result in a dismissal of the state court claim, while a judgment for plaintiffs in the federal action would leave us with only a hearing in damages in the state court claim.

SILVER GOLUB & TEITELL LLP

James Hawkins, Esq.
August 3, 2005
Page Two

The above thoughts are merely preliminary musings on my part, and I hope that they will serve as a basis for further discussion. I have not discussed the above with my client yet, and will likely not do so until you and I have agreed, in principle, on what we think is the best way to proceed.

In the interim, however, you have filed a Motion to Dismiss that I must respond to in some fashion. My inclination would be to request leave of the court for an additional 30 days to respond, as we seek to resolve this issue. Please advise if you would consent to such a request.

Very truly yours,

Mario DiNatale

MD/sfn
cc: Peter Nolin, Esq. (via fax)

-----Original Message-----
**From:** Mario DiNatale- Silver Golub & Teitell [mailto:mdinatale@sgtlaw.com]
**Sent:** Wednesday, August 03, 2005 10:55 PM
**To:** James Hawkins
**Cc:** pnolin@shglaw.com; William Tong; Sarah Reardon- Silver Golub & Teitell
**Subject:** RE: Gwynn v. National Union

Jim-

I don't normally respond to emails at night while at home, but since I have no idea when you plan to leave town, I will share with you *my* thoughts.

Your proposal to delay discovery is unacceptable, and unworkable. How is it that you plan to let the Ryan plaintiffs conduct discovery as noticed, but not the Gwynn plaintiffs?
I specifically agreed to postpone Conlin's deposition subject to your explicit agreement to conduct this deposition within two weeks of August 3, which I then moved further back to August 25, I believe, for the convenience of all. Are you now seeking to renege on this agreement?

Nor will I agree to change the locale of the depositions to New York City in exchange for your agreement for 30 days' time to respond to the Motion to Dismiss.

If this means that I have to now seek leave of the court to file my proposed amended complaint, I will do so. In that event, I will dismiss GFS from the federal case and pursue my remedies for that party in state court. If your clients are subject to double exposure as a result, it will be their fault for not agreeing to my reasonable proposal. You may then feel free to do whatever you wish with your notion that GFS is somehow an indispensable party.

I am also perplexed that you now state that it is your "intention" to serve an amended answer, special defenses and counterclaims by Friday, "subject to [your] clients' approval." I agreed to postpone Conlin's deposition on the express condition that such a pleading be served by

Friday, at least in the <u>Ryan</u> matter. I would expect that your clients authorize you to live up to this commitment.

Mario

-----Original Message-----
From: James Hawkins [mailto:jhawkins@fdh.com]
Sent: Wed 8/3/2005 5:26 PM
To: Mario DiNatale- Silver Golub & Teitell
Cc: pnolin@shglaw.com; William Tong
Subject: Gwynn v. National Union

Mario,

I have your letter of today. I need to discuss it with my clients but I am going out of town and will not be back until Monday. I thought I would share with you my thoughts about your letter.

I am prepared to consent to your request for an extension of time to respond to the motion to dismiss for lack of subject matter jurisdiction, provided you do not take any discovery of my clients while the motion is pending, and if your clients' case remains in Federal Court you will notice the depositions of the officers and employees of my clients in New York City or another locale mutually agreed upon. I will recommend this position because I do not know of any defense to the subject matter jurisdiction motion and I think it is not proper for your clients to conduct discovery when there appears to be no defense to the pending motion to dismiss.

I am not making this request regarding discovery noticed by the Ryan plaintiffs. We will make a motion and ask the Court to change the location of the depositions noticed by them.

In addition, it is my view, if your client, Gwynn Financial Services, intends to pursue claims against my clients, it is an indispensable party and therefore the Gwynn plaintiffs' complaint should be dismissed. I do not see any advantage to my clients to follow your recommendation. In fact, I see considerable risk to my clients of the potential for double exposure and inconsistent results.

By the way, subject to our clients' approval, it is still our intention to "serve" the proposed amended answer, counterclaims and affirmative defenses by Friday.

Jim

James R. Hawkins II
Finn Dixon & Herling LLP
One Landmark Square
Stamford, Connecticut 06901
203 325 5042 (direct)
203 940 3512 (cell)
203 348 5777 (fax)
jhawkins@fdh.com

# SILVER GOLUB & TEITELL LLP

RICHARD A. SILVER
DAVID S. GOLUB
ERNEST F. TEITELL
PATRICIA M. HAUGH (1942-1998)
JOHN D. JOSEL*
MARIO DINATALE*
JONATHAN M. LEVINE
MARILYN J. RAMOS*
PAUL A. SLAGER*
ANGELO A. ZIOTAS
KATHLEEN L. BRANDT*
PETER MASON DREYER*
CRAIG N. YANKWITT

*ALSO ADMITTED IN NY

LAW OFFICES
THE HERITAGE BUILDING
184 ATLANTIC STREET

MAIL ADDRESS
POST OFFICE BOX 389
STAMFORD, CONNECTICUT 06904

TELEPHONE
(203) 325-4491

FACSIMILE
(203) 325-3769

August 9, 2005

*SENT VIA FACSIMILE & REGULAR MAIL*

James R. Hawkins II, Esq.
Finn Dixon & Herling LLP
One Landmark Square
Stamford CT 06901

RE: **GWYNN, ET AL V. AIG**
    **OUR FILE NO. 16,432**

Dear Jim:

As you know, the Gwynn plaintiffs' response to defendants' Motion to Dismiss the Complaint is due Friday, August 12. Prior to that date, it is my intention to move, pursuant to Fed. R Civ. P. 41(a)(2), to withdraw the claims of Gwynn Financial Services ("GFS") and ask for leave to file an amended complaint with respect solely to the claims of David Gwynn and Raquel Gwynn. This would cure any defects in subject matter jurisdiction.

Please advise of your position with respect to these proposed motions, so that I may notify the court when I file my motion for leave.

You have made the assertion that GFS is an indispensable party. I disagree. You do not want me to file a claim on GFS' behalf in state court, but I will not abandon that right at present. You have also indicated that you wish to keep this action in the federal court of Connecticut, as do I. My proposal will accomplish that goal.

I have also proposed staying the state court action until we have resolved the federal action, and have offered your clients res judicata effect in the state court action, but this does not seem to be satisfactory to you, for reasons that are not clear.

Accordingly, I will repeat an offer I made previously- agree to extend the Gwynn plaintiff's time to respond to the Motion to Dismiss for 30 days, as we attempt to resolve our competing interests. However, I will not make this offer contingent on staying discovery, as you have suggested. Nor will I make it contingent on agreeing, absent court order, to taking the various

SILVER GOLUB & TEITELL LLP

James Hawkins, Esq.
August 9, 2005
Page Two

depositions of defendants' present or former employees in New York City. I will, however, agree to forego bringing an action in state court to see if we can achieve common ground.

Please advise, by the close of business tomorrow, whether you agree. If not, I will proceed as indicated above, and file suit in the Connecticut state court next week.

                                                Very truly yours,

                                                Mario DiNatale

MD/sfn
cc: Peter Nolin, Esq. (via fax)
    William Tong, Esq. (via fax)