UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CASE NUMBER: <br> 3:03 CV 00644 (CFD) <br><br><br><br><br><br><br><br> September 16, 2005 |

## DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO THE RYAN AMENDED COMPLAINT

Defendants National Union Fire Insurance Company of Pittsburgh, Pa. and AIG Technical Services, Inc., now known as AIG Domestic Claims, Inc. ("AIGTS") (hereinafter referred to collectively as "National Union"), by their attorneys Finn Dixon & Herling LLP, as and for their Amended Answer, Affirmative Defenses and Counterclaims to the Amended Complaint of Plaintiffs Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick, and Merit Capital Associates, Inc. (together, the "*Ryan* Plaintiffs"), in the above-captioned action, dated December 12, 2003, hereby state as follows:

National Union denies the allegations in the opening paragraph of the Amended Complaint. With respect to the numbered paragraphs of the Amended Complaint that follow, National Union submits the following answers:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint, except admits that the mailing address of Merit Capital Associates, Inc. ("Merit") at certain times was 1221 Post Road East, Westport, Connecticut 06880.

5. Denies the allegations contained in Paragraph 5 of the Amended Complaint, except admits that National Union Fire Insurance Company of Pittsburgh, Pennsylvania is an insurance company duly organized and validly existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 70 Pine Street, New York, New York 10270.

6. Denies the allegations contained in Paragraph 6 of the Amended Complaint, except admits that AIG Technical Services, Inc. ("AIGTS") is a corporation duly organized and validly existing under the laws of the State of Delaware with its principal place of business at 70 Pine Street, New York, New York 10270, and that it is an indirect subsidiary of the American International Group, Inc., located at 70 Pine Street, New York, New York 10270, and further admits that National Union Fire Insurance Company of Pittsburgh, Pennsylvania is a duly organized and validly existing corporation, all of the stock of which is owned by the American International Group, Inc.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8. Denies the allegations contained in Paragraph 8 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 regarding the *Ryan* Plaintiffs' state of residence but admits that Merit's mailing address at certain times was 1221 Post Road East, Westport, Connecticut 06880.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint, except admits that Merit's mailing address at certain times was 1221 Post Road East, Westport, Connecticut 06880.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint.

15. Denies the allegations contained in Paragraph 15 of the Amended Complaint, except admits that National Union issued Securities Broker/Dealer's Professional Liability Insurance Policy No. 473-36-20 (the "Policy"), and respectfully refers the Court to the Policy for its true and complete terms.

16. Denies the allegations contained in Paragraph 16 of the Amended Complaint, except admits, upon information and belief, that the *Ryan* Plaintiffs were registered with the

{00149668; 4; 0040-3}

National Association of Securities Dealers, Inc. (the "NASD"), and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the terms of the *Ryan* Plaintiffs' employment with Merit, and respectfully refers the Court to the Policy for its true and complete terms.

17. Denies the allegations contained in Paragraph 17 of the Amended Complaint, except admits, upon information and belief, that David W. Gwynn ("Gwynn") was registered with the NASD, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the terms of his compensation by Merit, and respectfully refers the Court to the Policy for its true and complete terms.

18. Denies the allegations contained in Paragraph 18 of the Amended Complaint, except admits that Merit paid National Union $72,500 in premiums for the Policy, and respectfully refers the Court to the Policy for its true and complete terms.

19. Denies the allegations contained in Paragraph 19 of the Amended Complaint, and respectfully refers the Court to the Policy for its true and complete terms.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint, except admits that Michael A. Sowell ("Sowell") asserted claims ("Sowell's Claims") against the *Ryan* Plaintiffs as well as Gwynn, Gwynn Financial Services, Inc. and Raquel Gwynn (together, the "*Gwynn* Plaintiffs") for which the *Ryan* and *Gwynn* Plaintiffs sought coverage and a defense under the Policy.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Amended Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Amended Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended Complaint, and respectfully refers the Court to the letter from Gwynn to Fitzpatrick, dated October 5, 2000, for its true and complete terms.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint, except admits that Sowell filed a Statement of Claim with the NASD against the *Ryan* and *Gwynn* Plaintiffs dated August 31, 2001, and respectfully refers the Court to the Statement of Claim for its true and complete terms.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint.

31. Denies the allegations contained in Paragraph 31 of the Amended Complaint, and respectfully refers the Court to the Statement of Claim for its true and complete terms.

{00149668; 4; 0040-3}

32. Denies the allegations contained in Paragraph 32 of the Amended Complaint, and respectfully refers the Court to the Statement of Claim for its true and complete terms.

33. Denies the allegations contained in Paragraph 33 of the Amended Complaint, except admits that National Union received notice of Sowell's Statement of Claim on or about September 22, 2001.

34. Denies the allegations contained in Paragraph 34 of the Amended Complaint, except admits that AIGTS acted as agent for National Union with respect to the claims made by Sowell, and that National Union, in a letter from Brian Conlin ("Conlin") to Ryan, dated October 15, 2001, acknowledged receipt of Sowell's Statement of Claim on October 11, 2001, and respectfully refers the Court to that letter for its true and complete terms.

35. Denies the allegations contained in Paragraph 35 of the Amended Complaint, except admits that AIGTS acted as agent for National Union with respect to the claims made by Sowell.

36. Denies the allegations contained in Paragraph 36 of the Amended Complaint, and respectfully refers the Court to the Statement of Claim for its true and complete terms.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Amended Complaint, except admits that AIGTS, on behalf of National Union, requested the law firm of Renaud, Cook & Drury, P.A., of Phoenix, Arizona ("Renaud Cook") to represent the *Ryan* Plaintiffs and their wives.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Amended Complaint, except admits that AIGTS, on behalf of National Union, requested the law firm of Mariscal, Weeks, McIntyre & Friedlander, P.A., of Phoenix, Arizona ("Mariscal Weeks") to represent the *Gwynn* Plaintiffs.

39. Denies the allegations contained in Paragraph 39 of the Amended Complaint.

40. Denies the allegations contained in Paragraph 40 of the Amended Complaint.

41. Denies the allegations contained in Paragraph 41 of the Amended Complaint, except admits the following: Fitzpatrick sent Conlin a letter dated December 12, 2001, to which Fitzpatrick attached a copy of a power of attorney signed by Sowell, dated March 7, 1998; Fitzpatrick asserted in the same December 12, 2001 letter that the power of attorney was never used; and Fitzpatrick further asserted in the same December 12, 2001 letter, and in a letter to Conlin dated November 9, 2001, that Sowell's account was not discretionary. National Union respectfully refers the Court to these letters for their true and complete terms.

42. Denies the allegations contained in Paragraph 42 of the Amended Complaint, except admits that Fitzpatrick sent Conlin a letter dated December 12, 2001, to which Fitzpatrick attached a copy of a power of attorney signed by Sowell, dated March 7, 1998, and respectfully refers the Court to this letter for its true and complete terms.

43. Denies the allegations contained in Paragraph 43 of the Amended Complaint, and respectfully refers the Court to the following letters for their true and complete terms:

    a. Letter from Conlin to Gwynn, dated January 24, 2002, and

    b. Letter from Conlin to Ryan, dated January 24, 2002.

44. Denies the allegations contained in Paragraph 44 of the Amended Complaint, and respectfully refers the Court to the following letters for their true and complete terms:

    a. Letter from Conlin to Gwynn, dated January 24, 2002, and

    b. Letter from Conlin to Ryan, dated January 24, 2002.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Amended Complaint.

{00149668; 4; 0040-3}

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Amended Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Amended Complaint, except denies the allegations contained in the first sentence of Paragraph 47.

48. Denies the allegations contained in Paragraph 48 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 concerning Mariscal Weeks.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, except denies the allegations contained in the second sentence of Paragraph 49, and admits that Gwynn requested an adjournment of the hearing scheduled for October 15, 2002 through October 23, 2002, resulting in the assessment of a $1,200 fee by NASD Dispute Resolution, Inc.

50. Denies the allegations contained in Paragraph 50 of the Amended Complaint, and respectfully refers the Court to the letter from Sowell's counsel dated October 24, 2002, for its true and complete terms.

51. Denies the allegations contained in Paragraph 51 of the Amended Complaint.

52. Denies the allegations contained in Paragraph 52 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning any amounts Sowell may have accepted to settle Sowell's Claims contained in Paragraph 52.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Amended Complaint.

{00149668; 4; 0040-3}

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the reasons for the adjournment contained in Paragraph 54 of the Amended Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Amended Complaint.

56. Denies the allegations contained in Paragraph 56 of the Amended Complaint, except admits that National Union received a letter from Attorney John J. Nicgorski ("Nicgorski") on or about January 6, 2003, which was dated January 3, 2003, and respectfully refers the Court to that letter for its true and complete terms.

57. Admits the allegations contained in Paragraph 57 of the Amended Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Amended Complaint, except denies the allegations contained in the first and second sentences of Paragraph 58.

59. Denies the allegations contained in Paragraph 59 of the Amended Complaint.

60. Denies the allegations contained in Paragraph 60 of the Amended Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Amended Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Amended Complaint, except denies the allegations contained in the fifth sentence (labeled as subsection (e)) of Paragraph 62.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Amended Complaint, except denies the allegations contained in the first sentence (labeled as subsection (c)) of Paragraph 63.

64. Denies the allegations contained in Paragraph 64 of the Amended Complaint, except admits that on January 10, 2003, National Union requested the law firm of Mariscal Weeks to represent the *Gwynn* Plaintiffs.

65. Denies the allegations contained in Paragraph 65 of the Amended Complaint, except admits that National Union requested Mariscal Weeks to represent the *Gwynn Plaintiffs* and offered to retain counsel for the *Ryan* Plaintiffs.

66. Denies the allegations contained in Paragraph 66 of the Amended Complaint, and respectfully refers the Court to the letter from Frank Moskowitz to Nicgorski, dated January 10, 2003, for its true and complete terms.

67. Denies the allegations contained in Paragraph 67 of the Amended Complaint.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Amended Complaint, and respectfully refers the Court to the letter from Alan Baskin to Maxine Polomski, dated January 11, 2003, for its true and complete terms.

69. Denies the allegations contained in Paragraph 69 of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Maxine Polomski's NASD arbitration and trial experience.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Amended Complaint.

71. Denies the allegations contained in Paragraph 71 of the Amended Complaint.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Amended Complaint.

{00149668; 4; 0040-3}

73. Denies the allegations contained in Paragraph 73 of the Amended Complaint, and respectfully refers the Court to the letter from William Federman to Jeffrey King, dated January 16, 2003, for its true and complete terms.

74. Denies the allegations contained in Paragraph 74 of the Amended Complaint.

75. Admits the allegations contained in Paragraph 75 of the Amended Complaint, and respectfully refers the Court to the Award for its true and complete terms.

76. Admits the allegations contained in Paragraph 76 of the Amended Complaint, and respectfully refers the Court to the Award for its true and complete terms.

77. Denies the allegations contained in Paragraph 77 of the Amended Complaint, and respectfully refers the Court to the Award for its true and complete terms.

78. Denies the allegations contained in Paragraph 78 of the Amended Complaint, and respectfully refers the Court to the Award for its true and complete terms.

79. Denies the allegations contained in Paragraph 79 of the Amended Complaint.

80. Denies the allegations contained in Paragraph 80 of the Amended Complaint.

81. Denies the allegations contained in Paragraph 81 of the Amended Complaint.

82. Denies the allegations contained in Paragraph 82 of the Amended Complaint, and respectfully refers the Court to the Policy for its true and complete terms.

83. Denies the allegations contained in Paragraph 83 of the Amended Complaint.

84. Denies the allegations contained in Paragraph 84 of the Amended Complaint.

85. Denies the allegations contained in Paragraph 85 of the Amended Complaint.

86. Denies the allegations contained in Paragraph 86 of the Amended Complaint, except admits that the *Ryan* Plaintiffs' original complaint in this action was dated April 8, 2003.

87. Denies the allegations contained in Paragraph 87 of the Amended Complaint, except admits that Sowell filed an action styled *Sowell v. Merit Capital Associates, et al.,* Docket No. CV-2003-003960, in the Superior Court of the State of Arizona, Maricopa County, which has subsequently been dismissed.

88. Denies the allegations contained in Paragraph 88 of the Amended Complaint, except admits that National Union and AIGTS did settle this claim for an amount in excess of the Policy limits before hearing on the application to confirm the Award, and respectfully refers the Court to the agreements between the parties concerning the settlement of the Award and Sowell's Claims for their full and complete terms.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Amended Complaint

90. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Amended Complaint

91. Repeats and realleges its answers to Paragraphs 1 through 90 as if fully stated herein.

92. Denies the allegations contained in Paragraph 92 of the First Count of the Amended Complaint, and respectfully refers the Court to the Policy for its true and complete terms.

93. Denies the allegations contained in Paragraph 93 of the First Count of the Amended Complaint, and respectfully refers the Court to the Policy for its true and complete terms.

{00149668; 4; 0040-3}

94. Denies the allegations contained in Paragraph 94 of the First Count of the Amended Complaint, except admits that National Union requested Mariscal Weeks to represent the *Gwynn* Plaintiffs and Renaud Cook to represent the *Ryan* Plaintiffs.

95. Denies the allegations contained in Paragraph 95 of the Amended Complaint, except admits that on January 10, 2003, National Union requested the law firm of Mariscal Weeks to represent the *Gwynn* Plaintiffs.

96. Denies the allegations contained in Paragraph 96 of the First Count of the Amended Complaint.

97. [Paragraph 97 omitted in the Amended Complaint]

98. Denies the allegations contained in Paragraph 98 of the First Count of the Amended Complaint.

99. Denies the allegations contained in Paragraph 99 of the First Count of the Amended Complaint.

100. Denies the allegations contained in Paragraph 100 of the First Count of the Amended Complaint.

101. Denies the allegations contained in Paragraph 101 of the First Count of the Amended Complaint.

102. Denies the allegations contained in Paragraph 102 of the First Count of the Amended Complaint.

103. Repeats and realleges its answers to Paragraphs 1 through 102 as if fully stated herein.

{00149668; 4; 0040-3}

104. Denies the allegations contained in Paragraph 104 of the Second Count of the Amended Complaint, and respectfully refers the Court to the Policy for its true and complete terms.

105. Denies the allegations contained in Paragraph 105 of the Second Count of the Amended Complaint.

106. Denies the allegations contained in Paragraph 106 of the Second Count of the Amended Complaint.

107. Denies the allegations contained in Paragraph 107 of the Second Count of the Amended Complaint.

108. Denies the allegations contained in Paragraph 108 of the Second Count of the Amended Complaint.

109. Denies the allegations contained in Paragraph 109 of the Second Count of the Amended Complaint.

110. Repeats and realleges its answers to Paragraphs 1 through 109 as if fully stated herein.

111. Denies the allegations contained in Paragraph 111 of the Third Count of the Amended Complaint.

112. Denies the allegations contained in Paragraph 112 of the Third Count of the Amended Complaint.

113. Denies the allegations contained in Paragraph 113 of the Third Count of the Amended Complaint.

114. Denies the allegations contained in Paragraph 114 of the Third Count of the Amended Complaint.

115. Denies the allegations contained in Paragraph 115 of the Third Count of the Amended Complaint.

116. Denies the allegations contained in Paragraph 116 of the Third Count of the Amended Complaint.

117. Denies the allegations contained in Paragraph 117 of the Third Count of the Amended Complaint.

118. Repeats and realleges its answers to Paragraphs 1 through 117 as if fully stated herein.

119. Denies the allegations contained in Paragraph 119 of the Fourth Count of the Amended Complaint.

120. Denies the allegations contained in Paragraph 120 of the Fourth Count of the Amended Complaint.

121. Denies the allegations contained in Paragraph 121 of the Fourth Count of the Amended Complaint.

122. Denies the allegations contained in Paragraph 122 of the Fourth Count of the Amended Complaint.

123. Denies the allegations contained in Paragraph 123 of the Fourth Count of the Amended Complaint.

124. Denies the allegations contained in Paragraph 124 of the Fourth Count of the Amended Complaint.

125. Denies the allegations contained in Paragraph 125 of the Fourth Count of the Amended Complaint.

126. Denies the allegations contained in Paragraph 126 of the Fourth Count of the Amended Complaint.

127. Denies the allegations contained in Paragraph 127 of the Fourth Count of the Amended Complaint.

128. Denies the allegations contained in Paragraph 128 of the Fourth Count of the Amended Complaint.

129. Denies the allegations contained in Paragraph 129 of the Fourth Count of the Amended Complaint.

130. Denies the allegations contained in Paragraph 130 of the Fourth Count of the Amended Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (FRAUD)

The *Ryan* Plaintiffs knowingly and intentionally defrauded National Union though false statements and material omissions to obtain insurance coverage, defense and indemnification to which they were not entitled.

### SECOND AFFIRMATIVE DEFENSE
### (LATE NOTICE)

As described below in National Union's Counterclaims, the *Ryan* Plaintiffs failed to give notice to National Union "as soon as practicable," as required by the notice provisions of the Policy (*see* Policy at ¶ 8(a)), and to the extent National Union had any duty to defend or indemnify the *Ryan* Plaintiffs, materially prejudiced National Union's ability to perform its obligations under the Policy.

### THIRD AFFIRMATIVE DEFENSE
### (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

The *Ryan* Plaintiffs' breached the implied covenant of good faith and fair dealing by engaging in the misconduct described below in National Union's Counterclaims.

### FOURTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

The *Ryan* Plaintiffs come to this action with unclean hands, obtaining insurance coverage, defense and indemnification to which they were not entitled by fraud; making false statements and omissions that were material to National Union's decision whether to provide coverage and extensions of the Policy; inducing the 30 Day extension (as defined at Paragraph

17

{00149668; 4; 0040-3}

52 of National Union's Counterclaims, below) by fraud; breaching the implied covenant of good faith and fair dealing; and willfully failing to mitigate their damages.

### FIFTH AFFIRMATIVE DEFENSE
(LACK OF STANDING)

Merit lacks standing because it sold all or substantially all its assets and ceased to do business in or about November 2001.

### SIXTH AFFIRMATIVE DEFENSE
(PAYMENT)

To the extent National Union had any duty to defend or indemnify the *Ryan* Plaintiffs, National Union has made payment in excess of the limits of the Policy, including without limitation its settlement with Sowell, and has fully performed and satisfied its obligations to the Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE
(FAILURE TO STATE A CLAIM)

The Amended Complaint fails to state a claim against National Union upon which relief can be granted for the reasons set forth in National Union's Motion to Dismiss, which are incorporated by reference herein.

### EIGHTH AFFIRMATIVE DEFENSE
(NO RESIDUAL LIABILITY)

Because National Union settled with Sowell by paying an amount in excess of the Policy limits on behalf of the *Ryan* Plaintiffs and others, and caused the Award against them to be vacated, the *Ryan* Plaintiffs have been discharged and released from any liability to Sowell for all claims.