UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITOL ASSOCIATES, INC.<br>Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 00644 (CFD)<br>)<br>)<br>) |
| vs. | ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>Defendants | )<br>)<br>)<br>) |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC.<br>Plaintiffs | )<br>) CIVIL ACTION NO.<br>) 3:03 CV 01154 (CFD)<br>) |
| vs. | )<br>) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>Defendants | )<br>)<br>)<br>) SEPTEMBER 23, 2005 |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM IN EXCESS OF 10 PAGES

Plaintiffs, David Gwynn, Raquel Gwynn and Gwynn Financial Services, Inc. ("GFS") (collectively, the Gwynn plaintiffs) respectfully move this court for leave to file a memorandum of law in excess of 10 pages in opposition to the defendants' September 6, 2005 Memorandum in Opposition to various jurisdictional motions.

Plaintiffs assert the following in support of this Motion:

1. On September 6, 2005, defendants filed a Memorandum of Law in Opposition ("defendants' memorandum") to various motions addressed to the subject matter jurisdiction of this Court, as more fully described therein.

2. The Gwynn plaintiffs and defendants differ with respect to the question of whether any responsive memorandum to be filed by the Gwynn plaintiffs in opposition to defendants' motion should be deemed a Memorandum in Opposition or a Reply Memorandum.

3. If the responsive memorandum is deemed to be considered a Reply Memorandum, it is limited to 10 pages in length, pursuant to Local Rule 7(d).

4. Defendants' Memorandum raises issues of law not previously addressed by plaintiffs, including the question of whether GFS is an "indispensable party" to this action, pursuant to Fed. R. Civ. P. 19(b).

5. It would be extremely difficult for plaintiffs, and thus prejudicial, to be limited to a 10 page limit in responding to the issues raised in defendants' memorandum.

6. Accordingly, the Gwynn plaintiffs respectfully request leave to file a responsive memorandum of 20 pages in length, even if the court ultimately deems said memorandum to be a "reply" memorandum.

7. Plaintiffs' counsel has communicated with counsel to the defendants, who has no objection to this request.

2

8. Plaintiffs' counsel has also communicated with counsel to co-plaintiffs, who also has no objection to this request.

**PLAINTIFFS, DAVID GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC.**

By_____
Mario DiNatale (ct 12449)
Jonathan M. Levine (ct 07584)
Silver Golub & Teitell, LLP
184 Atlantic Street
Stamford, CT 06904
(203) 325-4491
(203) 325-3769 (Fax)
Email: MDinatale@sgtlaw.com
          JLevine@sgtlaw.com

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was sent via facsimile and U.S. mail, postage prepaid on this 23rd day of September, 2005, to:

James R. Hawkins, II, Esq.
Finn Dixon & Herling LLP
One Landmark Square
Stamford CT 06901

Peter M. Nolin, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905

_____
MARIO DiNATALE