## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., | ) ) ) ) | CASE NUMBER: 3:03 CV 00644 (CFD) |
| **Plaintiffs,** | ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | |
| **Defendants.** | ) ) | |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC. | ) ) ) | CASE NUMBER: 3:03 CV 01154 (CFD) |
| **Plaintiffs,** | ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | September 23, 2005 |
| **Defendants.** | ) | |

### AFFIDAVIT OF STEPHANIE A. MCLAUGHLIN, ESQ.

**STATE OF CONNECTICUT** )
                                    )    ss: STAMFORD
**COUNTY OF FAIRFIELD** )

Stephanie A. McLaughlin, being duly sworn, deposes and says:

1.     I am over the age of 18 years and believe in the obligations of the oath.

2. I make this affidavit in support of Plaintiffs' Motion to Compel Deposition and for Sanctions ("Motion") filed herewith.

3. I am an attorney with the law firm Sandak Hennessey & Greco, LLP, a member of the bar of this Court and counsel for Plaintiffs, Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick and Merit Capital Associates, Inc. ("Ryan Plaintiffs") in the above entitled action.

4. On September 1, 2005, counsel for all parties to this action and the related action of *David Gwynn et al* [the "Gwynn Plaintiffs] *v. National Union et el,* Docket Number 3:03 CV 01154 (CFD) participated in a teleconference in a good faith effort to resolve by agreement the issues raised by the Motion without Court intervention. The parties were unable to reach such an agreement.

5. Specifically, during the good faith conference, the parties discussed whether counsel for the Defendants, National Union Fire Insurance Company of Pittsburgh, PA and AIG Technical Services, Inc. (collectively referred to as "National Union") would be producing Elizabeth Wacik on September 7, 2005 for her duly noticed deposition. Ms. Waciks' deposition had been noticed and re-noticed since June 23, 2005 at National Union's requests.

6. Initially, National Union objected to producing Ms. Wacik based on a certain request for production connected to that deposition—the Gwynn Plaintiffs' August 30, 2005 notice of deposition directed to Ms. Wacik included a limited request for production which sought a document identifying the date that defendant AIG Technical Services, Inc. transferred the claims file, at issue in this action, from its claims department to its coverage department. At

the end of the good faith conference, National Union's counsel stated that he would confer with his clients to determine whether they would produce Ms. Wacik for her duly noticed deposition.

7.  By letter dated September 6, 2005, counsel for National Union notified counsel for the Ryan Plaintiffs and counsel for the Gwynn Plaintiffs that he would not be producing Ms. Wacik for her deposition. A true and correct copy of that letter is attached hereto as Exhibit A.

8.  National Union's failure to produce Ms. Wacik for her deposition necessitated the filing of the Motion.

Dated at Stamford, Connecticut, this 23rd day of September, 2005.

_____/s/ Stephanie A. McLaughlin_____
Stephanie A. McLaughlin (ct22774)


\_\_\_\_/s/ Joanna M. Czekajewski_____
Joanna M. Czekajewski
Commissioner of the Superior Court