UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., | ) ) ) | CASE NUMBER: 3:03 CV 00644 (CFD) |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | |
| Defendants. | ) ) | |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC. | ) ) ) | CASE NUMBER: 3:03 CV 01154 (CFD) |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | SEPTEMBER 28, 2005 |
| Defendants. | ) | |

## AFFIDAVIT OF PETER M. NOLIN, ESQ.

**STATE OF CONNECTICUT** )
                                        )     ss: STAMFORD
**COUNTY OF FAIRFIELD** )

I, Peter M. Nolin, being duly sworn, do hereby depose and state under oath:

1.      I am over the age of 18 years and believe in the obligations of the oath.

2. I make this Affidavit in accordance with the Federal Rules of Procedure and Local Rules of Procedure for the District of Connecticut which require a good faith conference in an effort to resolve discovery disputes before such disputes are presented to the Court.

3. On May 16, 2005 the Plaintiffs in this action Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick and Merit Capital Associates, Inc. (the "Ryan Plaintiffs") served requests for discovery upon the Defendants National Union Fire Insurance Company of Pittsburgh, PA ("NU") and AIG Technical Services, Inc. ("AIGTS") (together "AIG"). A copy of that request is attached hereto as Exhibit A (the "Request for Production".)

4. In part, the Ryan Plaintiffs' Request for Production was intended to supplement and expand upon the prior discovery request served by the Gwynn Plaintiffs in the consolidated action of *Gwynn v. National Union et el,* Docket Number 3:03 CV 01154 (CFD). Defendants had responded to the Gwynn Plaintiffs' discovery by producing Defendant AIGTS's coverage file, NU's underwriting file, and a limited amount of correspondence concerning this matter that predated the filing of this action. (approximately 1800 pages of documents).

5. The Request for Production from the Ryan Plaintiffs sought numerous additional areas of document production including, but not limited to, all coverage documents related to the underlying claim, all reserve documentation related to the underlying claim, all requests for reinsurance on the underlying claim, personnel records on the AIG personnel who handled the underlying claim, documents related to AIG's settlement of the underlying claim, all manuals, policies and procedures related to interpretation of the applicable policy or similar policy provisions, and all written policies and procedures relating to the underwriting and handlings of the claim on this matter, documents relating to claims of bad faith or breach of the duty of AIG

2

to defend or indemnify its insureds, documents relating to administrative regulatory or criminal proceedings in which AIG was alleged or was found to have acted improperly, and all documents relating to fees or commissions paid to brokers on the policy.

6. After a requested 30 day extension, AIG responded to the Ryan Plaintiffs' request for production on or about July 15, 2005. AIG referenced the previous documents which had been produced in response to the discovery request of the Gwynn Plaintiffs, but AIG objected to each and every request for production and produced no additional documents. A copy of the responses filed by AIGTS and NU are attached hereto as Exhibit B.

7. On or about July 28, 2005, I had a good faith conference with counsel for AIG, William Tong, concerning the Request for Production by the Ryan Plaintiffs. In that conference Attorney Tong indicated that AIG viewed the Requests for Production as over broad, as seeking irrelevant information, as seeking confidential information, and as seeking materials which were subject to attorney/client and work product privileges. He indicated nonetheless that he would consider the Requests for Production with his client who might choose to supplement some of the responses.

8. Despite repeated requests thereafter, both in writing and orally, AIG has failed and refused to supplement any of its prior responses and has produced no additional documents. In August 2005, AIG provided the undersigned with a proposed Amended Answer, Affirmative Defenses and Counterclaims, in which AIG for the first time proposed asserting fraud and misrepresentation claims against the Ryan Plaintiffs. With the Court's permission that pleading was filed on September 18, 2005.

9. A copy of AIG's Privilege Log with accompanying correspondence is attached hereto as Exhibit C. AIG has taken the position that notwithstanding its continued defense of the Ryan Plaintiffs and the Gwynn Plaintiffs through the settlement of the underlying arbitration in late August or early September 2003, it has no obligation to produce any materials which are deemed attorney/client or work product privileged and has no obligation to log such documents after the date this action was commenced in April, 2003.

10. Despite the new counterclaims asserted by AIG, AIG has refused to supplement its prior production and has not altered its position on its privilege claims.

11. Portions of the depositions of AIG witnesses Brian Conlin, Jonathan Weber, Raymond DeCarlo and Raymond Tiburzi referenced in the Memorandum of Law in Support of their Motion to Compel, are attached hereto as Exhibit D.

12. Despite good faith efforts, the Ryan Plaintiffs have been unable to resolve the outstanding objections of AIG to the Request for Production request dated May 16, 2005, and therefore, the Ryan Plaintiffs request Court adjudication of those objections.

                                                            **/S/**
                                                       Peter M. Nolin (ct06223)

Subscribed and sworn to before me
this 28th day of September, 2005.

   **/S/** Pat Faubel
Notary Public
Commissioner of the Superior Court

4