UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., | )<br>)   CASE NUMBER:<br>)   3:03 CV 00644 (CFD)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | )<br>)<br>)   OCTOBER 3, 2005<br>) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Plaintiffs Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick and Merit Capital Associates, Inc. (the "Ryan Plaintiffs") hereby answer the counterclaims of the Defendants and the Counterclaim Plaintiffs National Union Fire Insurance Company of Pittsburg, PA., and AIG Technical Services, Inc. (together "National Union"), dated September 16, 2005 as follows:

1.      The Ryan Plaintiffs admit the allegations in Paragraph 1.

2.      The Ryan Plaintiffs admit the allegations in Paragraph 2.

3.      The Ryan Plaintiffs admit the allegations in Paragraph 3 but deny that the Ryan Plaintiffs allege that a majority of the acts and consequences between them and National Union took place in Connecticut.

4.      The Ryan Plaintiffs admit the allegations in Paragraph 4.

5.      The Ryan Plaintiffs admit the allegations in Paragraph 5.

6.      The Ryan Plaintiffs admit the allegations in Paragraph 6.

7. The Ryan Plaintiffs admit the allegations in Paragraph 7 but deny the allegation that Source may be a successor in interest to Merit.

8. The Ryan Plaintiffs admit the allegations in Paragraph 8.

9. The Ryan Plaintiffs admit the allegations in Paragraph 9.

10. The Ryan Plaintiffs admit the allegations in Paragraph 10 but deny that Mr. Fitzpatrick performed any of the acts complained of by National Union while working in any capacity for Source, deny that Mr. Fitzpatrick was ever simultaneously employed by Merit and Source and deny that Fitzpatrick was ever a corporate officer of Merit.

11. The Ryan Plaintiffs admit the allegations in Paragraph 11.

12. The Ryan Plaintiffs admit the allegations in Paragraph 12.

13. The Ryan Plaintiffs admit the allegations in Paragraph 13 but deny the allegation that Gwynn "managed Sowell's Trading Account."

14. The Ryan Plaintiffs admit that Sowell made the allegations alleged in Paragraph 14 but leave National Union to its proof of the facts underlying Sowell's allegations. The Ryan Plaintiffs further admit that Sowell, through his lawyers, made demands for information but not complaints, beginning in April 2001 but the Ryan Plaintiffs deny the remaining allegations of Paragraph 14.

15. As to Paragraph 15, the Ryan Plaintiffs admit that on or about September 4, 2001 Sowell filed a Statement of Claim with the NASD against the Ryan Plaintiffs and the Gwynn Plaintiffs and against the spouses of Messrs. Ryan, Newton and Fitzpatrick, that Sowell's Statement of Claim included the allegations referenced in Paragraph 15, and that Sowell requested an arbitration in Phoenix, Arizona.

16. The Ryan Plaintiffs admit Sowell made the allegations referenced in Paragraph 16, but leave National Union to its proof of the facts underlying Sowell's allegations.

17. As to Paragraph 17 the Ryan Plaintiffs lack sufficient knowledge or information upon which to form a belief and therefore leave National Union to its proof.

18. As to Paragraph 18 the Ryan Plaintiffs lack sufficient knowledge or information upon which to form a belief and therefore leave National Union to its proof.

19. The Ryan Plaintiffs admit that Sowell made the allegations contained in Paragraph 19 but deny the truth of those allegations and leave National Union to its proof of the facts underlying Sowell's allegations.

20. The Ryan Plaintiffs admit that Sowell made the allegations contained in Paragraph 20 but deny the truth of those allegations and leave National Union to its proof of the facts underlying Sowell's allegations.

21. The Ryan Plaintiffs admit that Sowell made the allegations contained in Paragraph 21 but deny the truth of those allegations and leave National Union to its proof of the facts underlying Sowell's allegations.

22. The Ryan Plaintiffs admit that Sowell made the allegations contained in Paragraph 22 but deny the truth of those allegations and leave National Union to its proof of the facts underlying Sowell's allegations.

23. The Ryan Plaintiffs admit the existence of the documents referenced in Paragraph 23 and the Ryan Plaintiffs respectfully refer the Court to the documents which speak for themselves, but the Ryan Plaintiffs deny that National Union has accurately and completely quoted from or characterized the documents referenced.

24.     The Ryan Plaintiffs admit that Sowell filed the Amended Statement of Claim referenced in Paragraph 24 and that the Amended Statement of Claim contain the allegations referenced in Paragraph 24, but the Ryan Plaintiffs deny the truth of those allegations and leave National Union to its proof of the facts underlying Sowell's allegations.

25.     As to Paragraph 25 the Ryan Plaintiffs lack sufficient knowledge or information upon which to form a belief and therefore leave National Union to its proof.

26.     The Ryan Plaintiffs admit that Sowell made the allegations referenced in Paragraph 26 but deny the truth of those allegations and leave National Union to its proof of the facts underlying Sowell's allegations.

27.     The Ryan Plaintiffs deny the allegations contained in Paragraph 27.

28.     The Ryan Plaintiffs deny the allegations contained in Paragraph 28.

29.     The Ryan Plaintiffs admit that Sowell made the allegations referenced in Paragraph 29 but deny that all such allegations are true and correct and leave National Union to its proof of the facts underlying Sowell's allegations.

30.     As to Paragraph 30 the Ryan Plaintiffs lack sufficient knowledge or information upon which to form a belief and therefore leave National Union to its proof.

31.     The Ryan Plaintiffs admit that Sowell made the allegations referenced in Paragraph 31 but deny that all such allegations are true and correct and leave National Union to its proof of the facts underlying Sowell's allegations.

32.     The Ryan Plaintiffs admit that Sowell filed a Statement of Claim and an Amended Statement of Claim and that Sowell made the allegations referenced in Paragraph 32 but the Ryan Plaintiffs deny that all such allegations are true and correct and leave National Union to its proof of the facts underlying Sowell's allegations.

33. The Ryan Plaintiffs admit that Sowell made the allegations referenced in Paragraph 33 but deny that all such allegations are true and correct and leave National Union to its proof of the facts underlying Sowell's allegations.

34. The Ryan Plaintiffs admit the allegations in Paragraph 34, but deny that the Ryan Plaintiffs and Gwynn were the only insureds under the Policy as to the Sowell Claims.

35. The Ryan Plaintiffs admit the allegations in Paragraph 35.

36. The Ryan Plaintiffs deny the allegations of Paragraph 36.

37. The Ryan Plaintiffs admit so much of Paragraph 37 as alleges that National Union extended the policy period by 30 days from August 23, 2001 until September 23, 2001 but as to the remaining allegations of Paragraph 37 the Ryan Plaintiffs lack sufficient knowledge or information upon which to form a belief and therefore leave National Union to its proof.

38. The Ryan Plaintiffs admit the existence of the Policy and respectfully refer the Court to the terms of this Policy which speaks for itself and deny that National Union has completely and accurately stated the terms of the Policy.

39. The Ryan Plaintiffs admit the existence of the Policy and respectfully refer the Court to the terms of this Policy which speaks for itself but deny that National Union has completely and accurately stated the terms of the Policy.

40. The Ryan Plaintiffs admit the allegations in Paragraph 40.

41. They Ryan Plaintiffs deny the allegations of Paragraph 41.

42. The Ryan Plaintiffs admit that Sowell's lawyers made demand for certain documents and records in the period between April and June 2001, that Alan Baskin sent Merit a letter dated April 15, 2001, and that some of the demands were directed solely to Mr. Gwynn, but the Ryan Plaintiffs deny the remaining allegations of Paragraph 42.

43. As to Paragraph 43 the Ryan Plaintiffs admit that they did not give notice of Sowell's request for information to National Union and that National Union in October 2001 requested information about complaints from Mr. Sowell but the Ryan Plaintiffs deny the allegations of National Union which mischaracterize the terms and conditions of the Policy, and deny the remaining allegations of Paragraph 43.

44. The Ryan Plaintiffs admit the allegations of Paragraph 44.

45. As to the allegations in Paragraph 45 the Ryan Plaintiffs lack sufficient knowledge or information upon which to form a belief and therefore leave National Union to its proof.

46. As to Paragraph 46 the Ryan Plaintiffs admit they were aware of Sowell's request for information and Gwynn's letter of May 16, 2001, and that National Union later requested information concerning complaints from Sowell, but the Ryan Plaintiffs deny the remaining allegations of Paragraph 46.

47. The Ryan Plaintiffs admit the allegations in Paragraph 47.

48. The Ryan Plaintiffs admit the allegations in Paragraph 48.

49. The Ryan Plaintiffs admit the allegations in Paragraph 49.

50. The Ryan Plaintiffs admit the allegations in Paragraph 50.

51. The Ryan Plaintiffs deny the allegations in Paragraph 51.

52. As to Paragraph 52 the Ryan Plaintiffs admit a 30 day extension was requested through a broker, that the Ryan Plaintiffs did not give AIG notice of Sowell's requests for information between April and June 2001 or Gwynn's Mary 16, 2001 letter, but the Ryan Plaintiff's deny the remaining allegations of Paragraph 52.

53. The Ryan Plaintiffs deny the allegations in Paragraph 53.

54. The Ryan Plaintiffs deny the allegations in Paragraph 54.

55. As to Paragraph 55 the Ryan Plaintiffs admit that on or about September 10, 2001 Mr. Fitzpatrick sent a letter to National Union requesting an extension of the policy of approximately 90 days and that in that letter he stated "we are not currently aware of any claims to be made against AIG," but the Ryan Plaintiffs deny the remaining allegations of Paragraph 55.

56. The Ryan Plaintiffs deny the allegations in Paragraph 56.

57. The Ryan Plaintiffs admit the allegations in Paragraph 57.

58. The Ryan Plaintiffs deny the allegations in Paragraph 58.

59. The Ryan Plaintiffs deny the allegations in Paragraph 59.

60. The Ryan Plaintiffs admit that on or about October 1, 2001, AIGTS Claims Analyst Brian Conlin sent a letter to Ryan seeking a copy of Sowell's Statement of Claim but the Ryan Plaintiffs deny that Paragraph 60 completely and accurately states the terms of that letter and the Ryan Plaintiffs respectfully refer the Court to the document which speaks for itself.

61. The Ryan Plaintiffs admit that Conlin received the Statement of Claim on or about October 11, 2001 and received additional information from the Ryan Plaintiffs as well and deny the remaining allegations in Paragraph 61.

62. The Ryan Plaintiffs admit the allegations in Paragraph 62.

63. The Ryan Plaintiffs admit that pursuant to Mr. Conlin's letter of October 15, 2001, National Union reserved its rights and referenced certain of the Policy provisions contained in Paragraph 63 but the Ryan Plaintiffs deny that Paragraph 63 completely and accurately states all of the terms of Mr. Conlin's letter which speaks for itself and the Ryan Plaintiffs deny the remaining allegations of Paragraph 63.

64. As to Paragraph 64 the Ryan Plaintiffs lack sufficient knowledge or information upon which to form a belief and therefore leave National Union to its proof.

65. The Ryan Plaintiffs deny the allegations of Paragraph 65.

66. As to Paragraph 66 the Ryan Plaintiffs lack sufficient knowledge or information upon which to form a belief and therefore leave National Union to its proof.

67. The Ryan Plaintiffs admit that National Union sent a letter dated November 26, 2001 seeking a copy of a Power of Attorney governing Sowell's Merit trading account and additional information but the Ryan Plaintiffs deny that Paragraph 67 accurately and completely states the terms of that letter and respectfully refer the Court to the letter which speaks for itself.

68. The Ryan Plaintiffs admit the allegations in Paragraph 68.

69. The Ryan Plaintiffs deny the allegations in Paragraph 69.

70. As to Paragraph 70 the Ryan Plaintiffs admit that Fitzpatrick sent Sowell five letters from August 1999 to June 2001 using substantially the same language in which he informed Sowell that his account was actively traded. The Ryan Plaintiffs further admit that Sowell made the allegations referenced in Paragraph 70 of the Complaint but the Ryan Plaintiffs deny that all such allegations are true and therefore leave National Union to its proof of the facts underlying Sowell's allegations. The Ryan Plaintiffs deny the remaining allegations of Paragraph 70.

71. As to Paragraph 71 the Ryan Plaintiffs lack sufficient knowledge or information upon which to form a belief and therefore leave National Union to its proof.

72. The Ryan Plaintiffs admit so much of Paragraph 72 as alleges that the renewal application acknowledged that less than 1% of Merit's accounts were discretionary accounts but the Ryan Plaintiffs deny the remaining allegations of Paragraph 72.

73. The Ryan Plaintiffs admit that Mr. Conlin on behalf of National Union wrote letters on or about January 12 and January 24, 2002 to the Ryan Plaintiffs and to Gwynn which included the quoted language but the Ryan Plaintiffs deny the remaining allegations of Paragraph 73.

74. The Ryan Plaintiffs deny the allegations of Paragraph 74.

75. As to Paragraph 75 the Ryan Plaintiffs lack sufficient knowledge or information upon which to form a belief and therefore leave National Union to its proof.

76. The Ryan Plaintiffs admit that on or about May 17, 2002 Gwynn sent a letter to National Union but the Ryan Plaintiffs deny that National Union has completely and accurately quoted that letter and therefore the Ryan Plaintiffs respectfully refer the Court to the document which speaks for itself.

77. As to Paragraph 77 the Ryan Plaintiffs lack sufficient knowledge or information upon which to form a belief and therefore leave National Union to its proof.

78. The Ryan Plaintiffs admit the allegations in Paragraph 78.

79. As to Paragraph 79, the Ryan Plaintiffs admit that on or about April 10, 2002 David McDowell of Renaud Cook sent a letter to the Ryan Plaintiffs concerning their engagement and seeking a $10,000 retainer, that they were unable to pay the retainer and that the law firm of Renaud Cook withdrew from the representation of the Ryan Plaintiffs in the Sowell arbitration on or about June 14, 2002, but the Ryan Plaintiffs deny the remaining allegations of id Paragraph 79.

80. The Ryan Plaintiffs admit the allegations in Paragraph 80 that they retained William Federman to represent them in the Sowell arbitration during the summer of 2002, and

that Federman had previously represented Merit but the Ryan Plaintiffs deny the remaining allegations of Paragraph 80.

81. The Ryan Plaintiffs deny the allegations in Paragraph 81.

82. The Ryan Plaintiffs admit the allegations in Paragraph 82.

83. As to Paragraph 83 the Ryan Plaintiffs lack sufficient knowledge or information upon which to form a belief and therefore leave National Union to its proof.

84. The Ryan Plaintiffs admit that on or about Friday, January 3, 2003, Attorney John Nigorski faxed a letter to National Union demanding renewed coverage for Gwynn under the Policy and that he attached two documents to that letter but the Ryan Plaintiffs deny that Paragraph 84 completely and accurately states the terms of that letter and deny the remaining allegations of Paragraph 84.

85. The Ryan Plaintiffs admit that the Financial Planning and Advisory and Disclosure Agreement provided that the "client will retain absolute discretion over all investments and implementation decisions," but as to the remaining allegations of Paragraph 85 the Ryan Plaintiffs lack sufficient knowledge or information upon which to form a belief and therefore leave National Union to its proof.

86. The Ryan Plaintiffs admit that Attorney Nigorski provided the July 28, 1998 Options form but deny the remaining allegations of Paragraph 86.

87. The Ryan Plaintiffs admit that in the referenced letter Attorney Nigorski complained that National Union had not previously provided Gwynn with a copy of the Power of Attorney upon which National Union based its decision to withdraw its defense and deny coverage but as to the remaining allegations of Paragraph 87 the Ryan Plaintiffs lack sufficient

knowledge or information upon which to form a belief and therefore leave National Union to its proof.

    88.     The Ryan Plaintiffs admit the allegations in Paragraph 88.

    89.     As to Paragraph 89 the Ryan Plaintiffs admit that Attorney Nigorski advised National Union that the Sowell arbitration was to begin on Tuesday, June 7, 2003, but the Ryan Plaintiffs deny the implication of Paragraph 89 that National Union was not already aware of that information.

    90.     The Ryan Plaintiffs admit the allegations in Paragraph 90.

    91.     The Ryan Plaintiffs admit the allegations in Paragraph 91.

    92.     The Ryan Plaintiffs admit the allegation in Paragraph 92 that the Ryan Plaintiffs have alleged the March 1998 Power of Attorney was not notarized and hence was not effective under Arizona law but the Ryan Plaintiffs deny the remaining allegations of Paragraph 92.

    93.     The Ryan Plaintiffs admit that Attorney Nigorski and the Ryan Plaintiffs have not disclosed the legal statements set forth in Paragraph 93, but the Ryan Plaintiffs deny they are required to make any such disclosure and deny that Paragraph 93 as alleged by National Union is an accurate statement of Arizona law.

    94.     As to Paragraph 94 the Ryan Plaintiffs lack sufficient knowledge or information upon which to form a belief and therefore leave National Union to its proof.

    95.     As to Paragraph 95 the Ryan Plaintiffs admit that on or about January 10, 2003 National Union offered to provide a defense to the Plaintiffs in the Sowell arbitration but as to the remaining allegations of Paragraph 95 the Ryan Plaintiffs lack sufficient knowledge or information upon which to form a belief and therefore leave National Union to its proof.

96. The Ryan Plaintiffs admit that they accepted National Union's offer to pay the attorney fees of William Federman, Esq. in the Sowell arbitration but deny the remaining allegations of Paragraph 96.

97. The Ryan Plaintiffs admit so much of Paragraph 97 as alleges that National Union retained a junior lawyer, Maxine Polomski, with minimal trial experience to represent the Gwynn Plaintiffs in the continued arbitration beginning on or about January 13, 2003 but the Ryan Plaintiffs deny the remaining allegations of Paragraph 97.

98. The Ryan Plaintiffs admit that on or about February 24, 2003 the NASD arbitration panel issued an award and the Ryan Plaintiffs deny that Paragraph 98 completely and accurately states the terms of that award and respectfully refers the Court to the award which speaks for itself.

99. The Ryan Plaintiffs admit the allegations in Paragraph 99.

100. The Ryan Plaintiffs admit the allegations in Paragraph 100.

101. The Ryan Plaintiffs admit that after National Union failed to authorize defense counsel to file an appeal of the award, that Sowell then filed an action to confirm the arbitration award in *Sowell v. Merit Capital Associates, Inc., et al* Cause No. CV03-003960 Superior Court of the State of Arizona, County of Mericopa, but the Ryan Plaintiffs deny the remaining allegations of Paragraph 101.

102. The Ryan Plaintiffs deny the allegations of Paragraph 102.

103. The Ryan Plaintiffs admit that National Union "paid Sowell an amount in excess of the Policy limits to settle all of Sowell's claims against them," and that "the Ryan Plaintiffs received a full release of any liability from Sowell for all claims" but the Ryan Plaintiffs deny the remaining allegations of Paragraph 103.

104. The Ryan Plaintiffs admit the allegations in Paragraph 104.

105. The Ryan Plaintiffs admit the allegations in Paragraph 105.

106. The Ryan Plaintiffs repeat their responses to Paragraphs 1 through 105 as their responses to Paragraph 106.

107. The Ryan Plaintiffs deny the allegations in Paragraph 107.

108. The Ryan Plaintiffs deny the allegations in Paragraph 108.

109. The Ryan Plaintiffs deny the allegations in Paragraph 109.

110. The Ryan Plaintiffs deny the allegations in Paragraph 110.

111. The Ryan Plaintiffs repeat their responses to Paragraphs 1 through 105 as their responses to Paragraph 111.

112. The Ryan Plaintiffs deny the allegations in Paragraph 112.

113. The Ryan Plaintiffs deny the allegations in Paragraph 113.

114. The Ryan Plaintiffs deny the allegations in Paragraph 114.

115. The Ryan Plaintiffs deny the allegations in Paragraph 115.

116. The Ryan Plaintiffs repeat their responses to Paragraphs 1 through 105 as their responses to Paragraph 116.

117. The Ryan Plaintiffs admit that the Policy is a contract between the Ryan Plaintiffs and National Union but the Ryan Plaintiffs deny the remaining allegations of Paragraph 117.

118. The Ryan Plaintiffs deny the allegations in Paragraph 118.

119. The Ryan Plaintiffs deny the allegations in Paragraph 119.

120. The Ryan Plaintiffs deny the allegations in Paragraph 120.

121. The Ryan Plaintiffs repeat their responses to Paragraphs 1 through 105 as their responses to Paragraph 121.

122. The Ryan Plaintiffs admit so much of Paragraph 122 as alleges that the Policy was a contract between the Ryan Plaintiffs and National Union but the Ryan Plaintiffs deny the remaining allegations of Paragraph 122.

123. The Ryan Plaintiffs deny the allegations in Paragraph 123.

124. The Ryan Plaintiffs deny the allegations in Paragraph 124.

125. The Ryan Plaintiffs deny the allegations in Paragraph 125.

126. The Ryan Plaintiffs deny the allegations in Paragraph 126.

127. The Ryan Plaintiffs deny the allegations in Paragraph 127.

128. The Ryan Plaintiffs repeat their responses to Paragraphs 1 through 105 as their responses to Paragraph 128.

129. The Ryan Plaintiffs deny the allegations in Paragraph 129.

130. The Ryan Plaintiffs deny the allegations in Paragraph 130.

131. The Ryan Plaintiffs deny the allegations in Paragraph 131.

132. The Ryan Plaintiffs deny the allegations in Paragraph 132.

133. The Ryan Plaintiffs deny the allegations in Paragraph 133.

134. The Ryan Plaintiffs deny the allegations in Paragraph 134.

135. The Ryan Plaintiffs deny the allegations in Paragraph 135.

136. The Ryan Plaintiffs deny the allegations in Paragraph 136.

137. The Ryan Plaintiffs deny the allegations in Paragraph 137.

## **AFFIRMATIVE DEFENSES**

**First Affirmative Defense:**

The Counterclaims fail to state a claim against the Ryan Plaintiffs upon which relief can be granted.

**Second Affirmative Defense:**

National Union has failed to plead its fraud claims with particularity as required under the Federal Rules.

**Third Affirmative Defense:**

The Ryan Plaintiffs incorporate all the facts and allegations of their Amended Complaint against National Union as defenses under theories of waiver, unclean hands, and estoppel.

        **PLAINTIFFS, BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES INC.,**

By  **/S/**
    Peter M. Nolin (ct06223)
    Stephanie A. McLaughlin (ct22774)
    **Sandak Hennessey & Greco LLP**
    707 Summer Street
    Stamford, CT  06901
    (203) 425-4200
    (203) 325-8608 (fax)
    pnolin@shglaw.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid, on October 3, 2005, to the following counsel:

James R. Hawkins, II, Esq.
Finn Dixon & Herling, LLP
One Landmark Square, Suite 1400
Stamford, CT 06901-2689

Mario DiNatale
Silver Golub & Teitell LLP
184 Atlantic Street
P.O.Box 389
Stamford CT 06904-0389

                     **/S/**
                 Peter M. Nolin