UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM) | | |
| NEWTON, ROBERT FITZPATRICK, and | ) | CASE NUMBER: |
| MERIT CAPITAL ASSOCIATES, INC., | ) | 3:03 CV 00644 (CFD) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONAL UNION FIRE INSURANCE | ) | |
| COMPANY OF PITTSBURGH, PA., and | ) | |
| AIG TECHNICAL SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DAVID W. GWYNN, RAQUEL GWYNN | ) | |
| GWYNN FINANCIAL SERVICES, INC. | ) | CASE NUMBER: |
| | ) | 3:03 CV 1154 (CFD) |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONAL UNION FIRE INSURANCE | ) | |
| COMPANY OF PITTSBURGH, PA., and | ) | |
| AIG TECHNICAL SERVICES, INC., | ) | October 14, 2005 |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DEPOSITION AND FOR SANCTIONS**

This memorandum is submitted on behalf of the defendants National Union Fire

Insurance Company of Pittsburgh PA. and AIG Technical Services, Inc., now known as AIG

Domestic Claims, Inc. (collectively, "National Union") in opposition to Plaintiffs' motion to

1

compel a deposition and for sanctions dated September 23, 2005. The motion should be denied in all respects because:

1. National Union has fully complied with its obligations under the Federal Rules of Civil Procedure. The motion is entirely groundless.

2. The motion is moot because the deposition has occurred.

3. Plaintiffs' re-notice of deposition did not comply with Fed. R. Civ. P. Rules 30(b)(5) 34(b).

4. Fed. R. Civ. P. 37(d) on its face does not apply because plaintiffs did not give "proper notice" or "service" as required and Ms. Wacik is not a corporate officer, director or managing agent.

5. Plaintiffs' motion and supporting papers are patently deficient because their do not discuss or even mention the controlling provisions of the Federal Rules of Civil Procedure, Rules 30(b)(5) and 34.

### APPLICABLE RULES

**Rule 30(b)(5) provides:**

"The notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition. The procedure of Rule 34 shall apply to the request."

**Rule 34(b) provides in part:**

"(b) Procedure. The party upon whom the request is served shall serve a written response within 30 days after service of the request. A shorter or longer time may

2

be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29."

**Rule 37(d) provides in part:**

"If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or...(3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just. . . ."

## SUMMARY

National Union has fully complied with the applicable Federal Rules of Civil Procedure. On August 30, 2005, on five business days notice, plaintiffs served, by fax, a re-notice of deposition that, for the first time, contained a request for the production of documents at a deposition scheduled to occur on September 7. Within 30 days, on September 29, 2005, National Union responded in writing to that document request and on that day provided plaintiffs with dates when Ms Wacik would be available for her deposition. That deposition has now occurred.

## STATEMENT OF FACTS

This motion involves the scheduling of the deposition of Elizabeth Wacik, an employee of the Quality Assurance Group of AIG Domestic Claims, Inc. The parties agreed that Ms. Wacik's deposition would take place on September 7, 2005, the second day after Labor Day. Then, on August 30, 2005, three business days before the Labor Day weekend, without

{00164340; 1; 0040-3}

permission of the Court, or prior notice to National Union, plaintiffs served, by fax, a re-notice of the deposition of Elizabeth Wacik that, for the first time, contained a request for the production of documents at the deposition, five business days later.

Elizabeth Wacik at the time was an employee of AIGTS.  She was not then and is not now an Officer, Director or Managing Agent of AIGTS.  The documents plaintiffs' sought to have produced at the deposition were AIGTS business records.

On September 1, 2005 there was a prearranged telephone conference call among counsel to discuss outstanding discovery issues and scheduling.  During that conference, counsel for National Union requested a short delay in the taking of Ms Wacik's deposition in order to obtain the responsive documents and to discuss the documents request with the clients.  At the time counsel was unaware of what documents were responsive and whether any were privileged. Plaintiffs' counsel were notified that it was three days before the long Labor Day weekend and the principal client contact was away from the office.  Plaintiffs declined to postpone Ms. Wacik's deposition.  Defendants' offered to produce Ms. Wacik on September 7, provided that plaintiffs would not subsequently re-notice Ms. Wacik's deposition.  The plaintiffs refused.

Plaintiffs were advised that National Union would exercise its rights under Rules 30(b)(5) and 34 of the Federal Rules of Civil Procedure and that they would respond to plaintiffs' request for production of documents within 30 days and would thereafter make Ms. Wacik available for her deposition.. This is exactly what the defendants have done.  The National Union responded in writing to the plaintiffs document request on September 29, 2005 and, on that day, advised

4

{00164340; 1; 0040-3}

plaintiffs of the dates Ms. Wacik would be available for her deposition.  As of this filing, Ms. Wacik's deposition has occurred.

## ARGUMENT

The Defendants have fully complied with their obligations under the Federal Rules of Civil Procedure.  In their Motion plaintiffs argue they are entitled to sanctions and an order compelling Ms. Wacik's deposition under Fed R. Civ. P 37(d).  By its very terms, Rule 37(d) does not apply.  Ms. Wacik is not now and never was an officer, director or managing agent of either of National Union or AIGTS.  Secondly, the Rule 37(d) repeatedly requires "proper" notice or service.  Plaintiffs do not even allege proper service.  The service here was patently defective.  Plaintiffs gave National Union, a party,  5 business days notice to produce documents at a deposition.  Rule 30(b)(5) and Rule 34(b). do not require a response before 30 days.  Notice can be shortened only with a Court order or an agreement.  Neither Court order nor agreement to shorten the notice exists here.

Plaintiffs' argue that they should be excused from giving 30 days notice because there were only a few requests and they were ministerial.  It is patently unfair to ask the Court after the deadline has past to excuse Plaintiffs from first apply to the Court to shorten the deadline and to seek sanctions against defendants for following the Rules.  Rule 34 (b) provides the simple answer that plaintiffs ignored.  Rule 34(b) provides that if a party wishes to shorten the notice period for a document demand it may do so by first obtaining a Court order or the agreement of the other party.  Plaintiffs did neither.

5

Moore's Federal Practice is unambiguous that National Union and AIGTS correctly interpreted their rights and obligations under the Federal Rules:

### § 30.22    Production of Documents at Depositions

#### [1]—Party and Nonparty Deponents May be Asked to Produce Documents

The deposing party may require the deponent to bring documents and other materials to the deposition.  This is accomplished in one of two ways.  If the deponent is not a party, the depositing party must serve a subpoena duces tecum on the deponent.  If the deponent is a party, the notice may be accompanied or preceded by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition.  The procedure in Rule 34 (rather than 45) applies to the request.

The distinction between the two methods of compelling production is significant because the deposing party must comply with different procedural requirements to accomplish the objective.  For example, a party cannot serve documents from an opposing party by serving a deposition subpoena duces tecum on an employee of the opposing party commanding production of the party's documents at the deposition.  It would be permissible  to serve a request for production of documents on the party from whom production is sought, requesting that production take place at the same time and place as the deposition of the nonparty witness.  However, the request to the party would have to be served separately, and would have to comply with the requirements of Rule 34.

7 J Moore et al, Moore's Federal Practice, §30.22 (3d ed. 2005).

WHEREFORE, Defendants National Union Fire Insurance Company of Pittsburgh, PA. and AIG Technical Services, Inc. (now known as AIG Domestic Claims, Inc.) respectfully request that the Court deny plaintiffs' motion to compel deposition and for sanctions, along with such other and further relief as the Court may deem just and proper.

6

DEFENDANTS
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.
and AIG TECHNICAL SERVICES, INC.

By: _____
James R. Hawkins, II (ct00128)
William M. Tong (ct25304)
Finn Dixon & Herling LLP
One Landmark Square
Suite 1400
Stamford, CT  06901-2689
Tel:  (203) 325-5000
Fax:  (203) 348-5777
Email: jhawkins@fdh.com
Email: wtong@fdh.com

7

{00164340; 1; 0040-3}

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was delivered by United States mail, postage prepaid to the following this 17th day of October, 2005:

Peter M. Nolin, Esq.
Jay H. Sandak, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905
(203) 425-4200

Mario DiNatale, Esq.
Jonathan M. Levine, Esq.
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT  06904
(203) 325-4491

_____
James R. Hawkins II

{00164340; 1; 0040-3}