UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CASE NUMBER: <br> 3:03 CV 00644 (CFD) |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC. <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CASE NUMBER: <br> 3:03 CV 1154 (CFD) <br><br><br><br> October 24, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR EXTENSION OF TIME AND FOR PROTECTIVE ORDER**

Defendants National Union Fire Insurance Company of Pittsburgh, Pa. and AIG Technical Services, Inc., now known as AIG Domestic Claims, Inc. (hereinafter referred to collectively as "National Union"), by their attorneys Finn Dixon & Herling LLP, respectfully submit this Memorandum of Law in Support of:

(a) their Motion for an Extension of Time to produce a witness in response to Plaintiffs' two (2) notices of deposition pursuant to FED. R. CIV. P. 30(b)(6), and for such extension of time to last at least fourteen (14) days,

{00165495; 2; 0040-3}

from October 25, 2005 to a mutually agreeable date after November 8, 2005;

(b)     their Motion for a Protective Order precluding Plaintiffs from noticing a deposition pursuant to FED. R. CIV. P. 30(b)(6) prior to November 8, 2005; and

(c)     their Motion for a Protective Order precluding examination on certain topics for examination contained in Plaintiffs' notices of deposition because they are objectionable, as set forth more fully below.

## BACKGROUND

This is a contentious and complex case about insurance coverage involving a total of seven (7) Plaintiffs and two (2) Defendants. Plaintiffs in the above-captioned *Ryan* action (the "*Ryan* Plaintiffs," of which there are four (4)), have asserted four (4) claims, including breach of the duty to defend, breach of the duty to indemnify, breach of the implied covenant of good faith and fair dealing, and unfair trade practices. Plaintiffs in the above-captioned *Gwynn* action (the "*Gwynn* Plaintiffs," of which there are three (3)[1]), have asserted the same 4 claims plus two (2) additional claims for intentional and negligent emotional distress. National Union, on the other hand, has asserted five (5) counterclaims over thirty-one (31) pages, including intentional fraud, negligent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. National Union has also asserted eleven (11) separate affirmative defenses. At this stage, the pleadings have not closed, as National Union has not yet

---

[1] Magistrate Judge Thomas P. Smith granted the *Gwynn* Plaintiffs' Motion to Amend their Amended Complaint without written decision on October 18, 2005, and ordered that their Second Amended Complaint be filed. The Second Amended Complaint excludes a previous co-Plaintiff, Gwynn Financial Services, Inc., and reduces the number of *Gwynn* Plaintiffs from three (3) to two (2). The Court did not appear to decide, however, the *Gwynn* Plaintiffs' Motion to Dismiss Gwynn Financial Services, Inc., from the action, nor did it address National Union's motion to dismiss the *Gwynn* action in its entirety. The motions to dismiss by National Union and the *Gwynn* Plaintiffs put in issue this court's subject matter jurisdiction. A decision on this court's subject matter jurisdiction is a necessary predicate to any decision to entertain or allow the filing of a Second Amended Complaint. It is not clear, therefore, whether Gwynn Financial Services, Inc., has been properly dismissed from this action.

transcripts, and 231 deposition exhibits. In addition to the witnesses deposed, there are at least fifteen (15) more witnesses to be deposed, among still more individuals who may have knowledge of the matters at issue; these individuals and witnesses include Defendants' current and former employees. Experts have not yet been disclosed and expert discovery has not yet proceeded. As a result, discovery (including expert discovery) was extended by Order of this Court until April 14, 2006.

Despite the burdens of preparing in response to these 30(b)(6) Notices, the *Gwynn* Plaintiffs and the *Ryan* Plaintiffs have refused to agree to an extension of time for a reasonable period except to accommodate counsel's personal medical appointments, and refuse to permit National Union the necessary time to prepare its witness to provide substantive and meaningful testimony in response to Plaintiffs' examination.

## ARGUMENT

### I. NATIONAL UNION SHOULD BE GRANTED A REASONABLE PERIOD OF TIME TO COMPLY WITH THE RIGOROUS REQUIREMENTS OF FED. R. CIV. P. 30(B)(6)

National Union needs a reasonable extension of time to prepare its witness for at least seventy (70) broad and burdensome topics of examination. FED. R. CIV. P. 30(b)(6) provides in pertinent part:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization.

A 30(b)(6) witness testifies on behalf of the corporation, states its position as to the salient facts and issues in the litigation, and binds the corporation to the testimony. *See Sony Electronics, Inc. v. Soundview Technologies, Inc.*, 217 F.R.D. 104, 112 (D. Conn. 2002).

The Rule places a substantial burden on a defendant corporation to produce a witness that is *qualified* and *prepared* to speak on its behalf and to bind the corporation to their testimony. As this Court has explained,

> Pursuant to Rule 30(b)(6), the deponent 'must make a conscientious good-faith endeavor to designate the persons who have knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters.

*Id.* Under this standard, courts in this district have required detailed and thorough preparation, placing a tremendous burden upon the corporation and its designee:

> A deponent under Rule 30(b)(6) has 'an affirmative obligation to educate himself as to the matters regarding the corporation.' This includes all matters that are known or reasonably available to the corporation. Even if the documents are voluminous and the review of the documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed.

*Concerned Citizens of Belle Haven v. Belle Haven Club*, 223 F.R.D. 39, 43 (D. Conn. 2004) (internal citations omitted). Not only must the designee review relevant documents, though they be voluminous, but the witness must also speak with employees, past and present, with knowledge of the relevant facts. *See Belle Haven Club*, 223 F.R.D. at 43 (requiring that the defendant club inquire of past admissions committee members and directors concerning the admissions policies of the club). Further, there is a risk under FED. R. CIV. P. 37(d) that a court may, upon proper motion, award sanctions against a party if the designated witness is not

sufficiently prepared. *See Black Horse Lane Assoc., L.P. v. Dow Chemical Corp.*, 228 F.3d 275, 304 (3rd Cir. 2000).

To prepare a witness for a deposition of this magnitude—indeed, in the recent words of one federal court, to "create" such a witness (*Wilson v. Lakner,* 228 F.R.D. 524, 528 (D. Md. 2005))—is proving to be an exceptional and extremely burdensome exercise. As noted above, the *Gwynn* Plaintiffs and the *Ryan* Plaintiffs seek testimony on at least seventy (70) topics for examination, which may be only the beginning of what they wish to explore. There is an enormity of information in this case, including tens of thousands of pages of documents, hundreds of exhibits, and extensive deposition testimony. There are numerous individuals who may have knowledge about the facts in this case, including former employees of National Union who have not worked for it for some time. Notwithstanding that burden, National Union is endeavoring to prepare such a witness as soon as possible. Due the reasonable limits of the witness's schedule and the human ability to review, assimilate and analyze a huge amount of information, National Union seeks a reasonable extension of time to complete this task.

Discovery in this case has been extended until next April, 2006. The pleadings in this case have not yet closed, as National Union has not yet responded to the *Gwynn* Plaintiffs' just filed Second Amended Complaint. The *Gwynn* Plaintiffs and the *Ryan* Plaintiffs should not be allowed to arbitrarily set deadlines for discovery—particularly through burdensome procedures like 30(b)(6) depositions—and prejudice National Union's ability to respond in a complete and orderly fashion. There is simply no rush to conduct the 30(b)(6) depositions now, only risk that the *Gwynn* Plaintiffs and *Ryan* Plaintiffs may harass and trap National Union's designee to produce testimony that is unfair and uninformed.

## II. PLAINTIFFS' RULE 30(B)(6) TOPICS FOR EXAMINATION ARE OBJECTIONABLE IN PART AND SHOULD NOT BE ALLOWED

National Union also seeks a protective order against topics for examination in the *Ryan* Plaintiffs' 30(b)(6) Notice that are objectionable, overbroad and cumulative in a manner inconsistent with the Federal Rules and the purposes of Rule 30(b)(6). Specifically, the *Ryan* Plaintiffs' 30(b)(6) Notice is objectionable for the following reasons.

1. *Privileged Material.* Certain of the topics for examination include requests for "legal standards." *See* Ex. A, Topic Nos. 4, 5. To the extent the *Ryan* Plaintiffs intend to seek the disclosure of communications protected by the attorney-client privilege, National Union objects to the disclosure thereof. Similarly, National Union objects to the 30(b)(6) notice to the extent the *Ryan* Plaintiffs seek information protected by the work product doctrine.

2. *Unlikely to Lead to the Discovery of Admissible Evidence.* National Union objects to the following requests because they are not likely to lead to the discovery of admissible evidence:

    a.    Topic No. 8, concerning reserves and reinsurance;

    b.    Topic Nos. 64 and 65, concerning payments to brokers in connection with the Policy; and

    c.    Topic Nos. 32 and 33 seeking discovery concerning "business done" with "Reynaud Cooke [sic]" and fees paid thereto, without reference in any way to this action.

None of the topics listed above are likely to lead to the discovery of admissible evidence concerning the claims and counterclaims in these actions. Although these topics may be related to the insurance relationship between National Union and the *Gwynn* Plaintiffs and the *Ryan* Plaintiffs, they have nothing to do with National Union's conduct in providing coverage in this case. Topic Nos. 32 and 33, concerning work done by the law firm of Renaud Cook & Drury

{00165495; 2; 0040-3}

with totally unrelated clients and insureds in utterly irrelevant. Neither of the Amended Complaints in the *Ryan* action or the *Gwynn* action put reserves, reinsurance, payments to brokers, or business with Renaud Cook (aside from the Sowell arbitration) in issue.

        3.     *Facts Disclosed through Discovery.* Many of National Union's factual allegations in its Amended Answer, Affirmative Defenses and Counterclaims are based on facts learned through discovery and documents produced by Plaintiffs and third-parties. For example, Topic No. 43 concerns the *Ryan* Plaintiffs' and the *Gwynn* Plaintiffs' retention of John Nicgorski, Esq., to jointly represent them in the action to confirm the Sowell arbitration award. National Union learned of this attorney-client relationship from letters produced by a third-party to this action, William Federman, Esq. To the extent the *Ryan* Plaintiffs seek discovery concerning facts to which the *Ryan* Plaintiffs have equal or more convenient access, such as facts from documents produced by third parties, National Union objects to an examination based on such matters pursuant to FED. R. CIV. P. 26(b)(2). *See, e.g.*, Topic Nos. 21, 23, 26, 28, 29, and 43. Further, National Union objects to Topic No. 44 to the extent the *Ryan* Plaintiffs seek discovery on matters in which they, and their counsel, were intimately involved and are well known to the parties, including the settlement of Sowell's claims, as described therein. The purpose of Rule 30(b)(6) is to elicit the testimony of the corporation, not to confirm facts already known to the parties. Any attempt to quiz or test the deponent concerning facts is meaningless and an abuse of the Rule 30(b)(6) process.

        Accordingly, pursuant FED. R. CIV. P. 26(c), and FED. R. CIV. P. 37(d), which provide that a party may seek a protective order to protect itself from oppression and undue burden with respect to depositions, National Union is compelled to seek a protective order against efforts by the *Gwynn* Plaintiffs and the *Ryan* Plaintiffs to rush National Union to a

30(b)(6) deposition without an adequate opportunity to prepare therefor, and to notice topics for examination that are objectionable and inconsistent with the scope of discovery as defined by the Federal Rules.

WHEREFORE, pursuant to FED. R. CIV. P. 30(b)(6), FED. R. CIV. P. 26(c), FED. R. CIV. P. 27(d), and D. CONN. L. CIV. R. 7(b), National Union respectfully requests that this Court:

a. grant an extension of time to produce a witness in response to Plaintiffs' two (2) notices of deposition pursuant to FED. R. CIV. P. 30(b)(6), and for such extension of time to last at least fourteen (14) days, from October 25, 2005 to a mutually agreeable date after November 8, 2005;

b. enter a protective order precluding the *Gwynn* Plaintiffs or the *Ryan* Plaintiffs from noticing any deposition under FED. R. CIV. P. 30(b)(6) for a date prior to November 8, 2005;

c. enter a protective order precluding the *Ryan* Plaintiffs from seeking testimony on the following Topics for Examination:

   i. Topic Nos. 4 and 5 to the extent the *Ryan* Plaintiffs' seek information protected from disclosure by the attorney-client privilege or the work produce doctrine;

   ii. Topic Nos. 8, 32, 33, 64, and 65, because testimony on these topics is not likely to lead to the discovery of admissible evidence; and

   iii. Topic Nos. 21, 23, 26, 28, 29, 43, 44, to the extent that the *Ryan* Plaintiffs seek discovery concerning facts to which the *Ryan* Plaintiffs have equal or more convenient access, such as facts from documents produced by third parties, in a manner inconsistent with FED. R. CIV. P. 26(b)(2): along with

{00165495; 2; 0040-3}

d.  such other and further relief as the Court may deem just and proper.

>                    DEFENDANTS NATIONAL UNION FIRE
>                    INSURANCE COMPANY OF PITTSBURGH, PA.
>                    and AIG TECHNICAL SERVICES, INC.
>
>                    By: _____
>                    James R. Hawkins II (ct00128)
>                    William M. Tong (ct25304)
>                    Finn Dixon & Herling LLP
>                    One Landmark Square, Suite 1400
>                    Stamford, CT 06901-2689
>                    Tel: (203) 325-5000
>                    Fax: (203) 348-5777
>                    Email: jhawkins@fdh.com

{00165495; 2; 0040-3}

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CASE NUMBER: <br> 3:03 CV 00644 (CFD) |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC. <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CASE NUMBER: <br> 3:03 CV 1154 (CFD) <br><br><br><br><br><br> October 24, 2005 |

### AFFIDAVIT OF WILLIAM M. TONG

STATE OF CONNECTICUT    )
                                        ) ss: Stamford
COUNTY OF FAIRFIELD    )

WILLIAM M. TONG, being duly sworn, deposes and says:

1. I am an attorney with the firm of Finn Dixon & Herling LLP, counsel for Defendants National Union Fire Insurance Company of Pittsburgh, Pa. and AIG Technical Services, Inc., now known as AIG Domestic Claims, Inc. (collectively, "National Union") in the

{00165669; 1; 0040-3}

above captioned consolidated matters. I am a member of the bar of this Court. I make this affidavit based upon my personal knowledge and pursuant to D. CONN. L. CIV. R. 37(a)(2), and hereby certify that I have conferred with counsel for the *Ryan* Plaintiffs and the *Gwynn* Plaintiffs in an effort in good faith to resolve by agreement the issues raised by the Motion for Extension of Time and Protective Order, filed concurrently herewith, without the intervention of the Court. I have been unable to reach complete agreement with counsel on those issues.

2. Plaintiffs in the above-captioned *Ryan* action (the "*Ryan* Plaintiffs") served a Notice of Deposition pursuant to FED. R. CIV. P. 30(b)(6) on September 13, 2005, and re-noticed the deposition on September 23, 2005 and October 5, 2005. The *Ryan* 30(b)(6) Notice contained sixty-six (66) separately identified topics for examination, covering nearly the entire span of the *Ryan* Plaintiffs' claims in this action and National Union's counterclaims.

3. Plaintiffs in the above-captioned *Gwynn* action (the "*Gwynn* Plaintiffs") served a Notice of Deposition pursuant to FED. R. CIV. P. 30(b)(6) on August 23, 2005, which was re-noticed on September 29, 2005. The *Gwynn* 30(b)(6) Notice contained four (4) topics for examination covering National Union's conduct during discovery and National Union's document retention, preservation, collection, and production in this action. (These Rule 30(b)(6) notices by the *Ryan* Plaintiffs and the *Gwynn* Plaintiffs are hereinafter referred to collectively as the "30(b)(6) Notices.")

4. I conferred with National Union concerning the schedule and availability of a witness to provide testimony in response to the Rule 30(b)(6) Notices. After receiving available dates from National Union, I worked with counsel for the *Ryan* Plaintiffs and the *Gwynn* Plaintiffs to schedule depositions in response to the 30(b)(6) Notices for Tuesday, October 25, 2005, and Thursday, October 27, 2005.

5. On or about Wednesday, November 19, 2005, I learned that counsel for National Union, James Hawkins, Esq., would not be able to attend a Rule 30(b)(6) deposition on Tuesday, October 25, 2005, because of a personal medical appointment.

6. On the same date, I learned that National Union's designated Rule 30(b)(6) witness would require more time to prepare for the at least seventy (70) topics for examination identified in the 30(b)(6) Notices.

7. On or about Thursday, November 20, 2005 and thereafter, I engaged in a series of communications by electronic mail with counsel for the *Ryan* Plaintiffs and the *Gwynn* Plaintiffs seeking an extension of time for National Union to produce a 30(b)(6) witness. I informed counsel of Mr. Hawkins's personal medical appointment and the witness's need for more time to prepare in response to the *Ryan* Plaintiffs' and the *Gwynn* Plaintiffs' burdensome and wide ranging 30(b)(6) Notices. I also engaged in telephone conversations with counsel for the *Gwynn* Plaintiffs, Mario DiNatale.

8. Counsel for the *Ryan* Plaintiffs and the *Gwynn* Plaintiffs did agree to postpone the commencement of the Rule 30(b)(6) deposition from Tuesday, October 25, 2005, until Thursday, October 27, 2005, to accommodate counsel's personal medical appointment.

9. Despite my efforts, I was unable to otherwise reach an agreement with counsel for the *Ryan* Plaintiffs and the *Gwynn* Plaintiffs on a reasonable extension of time for the designated 30(b)(6) witness to prepare for his deposition, and to reschedule these depositions for dates convenient to counsel and the witness at least two weeks from October 25, 2005.

10. Further, on Monday, October 24, 2005, I spoke with counsel for the *Ryan* Plaintiffs, Peter Nolin, Esq., by telephone, concerning National Union's objections to the *Ryan* Plaintiffs' 30(b)(6) Notice. Mr. Nolin was able to clarify certain of National Union's objections

based on vagueness, ambiguity, and the cumulative nature of the *Ryan* Plaintiffs' topics for examination. We were not able, however, to reach an agreement concerning the objectionable nature of other topics for examination. The topics for examination that remain objectionable are set forth in National Union's Memorandum of Law, filed concurrently herewith.

                                                   William M. Tong

SWORN TO BEFORE ME on this the ____ day of October, 2005.

_____
Notary Public

**JUDITH P. PEPLER**
**NOTARY PUBLIC**
**MY COMMISSION EXPIRES FEB. 28, 2010**

{00165669; 1; 0040-3}