UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CASE NUMBER: <br> 3:03 CV 00644 (CFD) |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC. <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CASE NUMBER: <br> 3:03 CV 01154 (CFD) <br><br><br><br> OCTOBER 26, 2005 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL DEPOSITION AND FOR SANCTIONS**

Pursuant to Local Rule 7(d), Plaintiffs Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick and Merit Capital Associates, Inc. (the "Ryan Plaintiffs") hereby submit this Reply Memorandum in Support of their Motion to Compel Deposition and for Sanctions against the Defendants for their failure to produce Elizabeth Wacik ("Wacik") at her duly noticed deposition in early September 2005. Contrary to the assertion of Defendants National Union

Fire Insurance Company of Pittsburgh, PA ("NU") and AIG Technical Services, Inc. ("AIGTS") (collectively referred to as Defendants or "AIG") the issues presented are not now moot merely because Defendants produced Wacik for a deposition on October 17, 2005, more than a month after she was supposed to appear and after Plaintiffs Motion to Compel was presented to the Court.  Defendants have consistently delayed and hindered discovery in this case.  Defendants have repeatedly agreed to deposition dates, only to raise last minute objections thereafter as a pretext to postpone or delay depositions in this case.  Therefore, the Court should sanction AIG for their failure to comply with the discovery rules, so that Defendants will end these practices.

## ARGUMENT

The facts as presented in Plaintiffs Memorandum in Support of their Motion to Compel Deposition and for Sanctions, dated September 23, 2005, have not been disputed by the Defendants. The Gwynn Plaintiffs first issued a notice on June 23, 2005 for Wacik's deposition to proceed on July 18, 2005.  After AIG's counsel asserted that the noticed week of the deposition was not convenient for them, on July 14, 2005, the Gwynn Plaintiffs re-noticed Wacik's deposition for August 23, 2005 <u>a date selected by National Union</u>.  When AIG then objected to the Gwynn Plaintiffs continuing to take discovery because of AIG's pending motion to dismiss,[1] on August 4, 2005, the Ryan Plaintiffs noticed Wacik's deposition for August 23, 2005.  Defendants had not asserted that the Ryan Plaintiffs' discovery needed to be stayed because there was no motion to dismiss addressed to any aspect of the Ryan Plaintiffs' claims.  Thereafter, AIG's counsel asserted that Wacik was unavailable on August 23, 2005 because she

---

[1] See Motion to Stay Discovery and Set Location of Depositions dated August 4, 2005 ( Docket entry 93) subsequently denied by this Court on September 22, 2005 ( Docket Entry 109).

had neglected to note a conflicting business engagement on her schedule, even though AIG had selected and agreed to that date for the re-noticing of her deposition.

Once again to accommodate the witness, the Ryan Plaintiffs and the Gwynn Plaintiffs rescheduled Wacik's deposition. This time AIG requested that the deposition go forward on September 7, 2005. Pursuant to AIG's request, on August 18, 2005, the Gwynn Plaintiffs re-noticed the Wacik deposition for September 7, 2005. The Ryan Plaintiffs did not issue a new notice but instead chose to proceed upon defense counsel's agreement to move the date of the deposition to September 7th.

On August 30, 2005, the Gwynn Plaintiffs served AIG with an additional re-notice of deposition directed to Wacik ("Re-Notice"). The re-notice did not change the date of the deposition, but sought to add a request for a few documents relating to the dates the underlying claims department file may have been transferred to Wacik's custody. These additional documents were within the scope of documents both the Gwynn Plaintiff's and the Ryan Plaintiffs had long before requested as part of their document requests in the case. The Ryan Plaintiff's did not join in that noticed document request. Defendants objected to the document request claiming they did not have time to assemble the documents and used that objection to refuse to produce Wacik for her deposition. Wacik was not produced for her deposition on September 7th.

Defendants now raise five arguments why it was appropriate for them to unilaterally refuse to produce Wacik for duly noticed deposition and why they should not be sanctioned for their abuse of the discovery procedures:

1. National Union has fully complied with its obligations under the Federal Rules.
2. The motion is mot because the deposition has occurred.

3

3.  Plaintiffs' re-notice deposition did not comply with Fed. R. Civ. P. 30(b)(5) 34(b)

4.  Fed R. Civ. P. 37(d) on its face does not apply because plaintiffs did not give "proper notice" or "service" as required and Ms. Wacik is not a corporate officer, director or managing agent.

5.  Plaintiffs' motion and supporting papers are patently deficient because their (sic) do not discuss or even mention the controlling provisions of the Federal Rules of Civil Procedure, Rules 30(b)(5) and 34.

Defendant' Opposition To Plaintiffs' Motion to Compel Deposition and For Sanctions, October 14, 2005, at p 2 (hereinafter "Defendants' Opposition")  None of these Arguments should be availing and indeed most of them are directed to a document request never made or served by the Ryan Plaintiffs as part of their deposition notice.  Plaintiffs take Defendants' arguments in reverse order as follows.

## ARGUMENT

**I.    Plaintiffs Did Not Request Documents and Therefore the Deposition Was Not Subject to Document Issues**

The Ryan Plaintiffs issued a notice of deposition for Wacik on August 4, 2005 scheduling the deposition for August 23, 2005.  Pursuant to the request of the Defendants the deposition was rescheduled by agreement to September 7, 2005.  The Ryan Plaintiffs did not request any documents as part of that notice.  Thus, it was it was not incumbent on the Ryan Plaintiffs in moving to compel and for sanctions to address any issues under Rules 30(b)(5) and 34.  These rules have to do so solely with the production of documents and the time a party has to object to a document request.  Here Defendants willfully seek to confuse their dispute with the Gwynn Plaintiffs over the document request with their obligation to appear for a deposition duly noticed

by the Ryan Plaintiffs and then adjourned to a new date by agreement of Defendants' own counsel.

Moreover, Defendants have cited no law for the proposition that an objection to a document request accompanying a deposition notice entitles a party to simply ignore the notice and not appear for the deposition. Nothing in Rule 30(b)(5) or Rule 34 in anyway supports such a proposition. To the contrary, the appropriate procedure would be for the Defendants to have served a written objection to the document request, not just a letter, and then attended the deposition and have their witness, Ms. Wacik, answer the questions put to her.

**II.     The Deposition Notice Was Proper.**

The Defendants assert that they did not receive "proper notice." Defendants' Opposition at p 2. This argument lacks all credibility. The Ryan Plaintiffs served a deposition notice under the Federal Rules on August 4, 2005. It was both mailed and faxed to opposing counsel. Defendants received the notice and through counsel requested to move the deposition from the noticed date of August 23rd to September 7th for the convenience of Ms. Wacik's schedule. Plaintiffs counsel agreed to move the deposition date from August 23rd to September 7th. Neither then nor now have the Defendants pointed to any error or defect in the notice. Instead, they try to argue about the alleged defect in the supplemental notice served by the Gwynn Plaintiffs on August 30th, claiming that it was served with only five days notice in an asserted violation of Rule 30(b)(5) and Rule 34(b). But a claimed defect in the notice served by the Gwynn Plaintiffs, seven days before the deposition date cannot serve as ground for Defendants simply to ignore a properly served notice from the Ryan Plaintiffs, served more than 30 days before the agreed upon deposition date.

Similarly AIG now claims that Rule 37 cannot apply because Wacik is not a corporate officer, director, or managing agent. Defendants offer no support for this contention. Ms. Wacik is the Director of the Quality Assurance Group at AIGTS and appears to be an officer who can speak for AIG and hence an officer, director, or managing agent under Rule 37. More important, Defendants, having agreed to produce the witness upon a notice of deposition, cannot now claim she was a witness who needed to be subpoenaed to escape their liability under Rule 37 for failing to produce her. *Precision Flow Technologies, Inc., v. CVD Equipment Corp.*, 198 F.R.D. 33 (S.D.N.Y. 2000). Having agreed to produce Wacik for a deposition on September 7th and then having intentionally refused to do so, Defendants are subject to the sanctions authorized under Rule 37.

### III. The Motion Is Not Moot Because AIG Has Not Complied With Discovery

Belatedly and more than 40 days after having refused to produce her on September 7th Defendants produced Wacik for a deposition on October 17th. Merely producing the witness for a deposition however does not moot the Motion to Compel. The Defendants' refusal to produce the witness on the date of her duly noticed deposition is grounds for a sanction, and the Court should impose a sanction.

Plaintiffs seek a sanction because of Defendants' repeated practice of unilaterally postponing duly noticed depositions which were we set for agreed upon dates and raising last minute objections to depositions after Defendants have previously agreed to proceed. These delaying tactics have been a common defense practice in this action and a sanction order from this Court at this time is likely to be the best method to insure AIG abandons this pernicious

practice and honors its discovery obligations as the case proceeds and the parties try to complete discovery within the current discovery deadlines.

In July, Plaintiffs agreed on claim of inconvenience by the Defendants to reschedule a group of depositions to dates in August. After the depositions were re-noticed, Defendants served a wave of objections to the forms of the notices, necessitating responses from Plaintiffs counsels. (*See* Docket Entries 90 and 91). Defendants never pressed their objections or even presented them to the Court. Thereafter, Defendants served a Motion to Stay and Set Location of Depositions, again seeking to move or postpone the depositions despite the prior agreement to proceed with them on agreed dates in August. (*See* Docket Entry 93). This Motion necessitated further briefing and opposition by Plaintiffs. (*See* Docket Entries 94 and 101). Not withstanding their objections and after receiving opposition papers from the Plaintiffs, AIG ultimately produced most of its witnesses on the agreed upon schedule and in the locations noticed by the Plaintiffs. Subsequently, the Court denied the Motion to Stay. (*See* Docket Entry 109). It was while this dispute was still pending before the Court that AIG unilaterally refused to proceed with the Wacik deposition after having specifically agreed the deposition could proceed on September 7th.

Now, once again, Defendant has sought at the last minute to raise objections to a previously agreed upon set of depositions. On September 13, 2005, the Ryan Plaintiffs served a comprehensive 30(b)(6) notice on the Defendants seeking to proceed with the deposition on September 23rd.[2] Defendants then asserted that they needed more time and that the noticed date was not convenient. By agreement of counsel and without any defense objections to the notice, the 30(b)(6) deposition was postponed and rescheduled to proceed upon October 25 and October

---

[2] Plaintiffs' counsel had sought a mutually convenient date from Defense counsel on several occasions. When no date was forth coming, Plaintiffs' counsel selected a date for the deposition ten days out.

27th.  Plaintiff issued a re-notice for those dates.  On October 20th Defendants asserted that October 25th was no longer convenient for counsel and that the witness needed more time to proceed and could not be ready on October 27th.  Plaintiffs counsel agreed to an adjournment on October 25th, based on the unavailability of counsel, but would not agree to a further postponement of the October 27th deposition date.  In response, Defendants served yet another motion seeking to postpone the deposition and raising for the first time various frivolous objections to the topics upon which the 30(b)(6) deposition was sought.  (*See* Docket Entry 124).$^{3}$

      Clearly there is a pattern here that the Court should address. Defendants receive deposition notices and make no objection. They then seek to reschedule the depositions by agreement to suit the schedule of AIG and after obtaining Plaintiffs consent to rescheduling the depositions, Defendants thereafter on the eve of the depositions proceeding, assert some new objection, argument, or motion to postpone the depositions or hinder Plaintiffs' rights to proceed with the depositions as noticed.  The Court should sanction AIG for this conduct in connection with the Wacik deposition so that this practice will stop once and for all.

      Rule 37(d) Fed. R. Civ. Proc., expressly provides that a party may be sanctioned if it fails to produce an officer, director, or managing agent for a duly noticed deposition.  Here the Wacik deposition was duly noticed on multiple occasions by the Gwynn Plaintiffs and once by the Ryan Plaintiffs.  The date of the scheduled deposition was picked and re-picked by counsel for AIG solely for the convenience of defense counsel and AIG's own witness.  Because AIG simply refused to produce the witness on the date that AIG had itself selected for the deposition, a sanction is clearly appropriate.

---

$^{3}$ The Ryan Plaintiffs will determine if a formal response to that Motion is necessary after it is determined whether AIG will produce its witness and if AIG tries to limit the scope of the examination in accordance with that Motion.

## CONCLUSION

AIG should not be permitted to abuse the discovery process.  It had no basis for failing to produce Wacik for her duly noticed deposition on a date that AIG had itself selected as a convenient date for both the witness and defense counsel.  Based on its violations of the discovery rules, AIG should be sanctioned by this Court.   Further, AIG should be ordered to pay the Ryan Plaintiffs attorneys' fees associated with the filing of this Motion.

          PLAINTIFFS, BRUCE CHARLES RYAN,
          RUSSELL WILLIAM NEWTON, ROBERT
          FITZPATRICK, and MERIT CAPITAL
          ASSOCIATES INC.,

          By____**/S/**_____
          Peter M. Nolin (ct06223)
          Stephanie A. McLaughlin (ct22774)
          **SANDAK HENNESSEY & GRECO LLP**
          707 Summer Street
          Stamford, CT  06901-1026
          (203) 425-4200
          (203) 325-8608 (fax)
          pnolin@shglaw.com

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid, and on October 26, 2005, to the following counsel:

James R. Hawkins, II, Esq.  
Finn Dixon & Herling, LLP  
One Landmark Square, Suite 1400  
Stamford, CT 06901-2689  

Mario DiNatale  
Silver Golub & Teitell LLP  
184 Atlantic Street  
P.O.Box 389  
Stamford CT 06904-0389  

                                            ___/S/_____  
                                            Peter M. Nolin