UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC.,      ) ) ) ) | CASE NUMBER: 3:03 CV 00644 (CFD) |

BRUCE CHARLES RYAN, RUSSELL WILLIAM
NEWTON, ROBERT FITZPATRICK, and MERIT      )
CAPITAL ASSOCIATES, INC.,                                    )          CASE NUMBER:
                                                                             )          3:03 CV 00644 (CFD)
                                                                             )
              Plaintiffs,                                             )
                                                                             )
    vs.                                                                  )
                                                                             )
NATIONAL UNION FIRE INSURANCE                     )
COMPANY OF PITTSBURGH, PA., and              )
AIG TECHNICAL SERVICES, INC.,                         )
                                                                             )
              Defendants.                                           )


DAVID W. GWYNN, RAQUEL GWYNN and         )
GWYNN FINANCIAL SERVICES, INC.                 )          CASE NUMBER:
                                                                             )          3:03 CV 1154 (CFD)
              Plaintiffs,                                             )
                                                                             )
    vs.                                                                  )
                                                                             )
NATIONAL UNION FIRE INSURANCE                     )
COMPANY OF PITTSBURGH, PA., and              )
AIG TECHNICAL SERVICES, INC.,                         )          November 1, 2005
                                                                             )
              Defendants.                                           )

## DEFENDANTS' OBJECTION TO THE OCTOBER 18, 2005 ORDER

Pursuant to FED. R. CIV. P. 72(b) and D. CONN. L. CIV. P. 72.2, Defendants National

Union Fire Insurance Company of Pittsburgh, Pa., and AIG Technical Services, Inc., now known

as AIG Domestic Claims, Inc. (collectively, "National Union"), respectfully object to the

electronic order dated October 18, 2005 (the "Order"), issued by Magistrate Judge Thomas P.

Smith.  The Order provides as follows:

> NOTICE OF ELECTRONIC ORDER. THIS IS THE ONLY
> NOTICE THE COURT WILL ISSUE. ORDER granting 96
> Motion to Amend/Correct. The clerk will file the complaint.
> Granting 108 Motion for Extension of Time. The deadline for
> discovery is now 4/14/2006. Granting 110 Motion for Leave to

File Reply in Excess of 10 Pages. Signed by Judge Thomas P. Smith on October 18, 2005. (Drake, C.) (Entered: 10/18/2005)

The Order appears to have overlooked the parties' pending motions to dismiss for lack of subject matter jurisdiction, and contains no findings of fact or recommended decision on the Motion for Leave to File [a] Second Amended Complaint (the "Motion to Amend") of the Plaintiffs in the *Gwynn* Action (the "*Gwynn* Plaintiffs"), which is dispositive. The Order also appears to grant the *Gwynn* Plaintiffs the right to effectively dismiss a party, Gwynn Financial Services, Inc. ("GFS"), because it is not diverse, but it does so without a recommended decision or Court order as required. The Court should therefore reject the Order and take one of the following actions:

a.   decide National Union's Motion to Dismiss pursuant to FED. R. CIV. P. 12 for lack of subject matter jurisdiction (the "Rule 12 Motion"), which if granted would dispose of the *Gwynn* Action and divest the Court of the power to issue the Order, or refer the Rule 12 Motion to the Magistrate Judge for a recommended decision; or

b.   in the alternative, if the Court denies National Union's Rule 12 Motion, or declines to issue a decision thereupon, the Court should then decide the *Gwynn* Plaintiffs' Motion to Dismiss pursuant to FED. R. CIV. P. 41(a)(2) and dismiss GFS through an "order of the Court" as required by the rule (the "Rule 41 Motion"), or refer the Rule 41 Motion to the Magistrate Judge for a recommended decision; or

c.   in the further alternative, if the Court declines to grant or decide National Union's Rule 12 Motion and the *Gwynn* Plaintiffs' Rule 41 Motion, the Magistrate Judge must issue a recommended decision in support of the

2

Order granting the *Gwynn* Plaintiffs' Motion to Amend because it is a dispositive motion that effectively decides that this Court has subject matter jurisdiction over the *Gwynn* Action, effectively dismissing GFS and disposing of its claims in this forum.

National Union is simultaneously filing a Motion for Reconsideration requesting that the Magistrate Judge reconsider the Order based on arguments substantially similar to those herein.

## BACKGROUND

### NATIONAL UNION'S MOTION TO DISMISS

The Order does not contain a recommended decision on National Union's Rule 12 Motion to Dismiss the Amended Complaint for Lack of Subject Matter Jurisdiction (attached hereto as Exhibit A), which was filed before the *Gwynn* Plaintiffs filed their Motion to Amend. National Union demonstrated in its Rule 12 Motion, and its later "Opposition" filed in support thereof (attached hereto as Exhibit E[1] and incorporated by reference)[2] that:

a.   Plaintiff GFS and Defendant AIG Technical Services, Inc. ("AIGTS") are incorporated in Delaware thus depriving this Court of subject matter jurisdiction;

b.   at the same time, however, GFS is a necessary party to the *Gwynn* Action pursuant to FED. R. CIV. P. 19(a);

---

[1] The attached exhibits are organized in chronological order.

[2] National Union's Opposition is entitled Memorandum in Opposition to the *Gwynn* Plaintiffs' (1) Motion to Dismiss Gwynn Financial Services, Inc.; (2) Motion for Leave to File a Second Amended Complaint; and (3) Objection to Defendants' Motion to Dismiss, dated September 6, 2005.

3

{00167692; 2; 0040-3}

    c.      GFS is also an indispensable party to the *Gwynn* Action pursuant to FED. R. CIV. P. 19(b);

    d.      the parties will be prejudiced if the *Gwynn* Action proceeds without GFS;

    e.      the Court cannot provide complete relief to the parties, including Plaintiffs and Defendants, in the absence of GFS;

    f.      the parties will be subject to the risk of double, multiple or inconsistent obligations if the *Gwynn* Action is not dismissed; and

    g.      FED. R. CIV. P. 19(b) provides that in this situation, the action should be dismissed in its entirety.

As a result, National Union showed that the *Gwynn* Action suffers from an incurable lack of subject matter jurisdiction. The Rule 12 motion to dismiss is a dispositive motion, but the Order contains no findings of fact or recommended decision with respect thereto.

## THE *GWYNN* PLAINTIFFS' JURISDICTIONAL MOTIONS

The *Gwynn* Plaintiffs acknowledge that GFS is not diverse from Defendant AIGTS because both are Delaware corporations. The *Gwynn* Plaintiffs' sole basis for subject matter jurisdiction was an alleged diversity of citizenship under 28 U.S.C. § 1332(a)(1). *See Gwynn* Plaintiffs' Amended Complaint ("Amend. Compl.") at ¶ 6. As a result, in an attempt to "cure" the incurable lack of subject matter jurisdiction, the *Gwynn* Plaintiffs filed the following:

    a.      the *Gwynn* Plaintiffs' Rule 41 Motion (attached hereto as Exhibit B);

    b.      the *Gwynn* Plaintiffs' Motion to Amend (attached hereto as Exhibit C); and

    c.      the *Gwynn* Plaintiffs' Objection to National Union's Motion to Dismiss (attached hereto as Exhibit D).

{00167692; 2; 0040-3}

(hereinafter referred to collectively as the "Jurisdictional Motions"). The Rule 41 Motion seeks to dismiss GFS from this action pursuant to "an order of the Court" under FED. R. CIV. P. 41(a)(2). The *Gwynn* Plaintiffs' Motion to Amend, furthermore, seeks leave to file a Second Amended Complaint that eliminates GFS as a party from the *Gwynn* action. The Rule 41 motion to dismiss is a dispositive motion that requires "an Order of the Court." The Order does not contain any finding of fact or recommended decision with respect to the Rule 41 Motion.

**ORDER**

The Order was issued after the parties filed the Rule 12 and Rule 41 Motions to Dismiss described above. While the Court has specifically referred certain matters to the Magistrate Judge, it does not appear that the Court referred the Rule 12 Motion, the Rule 41 Motion or the Motion to Amend. The Order appears to effectively dismiss GFS by permitting an amendment of the Complaint that omits GFS as a party, but does not contain any findings of fact or recommended decisions with respect to these motions. *See* 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b).

**ARGUMENT**

**I.     NATIONAL UNION OBJECTS TO THE ORDER BECAUSE THE MAGISTRATE JUDGE EFFECTIVELY DECIDED DISPOSITIVE MOTIONS WITHOUT PROVIDING RECOMMENDED DECISIONS TO THE COURT**

National Union objects to the Order under 28 U.S.C. § 636(b)(1), which provides in pertinent part:

> Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.

5

National Union recognizes that the Order itself does not constitute a proposed finding or recommendation, which is, in fact, the basis for this Objection, in part. The Magistrate Judge must issue recommended decisions to the Court with respect to dispositive motions. 28 U.S.C. § 636(b)(1)(B) defines motions to involuntarily dismiss an action as dispositive:

> A judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the deposition, by a judge of the court, of any motion excepted in subparagraph (A) . . . . [which includes] a motion . . . to involuntarily dismiss an action.

FED. R. CIV. P. 72(b) echoes that rule:

> [a] magistrate judge assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party . . . shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate.

See also D. CONN. L. CIV. R. 72.1(C)(1) and D. CONN. L. CIV. R. 72.2(a).[3]

The Court's review of the Magistrate Judge's recommended decisions concerning dispositive motions is subject to review under a *de novo* standard. 28 U.S.C. § 636(b)(1) provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

___

[3] D. CONN. L. CIV. R. 72.1(C)(1) provides:

> [t]he Magistrate Judge shall have authority to assist the Judges of this Court . . . including, but not limited to, exercise of the following duties: (1) The review and any necessary hearing of, and issuance of a recommended decision on, any motion . . . to dismiss or for summary judgment, or any other similar application in civil or criminal cases potentially dispositive of a claim or defense . . . .

It should also be noted that D. CONN. L. CIV. R. 72.2(a) provides that with respect to dispositive or potentially dispositive motions (as defined by D. CONN. L. CIV. R. 72.1(C)(1)), any party may object to a "proposed decision," and that the referring judge shall make a *de novo* determination to accept, reject or modify the "recommended ruling."

*See also Covington v. Kid*, No. 94 Civ. 4234, 1999 WL 9835, at * 2 (S.D.N.Y. Jan. 7, 1999)

(applying *de novo* standard to review of dispositive motion to amend); *Scally v. Daniluk*, No. 96

Civ. 7548, 1997 WL 639036, at * 1 (S.D.N.Y. Oct. 15, 1997) (same).  The Court should review

the Order *de novo*, and grant the relief set forth and requested below.

## II.    THE COURT MUST DECIDE THE DISPOSITIVE ISSUE OF WHETHER THIS COURT HAS SUBJECT MATTER JURISDICTION

The parties have filed a Rule 12 Motion, a Rule 41 Motion, and a FED. R. CIV. P. 15

Motion to Amend in an effort to determine whether this Court has subject matter jurisdiction

over the *Gwynn* Action.  Through whichever rule or procedural mechanism the Court chooses to

act, it must decide whether it has subject matter jurisdiction.  Further, the Court must decide the

more specific question posed by the Rule 12 Motion and National Union's Opposition -- whether

the Court can exercise subject matter jurisdiction where GFS is a necessary and indispensable

party that destroys subject matter jurisdiction because it is not diverse.  National Union believes

that this is an incurable defect that demands complete dismissal of the *Gwynn* Action.

These questions were not answered by the Order, and they are dispositive.  According to

the courts of this Circuit, "[a] dispositive matter is one that disposes of, or terminates, a claim or

defense."  *Covington*, 1999 WL 9835, at * 2 (finding that denial of the plaintiff's motion to

amend foreclosed potential claims and was therefore dispositive).  As discussed below, motions

such as those at issue here, which determine whether this Court has subject matter jurisdiction,

and whether the claims of a particular party are asserted or dismissed, are clearly dispositive.  As

this Court has held, motions for reconsideration serve to "ensure the finality of decisions."

*LoSacco v. City of Middletown*, 822 F.Supp. 870, 877 (D. Conn. 1993).  The Order, however,

does not promote finality.  Standing alone, the Magistrate Judge's Order cannot determine

dispositive motions concerning subject matter jurisdiction without submitting a recommended decision thereupon to the Court.

**III.    THE COURT SHOULD DECIDE NATIONAL UNION'S RULE 12 MOTION, WHICH, IF GRANTED, WOULD DISPOSE OF THE GWYNN ACTION AND DIVEST THE COURT OF THE POWER TO ISSUE THE ORDER**

As a motion to involuntarily dismiss the *Gwynn* Action for lack of subject matter jurisdiction, the Rule 12 Motion is a dispositive motion which the Court should decide or refer to the Magistrate Judge for a recommended decision. *See, supra,* 28 U.S.C. § 636(b)(1)(B) (involuntary motions to dismiss are dispositive). The Court should decide the Rule 12 Motion first because it is elementary and dispositive. Subject matter jurisdiction is the *sine qua non* of an action in this Court, and a threshold to any further action.[4] Until the *Gwynn* Plaintiffs carry their burden of establishing subject matter jurisdiction, they cannot be permitted to amend their Complaint a second time. If National Union's Rule 12 Motion is correct—and there is no subject matter jurisdiction in the *Gwynn* Action—the Court must dismiss the action in its entirety and it is without power to grant the Motion to Amend, unless the jurisdictional defect can be cured, which it cannot here. The Rule 41 Motion and the Motion to Amend would be moot, and the claims of the *Gwynn* Plaintiffs dismissed. On the other hand, if the Rule 12 Motion is denied, presumably the claims of the *Gwynn* Plaintiffs (without GFS) would survive, and the Action would move forward.

Furthermore, the Rule 12 Motion (and National Union's Opposition, which was filed in support thereof) addresses the most critical issue: whether the Court can exercise subject matter

---

[4] FED. R. CIV. P. 12(h)(3) directs that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter," the Court must dismiss the action. *See Travelers Indem. Co. v. Household Int'l, Inc.,* 775 F.Supp. 518, 523 (D. Conn. 1991) (assessing subject matter jurisdiction where insurer sought return of deductible), *citing Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541 (1986). "[N]either the convenience of the litigants nor considerations of judicial economy permit a court to flout the statutory command of diversity jurisdiction under 28 U.S.C. § 1332 . . . . [T]he policy of the statute calls for strict construction." *Id.*

8

jurisdiction where GFS is a necessary and indispensable party that destroys subject matter jurisdiction because it is not diverse. This is an incurable defect in subject matter jurisdiction that renders the Motion to Amend an exercise in futility. "Leave to amend a complaint pursuant to FED. R. CIV. P. 15 cannot be granted if the proposed amendment is futile." *Smith v. Kessner*, 183 F.R.D. 373 (S.D.N.Y. 1998) (denying plaintiffs' motion for leave to amend to withdraw a non-diverse plaintiff because such amendment would be futile since non-diverse plaintiff is a necessary and indispensable party to adjudication of the action). The *Gwynn* Plaintiffs' Jurisdictional Motions, however, are an attempt to gloss over those issues, plead around GFS's jurisdictional disability and to paper over or otherwise skip past their burden to establish subject matter jurisdiction. The Order overlooks these jurisdictional questions with the same result.

## IV. IN THE ALTERNATIVE, IF THE COURT DENIES OR DECLINES TO DECIDE NATIONAL UNION'S RULE 12 MOTION, THE COURT SHOULD THEN DECIDE THE RULE 41 MOTION

If the Court denies or declines to decide National Union's Rule 12 Motion, that does not end the subject matter jurisdiction inquiry. If the Court decides to find subject matter jurisdiction—notwithstanding the fact that the lack of subject matter jurisdiction here is incurable—it should take the affirmative step of ruling on the Rule 41 Motion and issue "an order of the Court" with respect thereto. FED. R. CIV. P. 41(a)(2) requires, in pertinent part:

> *By Order of Court.* Expect as provided in paragraph (1) of this subdivision of this rule [for dismissal by notice or stipulation], an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

The Order does not contain any reference to the Rule 41 Motion, nor does it purport to dismiss GFS as requested by the Rule 41 Motion. It cannot, therefore, constitute the order as required by

9

FED. R. CIV. P. 41(a)(2). Until the Court affirmatively dismisses GFS, it remains a non-diverse

party to the action and an abiding defect in the Court's subject matter jurisdiction.

Like the Rule 12 Motion, the Rule 41 Motion is elementary and dispositive. If granted,

the Rule 41 Motion would dismiss GFS from the Action and extinguish its claims in this forum.

Dismissal would prevent National Union from asserting its intended counterclaims against GFS

in this forum, as it has already done against the Plaintiffs in the companion *Ryan* Action. The

claims of the other *Gwynn* Plaintiffs also survive, and the Action would move forward. On the

other hand, if the Court denied the Rule 41 Motion, the *Gwynn* Action would have to be

dismissed and the Court would have no power to grant the Motion to Amend, unless it decided

that GFS was not necessary and indispensable. But as it stands, the Order does not contain a

recommended decision with respect to the Rule 41 Motion as required by FED. R. CIV. P. 72(b),

nor does it constitute an "order of the Court" mandated by FED. R. CIV. P. 41(a)(2).

## V.    IN THE FURTHER ALTERNATIVE, IF THE COURT DECLINES TO DECIDE THE RULE 12 MOTION OR THE RULE 41 MOTION, A RECOMMENDED DECISION IN SUPPORT OF ITS ORDER GRANTING THE MOTION TO AMEND MUST BE ENTERED

If the Court declines to decide National Union's Rule 12 Motion and/or the *Gwynn*

Plaintiffs' Rule 41 Motion, the Magistrate Judge must issue a recommended decision in support

of its Order granting the Motion to Amend because it is also dispositive. Like the Rule 41

Motion, the Order effectively permits the *Gwynn* Plaintiffs to dismiss GFS from the Action, to

extinguish its claims in this forum, and also prevents National Union from asserting its intended

counterclaims against GFS. Conversely, if the Court had denied the Motion to Amend, the

parties would not be diverse and the action would be subject to dismissal under FED. R. CIV. P.

12(h)(3). While it may be argued that the Order denies the Rule 12 motion and grants the Rule

41 Motion by implication, that argument ignores the statutory limits of a Magistrate Judge's authority and further supports the need for a recommended decision. The Magistrate Judge must issue a recommended decision in support of an Order that produces such dispositive results.

As noted above, courts of this Circuit have found that "[a] dispositive matter is one that disposes of, or terminates, a claim or defense." *Covington*, 1999 WL 9835, at * 2 (finding that denial of the plaintiff's motion to amend foreclosed potential claims and was therefore dispositive). *See also* FED. R. CIV. P. 72(b). Courts have regarded motions to amend as dispositive when they produce dispositive results. *See Scally*, 1997 WL 639036, at * 1; *Champion Titanium Horseshoe, Inc. v. Wyman-Gordon Investment Castings, Inc.*, 925 F.Supp. 188, 190 (S.D.N.Y. 1996) (finding decision on motion to amend subject to *de novo* review). In *Scally v. Daniluk*, the Southern District of New York reviewed, *de novo*, a report and recommendation granting the plaintiff's motion to amend to add a defendant. The court held that the motion was dispositive because if the motion to amend were denied, the plaintiff's action "would be dismissed." *Id.* Just as in Scally, denial of the Gwynn Plaintiff's Motion to Amend would mean that the *Gwynn* Plaintiffs' action would be dismissed. The Motion to Amend here is no different, and no less dispositive, because the Order grants the motion and permits the effective dismissal of GFS.

In another case, *HCC, Inc. v. RH&M Machine Co.*, 39 F.Supp.2d 317 (S.D.N.Y. 1999), the court held that a denial of a motion to amend was dispositive. In that case, the Magistrate Judge denied the motion to amend as futile because the proposed claims were subject to claim preclusion. The court compared this determination to a "motion to dismiss" or "summary judgment," and reviewed the report and recommendation *de novo*. *Id.* at 321, 322. In the same way, the *Gwynn* Plaintiffs' Motion to Amend is futile because this Court does not have, and

11

{00167692; 2; 0040-3}

cannot acquire, subject matter jurisdiction. The lack of subject matter jurisdiction is incurable because GFS is a necessary and indispensable party that destroys subject matter jurisdiction. The futility of the *Gwynn* Plaintiffs' Motion to Amend is a dispositive matter that FED. R. CIV. P. 72(b) requires be decided by a recommended decision.

The determination of whether a motion is dispositive depends in part on the facts of the particular case. It should be noted that "proper classification of a denial of leave to amend a pleading is not settled in this Circuit," and some courts have held that a motion to amend is not dispositive. *See Credit Suisse First Boston LLC v. Coeur D'Alene Mines Corp.*, No. 03Civ.9547 (PKL), 2005 WL 323714, at * 3 (S.D.N.Y. Sept. 10, 2005); *Palmer v. Monroe County Sheriff*, 378 F.Supp.2d 284, 288 (W.D.N.Y. July 20, 2005). Those situations are different than this case. In those cases, the magistrate judges exercise their discretion to deny requested amendments because of undue delay and prejudice, according to the standards articulated in *Foman v. Davis*, 371 U.S. 178, 182 (1962).[5] The Court does not have the discretion to take this case or not based on the level of prejudice to the parties. Either the Court has subject matter jurisdiction or it does not, and the entire case rises or falls on that decision. Such a decision cannot be considered anything other than completely dispositive.

---

[5] The *Foman* Court directed that leave to amend shall not be denied except with justification of such factors as the following:

|     |     |
| --- | --- |
| (a) | undue delay; |
| (b) | bad faith; |
| (c) | dilatory motive; |
| (d) | repeated failure to remedy problems in the complaint; |
| (e) | undue prejudice; or |
| (f) | futility of amendment. |

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

{00167692; 2; 0040-3}

WHEREFORE, Defendants National Union Fire Insurance Company of Pittsburgh, Pa. and AIG Technical Services, Inc. (now known as AIG Domestic Claims, Inc.) respectfully request that the Court:

    a.    vacate the Order;

    b.    decide National Union's Rule 12 Motion, which if granted would dispose of the *Gwynn* Action and divest the Court of the power to issue the Order, or refer the Rule 12 Motion to the Magistrate Judge for a recommended decision; or

    c.    in the alternative, if the Court denies National Union's Rule 12 Motion, or declines to issue a decision thereupon, the Court should then decide the *Gwynn* Plaintiffs' Rule 41 Motion and dismiss GFS through an "order of the Court" as required by the rule, or refer the Rule 41 Motion to the Magistrate Judge for a recommended decision; or

    d.    in the further alternative, if the Court declines to grant or decide National Union's Rule 12 Motion and the *Gwynn* Plaintiffs' Rule 41 Motion, the Magistrate Judge must issue a recommended decision in support of the Order granting the *Gwynn* Plaintiffs' Motion to Amend because it is a dispositive motion that effectively decides that this Court has subject matter jurisdiction over the *Gwynn* Action, effectively dismissing GFS and disposing of its claims in this forum; along with

{00167692; 2; 0040-3}

e.      such other and further relief as the Court may deem just and proper.

DEFENDANT     NATIONAL     UNION     FIRE
INSURANCE  COMPANY OF PITTSBURGH, Pa.
and AIG TECHNICAL SERVICES, INC.

By: _____

James R. Hawkins, II (ct00128)
William M. Tong (ct25304)
Finn Dixon & Herling LLP
One Landmark Square, Suite 1400
Stamford, CT  06901-2689
Tel:  (203) 325-5000
Fax:  (203) 348-5777
Email: jhawkins@fdh.com

14

{00167692; 2; 0040-3}

## **CERTIFICATION**

This is to certify that a true and correct copy of the foregoing was delivered by United

States mail, postage prepaid to the following this 1ˢᵗ day of November, 2005:

> Peter M. Nolin, Esq.
> Jay H. Sandak, Esq.
> Sandak Hennessey & Greco LLP
> 707 Summer Street
> Stamford, CT 06905
> (203) 425-4200
>
> Mario DiNatale, Esq.
> Jonathan M. Levine, Esq.
> Silver Golub & Teitell LLP
> 184 Atlantic Street
> Stamford, CT 06904
> (203) 325-4491

James R. Hawkins II

15

{00167692; 2; 0040-3}