UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


BRUCE CHARLES RYAN, RUSSELL WILLIAM
NEWTON, ROBERT FITZPATRICK and
MERRIT CAPITAL ASSOCIATES, INC.,
                    -Plaintiffs


          -v-                              CIVIL 3:03 CV 644 (CFD)


NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., and
AIG TECHNICAL SERVICES, INC.,
                    -Defendants



DAVID GWYNN, RACHEL GWYNN ans
GWYNN FINANCIAL SERVICES, INC.,
                    -Plaintiffs


          -v-                              CIVIL 3:03 CV 1154 (CFD)


NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., and
AIG TECHNICAL SERVICES, INC.,
                    -Defendants



## RULING ON MOTION FOR LEAVE TO AMEND

Due consideration having been given to National Union's motion for reconsideration, and its various arguments in opposition to plaintiffs' motion under Fed. R. Civ. P. 15(a), the plaintiffs' motion to file a second amended complaint **(Dkt. #96) is granted.**

The clerk will file that complaint forthwith.  This is a non-dispositive ruling, not a recommended ruling. As such, it is subject to the "clearly erroneous, contrary to law" standard of review. 28 U.S.C. §636(b)1)(A)[1]

Although *a denial* of leave to amend may well be considered a dispositive ruling on the theory that it precludes claims or defenses from being asserted, a ruling *permitting* leave to amend is non-dispositive even where it has serious jurisdictional implications. See, e.g., Acme Electric Corp. v. Sigma Instruments, Inc., 121 F.R.D. 26 (W.D.N.Y. 1988)(motion to amend to add non-diverse party is non-dispositive even if it results in remand to state court); Brant v. Mississippi Power & Light Co., 722 F.Supp. 298 (S.D. Miss. 1989)(magistrate grants motion to amend complaint resulting in remand for lack of subject matter jurisdiction non-dispositive).[2]

That the instant ruling moots National Union's pending motion to dismiss does not transform plaintiffs' motion for leave to amend

---

[1] "The weight of authority within this Circuit classifies a motion to amend a complaint as a non-dispositive pretrial motion, and holds that a magistrate's order should be reviewed under the 'clearly erroneous standard.'" Palmer v. Monroe County Sheriff, 378 F.Supp.2d 284, 289 (W.D.N.Y. 2005), citing Credit Suissse First Boston LLC v. Coeur D'Alene Mines Corp., No. 03 Civ. 9547 (PKL), 2005 WL 323714, at *3 (S.D.N.Y. 2005).

[2] National Union has presented the court with no case law holding that the pendency of a motion to dismiss a complaint transforms a normally non-dispositive motion to amend that complaint into a dispositive one.

into a dispositive motion, as National Union argues. In reality, allowing the filing of a second amended complaint neither precludes plaintiffs from making claims, nor the defendants from asserting any defenses. National Union is free to plead what it wishes in its answer to the second amended complaint. It is also free to move with respect to that complaint under Fed. R. Civ. P. 12 and 19.[3]

The pending motion to dismiss the first amended complaint is moot. The district judge is under no obligation to decide a motion to dismiss simply because it was filed prior to an amended pleading that has mooted it. Nor is he under any obligation to rule on such a motion simply because a party has incurred the expense of preparing it. In allowing plaintiffs to file a second amended complaint, the magistrate judge offers no opinion as to its sufficiency, only that, on the record before the court, it is not manifestly insufficient or futile. If National Union, or any other defendant, is of the opinion that the second amended complaint is not sufficient, or that an action under it cannot continue due to the absence of an indispensable party, it is free to move to dismiss the seconded amended complaint under Rule 19(b).

---

[3] On page 11 of its memorandum National Union argues that the first amended complaint reveals a lack of subject-matter jurisidiction and states that "[t]he lack of subject matter jurisdiction is incurable because GFS is a necessary and *indispensable* party." Thus, National Union appears to recognize that a Rule 19 provides the appropriate procedural vehicle for challenging the seconded amended complaint.

The clerk shall immediately file the second amended complaint. Defendant National Union is free to timely object to this ruling. The undersigned has set forth his report as to the effect of this ruling on the pending motions to dismiss.

**Dated at Hartford, Connecticut, this 9th day of November, 2005.**

>        **/s/ Thomas P. Smith**
>        **Thomas P. Smith**
>        **United States Magistrate Judge**