UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., | ) ) ) ) | CASE NUMBER: 3:03 CV 00644 (CFD) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | |
| Defendants, | ) ) | |
| DAVID W. GWYNN, RAQUEL GWYNN GWYNN FINANCIAL SERVICES, INC. | ) ) ) | CASE NUMBER: 3:03 CV 1154 (CFD) |
| Plaintiffs | ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | |
| Defendants | ) | JANUARY 17, 2006 |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Defendants National Union Fire Insurance Company of Pittsburgh, PA and A.I.G. Technical Services, Inc., now known as AIG Domestic Claims, Inc., (collectively, National Union), respectfully request that

this Court enter a protective order with respect to the Ryan Plaintiffs' First Request for Production of Documents dated May 16, 2005 ("Ryan Plaintiffs' Requests" or "Requests").[1]

**Wherefore,** for the reasons stated in the memorandum of law filed herewith, all relevant documents and information sought in this disputed Request have previously been produced in response to the Gwynn Plaintiffs' requests. The Ryan Plaintiffs' Requests are unreasonably cumulative and duplicative. For these reasons, National Union respectfully requests that the discovery requested in the Ryan Plaintiffs' Requests not be had pursuant to Federal Rules of Civil Procedure 26(b)(2) and 26(c). Good cause exists for a protective order to enter that no fact discovery shall be sought regarding:

(1) Claims and litigation beyond the consolidated cases;

(2) The Sowell Claims or Sowell Arbitration other than the responsive, relevant and non-privileged documents produced in response to the Gwynn Plaintiffs' Document Requests;

(3) Any reserves established by National Union or any reinsurance obtained by National Union or any communications National Union had with reinsurers;

(4) National Union's Corporate, Financial, Approved Counsel or Personnel information;

(5) Privileged Documents between National Union and its legal counsel after the commencement of this action.

---

[1] The Ryan Plaintiffs' Requests are also the subject of a *Motion to Compel* filed by the Ryan Plaintiffs'. Plaintiffs' counsel attached to the *Memorandum of Law in Support of Their Motion to Compel*, his affidavit that a good faith conference was in fact conducted. Moreover, concurrently with the filing of this motion, the Defendants have opposed the Ryan Plaintiffs' *Motion to Compel*. The arguments made in National Unions' opposition equally apply to this motion.

Alternatively, should this court order production of any further documents, the Defendants would respectfully request that the court impose the costs and expenses of said production on the Ryan Plaintiffs. In the event that the Ryan Plaintiffs obtain a verdict in their favor on Count Four, statutory bad faith, then the court can consider awarding them the costs of obtaining the production.

DEFENDANTS
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.
and AIG TECHNICAL SERVICES, INC.

By: _____
Mark B. Seiger
Fed. Bar No. ct05580
Edwards Angell Palmer & Dodge LLP
90 State House Square
Hartford, CT  06103-2715
Tel:  (860) 525-5065
Fax: (860) 527-4198
Email:  mseiger@eapdlaw.com

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was delivered by United States mail, postage prepaid, to the following this 17th day of January, 2006:

Peter M. Nolin, Esq.
Jay H. Sandak, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT  06905
(203) 425-4200

Mario DiNatale, Esq.
Jonathan M. Levine, Esq.
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT  06904
(203) 325-4491

_____
Mark B. Seiger