# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., | ) ) ) ) | CASE NUMBER: 3:03 CV 00644 (CFD) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | |
| Defendants. | ) ) ) | |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC. | ) ) ) | CASE NUMBER: 3:03 CV 1154 (CFD) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | January 17, 2006 |
| Defendants. | ) ) | |

### AFFIDAVIT OF ANTONIOS DASKALAKIS

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

ANTONIOS DASKALAKIS, being duly sworn, deposes and says:

1. I am a Senior Complex Coverage Director for AIG Domestic Claims, Inc. AIG Domestic Claims, Inc. is the current name of AIG Technical Services, Inc. ("AIGTS"), a defendant in this action. I am also an attorney admitted to the practice of law in the State of New York. I have been assigned to this matter since November 2004. I am fully familiar with the facts herein stated.

2. I am over the age of 18 and I understand the meaning of an oath.

3. I make this affidavit in connection with the defendants' opposition to the Plaintiffs' motion to compel.

4. The Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") is an insurance company that issued the Securities Broker/Dealer's Professional Liability Insurance Policy (the "Policy") that is the subject of this litigation.

5. AIG Domestic Claims, Inc. and its predecessor, AIGTS, acted as the agent for National Union in processing the claim made by Michael Sowell against Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick, Merit Capital Associates, Inc., David Gwynn, Raquel Gwynn and Gwynn Financial Services, Inc., the insureds under the Policy and the plaintiffs in these consolidated actions.

6. National Union and AIGTS are corporations that are owned and controlled directly or indirectly by American International Group, Inc. ("AIG").

7. Attached hereto as Exhibit 1 is a true copy of the Annual Report, Form 10K and Proxy Statement for AIG for the year 2004 (the "2004 Annual Report"). These documents are publicly available from numerous sources, including, but not limited to, the AIG website, www.AIG.com.

8. I have reviewed carefully the Ryan Plaintiffs' First Request For Production of Documents dated May 16, 2005 ("Plaintiffs' Document Demand") and I believe that they would be literally impossible to comply with. The time, burden and expense even to attempt compliance would be enormous.

9. Plaintiffs' Document Demand, unless otherwise specified, requires AIG to search, locate, review, analyze, copy and produce documents relating to AIG's worldwide business activities for at least 5 years, and in most cases the last 7 years.

10. The 2004 Annual Report (Exhibit 1), which merely summarizes AIG's business activity for the year 2004, and sets forth AIG's financial statement as of December 31, 2004 (a single day) is almost 400 pages in length. Each of plaintiffs 47 separate Document Demands, not counting subparts, would require not an annual summary but "[a]ll documents" for 5 or 7 years.

11. The 2004 Annual Report reflects that AIG has approximately 92,000 employees in 75 countries and had revenues in 2004 of almost $100,000,000,000. Since these documents were publicly available, clearly plaintiffs knew or should have known of the extraordinary burden Plaintiffs' Document Demand would place on AIG.

- 3 -

HFD_159408_1/CLUKASIEWICZ

12. Almost half of plaintiffs' document demand seek worldwide corporate information from AIG and all "Affiliates." Plaintiffs' Document Demand defines "Affiliate" as follows:

> "Affiliate" shall mean any company which is a subsidiary of, part of, owned or controlled by American International Group, Inc., including but not limited to AIU Insurance Company, American Home Insurance Company, American International Pacific Insurance Company, American International South Insurance Company, Birmingham Fire Insurance Company of Pennsylvania, Commerce and Industry Insurance Company, Granite State Insurance Company, Illinois National Insurance Company, The Insurance Company of the State of Pennsylvania, National Union Fire Insurance Company of Louisiana, New Hampshire Insurance Company and the defendants National Union Fire Insurance Company of Pittsburgh, Pa. and AIG Technical Services, Inc.

13. The extraordinary and oppressive breadth of Plaintiffs' Document Demand is illustrated by just a few examples:

> 9. All documents concerning any complaints, charges, allegations, claims, litigation, or any other action of any kind by any governmental entities, against National Union or any Affiliate, whether formal or informal, written or oral, concerning business conduct and affairs National Union or any Affiliate.
>
> 13. All documents which evidence the financial results and earnings of Defendants National Union Fire Insurance Company of Pittsburgh, Pa., and AIG Technical Services, Inc., and each Affiliate for each year since January 1, 2000.
>
> 14. All documents which evidence the insurance premiums paid to Defendants National Union Fire Insurance Company of Pittsburgh, Pa., and AIG Technical Services, Inc. and each Affiliate for each year since January 1, 2000.
>
> 31. All documents concerning the Defendants National Union Fire Insurance Company of Pittsburgh, Pa. and AIG Technical Services, Inc.

- 4 -

14. The Document Demand is simply oppressive. Even an estimate of the actual cost to respond to Plaintiffs' Document Demands is beyond calculation. The attached 2004 Annual Report, however, provides a useful comparison.

15. The role and function of an auditor in preparing the attached annual report is different than the role of parties engaged in document production under the Federal Rules. For example, auditors simply examine on a "test basis" the reasonableness and fairness of financial statements prepared by the company. Auditors do not go on a worldwide hunt to locate, examine, analyze, copy and produce "all documents which evidence financial results and earnings of AIG" for 7 years, as plaintiffs astoundingly demand (Request No. 13). Auditors do not, and indeed, plainly it is because they cannot, locate, examine, analyze, copy and produce worldwide "all documents concerning National Union and AIGTS" for 7 years (Request No. 31). Auditors do not, and again, because they cannot, go on a worldwide hunt to locate, examine, analyze, copy and produce "All documents [worldwide] that evidence insurance premiums paid to" AIG for 5 years (Request No. 14).

16. In many ways, Plaintiffs' Document Demand is substantially more onerous, time consuming and expensive than an AIG annual audit. The combined costs for AIG's annual audit for 2003 and 2004 exceeded $100,000,000. Ex. 1, Proxy Statement dated June 27, 2005 p. 36.

17. If the Court were to grant Plaintiffs' Document Demand, the defendants could not reasonably afford to continue this litigation. This is precisely the preclusive effect that must have intended when Plaintiffs' Document Demand was fashioned.

- 5 -

18. Here the combined claim for damages of all Plaintiffs is $15,000,000. As the Court knows, Plaintiffs' ad damnum clauses are often highly inflated, as I believe they are here. It is important to note that the Policy had a combined limit of $1,000,000.00. National Union had already paid in excess of the $1,000,000.00 Policy in final settlement of the Sowell Arbitration Award.

19. The cost to comply with Plaintiffs' Document Demand would far exceed the amount Plaintiffs' demand for damages. This is extraordinary and oppressive.

Antonios Daskalakis

Subscribed and sworn to
before me this 17th day of January, 2006

Notary Public

My Commission expires:

TIFFANY L. NGEO
Notary Public, State of New York
No. 02N6004890
Qualified in Nassau County
Commission Expires March 30, 2006

- 6 -

HFD_159408_1/CLUKASIEWICZ

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., | ) ) ) ) | CASE NUMBER: 3:03 CV 00644 (CFD) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | |
| Defendants. | ) ) ) | |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC. | ) ) ) | CASE NUMBER: 3:03 CV 1154 (CFD) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | January 17, 2006 |
| Defendants. | ) | |

### AFFIDAVIT OF ANTONIOS DASKALAKIS

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

ANTONIOS DASKALAKIS, being duly sworn, deposes and says:

1. I am a Senior Complex Coverage Director for AIG Domestic Claims, Inc. AIG Domestic Claims, Inc. is the current name of AIG Technical Services, Inc. ("AIGTS"), a defendant in this action. I am also an attorney admitted to the practice of law in the State of New York. I have been assigned to this matter since November 2004. I am fully familiar with the facts herein stated.

2. I am over the age of 18 and I understand the meaning of an oath.

3. I make this affidavit in connection with the defendants' opposition to the Plaintiffs' motion to compel.

4. The Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") is an insurance company that issued the Securities Broker/Dealer's Professional Liability Insurance Policy (the "Policy") that is the subject of this litigation.

5. AIG Domestic Claims, Inc. and its predecessor, AIGTS, acted as the agent for National Union in processing the claim made by Michael Sowell against Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick, Merit Capital Associates, Inc., David Gwynn, Raquel Gwynn and Gwynn Financial Services, Inc., the insureds under the Policy and the plaintiffs in these consolidated actions.

6. National Union and AIGTS are corporations that are owned and controlled directly or indirectly by American International Group, Inc. ("AIG").

7. Attached hereto as Exhibit 1 is a true copy of the Annual Report, Form 10K and Proxy Statement for AIG for the year 2004 (the "2004 Annual Report"). These documents are publicly available from numerous sources, including, but not limited to, the AIG website, www.AIG.com.

8. I have reviewed carefully the Ryan Plaintiffs' First Request For Production of Documents dated May 16, 2005 ("Plaintiffs' Document Demand") and I believe that they would be literally impossible to comply with. The time, burden and expense even to attempt compliance would be enormous.

9. Plaintiffs' Document Demand, unless otherwise specified, requires AIG to search, locate, review, analyze, copy and produce documents relating to AIG's worldwide business activities for at least 5 years, and in most cases the last 7 years.

10. The 2004 Annual Report (Exhibit 1), which merely summarizes AIG's business activity for the year 2004, and sets forth AIG's financial statement as of December 31, 2004 (a single day) is almost 300 pages in length. Each of plaintiffs 47 separate Document Demands, not counting subparts, would require not an annual summary but "[a]ll documents" for 5 or 7 years.

11. The 2004 Annual Report reflects that AIG has approximately 92,000 employees in 75 countries and had revenues in 2004 of almost $100,000,000,000. Since these documents were publicly available, clearly plaintiffs knew or should have known of the extraordinary burden Plaintiffs' Document Demand would place on AIG.

HFD_159408_1/CLUKASIEWICZ

12. Almost half of plaintiffs' document demand seek worldwide corporate information from AIG and all "Affiliates." Plaintiffs' Document Demand defines "Affiliate" as follows:

> "Affiliate " shall mean any company which is a subsidiary of, part of, owned or controlled by American International Group, Inc., including but not limited to AIU Insurance Company, American Home Insurance Company, American International Pacific Insurance Company, American International South Insurance Company, Birmingham Fire Insurance Company of Pennsylvania, Commerce and Industry Insurance Company, Granite State Insurance Company, Illinois National Insurance Company, The Insurance Company of the State of Pennsylvania, National Union Fire Insurance Company of Louisiana, New Hampshire Insurance Company and the defendants National Union Fire Insurance Company of Pittsburgh, Pa. and AIG Technical Services, Inc.

13. The extraordinary and oppressive breadth of Plaintiffs' Document Demand is illustrated by just a few examples:

> 9. All documents concerning any complaints, charges, allegations, claims, litigation, or any other action of any kind by any governmental entities, against National Union or any Affiliate, whether formal or informal, written or oral, concerning business conduct and affairs National Union or any Affiliate.
>
> 13. All documents which evidence the financial results and earnings of Defendants National Union Fire Insurance Company of Pittsburgh, Pa., and AIG Technical Services, Inc., and each Affiliate for each year since January 1, 2000.
>
> 14. All documents which evidence the insurance premiums paid to Defendants National Union Fire Insurance Company of Pittsburgh, Pa., and AIG Technical Services, Inc. and each Affiliate for each year since January 1, 2000.
>
> 31. All documents concerning the Defendants National Union Fire Insurance Company of Pittsburgh, Pa. and AIG Technical Services, Inc.

HFD_159408_1/CLUKASIEWICZ

14. The Document Demand is simply oppressive. Even an estimate of the actual cost to respond to Plaintiffs' Document Demands is beyond calculation. The attached 2004 Annual Report, however, provides a useful comparison.

15. The role and function of an auditor in preparing the attached annual report is different than the role of parties engaged in document production under the Federal Rules. For example, auditors simply examine on a "test basis" the reasonableness and fairness of financial statements prepared by the company. Auditors do not go on a worldwide hunt to locate, examine, analyze, copy and produce "all documents which evidence financial results and earnings of AIG" for 5 years, as plaintiffs astoundingly demand (Request No. 13). Auditors do not, and indeed, plainly it is because they cannot, locate, examine, analyze, copy and produce worldwide "all documents concerning National Union and AIGTS" for 7 years (Request No. 31). Auditors do not, and, again, because they cannot, go on a worldwide hunt to locate, examine, analyze, copy and produce "All documents [worldwide] that evidence insurance premiums paid to" AIG for 5 years (Request No. 14).

16. In many ways, Plaintiffs' Document Demand is substantially more onerous, time consuming and expensive than an AIG annual audit. The combined costs for AIG's annual audit for 2003 and 2004 exceeded $100,000,000. Ex. 1, Proxy Statement dated June 27, 2005 p. 36.

17. If the Court were to grant Plaintiffs' Document Demand, the defendants could not reasonably afford to continue this litigation. This is precisely the preclusive effect that must have intended when Plaintiffs' Document Demand was fashioned.

18. Here the combined claim for damages of all Plaintiffs is $15,000,000. As the Court knows, Plaintiffs' addandum clauses are often highly inflated, as I believe they are here. It is important to note that the Policy had a combined limit of $1,000,000.00. National Union had already paid in excess of the $1,000,000.00 Policy in final settlement of the Sowell Arbitration Award.

19. The cost to comply with Plaintiffs' Document Demand would far exceed the amount Plaintiffs' demand for damages. This is extraordinary and oppressive.

_____
Antonios Daskalakis

Subscribed and sworn to
before me this 17th day of January, 2006

_____
Notary Public

My Commission expires: