UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., <br><br>Plaintiffs, <br><br>vs. <br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br>Defendants. | CASE NUMBER: <br>3:03 CV 00644 (CFD) |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC. <br><br>Plaintiffs, <br><br>vs. <br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br>Defendants. | CASE NUMBER: <br>3:03 CV 01154 (CFD) <br><br><br><br>January 30, 2006 |

**PLAINTIFFS' MEMORANUDM IN OPPOSITION
TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Plaintiffs, Bruce Charles Ryan, Russell William Newton, Robert Fitzpatick and Merit Captial Associates, Inc. (the "Ryan Plaintiffs") hereby submit this opposition memorandum to Defendants, National Union Fire Insurance Company of Pittsburgh, PA's ("NU") and AIG Technical Services, Inc.'s ("AIGTS") January 17, 2005 Motion for Protective. Order.  AIGTS

and NU fail to demonstrate good cause for why a protective order precluding the production of relevant documents should be issued by this Court. Therefore, their motion should be denied.

## I.  PRELIMINARY STATEMENT[1]

In April, 2003, the Ryan Plaintiffs brought this action based on AIGTS's and NU's failure to defend and indemnify the Ryan Plaintiffs in the underlying Sowell Claim and Sowell Arbitration. The Ryan Plaintiffs' first request for production of documents dated Mary 16, 2005 seeks a variety of documents related to AIGTS's and NU's conduct in handling the Sowell Claim and Sowell Arbitration, including AIGTS's and NU's contradictory decisions to at first defend the Ryan Plaintiffs, then approximately 4 months later disclaim coverage, then approximately a year later renew coverage and thereafter actually settle the Sowell Claim and Sowell Arbitration.

Since serving their discovery requests, the Ryan Plaintiffs have attempted, in good faith, to proceed with discovery and resolve any objections AIGTS and NU had to producing responsive documents. AIGTS and NU have consistently refused and or failed to produce all responsive documents. Indeed, to date they have produced a mere 1,600 pages in discovery and actually refuse to produce all relevant documents.[2]

---

[1] For a full recounting of the relevant factual history, the Ryan Plaintiffs respectfully cite the Court to their September 28, 2005 Memorandum in Support of Plaintiffs' Motion to Compel Discovery and for Sanctions. That motion has not been ruled on by the Court because AIGTS and NU have just filed their opposition thereto. Further, because AIGTS and NU filed their Motion for Protective Order simultaneously with their opposition papers to Plaintiffs' Motion to Compel Discovery, it seems logical that the Court will take up both the Motion to Compel and the Motion for Protective Order at the same time.

[2] AIGTS's and NU's claim that all responsive documents were produced in response to the Gwynn Plaintiffs' discovery requests. This is inaccurate. There are numerous deficiencies in the production to the Gwynn Plaintiffs' requests. Furthermore, the Ryan Plaintiffs sought categories of documents that were not requested by the Gwynn Plaintiffs. In addition, in light of AIGTS's and NU's counterclaims, documents that were perhaps not relevant before are now highly relevant to these proceedings.

In their Motion for Protective Order, AIGTS and NU ask the Court not to just preclude the discovery of one highly confidential area of documents but to actually preclude further discovery. Indeed, AIGTS and NU have in essence copied their Memorandum in Opposition to Plaintiffs' Motion to Compel and For Sanctions and altered the relief requested from upholding their baseless objections to issuing a protective order insuring that they do not have to search for or produce any further documents in this case. AIGTS's and NU's reasoning for being allowed to simply bow out of discovery is that the Ryan Plaintiffs' discovery requests would be just too cumbersome and expensive to comply with. This is not proper grounds for a protective order much less a protective order that seeks an end to discovery for one party. Thus, the Court should deny the Motion for Protective Order and order AIGTS and NU to comply with their discovery obligations.

**II.     ARGUMENT**

"The general purpose of discovery is to inform the adversary of what theories a party proposes to develop at trial, and on what basis a jury will be asked to award damages." *In re Corporation Securities Litigation,* 221 F.R.D. 20, 23 (2003) (internal quotations and citations omitted). "The discovery rules…make a trial less of a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent by requiring disclosure of all relevant information. *Id.* (internal quotations and citations omitted).

Courts have the discretion to issue protective orders upon a showing of good cause. *See Smith v. Equifax Information Services, Inc.,* 2005 WL 2660381 * 4 (D. Conn.) (internal citations

omitted)[3]; *See also LaPlante v. Estano,* 228 F.R.D. 115 (2005). "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* (internal quotations and citations omitted). "Good cause is not necessarily established solely by showing that discovery may involve inconvenience and expense." *In re Corporation Securities Litigation,* 221 F.R.D. 20, 26 (2003) (internal quotations and citations omitted). "A burden or expense is not undue simply because it is burdensome or expensive. In deciding whether to issue the order, a court should compare the hardship to the party against whom discovery is sought with the probative value of the information to the other party. *Id.* (internal citations omitted).

AIGTS and NU have failed to provide this Court with good cause to enter a protective order. Indeed, the sole grounds they appear to rely on in seeking to preclude the Ryan Plaintiffs from obtaining relevant discovery is that the mere attempt to comply with the Ryan Plaintiffs' discovery requests would be cumbersome and expensive [See January 17, 2006 Affidavit of Antonios Daskalakis, Exhibit B to Defendants' Motion]. The fact that searching for discovery may be inconvenient and expensive is simply not enough to support the issuance of a protective order.[4]

In addition, the documents the Ryan Plaintiffs seek, including documents relating to the Sowell Claim and Sowell Arbitration—the underlying claim and arbitration central to this action, are imperative to the Ryan Plaintiffs' case in chief and their defense against AIGTS's and NU's

---

[3] Copies of all Westlaw cited cases are attached hereto.
[4] In their motion for protective order, AIGTS and NU ask that if the Court orders them to produce all responsive documents, then the Ryan Plaintiffs should bear the costs associated with that production. This is absolutely contrary to the parties' prior agreement that all parties would pay all costs associated with their own productions. The Ryan Plaintiffs have produced thousands of documents and never once sought reimbursement or payment from AIG or NU. Thus, the Court should deny AIGTS's and NU's request.

Amended Counterclaims.  In fact, AIGTS and NU refuse to produce documents that directly relate to the damages they allege against the Ryan Plaintiffs.  These documents are certainly relevant to the defense of the Ryan Plaintiffs.  Yet, AIGTS and NU continue to conceal these types of relevant documents.

Moreover, AIGTS and NU admit that because their parent company, AIG, is a public company, the majority of the documents the Ryan Plaintiffs seek are not confidential.  Thus, it is clear that the sole reason AIGTS and NU refuse to produce relevant documents, and now months after the Ryan Plaintiffs moved to compel production AIGTS and NU suddenly move for a protective order, is because they just do not want to be bothered to comply with discovery.  Discovery is meant to protect parties from a game of blindman's bluff.  *In re Corporation Securities Litigation,* 221 F.R.D. 20, 23 (2003) (internal quotations and citations omitted).  Yet this is exactly what AIGTS and NU are doing in this action.  They are concealing documents and forcing the Ryan Plaintiffs to make the best guess they can as to how to defend themselves against AIGTS's and NU's Amended Counterclaims.  This is not permissible and is certainly not grounds for a protective order.

Finally, the Ryan Plaintiffs have already agreed that all documents produced in this action will be confidential and used solely in this litigation.  Thus, even if the Court finds good cause exists to grant the protective order, it should order the parties to stipulate to a confidentiality order and have that entered by the Court.

### III.     CONCLUSION

Based on the foregoing, the Court should deny AIGTS's and NU's motion for protective order.

        PLAINTIFFS, BRUCE CHARLES RYAN,
RUSSELL WILLIAM NEWTON,
ROBERT FITZPATRICK, and MERIT
CAPITAL ASSOCIATES INC.,

By_____/s/ Stephanie A. McLaughlin
Peter M. Nolin (ct06223)
Stephanie A. McLaughlin (ct22774)
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT  06901
(203) 425-4200
(203) 325-8608 (fax)

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent by regular mail, on January 30, 2006, to the following counsel:

Mark B. Seiger
Edwards Angell Palmer & Dodge, LLP
90 State House Square
Hartford, CT 06103-2715

Mario DiNatale
Silver Golub & Teitell LLP
184 Atlantic Street
P.O.Box 389
Stamford CT 06904-0389

                                                                                                       /s/ Stephanie A. McLaughlin
                                                                                                        Stephanie A. McLaughlin