UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**BRUCE CHARLES RYAN ET AL,**
     **-Plaintiffs**


    **-vs-**                                                 **3:03-CV-00644 (CFD)**


**NATIONAL UNION FIRE INSURANCE**
**COMPANY OF PITTSBURGH ET AL,**
     **-Defendants.**


**RULING ON DEFENDANTS' MOTION FOR**
**EXTENSION OF TIME AND FOR PROTECTIVE ORDER**

**A.   Motion for Extension of Time**

Defendants' requested until November 8, 2005 to produce a witness in response to plaintiffs' notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6) (establishing the procedure by which a party can depose a corporate entity by deposing one or more of its designated agents). Since November 8, 2005 has long since come and gone, defendants' motion is **GRANTED** *nunc pro tunc*. The court notes that discovery in this case is scheduled to close on April 14, 2006. To the extent that a 30(b)(6) deposition remains necessary the parties are **ORDERED** to confer and agree upon a time for the deposition to take place no later than April 14, 2006. Defendants are under "an affirmative duty to make available such number of persons as will be able to give *complete, knowledgeable and binding answers on [the corporation's] behalf*." Reilly v. Natwest Mkts.

Group Inc., 181 F.3d 253, 268 (2d Cir. 1999)(internal quotation omitted)(emphasis added).  Defendants should take this responsibility extremely seriously and make all reasonable efforts to comply with Rule 30(b)(6).

In conjunction with their motion for extension of time defendants request what they style a "protective order" to prevent plaintiffs from noticing a 30(b)(6) deposition before November 8, 2005.  The propriety of requesting such relief in a protective order is arguable, however the substantive relief sought is understood.  For the reasons stated above, defendants' motion to prevent plaintiffs from noticing a deposition until November 8, 2005 is **GRANTED** *nunc pro tunc*.

### B.  Motion for Protective Order

Defendants request a protective order that prevents plaintiffs from inquiring on certain topics at the 30(b)(6) deposition.  A court is given broad discretion regarding whether to issue a protective order.  Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992)(grant and nature of protection is singularly within the district court's discretion); Cruden v. Bank of New York, 957 F.2d 961, 972 (2d Cir. 1992)(order regarding sequence of discovery at discretion of trial judge).  That said, a court may issue a protective order only after the moving party demonstrates good cause.  In re Agent Orange Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir. 1987).  To establish good cause under Rule 26(c), courts

require a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Havens v. Metro. Life Ins. Co. (In re Akron Beacon Journal), No. 94 Civ. 1402, 1995 U.S. Dist. LEXIS 5183, at *10 (S.D.N.Y. April 20, 1995)(quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)).

The defendants have failed to show good cause to issue a protective order.  Defendants have done little more than list the issues they object to and proceed to label them either privileged, irrelevant or overly burdensome.  Further, rather than approve this preemptive strike on discovery, the better procedure is to allow the deposition to take place and leave open the opportunity for the parties to object to specific questions and document requests. Following this course of action will allow both parties to make their arguments, in writing, based on the transcript from the deposition.

Therefore, defendants' Motion for an Extension of Time and for a Protective Order **[Dkt. #124]** is **GRANTED** in part and **DENIED** in part.  Defendants' request for an extension of time until November 8, 2005 to produce a 30(b)(6) deponent is **GRANTED** *nunc pro tunc*. Similarly, defendants' request for a protective order to prevent plaintiffs from noticing a 30(b)(6) deposition until November 8, 2005 is **GRANTED** *nunc pro tunc*.  However, defendants' Motion for a Protective Order to prevent inquiry into certain topics at the

-3-

30(b)(6) deposition is **DENIED**.

This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. See 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this 27th day of January, 2006.**

/s/ Thomas P. Smith
**THOMAS P. SMITH**
**UNITED STATES MAGISTRATE JUDGE**