IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., Plaintiffs, v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., Defendants. | CIVIL ACTION NO. 3:03CV00644(CFD) |
| DAVID W. GWYNN, RAQUEL GWYNN and GWYNN FINANCIAL SERVICES, INC., Plaintiffs, v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., Defendants. | CIVIL ACTION NO. 3:03CV01154(CFD)  FEBRUARY 6, 2006 |

**DEFENDANTS' MOTION FOR LEAVE TO SERVE SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES AND AMENDED COUNTERCLAIM TO THE RYAN PLAINTIFFS' AMENDED COMPLAINT, AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 15(a), Defendants, National Union Fire Insurance Company of Pittsburgh, PA. and AIG Technical Services, Inc., now known as AIG Domestic Claims, Inc. (collectively, "National Union" or "AIG" or "Defendants"), through their undersigned attorneys, respectfully move the Court to allow them to serve their Second Amended Answer and Affirmative Defenses and Amended Counterclaim against Plaintiffs, Bruce Charles Ryan,

Russell William Newton, Robert Fitzpatrick, and Merit Capital Associates, Inc., (collectively, the "Ryan Plaintiffs"), and in support thereof state as follows:

1. In this consolidated action, the Ryan Plaintiffs allege various causes of action against Defendants arising from a Securities Broker/Dealer's Professional Liability Insurance Policy No. 473-36-20 ("Policy") issued by National Union.

2. Plaintiffs David W. Gwynn, Raquel Gwynn and Gwynn Financial Services, Inc. (collectively, the "Gwynn Plaintiffs"), also allege various causes of action against Defendants arising from the same Policy.

3. Defendants previously filed a motion for leave to serve a Counterclaim on the Ryan Plaintiffs, which was granted by the Court on September 6, 2005. The Ryan Plaintiffs filed an Answer and Affirmative Defenses to the Counterclaim on October 4, 2005.

4. On November 9, 2005, United States Magistrate Judge Thomas P. Smith entered a ruling that granted a motion by the Gwynn Plaintiffs to file a Second Amended Complaint.

5. On November 18, 2005, this consolidated action was stayed for 60 days due to the resignation of Defendants' prior counsel from his firm in order to pursue interests other than law.

6. The undersigned attorneys entered a Notice of Appearance on January 17, 2006.

7. On or about February 6, 2006, Defendants, through the undersigned counsel, filed their Answer, Affirmative Defenses, and Counterclaim in response to the Gwynn Plaintiffs' Second Amended Complaint. A copy of Defendants' Answer, Affirmative Defenses, and Counterclaim to the Gwynn Plaintiffs' Second Amended Complaint is annexed hereto as "Exhibit A."

8. Defendants have affirmative defenses to the Ryan Plaintiffs' Amended Complaint that are the *same* as their Affirmative Defenses to the Gwynn Plaintiffs' Second Amended Complaint. Furthermore, Defendants have counterclaims against the Ryan Plaintiffs that are the *same* as their Counterclaims against the Gwynn Plaintiffs. This is because the Ryan Plaintiffs' claims, the Gwynn Plaintiffs' claims, and Defendants' counterclaims, which all arise from the Policy, are all so related that they form part of the same case or controversy.

9. Accordingly, Defendants move for leave to amend their previously-filed Amended Answer, Affirmative Defenses, and Counterclaim to the Ryan Plaintiffs' Amended Complaint with the Second Amended Answer, Affirmative Defenses and Amended Counterclaim, a copy of which is annexed hereto as "Exhibit B."

10. A comparison of the affirmative defenses and counterclaims in "Exhibit B" to those in "Exhibit A" supports the fact that, as stated above, the proposed Second Amended Answer and Affirmative Defenses to the Ryan Plaintiffs' Amended Complaint is the same as Defendants' Answer and Affirmative Defenses to the Gwynn Plaintiffs' Second Amended Complaint, and the proposed Amended Counterclaim against the Ryan Plaintiffs is the same as Defendants' Counterclaim against the Gwynn Plaintiffs.

11. Defendants have attempted to contact counsel for the Ryan Plaintiffs to obtain his consent to this motion. However, he is currently in trial and has been unable to respond.

12. Allowing Defendants leave to amend would prejudice no party. However, Defendants would be severely prejudiced if they are not allowed to amend, because Defendants' counterclaims are compulsory in that they arise out of the transaction or occurrence that is the subject matter of the Ryan Plaintiffs' claims.

## INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 15(a), the general mandate is that "leave shall be freely given when justice so requires." Shade v. Housing Authority of City of New Haven, 1998 WL 351473, *1 (D.Conn.) (D. Conn. 1998). Thus, Rule 15(a) "embodies a liberal approach to amendment." Id.

"The rule in the Second Circuit is to freely allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Id. Leave to amend "shall be freely given when justice so requires," and should be granted absent "some justification for refusal." Ferber v. Travelers Corp., 1992 WL 34683, *1 (D. Conn. 1992). A motion for leave to amend should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of the amendment." Id..

Here, there has been no undue delay, and the Gwynn Plaintiffs have just recently filed their Second Amended Complaint. There has been no bad faith or dilatory motive, and there has been no repeated failure to cure deficiencies, as no such deficiencies have even been asserted. Moreover, the original deadlines were stayed by virtue of this Court's November 18, 2005 Order.

Accordingly, Defendants respectfully request that the Court enter an Order allowing Defendants leave to amend, and deeming the Second Amended Answer and Affirmative Defenses and the Amended Counterclaim filed with this Motion as being filed against the Ryan Plaintiffs' Amended Complaint.

Respectfully Submitted,

DEFENDANTS/COUNTERPLAINTIFFS
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.
and AIG TECHNICAL SERVICES, INC.

BY THEIR ATTORNEYS,
Edwards Angell Palmer & Dodge LLP

By: /s/ M.B.S.
Mark B. Seiger
Fed. Bar No. ct05580
90 State House Square
Hartford, CT 06103-2715
Tel: (860) 525-5065
Fax: (860) 527-4198
Email: mseiger@eapdlaw.com

John D. Hughes
BBO # 243660
101 Federal Street
Boston, MA 02110
Tel: (617) 439-4444
Fax: (617) 439-4170
Email: jhughes@eapdlaw.com

Donna M. Greenspan
Florida Bar No.: 059110
One North Clematis Street
Suite 400
West Palm Beach, FL 33401
Tel: (561) 833-7700
Fax: (561) 655-8719
Email: dgreenspan@eapdlaw.com

CERTIFICATION

This is to certify that a true and correct copy of the foregoing was delivered by United States mail, postage prepaid, to the following this 6th day of February, 2006:

<u>Counsel for the Ryan Plaintiffs</u>
Peter M. Nolin, Esq.
Jay H. Sandak, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905
(203) 425-4200

<u>Counsel for the Gwynn Plaintiffs</u>
Mario DiNatale, Esq.
Jonathan M. Levine, Esq.
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06904
(203) 325-4491

_____
Mark B. Seiger