# EXHIBIT A

PLAINTIFF'S EXHIBIT
215
10/17/05

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CASE NUMBER: <br> 3:03 CV 00644 (CFD) |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC. <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CASE NUMBER: <br> 3:03 CV 1154 (CFD)) <br><br><br><br> December 3, 2004 |

### RESPONSES OF DEFENDANT AIG TECHNICAL SERVICES, INC. TO THE GWYNN PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant AIG Technical Services, Inc. ("AIGTS"), by its attorneys Finn Dixon & Herling LLP, hereby objects and responds to the First Set of Interrogatories (the "Interrogatories") of Plaintiffs David W. Gwynn ("Gwynn"), Raquel Gwynn and Gwynn Financial Services, Inc. (together, the "*Gwynn* Plaintiffs"), in the action *Gwynn, et al. v. National Union, et al.*, Case No. 3:03 CV 1154 (CFD) (the "action"), dated October 5, 2004, as set forth below.

{00100283; 2; 0040-4}

## OBJECTIONS

1. AIGTS objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege and/or the work product doctrine.

2. AIGTS objects to the Interrogatories to the extent they exceed the permissible scope of discovery as defined by FED. R. CIV. P. 26(b)(1)-(2) and federal law, including, without limitation, to the extent they seek information that is not relevant to the claim or defense of any party; are unduly broad and burdensome; are unreasonably duplicative and cumulative; do not seek discovery of admissible evidence; and attempt to impose a discovery obligation upon AIGTS beyond that required under federal law and the Rules of this Court.

3. AIGTS objects to the Interrogatories to the extent that they seek documents and information of a confidential and/or highly confidential nature, including without limitation trade secrets and/or proprietary or sensitive information concerning AIGTS' internal business operations without adequate assurances or safeguards against disclosure to third parties or an effective protective order from the Court.

## RESPONSES TO THE INTERROGATORIES

GWYNN PLAINTIFFS' INTERROGATORY NO. 1

Identify all persons who participated in the decision to underwrite the policy.

RESPONSE TO INTERROGATORY NO. 1

Subject to the foregoing Objections, AIGTS states that the decision to underwrite the policy was made by National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union").

2

{00100283; 2; 0040-4}

### GWYNN PLAINTIFFS' INTERROGATORY NO. 2

Identify the date AIGTS was first notified of the claim, the manner in which it was notified, and the persons who notified it.

### RESPONSE TO INTERROGATORY NO. 2

Subject to the foregoing Objections, AIGTS objects further to Interrogatory No. 2 because it is not clear what the *Gwynn* Plaintiffs mean by "the claim." To the extent the *Gwynn* Plaintiffs intend to refer to "Sowell's claim" in Interrogatory No. 2, pursuant to FED. R. CIV. P. 33(d), AIGTS refers the *Gwynn* Plaintiffs to the responsive, relevant and non-privileged documents in the claim file produced in response to the *Gwynn* Plaintiffs Request for Documents to AIGTS, dated October 5, 2004 (the "*Gwynn* Plaintiffs' Document Request").

### GWYNN PLAINTIFFS' INTERROGATORY NO. 3

Identify all the AIGTS employees, including but not limited to claims adjustors, who participated to any extent in conducting an investigation into the allegations raised by Michael A. Sowell in the claim.

### RESPONSE TO INTERROGATORY NO. 3

Subject to the foregoing Objections, AIGTS objects further to Interrogatory No. 3 because it is not clear what the *Gwynn* Plaintiffs mean by "the claim" and "claims adjustors." To the extent the *Gwynn* Plaintiffs intend to refer to Sowell's claim in Interrogatory No. 3, pursuant to FED. R. CIV. P. 33(d), AIGTS refers the *Gwynn* Plaintiffs to the responsive, relevant and non-privileged documents in the claim file produced in response to the *Gwynn* Plaintiffs' Document Request.

### GWYNN PLAINTIFFS' INTERROGATORY NO. 4

Identify every AIGTS employee who participated in the decision to retain the firm of Mariscal, Weeks, McIntyre & Friedlander, P.A., of Phoenix Arizona to represent the plaintiffs in defending against the claim.

3

{00100283; 2; 0040-4}

RESPONSE TO INTERROGATORY NO. 4

Subject to the foregoing Objections, AIGTS objects further to Interrogatory No. 4 because it is not clear what the *Gwynn* Plaintiffs mean by "the claim". To the extent the *Gwynn* Plaintiffs intend to refer to Sowell's claim in Interrogatory No. 4, pursuant to FED. R. CIV. P. 33(d), AIGTS refers the *Gwynn* Plaintiffs to the responsive, relevant and non-privileged documents in the claim file produced in response to the *Gwynn* Plaintiffs' Document Request.

GWYNN PLAINTIFFS' INTERROGATORY NO. 5

Identify every AIGTS employee who participated in the decision, early in 2002, to deny plaintiffs the coverage and defense provisions under the policy in connection with the claim.

RESPONSE TO INTERROGATORY NO. 5

In addition to and subject to the foregoing Objections, AIGTS objects to and denies the allegations of Interrogatory No. 5, and further objects because it is not clear what the *Gwynn* Plaintiffs mean by "the claim." To the extent the *Gwynn* Plaintiffs intend to refer to Sowell's claim in Interrogatory No. 5, pursuant to FED. R. CIV. P. 33(d), AIGTS refers the *Gwynn* Plaintiffs to the responsive, relevant and non-privileged documents in the claim file produced in response to the *Gwynn* Plaintiffs' Document Request.

GWYNN PLAINTIFFS' INTERROGATORY NO. 6

Identify every AIGTS employee who communicated with any attorney at Mariscal, Weeks concerning AIGTS's decision to deny coverage and a defense to plaintiffs in connection with the claim, and the name of the attorney with whom each such communication occurred.

RESPONSE TO INTERROGATORY NO. 6

In addition to and subject to the foregoing Objections, AIGTS objects to and denies the allegations of Interrogatory No. 6, and further objects because it is not clear what the *Gwynn* Plaintiffs mean by "the claim." To the extent the *Gwynn* Plaintiffs intend to refer to Sowell's

4

{00100283; 2; 0040-4}

claim in Interrogatory No. 6, pursuant to FED. R. CIV. P. 33(d), AIGTS refers the *Gwynn* Plaintiffs to the responsive, relevant and non-privileged documents in the claim file produced in response to the *Gwynn* Plaintiffs' Document Request.

### GWYNN PLAINTIFFS' INTERROGATORY NO. 7

Identify every AIGTS employee who participated in any discussion concerning a letter received by Brian T. Conlin from counsel to Michael A. Sowell on or about October 24, 2002, which acknowledged, in substance, that Sowell's brokerage account at Merit was not governed by a power of attorney to any individual, including Sowell's broker.

### RESPONSE TO INTERROGATORY NO. 7

In addition to and subject to the foregoing Objections, AIGTS objects to and denies the allegations of Interrogatory No. 7, and, pursuant to FED. R. CIV. P. 33(d), refers the *Gwynn* Plaintiffs to the responsive, relevant and non-privileged documents in the claim file produced in response to the *Gwynn* Plaintiffs' Document Request.

### GWYNN PLAINTIFFS' INTERROGATORY NO. 8

Identify every AIGTS employee who spoke with John J. Niegorski, counsel to plaintiffs, on or after January 3, 2004, concerning Sowell's claim.

### RESPONSE TO INTERROGATORY NO. 8

Subject to the foregoing Objections, and pursuant to FED. R. CIV. P. 33(d), AIGTS refers the *Gwynn* Plaintiffs to the responsive, relevant and non-privileged documents in the claim file produced in response to the *Gwynn* Plaintiffs' Document Request.

### GWYNN PLAINTIFFS' INTERROGATORY NO. 9

Identify every AIGTS employee who participated in the decision, on or about January 10, 2003, to resume providing a defense to plaintiffs in the NASD claim.

RESPONSE TO INTERROGATORY NO. 9

In addition to and subject to the foregoing Objections, AIGTS objects to and denies the allegations of Interrogatory No. 9, and, pursuant to FED. R. CIV. P. 33(d), refers the *Gwynn* Plaintiffs to the responsive, relevant and non-privileged documents in the claim file produced in response to the *Gwynn* Plaintiffs' Document Request.

GWYNN PLAINTIFFS' INTERROGATORY NO. 10

Identify every AIGTS employee who had any discussions with any attorney from Mariscal Weeks concerning defense of the claim subsequent to the decision on or about January 10, 2003, to resume defense of the claim, naming both the specific AIGTS employee, as well as the specific attorney with whom the discussion was held.

RESPONSE TO INTERROGATORY NO. 10

In addition to and subject to the foregoing Objections, AIGTS objects to and denies the allegations of Interrogatory No. 10, and further objects because it is not clear what the *Gwynn* Plaintiffs mean by "the claim." To the extent the *Gwynn* Plaintiffs intend to refer to Sowell's claim in Interrogatory No. 10, pursuant to FED. R. CIV. P. 33(d), AIGTS refers the *Gwynn* Plaintiffs to the responsive, relevant and non-privileged documents in the claim file produced in response to the *Gwynn* Plaintiffs' Document Request.

GWYNN PLAINTIFFS' INTERROGATORY NO. 11

Identify every AIGTS employee who participated in any discussions and/or decisions concerning whether to settle the NASD claim between January 10, 2003 and February 25, 2003, the date the arbitration panel entered an award.

RESPONSE TO INTERROGATORY NO. 11

In addition to and subject to the foregoing Objections, AIGTS objects to and denies the allegations of Interrogatory No. 11, and, pursuant to FED. R. CIV. P. 33(d), refers the *Gwynn*

{00100283; 2; 0040-4}

Plaintiffs to the responsive, relevant and non-privileged documents in the claim file produced in response to the *Gwynn* Plaintiffs' Document Request.

### GWYNN PLAINTIFFS' INTERROGATORY NO. 12

Identify every AIGTS employee who participated in any discussions with any employee of National Union to deny a defense and coverage to plaintiffs and/or the Merit plaintiffs at any time between receipt of notice of the Sowell claim to the date the arbitration panel rendered its award.

### RESPONSE TO INTERROGATORY NO. 12

In addition to and subject to the foregoing Objections, AIGTS objects to and denies the allegations of Interrogatory No. 12, and, pursuant to FED. R. CIV. P. 33(d), AIGTS states that none of its employees participated in a manner responsive thereto.

AS TO THE OBJECTIONS ONLY:
DEFENDANT AIG TECHNICAL SERVICES, INC.

By: _____
James R. Hawkins, II (ct00128)
William M. Tong (ct25304)
Finn Dixon & Herling LLP
One Landmark Square, Suite 1400
Stamford, CT  06901-2689
Tel:  (203) 325-5000
Fax: (203) 348-5777
Email:   jhawkins@fdh.com
         wtong@fdh.com

7

{00100283; 2; 0040-4}

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was delivered by hand to the following this 3rd day of December, 2004:

Peter M. Nolin (ct06223)
Jay H. Sandak (ct06703)
Sandak Hennessey & Greco LLP
970 Summer Street
Stamford, CT 06905
(203) 425-4200
(203) 325-8608 (fax)

Mario DiNatale (ct12449)
Jonathan M. Levine (ct07584)
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06904
(203) 325-4491
(203) 325-3769 (fax)

William M. Tong

{00100283; 2; 0040-4}