# EXHIBIT B

## MOHR, HACKETT, PEDERSON, BLAKLEY & RANDOLPH, P.C.

LAW OFFICES

ROBERT C. HACKETT
ARTHUR W. PEDERSON
THOMAS K. CHENAL
DAVID W. DOW
GREGORY W. FALLS
THOMAS C. AXELSEN
THOMAS M. QUIGLEY
DANIEL P. BEEKS
CAROLYN R. MATTHEWS
NATHANIEL B. ROSE
KEVIN C. McCOY*
MATTHEW J. KELLY
CHRISTOPHER L. RADDATZ

OF COUNSEL:
MICHELE M. FEENEY
E.J. PESKIND**

WILLIAM C. BLAKLEY
(1946-1997)

SUITE 1100
2800 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004-1043
PHONE: (602) 240-3000
FACSIMILE: (602) 240-6600

SUITE 280
7047 EAST GREENWAY PARKWAY
SCOTTSDALE, ARIZONA 85254-6113
PHONE: (480) 556-2601
FACSIMILE: (480) 556-3393

WWW.MOHRHACKETT.COM

WRITER'S DIRECT LINE

GORDON A. MOHR
JOHN M. RANDOLPH
PETER N. SPILLER
K. MAUREEN ANDERS
AZIM Q. HAMEED
JOHN J. NICGORSKI
MICHAEL W. WRIGHT
ROBERT P. SOLLIDAY
DANIEL J. KILEY
JAMES H. REES***
ABBIE G. SHINDLER
GESSNER H. HARRISON

ALSO ADMITTED IN:
*    PENNSYLVANIA
**   ALASKA, ILLINOIS & MISSOURI
***  MARYLAND

January 6, 2003

<u>VIA FACSIMILE (212) 458-1039</u>
<u>AND U.S. MAIL</u>

Brian T. Conlin
Claims Analyst
Financial Institutions Claims
AIG Technical Services, Inc.
175 Water Street
New York, NY 10038

Re:    Insured:    Merit Capital Associates
       Matter of:   Michael Sowell
       Policy No.:  473-36-20
       Claim No.:   297-012850

Dear Mr. Conlin:

I am in receipt of the power of attorney upon which you base your denial of coverage to David W. Gwynn ("Mr. Gwynn") in the above-referenced matter. Due to the limited amount of time I have to analyze this power of attorney, that the power of attorney you rely upon for your denial of coverage is not notarized, since it is the requirement in Arizona, it was never effective in Arizona in any event.  See A.R.S. § 14-5501(D)(4).  The power of attorney, even if effective, does not apply to the Charter School/Novation Financial Corporation investments described in paragraphs 31 through 62 of the Statement of Claim, which relate to investments that were approved by Mr. Gwynn's broker-dealer, but were not governed by the so-called power of attorney relied upon by AIG.  At a minimum, defense coverage should be provided on these claims.

It is my understanding that Mr. Gwynn is proceeding *pro per* in the NASD arbitration because his insurance carrier withdrew the defense.  Mr. Gwynn requested a continuance; that continuance has been denied, and the hearing begins tomorrow at 9:00 a.m.  I enclose a copy

334882.1\17136-001 (1/6/2003)



PLAINTIFF'S
EXHIBIT
185
Weber
ALL-STATE LEGAL®

LAW OFFICES OF

# Struckmeyer and Wilson

JAN 1 3 2002

r. WILSON*
FRED C. STRUCKMEYER, JR. (1912-1992)
GARVEY M. BIGGERS
ANTHONY S. COSS
JEFFREY A. KING
KARL J. CRUSE
DREW M. GULLY
ADRIAN M. GOUGH
STACIE B. ROBB**
MICHAEL F. MAGEE
CHRISTOPHER J. WILSON
MICHELE S. WILSON COSS

910 EAST OSBORN
PHOENIX, ARIZONA 85014

TELEPHONE (602) 248-9222

TELECOPIER (602) 263-0464

I.D. #86-0439544

* DIPLOMATE, AMERICAN BOARD OF TRIAL ADVOCATES
* ALSO ADMITTED IN NEBRASKA
** ALSO ADMITTED IN CALIFORNIA

January 10, 2003

SENT VIA FACSIMILE: 602.240.6600 AND US MAIL

John J. Niegorski, Esq.
MOHR HACKETT PEDERSON BLAKELY & RANDOLPH, P.C.
2800 N. Central Ave., Suite 1100
Phoenix, AZ 85004-1043

Re:  Insured:    Merit Capital Associates
     Claimant:   Michael Sowell
     Policy #:   473-36-20
     Claim #:    297-012850

Dear Mr. Niegorski:

This letter will serve to confirm our telephone conversation on the afternoon of January 9, 2003, in which I conveyed to you and your client, David Gwynn, AIG's offer to pay for defense counsel for Mr. Gwynn. It is my understanding that you were going to contact Mr. Gwynn and get back to me at your earliest opportunity.

I have been in contact with Maxine Polomski at Mariscal Weeks with respect to AIG's request that her firm appear on behalf of Mr. Gwynn. It is my understanding that her firm is willing to represent Mr. Gwynn and that she will be contacting you to discuss this further with you.

Enclosed is a letter from Mr. Gwynn to Mr. Conlin at AIG Technical Services dated May 17, 2002. In that letter, you will note that Mr. Gwynn stated that he was in the process of accumulating, gathering, organizing, and providing AIG with records relating to defense and coverage issues. My understanding is that Mr. Gwynn never followed up on his promise to supply additional information. If my understanding is incorrect, please provide me with copies of all documents that Mr. Gwynn forwarded to AIG as promised in his May 17, 2002 letter.

PLAINTIFF'S EXHIBIT
191
Conlin
ALL-STATE LEGAL®

John T. Nicgorski, Esq.
Claim #: 297-012850
January 10, 2003
Page: 2

---

     I look forward to hearing back from you at your earliest opportunity. If I am not in the office, you can attempt to reach me on my cell phone, (602) 828-2890.

           Very truly yours,

           STRUCKMEYER & WILSON

           Jeffrey A. King

JAK/bb

Encl/as

cc:    Brian T. Conlin
       Claims Analyst - Financial Institutions
       AIG TECHNICAL SERVICES, INC.
       175 Water St.
       New York, NY 10038

       (via facsimile and US mail)

# SOURCE CAPITAL GROUP, INC. 

Members, NASD, SIPC

Friday, May 17, 2002

David W. Gwynn, CFP
Senior Vice President Investments

2002 MAY 21

Brian Conlin
AIG Technical Services, Inc.
175 Water St
New York, NY 10038

**VIA FIRST CLASS MAIL**

RE File Number 297-12850
RE Policy Number 473-36-20

Dear Brian:

I have received your letter of April 16, 2002 which I recieved May 13 (postmarked May 9, 2002) relating to a "closure of the file" regarding the Sowell matter referenced above.

I wish to inform you that the information you requested several months ago has been in the process of being accumulated and provided. Unfortunately, the movement of my office records and home in the past year has forced me to enact a time consuming and laborious process of gathering and organizing your requested records as it relates to retaining defense of coverage by your company in the above matter while still maintaining my business under most difficult and stressful circumstances.

I strongly object to closure of any file in the above matter at this time.

I also strongly believe that the information I will shortly provide you will speak to the issues involved and confirm AIG's a duty to defend me as in the above matter.

AIG has previously retained the firm of Mariscal Weeks, McIntyre and Friedlander with attorneys Tim Thomasson and Maxine Polomski in this matter. Per your recent letter, AIG first retained and then subsequently rejected coverage due to your assertion that the account which is the subject of this arbitration was a "discretionary account". I believe this rejection to be misguided, as this will the subject of arguement with opposing counsel at the arbitration hearing itself and will be decided by the arbitration panel. It is clearly premature to reject coverage or close any files as you have not seen the informtion I have been compiling. In my opinion, the assertion of the Sowell account being a "discretionary account" is not true as you will see. Further, I had not seen or recieved a copy of the insurance policy I was assessed monthly premiums on by Merit Capital until several months after the receipt of the Statement of Claim filed with the NASD by Mr. Sowell's counsel.

I will look to AIG to stay a decision on the retention of counsel until the factual documentation has been received and reviewed.

Should you have any questions, please contact me at (480)-947-8700.

Sincerely,

David W Gwynn

PS. Please also correct your records as my actual address which has also caused delays. It is:

7692 E TARDES DR
Scottsdale AZ 85255

cc: Bruce Ryan

8912 E. Pinnacle Peak Road, #493 • Scottsdale, AZ 85255 • (480) 947-8700 • (800) 374-7877 • Mobile (602) 531-0104 • Fax (480) 947-6766

7377 East Doubletree Ranch Road, Suite 290 • Scottsdale, AZ 85258 • (480) 368-1488 • Fax (480) 368-1319

LAW OFFICES
## MOHR, HACKETT, PEDERSON, BLAKLEY & RANDOLPH, P.C.

ROBERT C. HACKETT
ARTHUR W. PEDERSON
THOMAS K. CHENAL
DAVID W. DOW
GREGORY W. FALLS
THOMAS C. AXELSEN
THOMAS M. QUIGLEY
DANIEL P. BEEKS
CAROLYN R. MATTHEWS
NATHANIEL B. ROSE
KEVIN C. MCCOY*
MATTHEW J. KELLY
CHRISTOPHER L. RADDATZ

OF COUNSEL:
MICHELE M. FEENEY
E.J. PESKIND**

WILLIAM C. BLAKLEY
(1946-1987)

SUITE 1100
2800 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004-1043
PHONE: (602) 240-3000
FACSIMILE: (602) 240-6600

SUITE 250
7047 EAST GREENWAY PARKWAY
SCOTTSDALE, ARIZONA 85254-8113
PHONE: (480) 659-2201
FACSIMILE: (480) 659-3393

WWW.MOHRHACKETT.COM

WRITER'S DIRECT LINE

GORDON A. MOHR
JOHN M. RANDOLPH
PETER N. SPILLER
M. MAUREEN ANDERS
AZIM Q. HAMEED
JOHN J. NICGORSKI
MICHAEL W. WRIGHT
ROBERT P. SOLLIDAY
DANIEL J. KILEY
JAMES H. REES***
ABBIE S. SHINDLER
GESSNER H. HARRISON

ALSO ADMITTED IN:
*    PENNSYLVANIA
**   ALASKA, ILLINOIS & MISSOURI
***  MARYLAND

January 10, 2003

<u>VIA FACSIMILE (602) 263-0464</u>
<u>AND U.S. MAIL</u>

Jeffrey A. King
Struckmeyer and Wilson
910 E. Osborn
Phoenix, AZ 85014-5220

Re:    David W. Gwynn Matter
       Insured:      Merit Capital Associates
       Claimant:     Michael Sowell
       Policy #:     473-36-20
       Claim #:      297-012850

Dear Mr. King:

I am enclosing herewith correspondence from Frank W. Moskowitz, Berk & Moskowitz, regarding claimant's demand for settlement of the above-referenced case. In speaking with my client, Mr. Gwynn, the arbitration has progressed essentially according to the way Mr. Moskowitz describes it. As you can tell from Mr. Moskowitz's correspondence, my client has been severely prejudiced by the withdrawal of counsel and denial of coverage. As you know, a reasonable settlement within policy limits could have been reached prior to withdrawal of defense counsel.

Mr. Gwynn is in receipt of the information indicating that the insurance carrier is now going to provide defense counsel to him. Mr. Gwynn will cooperate fully with defense counsel in the balance of the arbitration proceeding. Mr. Gwynn's acceptance of defense counsel does in no way waive any of his rights to pursue a *Damron* or *Morris* agreement. Despite the fact that claimants believe that the arbitrators are leaning in their favor, I believe that a reasonable settlement can be reached within policy limits.

335224.1\17136-001 (1/10/2003)


PLAINTIFF'S
EXHIBIT
192
Conlin

LAW OFFICES

MOHR, HACKETT, PEDERSON, BLAKLEY & RANDOLPH, P.C.

Jeffrey King
January 10, 2003
Page 2


Demand is hereby made that AIG become involved in the settlement negotiations and settle this matter for an amount within policy limits.

You have also requested documents from Mr. Gwynn. Mr. Gwynn will provide you with additional documents as soon as practicable. Mr. Gwynn is in the middle of a hearing and now is meeting with counsel and _is_ providing defense counsel with such documents. It is also my understanding that defense counsel appointed by AIG periodically provide AIG with documents, status and budget reports. Since AIG had previously appointed the same defense counsel, this information may already be in AIG's possession. Mr. Gwynn will still provide such information to AIG. Mr. Gwynn would ask for copies of all budget/status reports from defense counsel to AIG and accompanying documents, including all correspondence between AIG and defense counsel.

If you have any questions, please call.

Yours very truly,

John J. Nicgorski


JJN:fss
Enclosure
cc.    David W. Gwynn

# BERK & MOSKOWITZ

### A PROFESSIONAL CORPORATION
#### ATTORNEYS AT LAW

TELEPHONE:   480.607.7900
FACSIMILE:   480.607.7300

FIRM@BERKMOSKOWITZ.COM
WWW.BERKMOSKOWITZ.COM

January 10, 2003

## FOR SETTLEMENT PURPOSES ONLY, SUBJECT TO RULE 408 OF THE ARIZONA AND FEDERAL RULES OF EVIDENCE

VIA FACSIMILE (602) 240-6600

John Niegorski
MOHR HACKETT
2800 N. Central, Suite 1100
Phoenix, Arizona 85004

Re:   Sowell v. Gwynn et al.

Dear John:

Now that we are half way or more done with the NASD arbitration hearing that started Tuesday January 7, 2003, and are now one witness away from resting our client's case, I understand that AIG has changed its mind and decided that it will now provide your client with a defense. Unfortunately for Mr. Gwynn, this is likely "too little too late."

Over the last three days, we have extensively cross-examined Mr. Gwynn, Mr. Ryan, Mr. Newton, and Mr. Fitzpatrick. We cross-examined Mr. Gwynn for at least several hours, if not more, on each of the proceeding three days. When asked if he wanted to question witnesses, including himself, and about other legal issues that arose, Mr. Gwynn repeatedly informed the arbitration panel that his insurance company had refused to provide a defense, that he was not financially able to hire his own attorney, and therefore because his defense was left up to his own devices, he did not know what to do or how to respond.

5665 NORTH SCOTTSDALE ROAD · SUITE F-100 · SCOTTSDALE, ARIZONA 85250

01/10/2003  16:42   4806077300          BERK MOSKOWITZ                    PAGE  03/06

John Niegorski
January 10, 2003
Page 2

Even worse for Mr. Gwynn, the panel has verbally admonished him on several occasions because of his failure to abide by NASD rules.

For example and with all due respect to Mr. Gwynn, he struggled to make an opening statement, during which the panel verbally admonished him for basically testifying as opposed to making an appropriate opening statement. He is currently struggling to cross-examine our client, Mr. Sowell. Yesterday, during Mr. Gwynn's attempt to do so, Mr. Sowell apologized to the panel because in answering one of Mr. Gwynn's questions, Mr. Sowell was asking Mr. Gwynn a question. I think everyone in the room laughed, but it is no laughing matter and Mr. Gwynn's comment was "I'm sure you are all laughing at me."

It is interesting that AIG has denied coverage based on a non-notarized Power of Attorney that my client signed in March of 1998 without knowing both my client's and Mr. Gwynn's testimony surrounding the signing of that Power of Attorney. Mr. Gwynn has testified that he wanted the Power of Attorney solely in the event of an emergency. Apparently, Mr. Gwynn had a prior experience where he was going out of town and wanted to place a stop loss order on a client's stock to protect the client's position in the event the stock took a turn for the worse while he was out of town and was unable to be reached. The client in that case apparently refused Mr. Gwynn's recommendation and the stock took a turn for the worse while Mr. Gwynn was out of town and apparently was unable to be reached. So it was as a safeguard that Mr. Gwynn apparently requested the Power of Attorney; something he could utilize in case of an emergency.

As far as my client is concerned, he testified that he did not know why he signed the Power of Attorney other than Mr. Gwynn had asked him to do so. My client did recall Mr. Gwynn saying something about needing it in the event my client was out of town.

AIG's denial also ignores the Option Client Information forms that bear my client's signature. I have already provided copies to Mr. Federman and AIG. There is one in particular dated July of 1998, after the Power of Attorney was signed, that specifically has marked "No" to the question "Is Power of Attorney Broker."

01/10/2003  16:42    4806077300    BERK MOSKOWITZ

John Niegorski
January 10, 2003
Page 3

AIG's denial based on the mere allegation of a discretionary trading account ignores the foregoing and the entire charter school investment side of our case, which according to Mr. Gwynn's testimony, involves a $275,000 investment by our client.

The bottom line from our perspective is that Mr. Gwynn's account was not a discretionary trading account. Although we recognize that our Statement of Claim alleged that it was, we believe the true facts are otherwise. Facts, not allegations, dictate coverage. Of course, since AIG has not had a representative attend the hearing, it has no knowledge of the facts of this case. AIG's knowledge is limited to the mere allegations in the Statement of Claim.

Based on the evidence summarized below, we strongly believe that your client faces an adverse judgment in this case that exceeds policy limits, which we understand to be $1 million. We further believe that AIG's refusal to provide him a defense plays a role in that exposure.

Chuck Fath, our expert witness, will be our last witness. Mr. Fath is expected to testify that, among other things, Mr. Sowell's special damages total some $700,000, including a $245,215 loss from trading activity, $170,859 loss in margin interest, and $275,000 in charter school investments. Obviously, this does not include the general damages, interest, fees, and costs, all of which we intend to request that the panel award our client. Thus, we intend to request an award in excess of the $1 million policy limits.

On the issue of general damages, you should know that when testifying on direct, my client literally broke down in tears. His testimony was compelling and had a powerful impact on everyone in the room. Words do not do justice to the gravity of Mr. Sowell's testimony.

Mr. Fath is also expected to testify that Mr. Gwynn fell below the standard of care in handling Mr. Sowell's money and investments. He is also expected to testify that the other Respondents also fell below the standard of care with regard to supervising Mr. Gwynn and Mr. Sowell's account. Mr. Fath's expected testimony is uncontroverted. None of the Respondents, including Mr. Gwynn, have an expert witness testifying at the hearing. We believe the reason for this is attributable to AIG's failure to defend these folks.

01/10/2003  16:42    4806077300          BERK MOSKOWITZ                    PAGE 05/06

John Niegorski
January 10, 2003
Page 4

Some of the facts that Mr. Fath is relying on to form his standard of care opinions are as follows:

(1) Respondents' repeated failures to follow NASD Rules;

(2) Respondents' repeated failure to follow their own Compliance Manual:

(3) Respondents' failure to make timely disclosures to regulators;

(4) Respondents' failure to make required disclosures to Mr. Sowell;

(5) Respondents employed an individual who had been barred by the SEC from acting in a supervisory capacity due to a prior failure to adequately supervise and detect problems in client accounts. Remarkably, this person conducted the only compliance visit to Mr. Gwynn's office during the three years that Mr. Sowell's account was open;

(6) Respondents' failure to detect numerous red flags regarding Mr. Sowell's account;

(7) Respondents' failure to recommend suitable investments to Mr. Sowell - for example, Respondents' sold Mr. Sowell some $275,00 worth of investments in start-up, charter school financing companies; and

(8) Respondents' failure to upgrade their supervisory systems despite a history of repeated disciplinary proceedings filed by regulators.

Notwithstanding the above, Mr. Sowell is willing to release all the Respondents in this case in exchange for $950,000, which is an amount within policy limits. Please be sure to pass this offer of settlement on to AIG's counsel, Mr. King. Obviously, should AIG continue to refuse to settle within policy limits, it continues to expose its insureds to an excess judgment. Hopefully AIG appreciates that time is running out for it to step up and protect its insureds from such exposure. There is no hearing today or this weekend. We are scheduled to resume early next Monday and Tuesday morning at 8:00 a.m. and end early each of those days. The panel is willing to stay over and finish up next Wednesday morning if necessary.

01/10/2003  16:42   4005077300          BERK MOSKOWITZ          PAGE  06/06

John Niegorski
January 10, 2003
Page 5

    I look forward to hearing back from you on this settlement offer. If you need to reach me, I can be reached at Alan Baskin's office tomorrow at (602) 256-6100 x 211. I can also be reached at my office on Sunday at (480) 607-7900. Alan can be reached at his office on Sunday as well. I can also be reached this weekend on my cell phone at (602) 617-0751.

                Very truly yours,

                BERK & MOSKOWITZ, P.C.

                Frank W. Moskowitz

cc:  Michael Sowell
     Alan Baskin
     William Federman

# ROSHKA HEYMAN & DEWULF

**ROSHKA HEYMAN & DeWULF, PLC**
ATTORNEYS AT LAW
ONE ARIZONA CENTER
400 EAST VAN BUREN STREET
SUITE 800
PHOENIX, ARIZONA 85004
TELEPHONE NO 602-256-6100
FACSIMILE 602-256-6800

January 12, 2003

**VIA FACSIMILE**
**& U.S. MAIL**

Maxine Polomski, Esq.
Mariscal, Weeks, McIntyre
  & Friedlander, P.A.
2901 N. Central, Suite 200
Phoenix, AZ 85012-2705

Re:    *Michael Sowell v. Merit Capital Associates, Inc., et al.*
       NASD Arbitration No. 01-4731

FOR SETTLEMENT PURPOSES ONLY, SUBJECT TO RULE 408 OF THE
ARIZONA AND FEDERAL RULES OF EVIDENCE

Dear Maxine:

This is a follow-up to our letter from earlier this weekend. Just two things.

First, we wanted you to know that more work is headed your way at this eleventh hour. Case Summaries, Findings of Fact and Conclusions of Law are due on Tuesday, January 14, 2003. The panel requested that we provide them on disc and exchange them among counsel. The panel also alluded to the fact that Mr. Anderson, the NASD attorney assigned to manage this case, should be in attendance from the NASD either tomorrow and/or Tuesday. The panel did not say why and we are not sure. In my experience, Mr. Anderson hardly ever attends hearings.

Second, we did not want to erroneously imply in our prior letter that our client's claim for punitive damages is not a covered a claim. To the contrary, it is expressly covered as a "Loss" in AIG's policy. Even more reason for AIG to resolve this case within policy limits as previously offered by our client.



PLAINTIFF'S
EXHIBIT NO. 22
FOR IDENTIFICATION
DATE: 5-7-03    RPTR:

FED03156

ROSHKA HEYMAN & DEWULF

Maxine Polomski, Esq.
January 11, 2003
Page 2

In any event, we look forward to seeing you tomorrow at the hearing.

Sincerely,

Alan Baskin
For the Firm

ASB/cim
cc:    Michael Sowell
       Frank W. Moskowitz
       William Federman
       John Nicgorski

sowell.merit/ltr/polomski06.doc

LAW OFFICES OF

# Struckmeyer and Wilson

DONALD R. WILSON*
FRED C. STRUCKMEYER, JR. (1912-1992)
GARVEY M. BIGGERS
ANTHONY S. COSS
JEFFREY A. KING
KARL J. GRUSE
DREW H. GULLY
ADRIAN M. GOUGH
STACIE B. ROBB**
MICHAEL F. MAGEE
CHRISTOPHER J. WILSON
MICHELE S. WILSON COSS

910 EAST OSBORN
PHOENIX, ARIZONA 85014

TELEPHONE (602) 248-9222

TELECOPIER (602) 263-0464

I.D. #86-0439544

* DIPLOMATE, AMERICAN BOARD OF TRIAL ADVOCATES
* ALSO ADMITTED IN NEBRASKA
** ALSO ADMITTED IN CALIFORNIA

January 13, 2003

<u>VIA FACSIMILE AND US MAIL (602) 240-6600</u>

John J. Niegorski, Esq.
MOHR HACKETT PEDERSON BLAKELY & RANDOLPH, P.C.
2800 N. Central Ave., Suite 1100
Phoenix, AZ 85004-1043

    Re:   Merit Capital Associates adv. Michael Sowell

Dear Mr. Niegorski:

    I am writing in response to yours of January 10, 2003, which I did not see until this morning. I want to make clear that although AIG is providing Mr. Gwynn with a defense, it has not changed its position with respect to coverage. Nevertheless, I will provide a copy of your January 10, 2003 letter to AIG, which is continuing to review this matter as it receives new information.

    I also want to make clear that by accepting AIG's defense, Mr. Gwynn did, in fact, waive his right to pursue a *Damron* agreement. When you and I first spoke about this file last week, you indicated that you would keep me advised of any further negotiations concerning a *Morris* agreement, and I reiterate my request that you do so.

    Finally, with respect to Mr. Gwynn's offer last May to provide AIG with documents and my renewed request for documents from Mr. Gwynn, it is my understanding that neither Mr. Gwynn or AIG-appointed defense counsel for Mr. Gwynn ever provided AIG with the documentation, described in Mr. Gwynn's letter of May 17, 2002, which is why I requested the information from you.

    I will be in contact with you shortly.

               Very truly yours,

               STRUCKMEYER & WILSON

               Jeffrey A. King

JAK/ko
cc:   Brian T. Conlin

PLAINTIFF'S
EXHIBIT
193
ALL-STATE LEGAL®

JAMES P. ABDO
JAMES P. ARMSTRONG
GARY L. BIRNBAUM
FREDDA J. BISMAN
JAMES T. BRASELTON
DAVID G. BRAY
SPENCER W. CASHDAN
SCOT L. CLAUS
D. SAMUEL COFFMAN
P. BRUCE CONVERSE
ROBIN L. De RESPINO
JASON A. DONKERSLEY
DONALD E. DYEKMAN
WILLIAM E. FARRELL
FRED C. FATHE
GLENN M. FELDMAN
RICHARD A. FRIEDLANDER
GERALD GAFFANEY
BRENT E. GLENN*
KENNETH A. HODSON
SCOTT A. HOLCOMB
MEGAN E. IRWIN
CATHY L. KNAPP
DAVID L. LANSKY
DANA M. LEVY
KELLY W. LEWIS
BRIAN M. MUELLER
WILLIAM NOVOTNY

DAVID J. OUIM
JAMES H. PATTERSON
MICHAEL J. PLATI
MAXINE M. POLOMSKI
ANDREW L. PRINGLE
LES RAATZ
LEONCE A. RICHARD III
STEPHEN E. RICHMAN
JAMES S. RIGBERG
MICHAEL S. RUBIN
PAUL RUDERMAN
MICHAEL R. SCHEURICH
ROBERT L. SCHWARTZ
VALERIE C. SHEEDY
ROBERT A. SHULL
TERRY L. TEDESCO
TIMOTHY J. THOMASON
DAVID I. THOMPSON
ANNE L. TIFFEN
DENISE H. TROY
BROOKE U. WALKER
ALLISON S. WEINSTOCK
JOHN T. WHITE
PETER A. WINKLER
STEVEN D. WOLFSON
MICHAEL E. WOOLF
CLAUDIA D. WORK

* ADMITTED TO BAR IN ILLINOIS

PHILLIP WEEKS (1936-1996)
DONALD N. McINTYRE (1932-1998)

LAW OFFICES

## MARISCAL, WEEKS, McINTYRE & FRIEDLANDER, P.A.

2901 NORTH CENTRAL AVENUE
SUITE 200
PHOENIX, ARIZONA 85012-2705

TELEPHONE:     (602) 285-5000
FAX:     (602) 285-5100

WRITER'S DIRECT LINE: (602) 235-5091
E-MAIL: maxine.polomski@mwinf.com
OUR FILE NO.: 11840-1



PLAINTIFF'S
EXHIBIT
186
Weber

January 13, 2003

Brian T. Conlin
AIG Technical Services, Inc.
175 Water Street
New York, NY 10038

    Re:    Sowell v. Merit Capital Associates

Dear Mr. Conlin:

    Enclosed please find additional correspondence from plaintiff's counsel received by our office last evening.

    I have had an opportunity to meet with Mr. Gwynn and briefly review this case. From this review, I would like to reiterate that, as we first reported to you, we do not believe there is a defense in this action. We strongly recommend that AIG make an effort to settle this matter as soon as possible. I will be involved in the NASD hearing all day today. If you need to reach me, please contact my cellular phone, 602-369-4216, to leave me a message.

    Sincerely,

Maxine M. Polomski
For the Firm

MMP
Enclosure
Cc: Jeff King, Esq.

F:\Users\Tjt\AIG Re Gwynn\Correspondence\01-10-03 Conlin Letter.doc

G00066



ROSHKA HEYMAN & DeWULF, PLC
ATTORNEYS AT LAW
ONE ARIZONA CENTER
400 EAST VAN BUREN STREET
SUITE 800
PHOENIX, ARIZONA 85004
TELEPHONE NO 602-256-6100
FACSIMILE 602-256-6800

January 12, 2003

<u>VIA FACSIMILE</u>
<u>& U.S. MAIL</u>

Maxine Polomski, Esq.
Mariscal, Weeks, McIntyre
 & Friedlander, P.A.
2901 N. Central, Suite 200
Phoenix, AZ  85012-2705

Re:  *Michael Sowell v. Merit Capital Associates, Inc., et al.*
      NASD Arbitration No. 01-4731

FOR SETTLEMENT PURPOSES ONLY, SUBJECT TO RULE 408 OF THE
ARIZONA AND FEDERAL RULES OF EVIDENCE

Dear Maxine:

This is a follow-up to our letter from earlier this weekend.  Just two things.

First, we wanted you to know that more work is headed your way at this eleventh hour.  Case Summaries, Findings of Fact and Conclusions of Law are due on Tuesday, January 14, 2003.  The panel requested that we provide them on disc and exchange them among counsel.  The panel also alluded to the fact that Mr. Anderson, the NASD attorney assigned to manage this case, should be in attendance from the NASD either tomorrow and/or Tuesday.  The panel did not say why and we are not sure.  In my experience, Mr. Anderson hardly ever attends hearings.

Second, we did not want to erroneously imply in our prior letter that our client's claim for punitive damages is not a covered a claim.  To the contrary, it is expressly covered as a "Loss" in AIG's policy.  Even more reason for AIG to resolve this case within policy limits as previously offered by our client.

G00067

ROSHKA HEYMAN & DEWULF

Maxine Polomski, Esq.
January 11, 2003
Page 2


In any event, we look forward to seeing you tomorrow at the hearing.

Sincerely,

Alan Baskin
For the Firm


ASB/cim
cc:    Michael Sowell
       Frank W. Moskowitz
       William Federman
       John Nicgorski

sowell.merit/ltr/polomski06.doc

G00068

TIME IN:

# MARISCAL, WEEKS, MCINTYRE & FRIEDLANDER, P.A.
2901 North Central, Suite 200
Phoenix, Arizona 85012-2705
Phone: (602) 285-5000
Fax: (602) 285-5100

## PLEASE DELIVER THE FOLLOWING MATERIAL AS SOON AS POSSIBLE

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED BELOW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

| RECEIVING PARTY | FIRM NAME | FAX NUMBER |
|---|---|---|
| Brian Conlin | AIG | 212-458-1039  1650 |
| Jeff King | Struckmeyer & Wilson | 602-263-0464 |

CONFIRM NO.:    212-458-1569

FROM:    Maxine Polomski  (Direct Line: 602-285-5091)

NUMBER OF PAGES:    _____  - INCLUDING COVER PAGE

## * * * REMARKS * * *

Please see enclosed correspondence.

IF YOU HAVE NOT PROPERLY RECEIVED THIS FACSIMILE
PLEASE CALL US AT (602) 285-5113
OUR FAX NUMBER IS (602) 285-5100

FILE NUMBER: 11840-12
USER NO: 5091

DATE: January 13, 2003
REQUESTER:  MMP

G00069

** TX STATUS REPORT **                    AS OF   JAN 13 2003 09:25   PAGE.01

MARISCAL WEEKS

| | DATE | TIME | TO/FROM | MODE | MIN/SEC | PGS | JOB# | STATUS |
|---|---|---|---|---|---|---|---|---|
| 17 | 01/13 | 09:25 | AIG AMERICAN INTL | UF--S | 00'50" | 204 | 149 | OK |

G00070

** TX STATUS REPORT **                    AS OF    JAN 13 2003 06:34    PAGE.01

MARISCAL WEEKS

| | DATE  TIME | TO/FROM | MODE | MIN/SEC | PGS | JOB# | STATUS |
|---|---|---|---|---|---|---|---|
| 19 | 01/13 06:33 | 602 263 0464 | EC--S | 01'05" | 004 | | OK |

G00071

```
  ** TX STATUS REPORT **              AS OF   JAN 13 2003 09:06   PAGE.01

                                           MARISCAL WEEKS

***INCOMPLETE DESTINATION(S) HIGHLIGHTED BELOW***

      DATE  TIME       TO/FROM      MODE  MIN/SEC   PGS   JOB#  STATUS
      22  01/13 09:06   9-12124581039      S    00'00"  000    034   BUSY
```

*I Called & left message - For B. Coklin to pts. Call us Buck with #.   9:10   AH.*

G00072

### MOHR, HACKETT, PEDERSON, BLAKLEY & RANDOLPH, P.C.

ROBERT C. HACKETT
ARTHUR W. PEDERSON
THOMAS K. CHENAL
DAVID W. DOW
GREGORY W. FALLS
THOMAS C. AXELSEN
THOMAS M. QUIGLEY
DANIEL P. BEEKS
CAROLYN R. MATTHEWS
NATHANIEL B. ROSE
KEVIN C. MCCOY*
MATTHEW J. KELLY
CHRISTOPHER L. RADDATZ

OF COUNSEL:
MICHELE M. FEENEY
E.J. PESKIND**

WILLIAM C. BLAKLEY
(1946-1987)

SUITE 1100
2800 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004-1043
PHONE: (602) 240-3000
FACSIMILE: (602) 240-6600

SUITE 250
7047 EAST GREENWAY PARKWAY
SCOTTSDALE, ARIZONA 85254-8113
PHONE: (480) 659-2201
FACSIMILE: (480) 659-3393

WWW.MOHRHACKETT.COM

WRITER'S DIRECT LINE

GORDON A. MOHR
JOHN M. RANDOLPH
PETER N. SPILLER
M. MAUREEN ANDERS
AZIM O. HAMEED
JOHN J. NICGORSKI
MICHAEL W. WRIGHT
ROBERT P. SOLLIDAY
DANIEL J. KILEY
JAMES H. REES***
ABBIE S. SHINDLER
GESSNER H. HARRISON
ALSO ADMITTED IN:
*  PENNSYLVANIA
** ALASKA, ILLINOIS & MISSOURI
*** MARYLAND

January 28, 2003

<u>VIA FACSIMILE (602) 263-0464</u>
<u>AND U.S. MAIL</u>

Jeffrey A. King
Struckmeyer and Wilson
910 E. Osborn
Phoenix, AZ 85014-5220

Re:   David W. Gwynn Matter
     Insured:    Merit Capital Associates
     Claimant:  Michael Sowell
     Policy #:   473-36-20
     Claim #:    297-012850

Dear Mr. King:

I am in receipt of your correspondence dated January 13, 2003. To reiterate our position, AIG first reserved its rights under the policy and provided a defense, then denied coverage under the policy and withdrew the defense. AIG then, over two-thirds into the hearing, began to review this matter for coverage, and decided to provide a defense to Mr. Gwynn. Mr. Gwynn has always been straightforward in indicating that he was determine to protect his rights under the policy pursuant to either a *Morris* or *Damron* agreement. If, according to you, Mr. Gwynn has waived his rights to pursue a *Damron* agreement by accepting the defense for the last day or two of the hearing, then the logical conclusion would be that AIG has withdrawn the denial of coverage and is proceeding under a reservation of rights. If AIG has only provided a defense without informing Mr. Gwynn that it would result in a waiver of certain rights, as is your position, or with the intention that Mr. Gwynn be forced to accept the defense and, as you argue, waive his right to pursue a *Damron* agreement, then AIG has breached its covenant of good faith and fair dealing implied in the insurance contract. *See White v. Western Title Insurance Co.*, 710 P.2d 309 (Cal. 1985). The duty of good faith and fair dealing applies to insurer even after



PLAINTIFF'S
EXHIBIT
187
Weber

LAW OFFICES
MOHR, HACKETT, PEDERSON, BLAKLEY & RANDOLPH, P.C.

Jeffrey King
January 28, 2003
Page 2

litigation has begun involving coverage issues.  Certainly in this case, AIG is still under a duty of good faith and fair dealing under the policy.

With respect to providing AIG with documents, Mr. Gwynn will certainly do so; however, I would take it that your response would give Mr. Gwynn a reasonable time to provide such documents.

If you have any questions, please call.

Yours very truly,

John J. Nicgorski

JJN:fss
cc.    David W. Gwynn

# FEDERMAN & SHERWOOD

### (AN ASSOCIATION OF ATTORNEYS AND PROFESSIONAL CORPORATIONS)

| | |
|---|---|
| 2926 MAPLE AVENUE | 120 N. ROBINSON AVENUE |
| SUITE 200 | SUITE 2720 |
| DALLAS, TEXAS 75201 | OKLAHOMA CITY, OKLAHOMA 73102 |
| 214-696-1100 | 405-235-1560 |
| FACSIMILE: 214-740-0112 | FACSIMILE: 405-239-2112 |

REPLY TO:  OKLAHOMA CITY, OK



March 5, 2003

**CONFIDENTIAL**

**VIA FACSIMILE (602) 263-0464**
Jeffrey A. King, Esq.
Law Offices of Struckmeyer and Wilson
910 E. Osborn
Phoenix, AZ 85014

      Re:    Michael A. Sowell v. Merit Capital Associates, et al.
             NASD Arbitration No. 01-04731
             Policy No.:   473-36-20
             Claim No.:   297-012850
             Our File No.: 7032.004

Dear Jeff:

      We faxed a copy of the Arbitration Award entered in the referenced matter to you on February 27, 2003. We have since had initial conversations with Claimant's attorneys concerning the Arbitration Award, the potential for an appeal as well as their intent concerning collection on same. Claimants are willing to enter into a dialogue to discuss potential resolution of this matter and collection of a judgment within policy limits.

      I very much appreciate your following up with your AIG contact and advise us of whether we are authorized, and will be paid, to pursue an appeal from the Arbitration Award on behalf of Merit Capital Associates, Inc. and the individual respondents that we represent (Robert Fitzpatrick, Russell Newton and Bruce C. Ryan). In addition, please advise me of what AIG's intent is concerning the possibility of interest of entering into negotiations to resolve the Arbitration Award within policy limits. As a last item, as discussed last week, we have still not been paid for our expenses or fees incurred in this


PLAINTIFF'S
EXHIBIT NO. 28
FOR IDENTIFICATION
DATE:

FED03306