# EXHIBIT C

June 20, 2005

**SENT VIA FACSIMILE & REGULAR MAIL**

James R. Hawkins II, Esq.
Finn Dixon & Herling LLP
One Landmark Square
Stamford CT 06901

RE:  **GWYNN, ET AL V. AIG**
     **OUR FILE NO. 16,432**

Dear Jim:

Based on the testimony of Mr. Conlin, it appears that defendants may have certain relevant documents that have not yet been disclosed. In particular, electronically generated data other than Mr. Conlin's "tool kit notes" have not been produced. Obviously, this would include email communications, and other data as well. Moreover, I found it surprising that Mr. Conlin was not asked to assist in document production in this matter. I am inquiring, therefore, whether defendants have preserved any and all relevant documents that may be in his possession.

In addition, we request that you produce the letter from Maxine Polomski referenced in Mr. Conlin's tool kit note entry for January 13, 2003, since you have now agreed that the document is not privileged. We also ask that you disclose, subject to our agreement with respect to confidentiality, the amount that AIGTS placed on reserve at various times between September 2001 and July 2003 while handling this claim.

I have spoken with Peter, and plaintiffs intend to depose additional present and/or former employees of either NU or AIG. However, it is no longer my intention to depose any other witnesses for discovery purposes, in Arizona or elsewhere.

Finally, I need to schedule the other deposition in Oregon some time this week, as I cannot keep counsel and the deponent waiting much longer. I invite you to accept my offer to conclude Mr. Gwynn's deposition the week of July 25. If I do not hear from you by Wednesday, June 22,

James R. Hawkins II, Esq.
June 20, 2005
Page Two

concerning your willingness to depose Mr. Gwynn that week, I will go ahead and schedule the deposition in the other matter.

Very truly yours,

Mario DiNatale

MD/sfn
cc: Peter Nolin, Esq. (by fax)

June 24, 2005

*SENT VIA FACSIMILE & REGULAR MAIL*

James R. Hawkins II, Esq.
Finn Dixon & Herling LLP
One Landmark Square
Stamford CT 06901

RE:  **GWYNN, ET AL V. AIG**
     **OUR FILE NO. 16,432**

Dear Jim:

I write in response to your letter of June 22.

I am well aware that the Gwynn plaintiffs have produced the letter from Maxine Polomski to Brian Conlin referenced in Mr. Conlin's January 13, 2003 toolkit entry. The point, however, is that I have not received the *defendants'* copies of this letter. Accordingly, we request such production.

This, of course, leads into the questions we have concerning defendants' document production to date, and whether they have complied with their discovery obligations. Let me first state that I have no doubt you and William have produced what your clients have provided you. Rather, it is the defendants' efforts that I question. By way of example: not a single email communication was produced by *any* of the AIGTS personnel who had some involvement in Sowell's claim; only one note in Mr. Conlin's hand was produced (the skeptic in me notes that this document, which is now Exhibit 166, is a document that AIGTS believes supports its defense); there is not a single internal memorandum or file note concerning this claim, which would probably be a first for any insurance carrier; and there are no toolkit entries produced by Messrs. Weiman, Tiburzi, DeCarlo or Weber, or Ms. Wacik. Thus, whether my inquiry of Mr. Conlin addressed his efforts at document production "in any meaningful way" as you note is largely irrelevant- it appears to me that no one at AIGTS undertook the type of search for documents that is necessary.

James R. Hawkins II, Esq.
June 24, 2005
Page Two

I also strongly disagree with your assertion that plaintiffs have failed to comply with their discovery obligations. At last count, we have produced literally tens of thousands of documents from plaintiffs and/or their counsel in the Sowell arbitration. When you assert that "you do not believe that Plaintiffs have produced any electronically stored information," you have obviously forgotten about the hundreds of emails produced by David Gwynn, not to mention the hundreds of pages of transactions in Sowell's account.

Defendants have not yet received the documents in Mr. Gwynn's garage. You will be provided with those documents shortly. I believe you will find that they are largely duplicative of documents that have already been produced from more than one source. If so, I will gladly reproduce them one more time, at defendants' expense. As for other documents that you believe my clients have not produced, please identify specifically what you are seeking by letter. I will tell you my position, and perhaps save us all some time. I know, for example, that you have asked Mr. Gwynn to prepare a list of potential employers and recruiting firms with whom he consulted. We agreed to this request, though there is no obligation for a party to prepare such a list. You will have it shortly.

Finally, we address depositions. If you do not wish to conclude plaintiffs' depositions, that is your decision. When do you plan on concluding Federman's deposition? You have indicated that you will depose Nicgorski. We have no objection, provided that it be scheduled at the same time as Federman's and any other depositions you finally decide to take in Arizona. I recall that at some time, you indicated that you may wish to conduct "trial" depositions of Baskin, Moskowitz, and/or Sowell. I am likely to want to take trial depositions as well. However, I will not consent to any such depositions until *all* fact discovery has been completed.

Very truly yours,

Mario DiNatale

MD/sfn

July 19, 2005

**SENT VIA FACSIMILE & REGULAR MAIL**

James R. Hawkins II, Esq.
Finn Dixon & Herling LLP
One Landmark Square
Stamford CT 06901

RE:   GWYNN, ET AL V. AIG
      OUR FILE NO. 16,432

Dear Jim:

I write to address various issues concerning the depositions of defendants' current and former employees.

I refer you to my letter of June 24, 2005, wherein I indicated that I believe your clients have not complied with their discovery obligations relating to document production. Please advise whether defendants intend to produce *any* additional documents or e-mails, as outlined in my letter, prior to the continuation of Mr. Conlin's deposition on August 3.

Further, for some weeks prior to Mr. Conlin's deposition on June 16, you hinted that defendants intended to ask for leave to file amended answers and special defenses. If that is indeed the case, we request that any such proposed amendments to the pleadings be provided sufficiently in advance of Mr. Conlin's deposition to give counsel adequate time to prepare. If any amendments are proposed after Mr. Conlin's deposition, we reserve our right to depose him again.

Very truly yours,

Mario DiNatale

MD/sfn
cc: Peter Nolin, Esq. (by fax)

August 19, 2005

**SENT VIA FACSIMILE**

James R. Hawkins II, Esq.
William Tong, Esq.
Finn Dixon & Herling LLP
One Landmark Square
Stamford CT 06901

RE: **GWYNN, ET AL V. AIG**
    **OUR FILE NO. 16,432**

Dear Counsel:

I enclose three notices of deposition. The need for these depositions results from what is now very clearly AIG's failure to produce documents that are undisputably relevant, and which should have been in their possession. In addition, the notices are necessitated by AIG's failure, as evidenced by the depositions of Brian Conlin and Raymond DeCarlo, to make any effort to ask employees with knowledge of the underlying facts of plaintiffs' claims to locate and produce, by way of example, electronic communications. More troubling is the clear failure of the part of AIG to *preserve* documents. It strains credibility that, coincidentally, the various pieces of correspondence I showed Mr. DeCarlo during his deposition yesterday were *all* inadvertently lost or misplaced.

The depositions have been noticed for this coming Wednesday, August 24. I recognize that this is short notice, and I would be willing, as has been my practice, to agree to a reasonable continuance of these depositions. I will not do so, however, unless we have agreed to a date certain by 1 PM Tuesday, August 23.

Finally, all 3 depositions have been noticed for the most convenient possible place for your clients: their corporate headquarters. Please do not construe my selection of venue as some sort

Counsel
August 19, 2005
Page Two

of waiver or abandonment of my right to take remaining depositions in Connecticut. Rather, I am trying to avoid at least one potential objection to the taking of these depositions.

                                                Very truly yours,

                                                Mario DiNatale

MD/sfn
Encl.
cc: Peter Nolin, Esq. (by fax, w/enc)

September 6, 2005

**SENT VIA FACSIMILE & REGULAR MAIL**

James R. Hawkins II, Esq.
Finn Dixon & Herling LLP
One Landmark Square
Stamford CT 06901

RE:   GWYNN, ET AL V. AIG
         <u>OUR FILE NO. 16,432</u>

Dear Jim:

I respond to your September 6 letter concerning Ms. Wacik's deposition.

The "document request" you refer to that was appended to the deposition notice for Ms. Wacik, as you well know, consists of two items: documents sufficient to identify the date the file was transferred from the claims to the coverage department, and the adjustor or analyst assigned to the file at that time; and Ms. Wacik's toolkit entries.

The first request was necessitated by the parade of AIGTS employees who have been deposed who had little recollection of anything that was not reduced to paper. I thought it would therefore assist Ms. Wacik in her obligation to provide truthful testimony, to the best of her recollection, if she were to produce a document to assist her. Indeed, you will no doubt recall that I waived production of documents responsive to this request if Ms. Wacik were able to testify as to the information requested. According to Mr. Tiburzi, the information requested is stamped on the outside of the file. Apparently, Ms. Wacik is unwilling or unable to do anything so simple to refresh her recollection. This, of course, is consistent with most of the other AIGTS witnesses.

The second document is her "toolkit entries," which we know can be produced by a click of a mouse on a computer screen. I recognize that your "principal client contacts" may have been away, but I fail to see what relevance that has to this deposition. You do not state, for example, that Ms. Wacik was away, or that no one was available, in a company so large, to produce the document in her absence.

James R. Hawkins II, Esq.
September 6, 2005
Page Two

Finally, of course, the request was for documents that should have been produced many months ago by your clients. In other words, the request should never have been necessary. Your client's failure to produce these documents to date remains unexplained and unjustified.

Your reliance on Rules 30(b)(5) and 34, under these circumstances, amounts to nothing more than a subterfuge on the part of your clients to delay discovery, a tactic they have employed throughout this litigation. You are willing to produce Ms. Wacik, but not the documents that any deponent in her position should review, and that should have been produced long ago. Frankly, such tactics are completely inconsistent with defendants' discovery obligations under our law and rules of practice.

We will review our options, and take whatever further action we deem appropriate to protect our clients' interests.

                                             Very truly yours,

                                             Mario DiNatale

MD/sfn
cc: Peter Nolin, Esq. (by fax)