UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., ) ) ) ) Plaintiffs, ) ) vs. ) ) NATIONAL UNION FIRE INSURANCE ) COMPANY OF PITTSBURGH, PA., and ) AIG TECHNICAL SERVICES, INC., ) ) Defendants, ) ) DAVID W. GWYNN, RAQUEL GWYNN ) GWYNN FINANCIAL SERVICES, INC. ) ) Plaintiffs ) ) vs. ) ) NATIONAL UNION FIRE INSURANCE ) COMPANY OF PITTSBURGH, PA., and ) AIG TECHNICAL SERVICES, INC., ) ) Defendants ) | CASE NUMBER: 3:03CV00644 (CFD)<br><br><br><br><br><br><br><br><br><br><br>CASE NUMBER: 3:03 CV 1154 (CFD)<br><br><br><br><br><br><br><br>MARCH 14, 2006 |

### DEFENDANTS' RULE 72 OBJECTIONS TO MAGISTRATE'S RULING ON PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS AND DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants, National Union Fire Insurance Company of Pittsburgh, PA. and A.I.G. Technical Services, Inc., now known as AIG Domestic Claims, Inc. (collectively, "AIG" or "defendants"), pursuant to Federal Rule of Civil Procedure 72, hereby partially

objects to the Magistrate's Ruling on Plaintiffs' Motion to Compel and for Sanctions and Defendants' Motion for Protective Order ("Ruling"), and in support thereof state as follows:

### 1. Section A of Magistrate's Ruling

In Section A, pp. 7-10, the Magistrate's Ruling denies AIG's request to geographically limit the scope of the documents requested in Requests 1-11 and 47 of plaintiffs' request for production. Requests 1-11 and 47 request documents relating to claims similar to those the Ryan Plaintiffs allege against AIG, including their claims of CUTPA/CUIPA violations. The Magistrate ordered defendants to provide plaintiffs with a complaint log for all complaints "lodged in the United States" for the two-year period prior to the date of the Sowell Arbitration. Magistrate's Ruling, p.10.

In its Ruling, the Magistrate relied on <u>Uniroyal Chem. Co. v. Drexel Chem. Co.</u>, 931 F. Supp. 132, 140 (1996), for the proposition that "at least one court has held that CUTPA does not necessarily require that a violation occur within Connecticut as long as it is tied to a form of trade or commerce intimately associated with Connecticut." However, the claims in <u>Uniroyal</u> *are not insurance-related claims arising out of alleged CUIPA violations.* This is a crucial distinction.

"[I]t is well settled in Connecticut that in order to allege and prove a violation of the Connecticut Unfair Trade Practices Act (CUTPA), in the context of an insurance claim the plaintiff must allege and prove the allegations necessary to satisfy a violation of the Connecticut Unfair Insurance Practices Act (CUIPA)." <u>Castaneda v. New London</u>

County Mut. Ins. Co., 2004 WL 3090641, *3 (Conn. Super. 2004) (citing <u>Lees v. Middlesex Insurance Company</u>, 229 Conn. 842, 847 (1994)) (emphasis supplied); see <u>Morelli v. Nationwide Ins.</u>, 2003 WL 1995608, *2 (Conn. Super. 2003) ("a CUTPA claim involving an insurer must allege a CUIPA violation"); <u>Anely v. Allstate Ins. Co.</u> 2002 WL 173158, *11 (Conn. Super. 2002) ("one cannot maintain a CUTPA claim against an insurer absent an underlying CUIPA claim"); see also <u>Shemitz Lighting, Inc. v. Hartford Fire Ins. Co.</u>, 2000 WL 1781840, *8 (Conn. Super. 2000) (same). CUTPA claims "are not permissible absent a viable CUIPA claim." <u>Lees v. Middlesex Ins. Co.</u>, 1992 WL 229322, *4 (Conn. Super. 1992). A plaintiff "may not bring a cause of action under CUTPA where the alleged misconduct is related to the insurance industry and no violation of CUIPA is alleged." <u>Webster v. U.S. Fidelity & Guar. Co.</u>, 1993 WL 182194, *3 (Conn. Super. 1993).

In addition, "a CUTPA claim based on the public policy embodied in CUIPA must be consistent with the regulatory principles established therein." <u>Lees</u>, 229 Conn. at 850-51. "An allegation of a violation of CUIPA alone is not enough to maintain a private right of action for unfair insurance practices." <u>Silk, LLC v. Cowles & Connell</u>, 2004 WL 1245915, *3 (Conn. Super. 2004). A private right of action for unfair insurance practices actually requires *more than a CUIPA violation*: "CUTPA can be used to maintain a private right of action if the allegation incorporates a CUIPA prohibition **and** meets the standard of a fraudulent practice and intentional

misrepresentations." Id. (emphasis supplied). It follows that if an insurer's activity does not constitute a CUIPA violation, it cannot form the basis for a CUTPA cause of action.

"CUIPA forbids any person engaged in the business of insurance in the state of Connecticut from engaging in any unfair or deceptive act or practice prohibited by the statute[,] General Statutes § 38a-815." Silk, 2004 WL 1245915, *3. "CUIPA is a regulatory act, authorizing the insurance commissioner to investigate whether the unfair insurance practices, as set forth in Connecticut General Statute Section 38a-816, have been violated." Webber v. Travelers Indem. Co. 1997 WL 466511, *2 (Conn.Super. 1997). "Furthermore, CUIPA is a regulatory act that provides for an administrative procedure through the state insurance commissioner to deal with alleged unfair practices." Id.

> Pursuant to General Statutes § 38a-815:
>
> No person shall engage <u>in this state</u> in any trade practice which is defined in section 38a-816 as, or determined pursuant to sections 38a-817 and 38a-818 to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance, <u>nor shall any domestic insurance company engage outside of this state</u> in any act or practice defined in subsections (1) to (12), inclusive, of section 38a-816.

(Emphasis supplied). Accordingly, CUIPA prohibits: (1) any persons from engaging in unfair trade practices *within this state*; or (2) *Connecticut domestic insurers* from engaging in unfair trade practices *outside of this state*. Since defendants are not Connecticut domestic insurers, they are subject solely to (1) above, i.e., the CUIPA prohibition against engaging in unfair trade practices <u>in Connecticut</u>.

Since defendants are subject to CUIPA only for unfair trade practices *within Connecticut*, and since an underlying CUIPA claim is necessary to support a CUTPA action, see Lees, 1992 WL 229322, *4, the alleged acts supporting a CUTPA/CUIPA claim must have been committed *in Connecticut* with such frequency as to indicate a general business practice. See Hofmann Water Technologies, Inc. v. Twin City Fire Ins. Co. 2005 WL 2082737, *1 (Conn. Super. 2005).

In Hofmann, the court granted a motion to strike a count for alleged CUIPA and CUTPA violations. Id. The court made clear that the *out-of-state conduct* of an insurer that is not a "domestic insurance company" *cannot serve as the basis for a CUIPA/CUTPA claim*:

> With respect to § 38a-816(6), there is only one example noted of another case in which Twin City . . . allegedly engaged in unfair claim settlement practices. . . . <u>It is doubtful that the court could consider this example because it took place in Pennsylvania and the statute only prohibits companies such as Twin City, which is not a "domestic insurance company," from engaging in a prohibited trade practice "in this state."</u> General Statutes § 38a-815. A contrary interpretation of the statute might result in an insurance company becoming liable under CUIPA in Connecticut for activity that is lawful in the state where it occurred. In any event, this one other example does not establish that Twin City committed an unfair claim settlement practice "with such frequency as to indicate a general business practice ..." General Statutes § 38a-816(6). See *Algiere v. Utica National Insurance Co.*, Superior Court, judicial district of New London, Docket No. 569670 (February 7, 2005) (Jones, J.). <u>Although the plaintiff alleges that the evidence of a general business practice "[includes], but [is] not necessarily limited to" the Pennsylvania case and three others, the other examples are all out-of-state cases against Hartford Fire. The complaint thus provides no basis to infer that there is any other cognizable conduct by Twin City</u>. For these reasons, the court concludes that the plaintiff has failed to allege a sufficient cause of action under CUIPA and CUTPA against Twin City.

Hofmann Water Technologies, Inc. v. Twin City Fire Ins. Co., 1997 WL 2082737, *1 (Conn. Super. 2005).

Based on the foregoing, the Court may not consider examples of alleged CUIPA/CUTPA violations occurring outside Connecticut. Accordingly, the "Category A" discovery should be limited to complaints lodged in Connecticut, not the entire United States.

### 2. Section D.2 of Magistrate's Ruling

In Section D.2, p.19, the Magistrate's Ruling requires production of the records of every employee "involved in any aspect of the insurance underwriting, defense, coverage, or clam [sic] settlement *related to any of the Respondents."* The Magistrate denied defendants' request for a protective order, finding such request "redundant" since "[t]he Ryan Plaintiffs have represented that they agreed all documents produced in this action will be confidential and used solely in this litigation." Ruling, p.20.

However, the generally liberal construction of the rules of civil discovery "is qualified where the object of discovery is a personnel file." Rosado v. Bridgeport Roman Catholic Diocesan Corp., 1994 WL 700344, *2 (Conn. Super. 1994). "[I]n resolving requests for disclosure, routine access to personnel files is not to be had." Rosado, 1994 WL 700344, *2 (emphasis supplied). "Requests for information should be specific and should set forth the issue in the case to which the personnel information sought will relate." Id. "The trial court should make available to the [party] only information that it concludes is clearly material and relevant to the issue involved." Id.

> The disclosure of such information [contained in a personnel file] must be carefully tailored to a legitimate and demonstrated need for such information in any given case. Where disclosure of the personnel file would place in the hands of a [party] irrelevant or personal and sensitive information concerning ... [another], the entire file should not be disclosed. No ... [party] has the right to conduct a general 'fishing expedition' into the personnel records of [another] ... Because discovery of matters contained in a ... personnel file involves careful discrimination between material that relates to the issues involved and that which is irrelevant to those issues, the judicial authority should exercise its discretion in determining what matters should be disclosed ... Because the law furnishes no precise or universal test of relevancy, the question must be determined on a case by case basis according to the teachings of reason and judicial experience ..." (Citations omitted; internal quotation marks omitted.) *Rosado v. Bridgeport Roman Catholic Diocesan Corp., supra,* Superior Court, Docket No. 300272, quoting *State v. Januszewski,* 182 Conn. 142, 172-73, 438 A.2d 679 (1980), cert. denied, 453 U.S. 922, 101 S.Ct. 3159, 69 L.Ed.2d 1005 (1981). In a civil case, an "[i]n camera review by the court reasonably satisfies the plaintiff's need for information necessary to establish his case while respecting [the] defendant's limited expectation of privacy in his personnel file as reflected in the implicit policy of General Statutes § 31-128f that the documents in such files not be cavalierly divulged by an employer." *Id.* (civil case adopted criminal standard for personnel file disclosure).

Zito v. Sports Authority, Inc., 2000 WL 1337666, *2 (Conn.Super.) (Conn. Super. 2000); see Rosado ("An in camera inspection of the documents involved, therefore, will under most circumstances be necessary").

In Zito, the court ordered an in camera review of the employment file at issue "to determine what, if anything, therein [was] clearly material and relevant to the issue involved." 2000 WL 1337666, *2 (emphasis supplied). The court noted, however, that "[w]ithout a more specific statement as to what information is sought with reference to the relevant issues in the case, the court has no basis upon which to determine whether

the information would be reasonably calculated to lead to the discovery of admissible evidence." Id. (granting the defendant's motion for a protective order in part).

Accordingly, before requiring production of the requested personnel records, plaintiffs should be required to provide a "more specific statement as to what information is sought with reference to the relevant issues in the case." Zito, 2000 WL 1337666, *2. The Court should then determine what, if anything, therein is "clearly material and relevant to the issue[s] involved." Id. Only then should the trial court "make available . . . information that it concludes is clearly material and relevant to the issue involved." Rosado, 1994 WL 700344, *2. However, the Court should first order that "the documents be disclosed to the plaintiff's attorney only," and not the Ryan Plaintiffs themselves.[1] See Slovak v. Fusco, 1994 WL 702701, *1 (Conn. Super. 1994).

---

[1] In finding that defendants' request for a protective order was "largely redundant" because the Ryan Plaintiffs had agreed to keep the documents confidential, the Magistrate did not address whether the Gwynn Plaintiffs had made such an agreement and whether they would be allowed to view the documents.

- 9 -

Respectfully Submitted,

DEFENDANTS/COUNTERPLAINTIFFS
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.
and AIG TECHNICAL SERVICES, INC.

BY THEIR ATTORNEYS,
Edwards Angell Palmer & Dodge LLP


By: _____
Mark B. Seiger
Fed. Bar No. ct05580
90 State House Square
Hartford, CT 06103-271
Tel: (860) 525-5065
Fax: (860) 527-4198
Email: mseiger@eapdlaw.com

John D. Hughes
BBO # 243660
101 Federal Street
Boston, MA 02110
Tel: (617) 439-4444
Fax: (617) 439-4170
Email: jhughes@eapdlaw.com

Donna M. Greenspan
Florida Bar No.: 059110
One North Clematis Street
Suite 400
West Palm Beach, FL 33401
Tel: (561) 833-7700
Fax: (561) 655-8719
Email:
dgreenspan@eapdlaw.com

## **CERTIFICATION**

This is to certify that a true and correct copy of the foregoing was delivered by United States mail, postage prepaid, to the following this 14th day of March, 2006:

Counsel for the Ryan Plaintiffs
Peter M. Nolin, Esq.
Jay H. Sandak, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905


Counsel for the Gwynn Plaintiffs
Mario DiNatale, Esq.
Jonathan M. Levine, Esq.
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06904

_____
Mark B. Seiger