# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITOL ASSOCIATES, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br><br>Defendants | )<br>) CIVIL ACTION NO.<br>) 3:03 CV 00644 (CFD)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br><br>Defendants | )<br>) CIVIL ACTION NO.<br>) 3:03 CV 01154 (CFD)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) APRIL 4, 2006 |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO THE GWYNN PLAINTIFFS' SECOND AMENDED COMPLAINT**

The Plaintiffs David W. Gwynn and Raquel Gwynn ("the Gwynn plaintiffs"), hereby respectfully move pursuant to Fed. R. Civ. P. 6(b).and Local Rule 7(b)(1) for an extension of

time of thirty (30) days to and including May 5, 2006, to respond to and/or file appropriate motions concerning defendants' Answer, Affirmative Defenses and Counterclaims to the Gwynn Plaintiffs' Second Amended Complaint ("defendants' Answer"). In support of this motion, undersigned counsel states as follows:

1. This is the second request for extension of time made by the Gwynn plaintiffs with respect to this time limitation.

2. The additional time is requested in order to properly evaluate the state of the pleadings, and the identity of the parties to this action, following the entry of the Court's March 24, 2006 ("the Court' Order").

3. The Court's Order denied a July 21, 2005 motion (no. 89) by the defendants to dismiss the Complaint in its entirety, and also granted the Gwynn plaintiffs' August 11, 2005 motion (no. 95) to dismiss Gwynn Financial Services, Inc. ("GFS") as a party to this action for lack of subject matter jurisdiction. The Court's Order also provided defendants with a period of 21 days to move to add GFS as an indispensable party to this action.

4. The undersigned has communicated with counsel to the defendants in an effort to resolve the issues concerning the status of GFS, and the impact of the Court's order on defendants' Answer as presently pleaded. Counsel will continue to communicate. At present, however, no agreement has been reached.

5. The additional time requested will permit the parties to continue their discussions, and may well narrow the issues involved. For example, defendants' Answer lists GFS as a

counterclaim defendant, which no longer is permissible given the Court's order. The additional time may permit counsel to discuss the status of GFS without additional Motions.

6. I have left a message by email with counsel to the defendants, and counsel to co-plaintiffs, to ascertain whether there is any objection to this Motion. Counsel to defendants has indicated that he is uncertain whether he will object to this motion, and I have not heard from counsel to co-plaintiffs.

Accordingly, for the above-stated reasons, the Gywnn plaintiffs respectfully request that this court grant an extension of time to and including May 5, 2006 for plaintiffs to respond to defendants' Answer.

          **PLAINTIFFS, DAVID GWYNN and**
          **RAQUEL GWYNN,**

By_____
      Mario DiNatale (ct 12449)
      Silver Golub & Teitell, LLP
      184 Atlantic Street
      Stamford, CT 06904
      (203) 325-4491
      (203) 325-3769 (Fax)
      mdinatale@sgtlaw.com

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was sent via U.S. Mail, postage prepaid, as well as electronically, on this 4th day of April, 2006, to:

Mark B. Seiger, Esq.
Edwards Angell Palmer & Dodge LLP
90 State House Square
Hartford, CT 06103

Peter M. Nolin, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905

_____
MARIO DiNATALE