UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., | ) ) ) ) | CASE NUMBER: 3:03CV00644 (CFD) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | |
| Defendants, | ) ) | |
| DAVID W. GWYNN, RAQUEL GWYNN GWYNN FINANCIAL SERVICES, INC. | ) ) ) | CASE NUMBER: 3:03 CV 1154 (CFD) |
| Plaintiffs | ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | |
| Defendants | ) | May 3, 2006 |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' RULE 72 OBJECTIONS**

Defendants, National Union Fire Insurance Company of Pittsburgh, PA. and A.I.G. Technical Services, Inc., now known as AIG Domestic Claims, Inc. (collectively, "AIG" or "Defendants"), hereby reply to the Ryan Plaintiffs' Response to Defendants' Rule 72

Objections.[1] Defendant filed their Rule 72 Objections to the Magistrates' Ruling on Plaintiffs' Motion to Compel and for Sanctions and Defendants' Motion for Protective Order ("Ruling").

### 1. Section A of Magistrate's Ruling

In their 13-page Response to Defendants' Rule 72 Objections ("Response"), the Ryan Plaintiffs set forth in copious detail their version of the "Nature of the Case" and the "Discovery Background." However, the Response *utterly fails to address Defendants' arguments.*

In their Rule 72 Objections, Defendants argued as follows:

1. A CUTPA claim against an insurer, such as AIG, requires a fraudulent practice and intentional misrepresentation *plus* a CUIPA violation. (Rule 72 Objections, pp. 3-4).

2. A CUIPA violation, by its own authorizing statute, applies only to (a) an unfair trade practice within Connecticut; or (b) Connecticut domestic insurers from engaging in unfair trade practices outside Connecticut. (Rule 72 Objections, p.4).

3. Since AIG is not a Connecticut domestic insurer, a CUIPA violation requires an unfair trade practice within Connecticut. (Rule 72 Objections, p.4).

4. Accordingly, a CUTPA claim against AIG requires an unfair trade practice *in Connecticut*, and thus any alleged out-of-state conduct by AIG could not serve as the basis for a CUIPA/CUTPA claim. (Rule 72 Objections, p.5).

In response, the Ryan Plaintiffs merely repeat that <u>CUTPA</u> does not require that the violation actually occurred in Connecticut. (Response, p.9). In support of this unremarkable proposition, the Ryan Plaintiffs cite to several cases that do not involve insurers and do not even mention CUIPA. (Response, p.9). However, the Ryan Plaintiffs never respond to Defendants' central argument that a CUTPA claim ***against an insurer*** requires a valid CUIPA claim, *which in turn* requires an unfair trade practice <u>in Connecticut</u> for a non-domestic insurer such as AIG.

---

[1] The Gynn Plaintiffs have not filed a response to Defendants' Rule 72 Objections.

Since discovery outside Connecticut is thus clearly irrelevant to Plaintiffs' CUTPA/CUIPA claims, the Magistrate's Ruling was clearly erroneous on this issue. Accordingly, the "Category A" discovery ordered by the Magistrate should be limited to complaints lodged in Connecticut, not the entire United States.

### 2. Section D.2 of Magistrate's Ruling

In their Objections to Section D.2 of the Magistrate's Ruling, Defendants argued that where employee records are requested, due to the sensitive nature of the information contained therein, a court should conduct an in camera review of the requested records to determine what if anything therein is "clearly material and relevant to the issues involved." Defendants further argued that such information should then be provided, if at all to Plaintiffs' attorneys, and not Plaintiffs themselves. (Objections, pp. 6-8). Again, the Ryan Plaintiffs have failed to respond to the various authorities cited by Defendants, and have not shown any prejudice that would result by first submitting the requested records to an in camera review. Accordingly, Defendants respectfully request that the Court order an in camera review before compelling production of the requested personnel files.

Respectfully Submitted,

DEFENDANTS/COUNTERPLAINTIFFS
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.
and AIG TECHNICAL SERVICES, INC.

BY THEIR ATTORNEYS,
Edwards Angell Palmer & Dodge LLP


By: ___s/Mark. B. Seiger___
Mark B. Seiger
Fed. Bar No. ct05580
90 State House Square
Hartford, CT 06103-271
Tel: (860) 525-5065
Fax: (860) 527-4198
Email: mseiger@eapdlaw.com

John D. Hughes
BBO # 243660
101 Federal Street
Boston, MA 02110
Tel: (617) 439-4444
Fax: (617) 439-4170
Email: jhughes@eapdlaw.com

Donna M. Greenspan
Florida Bar No.: 059110
One North Clematis Street
Suite 400
West Palm Beach, FL 33401
Tel: (561) 833-7700
Fax: (561) 655-8719
Email: dgreenspan@eapdlaw.com

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was delivered by United States mail, postage prepaid, to the following this 3rd day of May, 2006:

<u>Counsel for the Ryan Plaintiffs</u>
Peter M. Nolin, Esq.
Jay H. Sandak, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT  06905


<u>Counsel for the Gwynn Plaintiffs</u>
Mario DiNatale, Esq.
Jonathan M. Levine, Esq.
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT  06904

s/ Mark B. Seiger
Mark B. Seiger