UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITOL ASSOCIATES, INC.<br>       Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 00644 (CFD)<br>)<br>) |
| vs. | ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>       Defendants | )<br>)<br>)<br>) |
| DAVID W. GWYNN and RAQUEL GWYNN<br>       Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 01154 (CFD)<br>) |
| vs. | ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>       Defendants | )<br>)<br>)<br>)<br>) MAY 5, 2006 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIM AGAINST THE GWYNN PLAINTIFFS**

The Plaintiffs David W. Gwynn and Raquel Gwynn ("the Gwynn plaintiffs"), through counsel, respectfully submit this Memorandum of Law in support of their Motion to Dismiss Defendants' Amended Counterclaims against the Gwynn Plaintiffs ("the counterclaims").

The counterclaims should be dismissed because they include Gwynn Financial Services, Inc. ("GFS") as a counterclaim defendant. This Court, however, lacks subject matter jurisdiction over GFS.

I.       **INTRODUCTION AND PROCEDURAL HISTORY**

Defendants assert three counterclaims against David W. Gwynn, Raquel Gwynn and GFS.  However, the inclusion of GFS as a party in this matter would destroy subject matter jurisdiction, as defendants are well aware, considering the procedural history of this action.

GFS was originally a plaintiff in this action.  However, on July 21, 2005, defendants moved to dismiss the Complaint in its entirety on the ground that GFS's inclusion in this action as a party destroyed subject matter jurisdiction.  As defendants accurately noted in their Motion to Dismiss, both GFS and defendant A.I.G. Technical Services, Inc. ("AIG") are Delaware corporations.  Thus, there was not complete diversity to support jurisdiction based on diversity of citizenship. [Defendants' Motion to Dismiss, July 21, 2005, at 2].

At the time, this action had been pending for over two years, and a significant amount of discovery had taken place.  Thus,  in order to avoid dismissal of the entire action, on August 11, 2005, plaintiffs moved for voluntary dismissal of GFS as a party pursuant to Fed. R. Civ. P. 41(a), and for leave to amend the Complaint to assert only claims on behalf of David Gwynn and Raquel Gwynn.  The Court granted plaintiffs' Motion to amend the Complaint to state claims only on behalf of David Gwynn and Raquel Gwynn on November 10, 2005. Thereafter, by Order dated March 24, 2006, the Court granted plaintiffs' Motion to Dismiss GFS as a party, thereby preserving the Court's subject matter jurisdiction, and denied defendants' Motion to Dismiss the Complaint.  The Court further ordered that defendants would be permitted, within 21 days of entry of the court's order, to move to add GFS as an indispensable party.  Defendants have

chosen not to make such a motion.

In the face of this procedural history, and given their own vociferous opposition to inclusion of GFS as a party to this action, defendants have now, remarkably, alleged counterclaims against GFS, in addition to David Gwynn and Raquel Gwynn, *asserting diversity of citizenship as a basis of jurisdiction*. There can be no doubt, however, that GFS and AIG are "residents" of the same state, Delaware, and accordingly, the inclusion of GFS as a counterclaim defendant destroys the subject matter jurisdiction of this court.

Recognizing this inescapable conclusion, and in a desperate effort to include GFS as a counterclaim defendant, defendants also assert supplemental jurisdiction pursuant to 28 U.S.C. §1367. However, this Court should decline to exercise supplemental jurisdiction pursuant to the "exceptional circumstances" requirement of §1367(c)(4), because defendants' counterclaims seeks to join a party which has been dismissed by the Court so as to preserve subject matter jurisdiction. Under these circumstances, it would be patently unfair to allow defendants to assert a counterclaim against GFS in this action, while GFS must assert its claims against defendants in a separate action in another forum.

## II.    ARGUMENT

### A.    Defendants' Counterclaims Should be Dismissed as they State a Claim Against a Non-Party Whose Presence Destroys Diversity Jurisdiction.

Defendants assert diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1) as a basis of this Court's jurisdiction over its counterclaims against David Gwynn, Raquel Gwynn, and GFS.

[Counterclaims, ¶ 8]. However, defendants also allege that GFS and AIG are both corporations organized under laws of the State of Delaware. [Counterclaims, ¶¶ 2, 6]. Thus, given defendants' own pleading, the counterclaims must be dismissed because they deprive the court of subject matter jurisdiction.

The Supreme Court has read §1332(a)(1) "to require complete diversity between all plaintiffs and all defendants." Lincoln Property Co. v. Roche, 126 S.Ct. 606, 613 (2005). GFS and AIG, both being incorporated under the laws of Delaware, are considered citizens of Delaware for purposes of jurisdiction under 28 U.S.C. §1332.(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated"). Because GFS and AIG are citizens of the same state, diversity jurisdiction does not exist for defendants' counterclaim under §1332.[1]

### B. This Court Should Not Exercise Supplemental Jurisdiction Over Defendants' Counterclaims In Light of Exceptional Circumstances.

Defendants have also asserted supplemental jurisdiction pursuant to 28 U.S.C. §1367 as a basis of this Court's jurisdiction over its counterclaims against the Gwynn plaintiffs and GFS.

---

[1] It is odd that defendants assert diversity of citizenship as a basis for jurisdiction when defendants themselves, prior to filing their Amended Counterclaims, had moved to dismiss the entire action asserting that there was not complete diversity because GFS and AIG shared citizenship. [Defendants' Motion to Dismiss, July 21, 2005, at 2]. Under these circumstances, one must seriously question defendants' good faith in their present assertion that there is diversity jurisdiction among all the parties to the counterclaims.

"The exercise of supplemental jurisdiction is left to the discretion of the district court." <u>First Capital Asset Management, Inc. v. Satinwood, Inc.</u>, 385 F.3d 159, 182 (2d. Cir. 2004). "District courts may decline to exercise supplemental jurisdiction over a claim . . . [if] in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. §1367(c)(4). "[T]he discretion implicit in the word 'may' in subdivision (c) of 28 U.S.C. §1367 permits the district court to weigh and balance several factors, including considerations of judicial economy, convenience, and fairness to litigants." <u>First Capital Asset</u>, 385 F.3d at 183.

These factors, particularly fairness to GFS, weigh heavily in favor of declining jurisdiction over defendants' counterclaims. In July 2005, defendants moved to dismiss the entire complaint because the inclusion of GFS as a plaintiff destroyed the court's subject matter jurisdiction. Plaintiffs opposed this drastic result, and proposed a series of procedural compromises that would have protected the rights of *all* the original parties to this action, while simultaneously permitting this action to proceed. Defendants, however, rejected all such overtures, and it became increasingly evident that the *only* solution they would find satisfactory would be for GFS to agree to waive its right to assert its claims against defendants. [See, Plaintiffs' September 23, 2005 Memorandum of Law in Reply to Defendants' September 6, 2005 Memorandum in Opposition to Plaintiffs' Various Jurisdictional Motions, at 2-4.]

Defendants have now gone even further, however. By asserting that this Court has "supplemental jurisdiction" over GFS, defendants would have this court sanction a new litigation tactic: provide a forum where defendants may assert claims against GFS while

precluding GFS from asserting claims against defendants.

This Court should not countenance such obvious gamesmanship. Its March 24, 2006 Order dismissed GFS as a party to this action, while simultaneously giving defendants leave to move to add GFS as an indispensable party, pursuant to Fed. R. Civ. P. 19, within 21 days. Defendants declined to make such a motion, no doubt recognizing that it rested on a precarious legal foundation. [See, Plaintiffs' September 23, 2005 Memorandum, op. cit., at 9-17].

Under all these circumstances, it would be patently unfair to plaintiffs, and extremely prejudicial as well, to allow defendants to circumvent the Court's orders by now adding GFS as a counterclaim defendant, where diversity of citizenship is lacking, merely on allegations that the court has "supplemental jurisdiction" over the counterclaims.

Accordingly, "exceptional circumstances" are present here sufficient to persuade this court not to exercise supplemental jurisdiction over GFS, and defendants' counterclaims should be dismissed.

### III. CONCLUSION

For the above reasons, defendants' February 6, 2006 Amended Counterclaims against the Gwynn plaintiffs should be dismissed in their entirety.

        **PLAINTIFFS, DAVID GWYNN and**
        **RAQUEL GWYNN**


By_____
        Mario DiNatale (ct 12449)
        Silver Golub & Teitell, LLP
        184 Atlantic Street
        Stamford, CT 06904
        (203) 325-4491
        (203) 325-3769 (Fax)
        mdinatale@sgtlaw.com

**CERTIFICATE OF SERVICE**

      THIS IS TO CERTIFY that a copy of the foregoing was sent via U.S. Mail, postage prepaid, as well as electronically, on this 5th day of May, 2006, to:

Mark B. Seiger, Esq.
Edwards Angell Palmer & Dodge LLP
90 State House Square
Hartford, CT 06103

Peter M. Nolin, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905

                                            _____
                                            MARIO DiNATALE