UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br> Defendants, | CASE NUMBER: <br> 3:03 CV 00644 (CFD) |
| DAVID W. GWYNN and RAQUEL GWYNN, <br><br> Plaintiffs, <br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br><br> Defendants. | CASE NUMBER: <br> 3:03 CV 1154 (CFD) <br><br><br><br><br><br> MAY 26, 2006 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO THE RYAN PLAINTIFFS' MOTION TO DISMISS**

Defendants, National Union Fire Insurance Company of Pittsburgh, PA. and AIG Technical Services, Inc. (collectively, "AIG" or "Defendants"), hereby submit this Memorandum of Law in Opposition to the Motion to Dismiss submitted by Plaintiffs, Bruce Charles Ryan,

Russell William Newton, Robert Fitzpatrick, and Merit Capital Associates, Inc. (collectively, the "Ryan Plaintiffs"). In their Motion to Dismiss, the Ryan Plaintiffs seek to dismiss Count Three (Unjust Enrichment) of AIG's Amended Counterclaim Against the Ryan Plaintiffs ("Amended Counterclaim").

## ARGUMENT

### 1) The Ryan Plaintiffs Impermissibly Seek To Have This Court Look Beyond The Four Corners Of The Amended Counterclaim On A Motion To Dismiss

A party seeking dismissal under Federal Rule of Civil Procedure 12(b)(6) carries a heavy burden. A Rule 12(b)(6) motion to dismiss should be granted only if, as the Ryan Plaintiffs acknowledge, "[i]t appears beyond doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief." Motion to Dismiss, 12-13 (citing *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994)). In other words, a Rule 12(b)(6) dismissal is appropriate only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *In re Scholastic Corp. Sec. Litig.*, 252 F.3d 63, 69 (2d Cir. 2001). In addition, the court must accept as true all material facts alleged in the claim and draw all reasonable inferences in the claimant's favor. *Charles W. v. Maul*, 214 F.3d 350, 356 (2d Cir. 2000).

Courts are narrowly limited in what they can properly consider in the context of a Rule

12(b)(6) motion to dismiss. As this Court has held:

> In determining the adequacy of a claim under Rule 12(b)(6), <u>consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken</u>.

*Collins v. Olin Corp.*, 418 F. Supp. 2d 34, 41 (D. Conn. 2006) (Droney, J.) (citing *Courtenay Communications Corp. v. Hall*, 334 F.3d 210, 213 (2d Cir. 2003)) (emphasis supplied).

Restriction of materials appropriately considered by courts under Rule 12(b)(6) supports policies underlying pleading requirements under the Federal Rules of Civil Procedure. As the Second Circuit has held:

> Consideration of extraneous material in judging the sufficiency of a complaint is at odds with the liberal pleading standard of [Rule] 8(a)(2), which requires only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154-55 (2d Cir. 2002) (citations omitted). Further, "when a district court considers certain extra-pleading materials and excludes others, it risks depriving the parties of a fair adjudication of the claims by examining an incomplete record." *Id.*

The Ryan Plaintiffs explicitly acknowledge the validity of this well-established rule. As they themselves state: "[i]n reviewing a 12(b)(6) motion to dismiss, the Court may consider 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in

the pleadings and matters of which judicial notice may be taken.'" Motion to Dismiss, 13 (quoting *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993)).

Nevertheless, the Ryan Plaintiffs present no less than ten pages of their own self-serving rendition of the so-called "Factual Background" supporting AIG's unjust enrichment claim. Motion to Dismiss, 3-12. This revision of AIG's pleadings is replete with self-interested allegations found nowhere within the four corners of the Amended Counterclaim, and at the same time omits key fact pleadings legitimately underlying AIG's unjust enrichment claim.

A Rule 12(b)(6) motion is not the proper context to determine questions of fact. The issue properly before this Court is whether AIG can prove any set of facts in support of its unjust enrichment claim that would entitle it to relief. As explained below, according to the factual allegations contained in AIG's Amended Counterclaim, AIG has clearly satisfied this test.

## 2) AIG Has Pleaded Sufficient Facts To State A Claim Under Which Relief May Be Granted For Count Three (Unjust Enrichment) Of The Counterclaim

Under Connecticut law, a claimant need plead only three elements to establish an unjust enrichment claim: first, that the party against whom the claim is asserted received a benefit; second, that the party against whom the claim is asserted unjustly did not pay for the benefit; and third, that the failure of payment was to the claimant's detriment. *Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co.*, 231 Conn. 276, 283 (1994). As long the claimant's allegations are

"at least marginally sufficient to satisfy these elements," its unjust enrichment claim must survive a Rule 12(b)(6) motion to dismiss. *Keaney v. Eastern Computer Exchange, Inc.*, No. 3:03CV1893, 2004 WL 885100, at *2 (D. Conn. Apr. 21, 2004)

The Amended Counterclaim clearly alleges each of the foregoing elements. First, AIG states that it paid all of the Ryan Plaintiffs' Defense Costs related to the Sowell Claim, and that AIG indemnified the Ryan Plaintiffs for the entire Sowell Arbitration Award. Amended Counterclaim, ¶ 46, 52. Thus, AIG has properly alleged that the Ryan Plaintiffs were benefited.

Second, AIG states that the Ryan Plaintiffs unjustly failed to pay for the benefits of reimbursement for Defense Costs and indemnification under the Policy. Specifically, AIG alleges that the Sowell Claim and Sowell Arbitration Award were explicitly excluded by a number of Policy exclusions, including: Policy Paragraph 4(f) concerning Claims alleging, arising out of, based upon or attributable to any Wrongful Act occurring prior to the August 23, 1999 Retroactive Date, as well as any subsequent interrelated Wrongful Acts (Amended Counterclaim at ¶¶ 22-25, 28-33, 36); Policy Paragraph 4(r) concerning Claims alleging, arising out of, based upon or attributable to any activity of, or service provided by, a Registered Representative other than a covered Professional Service, including but not limited to "selling away" (Amended Counterclaim at ¶¶ 26, 33, 36); Policy Paragraph 4(s) concerning Claims alleging, arising out of, based upon or attributable to an Insured's exercise of discretionary authority or control with regard to

management or disposition of assets (Amended Counterclaim at ¶¶ 26, 29, 31, 36); and Policy Paragraph 4(t) concerning Claims alleging, arising out of, based upon or attributable to the formation, operation, administration or management by the Insured of any entity other than Merit (Amended Counterclaim at ¶¶ 26, 33-36). Thus, AIG has alleged that the Ryan Plaintiffs never justly paid for coverage of Sowell Claim and Sowell Arbitration Award because those Claims were explicitly excluded by the Policy.

Third, AIG alleges that the Ryan Plaintiffs' failure to reimburse for Defense Costs and indemnification caused injury. *Id.* at ¶ 46. The Ryan Plaintiff enjoyed the benefits of reimbursement and indemnification at AIG's expense, and therefore to AIG's detriment.

Accepting as true all of AIG's allegations of material fact, and drawing all reasonable inferences in AIG's favor, there can be no doubt that AIG has sufficiently stated a claim upon which relief can be granted. Simply put, AIG alleges that the Sowell Claims were never covered under the Policy. Therefore, the Ryan Plaintiffs were never entitled to, nor did they ever pay for, reimbursement of Defense Costs or indemnification. Because they received these benefits at AIG's expense, and therefore to AIG's detriment, the Ryan Plaintiffs were unjustly enriched, and Count Three states a valid cause of action

The Ryan Plaintiffs dedicate several pages of their Motion to Dismiss to arguments concerning the validity of AIG's factual allegations. The Ryan Plaintiffs' fact-based arguments

are plainly incorrect[1], but more importantly, they are procedurally improper. As explained above, a Rule 12(b)(6) motion is simply not the proper context to determine questions of fact. The only issue before the Court is whether AIG can prove any set of facts in support of its unjust enrichment claim that would entitle it to relief. Looking solely at the factual allegations asserted in AIG's Amended Counterclaim, AIG has clearly satisfied this test.

### 3) The Express Provisions Of The Policy Provide No Relief For AIG's Injury And Therefore Cannot Preclude AIG's Unjust Enrichment Claim

Aware that AIG has alleged sufficient facts to support its unjust enrichment claim, the Ryan Plaintiffs rely heavily on their argument that despite AIG's adequate pleading, the claim should be dismissed because AIG admits to the enforceability of the Policy generally. This argument, however, misconstrues both the law and AIG's factual assertions.

In Connecticut, "parties who have entered into controlling express contracts are bound by such contracts to the exclusion of <u>inconsistent</u> implied contract obligations." *H.B. Toms Tree Surgery v. Brant*, 187 Conn. 343, 347 (1982) (emphasis supplied). Thus, "[t]he existence of an express contract between the parties does not prevent a court from granting equitable relief to one of the parties as long as the relief is not <u>inconsistent</u> with the contract." *Nettleton Mech. Contractors, Inc. v. City of Meriden*, No. CV 0146838, 2000 WL 175586, *2 (Conn. Super. Feb.

---

[1] For example, the Ryan Plaintiffs' assertion that they paid over $70,000 in premiums for insurance coverage is irrelevant. Motion to Dismiss, 15. In assessing the scope of an insured's entitlement, the "determinative question" is "what coverage the …[insured] expected to receive and what the [insurer] was to provide, <u>as disclosed by the provisions of the policy</u>." *R.T. Vanderbilt Co. v. Continental Cas. Co.*, 273 Conn. 448, 462-63 (2005) (citations omitted; emphasis supplied). No matter what the Ryan Plaintiffs paid for protection under the Policy, they paid nothing whatsoever for coverage *outside* of the Policy's provisions. The Ryan Plaintiffs also assert that AIG decided unilaterally to pay $1,000,000 in settlement of the Sowell Claim. Motion to Dismiss, 15. Again, this assertion is irrelevant. As explained above, AIG has clearly plead the necessary requirements of an unjust enrichment claim. Finally – and absurdly – the Ryan Plaintifs argue that AIG's payment of $1,000,000 in settlement of the Sowell Claim was of no benefit. *Id.*

3, 2000) (emphasis supplied); s*ee Poleverari v. Peatt*, 29 Conn.App. 191 (1992) (awarding unjust enrichment damages despite existence of two valid underlying contracts when express contractual obligations were not inconsistent with equitable remedy).

Indeed, virtually every case cited by the Ryan Plaintiffs for their proposition that "unjust enrichment is inappropriate when there is a contract claim to be had" demonstrates clearly that an unjust enrichment claim is precluded by the existence of a valid underlying contract <u>only to the extent that the contract is inconsistent with the equitable relief sought</u>. *See* Motion to Dismiss, 16.[2] For example, the Ryan Plaintiffs cite *U.S. Fid. and Guar. Co. v. Metropolitan Prop. and Liab. Ins. Co.*, 10 Conn.App. 125, 127 (1987), for the Connecticut Appellate Court's observation in dicta that "[a]n allegation of a contract enforceable at law would, of course, preclude the equitable remedy of unjust enrichment." However, the Ryan Plaintiffs mysteriously omit reference to *the very next sentence* of that case, which explicitly acknowledges "those situations where a plaintiff has no enforceable right under an alleged contract, leaving him to recover on the basis of unjust enrichment in the alternative." *Id.* (citing 12 S. Williston, Contracts (3d Ed. Jaeger) § 1479). The other cases cited by the Ryan Plaintiffs make it equally clear that the mere existence of an underlying express contract will not preclude equitable relief for unjust enrichment so long as the contractual obligations are not inconsistent with such relief.[3] AIG has established the

---

[2] The first case cited by the Ryan Plaintiffs for this argument, however, does not even mention unjust enrichment. The Ryan Plaintiffs claim *City of West Haven v. Liberty Mut. Ins. Co.*, 639 F.Supp. 1012 (D.Conn. 1986), contains the following quote: "An allegation of a contract would, of course, preclude the equitable remedy of unjust enrichment." *See* Motion to Dismiss, 16. In reality, *City of West Haven* contains no such quote, nor does it even discuss equitable remedies.

[3] *See, e.g., H.B. Toms Tree Surgery v. Brant*, 187 Conn. 343, 347 (1982) (recognizing that "parties who have entered into controlling express contracts are bound by such contracts to the exclusion of <u>inconsistent</u> implied contract obligations" and in fact *permitting* unjust enrichment claim precisely because there were no express contractual rights or obligations concerning claimant's injury) (emphasis supplied).

"precondition to recovery based on unjust enrichment" recognized in *every single* "Motion to Strike" case cited by the Ryan Plaintiffs: "[t]he lack of a remedy under [the] contract."[4]

Thus, the Ryan Plaintiffs have failed to demonstrate, based on the allegations in the amended counterclaim, that defendants cannot prove their claim for unjust enrichment. *See Hood v. Aerotek, Inc.*, No. 3:98 CV 1524 CFD, 2000 WL 502838, *1 (D. Conn. Mar. 14, 2000) (Droney, J.) Accordingly, the Ryan Plaintiffs' Motion to Dismiss Count III (Unjust Enrichment) must be denied.

---

[4] *See Burke v. Boatworks Inc.*, No. CV044001838S, *2 (Conn.Super. Jul. 26, 2005); *Ravski v. Conn. State Med. Soc'y*, No. X01CV044000582S, *5 (Conn.Super. Jan. 26, 2005); *Alvarez v. Fleet Nat'l Bank*, No. CV010450643S, 2004 WL 945111, *6 (Conn.Super. Apr. 19, 2004); *Whitby School, Inc. v. Grenaille*, No. CV030195602, 2003 WL 23191957, *2 (Conn.Super. Dec. 29, 2003); *Heaven v. Timber Hill, LLC*, No. CV020188007, 2002 WL 31887918, *2 (Conn.Super. Dec. 6, 2002); *Berman & Sable*, 2002 WL 194528 at *2. *See also Miller v. O.S. Shipping & Trading Corp.*, No. X06CV010166810S, 2001 WL 1468917, *3 (Conn.Super. Nov.7, 2001) (citing *H.B. Toms*, which explicitly recognize that unjust enrichment is precluded only when express contractual remedy exists).

## CONCLUSION

For the foregoing reasons, this Court should deny the Ryan Plaintiffs' Motion to Dismiss.

        Respectfully Submitted,

        DEFENDANTS/COUNTERPLAINTIFFS
        NATIONAL UNION FIRE INSURANCE
        COMPANY OF PITTSBURGH, PA.
        and AIG TECHNICAL SERVICES, INC.

        BY THEIR ATTORNEYS,
        Edwards Angell Palmer & Dodge LLP

By: /s/ Mark B. Seiger

        Mark B. Seiger
        Fed. Bar No. ct05580
        90 State House Square
        Hartford, CT 06103-2715
        Tel: (860) 525-5065
        Fax: (860) 527-4198
        Email: mseiger@eapdlaw.com

        John D. Hughes
        Massachusetts BBO # 243660
        111 Huntington Avenue
        Boston, MA 02199
        Tel: (617) 951-3373
        Fax: (617) 439-4170
        Email: jhughes@eapdlaw.com

Donna M. Greenspan
Florida Bar No.: 059110
One North Clematis Street
Suite 400
West Palm Beach, FL 33401
Tel: (561) 833-7700
Fax: (561) 655-8719
Email: dgreenspan@eapdlaw.com

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was delivered by United States mail, postage prepaid, to the following this 26th day of May, 2006:

Counsel for the Ryan Plaintiffs
Peter M. Nolin, Esq.
Jay H. Sandak, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905
(203) 425-4200

Counsel for the Gwynn Plaintiffs
Mario DiNatale, Esq.
Jonathan M. Levine, Esq.
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06904
(203) 325-4491

Mark B. Seiger