UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FTIZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., <br>     Plaintiffs, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br>     Defendants. | CIVIL ACTION NO. <br> 3:03CV00644(CFD) |
| DAVID W. GWYNN, RAQUEL GWYNN and GWYNN FINANCIAL SERVICES, INC., <br>     Plaintiffs, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br>     Defendants. | CIVIL ACTION NO. <br> 3:03CV01154(CFD) <br><br><br><br><br><br> AUGUST 28, 2006 |

**MOTION FOR EXTENSION OF TIME**

Plaintiffs, Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick and Merit Capital Associates Inc. (collectively "Ryan Plaintiffs") respectfully move for an extension of time of 52 days, to and including October 30, 2006, to respond to the Motion for Summary Judgment filed on August 17, 2006, by the Defendants National Union Fire Insurance Company of Pittsburgh, PA and AIG Technical Services, Inc., now known as AIG Domestic Claims, Inc. (collectively "AIG"). The Ryan Plaintiffs make this motion pursuant to Local Rule 7(b) and Rule 56(f) of the Federal Rules of Civil Procedure, because the Ryan Plaintiffs need to complete

certain discovery before they can fully respond to AIG's summary judgment motion. Most significantly, the Ryan Plaintiffs need to complete the 30(b)(6) deposition of AIG, a deposition that AIG has repeatedly postponed for nearly a year now, before responding to AIG's summary judgment motion. That Deposition is scheduled to proceed next on September 11, 2006 and may require more than a day to complete. Accordingly, the Ryan Plaintiffs hereby request a continuance of 52 days to and including October 30, 2006, so that the Plaintiffs will have time to complete the 30(b)(6) deposition of AIG and other scheduled depositions before responding to Defendants' Motion for Summary Judgment.

As required by Local Rule 7(b) the undersigned counsel states that: (1) this is the Ryan Plaintiffs' first request for an extension of time to respond to AIG's recently filed summary judgment motion; and (2) despite an exchange of numerous e-mails, AIG's counsel has failed to advise whether AIG objects or consents to this motion, and thus despite diligent inquiry the undersigned counsel still does not know AIG's counsel's position on this request.

To demonstrate good cause for this motion for an extension of time to respond to AIG's Motion for Summary Judgment, the Ryan Plaintiffs state the following:

Fact discovery is currently scheduled to be completed by October 15, 2006 and dispositive motions are due by February 19, 2007, pursuant the joint motions of the parties and this Court's order entered on April 26, 2006 (Docket #176). The Plaintiffs have completed most of the fact discovery they are seeking in the form of depositions, and the Gwynn Plaintiffs through counsel have noticed three (3) more depositions in Arizona for the week of September

18, 2006, but AIG has repeatedly postponed the Plaintiffs' completion of the 30(b)(6) deposition of AIG itself. [1]

In the summer of 2005, AIG filed Counterclaims, in addition to its previously asserted defenses. For the first time and without any prior notice or demand to the Plaintiffs, AIG asserted claims to recoup from the Plaintiffs all legal fees AIG paid on behalf of the Plaintiffs in the underlying claim and the full $1,000,000, AIG had voluntarily paid in August 2003, to settle the underlying claim. Accordingly on September 13, 2005, Plaintiffs noticed the deposition of AIGTS under Rule 30(b)(6) and sought one or more corporate witness(es) on 66 topics. Most of these topics relate to the facts alleged in AIG's defenses and counterclaims.[2] The Ryan Plaintiffs' original notice the 30(b)(6) deposition for September 26, 2005.

AIG's counsel, then James Hawkins, indicated he was unavailable on the date in question and the deposition was rescheduled by agreement and re-noticed for two dates, October 25 and October 27. Following what has been AIG consistent pattern in the case, just a few days before the deposition was to proceed, per the agreed upon schedule, AIG again sought a postponement. Specifically AIG asserted that Attorney Hawkins had a medical issue that he needed to attend to on October 25th and that the witness was not ready to give 30(b)(6) testimony despite the fact it was represented that AIG's witness was "working diligently to prepare." Plaintiffs' counsel immediately agreed to a continuance from the first day of the scheduled deposition to accommodate Attorney Hawkin's medical issue, but Plaintiffs insisted upon proceeding with

---

[1] AIG still has not produced numerous documents requested by the Plaintiffs. Magistrate Judge Smith ordered many of these documents to be produced and AIG appealed his order to this Court under Rule 72 on April 6, 2006.
[2] Since the summer of 2005 AIG has twice amended its counterclaims. Currently AIG is asserting claims for a declaration that the Policy provides no coverage and for unjust enrichment. The Ryan Plaintiffs filed a Motion to Dismiss AIG's claim for unjust enrichment on May 5, 2006. That motion is fully briefed and is pending before this Court. AIG has withdrawn its counterclaims for fraud and misrepresentation.

3

deposition of the witness on October 27th and sought an agreed upon day to continue the deposition thereafter.

On October 25, 2005 AIG filed its Motion For Extension Of Time And For Protective Order, dated October 24, 2005 ("Motion for Protective Order"). AIG claimed that the witness needed more time to prepare and represented he would be available and ready for his deposition after November 8, 2005. [3]

Despite that filing, AIG did produce its 30(b)(6) witness, Antonios Daskalakis, on October 27, 2005. Mr. Daskalakis claimed that he had inadequate time to prepare and he repeatedly answered "I do not know' to questions seeking AIG's official positions on facts alleged in the defenses and counterclaims. Contrary to AIG's counsel's prior representation, Mr. Daskalakis admitted he had not been diligent in his preparation. Despite the fact his deposition had first been noticed on September 13th more than six weeks before the deposition proceeded, Mr. Daskalakis had done little to prepare and had only begun his preparation eight to ten days before the deposition. Further, Mr. Daskalakis concede he had not conferred substantively with anyone about the handling of the underlying claim.

Thereafter, Plaintiffs have repeatedly attempted to schedule a mutually convenient date to complete the 30(b)(6) deposition but were not provided a date by AIG's counsel. In the absence of a proposed date from AIG, the Ryan Plaintiffs first re-noticed the deposition for November 10th, but were then advised that AIG's counsel was unavailable. No new date was provided by AIG and the Ryan Plaintiffs selected November 22, 2005 for the continuation of the 30(b)(6) deposition. Again AIG advised that its counsel was not available. Thereafter, the Ryan

---

[3] The Court subsequently granted the extension of time and thereafter denied the motion for protective order as to the topics on which the witness was to be questioned. (Docket ## 132 & 150).

4

Plaintiffs re-noticed the 30(b)(6) deposition for November 21, 2005. Before that deposition could proceed, Mr. Hawkins revealed he was being replaced as trial counsel by AIG and AIG was moving for a stay of discovery while new counsel was being hired.

New counsel, Mr. Seiger and his colleagues, appeared on January 17, 2006. Since new AIG counsel has appeared, the Ryan Plaintiffs have repeatedly sought to complete the 30(b)(6) deposition of AIG. After several months of seeking a mutually convenient date to schedule a 30(b)(6) deposition, on May 1, 2006 the Ryan Plaintiffs re-noticed the AIG 30(b)(6) deposition for May 25, 2006. Just prior to that deposition, counsel for AIG called and indicated that he needed more time to identify the appropriate 30(b)(6) witness for AIG. The undersigned counsel consented to postponing the 30(b)(6) deposition on an agreement that AIG's counsel would provide the name of AIG's 30(b)(6) witness or witnesses for a deposition in June 2006.

Despite repeated requests, AIG's counsel did not provide the name of its 30(b)(6) witness for a deposition in June 2006. Instead in late June 2006, AIG, through its lead trial counsel Mark Seiger, advised that AIG wished to postpone further discovery while mediating the claims in this case. Both the Ryan Plaintiffs and the Gwynn Plaintiffs indicated they would be willing to mediate provided AIG met certain conditions. Unfortunately AIG did not pursue the mediation it claimed it wanted. Attorney Seiger ignored all of Plaintiffs' requests to agree on terms and conditions for the mediation and never responded to the calls or e-mails from Plaintiffs' counsel. Commencing again in late July 2006, the undersigned counsel again requested a mutually convenient date to complete the 30(b)(6) deposition of AIG. Once again AIG's counsel indicated that he wished to delay the 30(b)(6) deposition so he could schedule a mediation but, Attorney Seiger again failed to address any of the prior requests of the Ryan Plaintiffs or the

Gwynn Plaintiffs to resolve certain reasonable terms and conditions for proceeding with such a mediation.

In the absence of any agreement to postpone discovery pending a mediation, on August 11, 2006 the undersigned counsel served a Re-Notice of Deposition to resume AIG's 30(b)(6) deposition on September 11, 2006. Initially AIG protested the notice saying it still wished to mediate, but AIG's counsel again refused to address any of the terms and conditions that Plaintiffs counsel had sought for such a mediation. Thereafter, AIG filed its Motion for Summary Judgment on August 17, 2006.

Throughout its repeated efforts to delay the Ryan Plaintiffs from completing the 30(b)(6) deposition of AIG, AIG's counsel has never before indicated that it intended to file a summary judgment motion before the completion of fact discovery in this case. The undersigned counsel would never have consented to postponing the 30(b)(6) deposition of AIG, it scheduled in May 2006 and would have re-noticed the deposition sooner than September 11, 2006, had AIG's counsel at any time indicated that it intended to move for summary judgment before the completion of fact discovery in this case. Thus, it now appears that AIG's repeated requests to postpone the completion of fact discovery including the 30(b)(6) deposition of AIG for some type of settlement mediation, was a mere pretext to permit AIG to delay discovery while it readied its summary judgment motion. The Court should not reward AIG deceptive gamesmanship and its disingenuous postponements of discovery by forcing the Plaintiffs to answer the Summary Judgment Motion before fact discovery is completed.

Further, AIG's Summary Judgment Motion raises numerous issues of fact which need to be addressed through the completion of discovery. Most particularly, AIG has raised several

factual arguments that no coverage existed and that the Plaintiffs cannot assert claims of estoppel or waiver with regard to the coverage issue. AIG's repeated prior admissions, in which it asserted that it had a duty to defend and would defend the Plaintiffs in the underlying NASD Arbitration and in which it revoked its prior declination of coverage are directly relevant to the waiver issues.[4] Indeed, each of AIG's past positions on the existence of coverage and a duty to defend raise factual issues which should defeat summary judgment. The 30(b)(6) deposition is necessary to establish formally AIG's often conflicting positions and admissions on coverage. In addition, counsel for the Gwynn Plaintiffs has noticed certain depositions in Arizona during the week of September 18, 2006. These depositions go directly to the issue of AIG's bad faith in its breach of its duty to defend the Plaintiffs in the underlying NASD Arbitration and relate directly to AIG's current position that the factual record in the underlying arbitration in some way supports AIG's belated and retroactive effort to deny coverage and its duty to defend. The Ryan Plaintiffs believe that the completion of such fact discovery is necessary for them to address properly and completely AIG's Summary Judgment Motion.[5]

---

[4] Surprisingly AIG submitted no affidavit in support of its Motion. Therefore a 30(b)(6) deposition of AIG is particularly relevant to the Court's consideration of the motion.

[5] The Ryan Plaintiffs also believe that it is likely they will amend their claims upon the completion of fact discovery. The Ryan Plaintiffs have uncovered numerous additional facts relating to AIG's bad faith including the fact that it now appears that AIG resumed its defense of the Gwynn Plaintiffs solely to avoid a consensual agreement by the Gwynn Plaintiffs and the underlying NASD claimant Michael Sowell. Further, it appears that AIG's agreement to provide a defense to the Ryan Plaintiffs was undertaken solely in an effort to minimize AIG's liability for bad faith and that AIG never intended to provide a proper defense to the Ryan Plaintiffs. Further, AIG has now asserted various counterclaims which the Ryan Plaintiffs believe constitute further evidence of bad faith. Most particularly, without ever notifying the Ryan Plaintiffs, AIG settled the underlying claim and is now seeking to recoup its defense costs and its indemnity payment from the Ryan Plaintiffs. In the absence of any reservation of rights this conduct along with AIG's repeated false assertions of fraud against the Ryan Plaintiffs constitute further evidence of bad faith and evidence a continuing pattern of bad faith through the conduct of this litigation. Thus, at the conclusion of fact discovery, the Ryan Plaintiffs are likely to amend to include all of these additional claims.

Wherefore, for all the foregoing reasons and in accordance with Local Rule 7(b) and Rule 56(f) of the Federal Rules of Civil Procedure, Ryan Plaintiffs respectfully request an extension of time of 52 days to and including October 30, 2006 to respond to AIG's summary judgment motion dated                    .

           **PLAINTIFFS, BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES INC.,**

        By_____/S/_____
           Peter M. Nolin (ct06223)
           Stephanie A. McLaughlin (ct22774)
           **Sandak Hennessey & Greco LLP**
           707 Summer Street
           Stamford, CT  06901-1026
           (203) 425-4200
           (203) 325-8608 (fax)
           pnolin@shglaw.com
           smclaughlin@shglaw.com

**CERTIFICATION OF SERVICE**

  I hereby certify that on August 28, 2006, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's system. A hard copy of this motion has been sent to the chambers of the Honorable Christopher F. Droney in accordance with the electronic filing rules of this District

                ____/S/_____
                Peter M. Nolin