UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITOL ASSOCIATES, INC.<br>    Plaintiffs, | ) <br>) CIVIL ACTION NO.<br>) 3:03 CV 00644 (CFD)<br>) |
| vs. | ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>    Defendants | ) |
| DAVID W. GWYNN and RAQUEL GWYNN<br>    Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 01154 (CFD) |
| vs. | ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>    Defendants | )<br>) AUGUST 25, 2006 |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO REPLY TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Plaintiffs David W. Gwynn and Raquel Gwynn (collectively, "the Gwynn plaintiffs"), through counsel, respectfully move this Court, pursuant to Fed. R. Civ. P. 6(b) and Local Rule 7(b)(1) for an extension of time up to and including October 27, 2006, to file a Memorandum of Law in Opposition to Defendants' August 17, 2006 Motion for Summary Judgment ("defendants' motion"). In support of this motion, undersigned counsel states as

follows:

1. This is the first request for extension of time made by the Gwynn plaintiffs with respect to this time limitation.

2. The additional time is needed for several reasons: previously scheduled vacation time for undersigned counsel with his family; the amount of work required to appropriately respond to defendants' motion; and the need to conclude fact discovery.

3. Counsel will be on vacation with his family until September 5, 2006. Thereafter, he will also be away the weekend of September 15-17 to visit his daughter in college and watch his son participate in a high school sporting event.

4. Defendants' Memorandum in support of their motion is 36 pages long. It identifies 101 alleged "Undisputed Material Facts." It makes numerous references to the voluminous factual record in this case, including citations to the transcript of the NASD arbitration ("the arbitration") which forms the basis of the Gwynn plaintiffs' claims of defendants' bad faith.

5. To date, approximately 15 depositions have been taken in this matter. Document production by all parties has exceeded 10,000 pages. The transcript of the arbitration is over 1,000 pages long. It will take substantial time and effort to carefully review this material for inclusion within plaintiffs' Memorandum in Opposition.

6. Moreover, defendants' motion advances several legal arguments that must be carefully researched in order to adequately oppose the motion and present the Gwynn plaintiff's

position.

7.   Finally, discovery has not been completed. Fed. R. Civ. P. 56(f) permits the court to "refuse the application for judgment or may order a continuance to permit...depositions to be taken or discovery to be had or may make such other order as is just."

8.   Counsel to the Gwyn plaintiffs and counsel to the Ryan plaintiffs have noticed a total of four additional depositions to be taken. These depositions are all necessary in order to present a full and complete record to the court in considering defendants' motion. The remaining deponents are: defendants' corporate representative(s), pursuant to Fed. R. Civ. P. 30(b)(6), to testify, among other matters, concerning defendants' claims, and the policy provisions cited in defendants' memorandum; "coverage counsel" retained by defendants to opine about coverage issues with respect to the arbitration; counsel retained by defendants to represent the Gwynn plaintiffs in the arbitration, who had written and oral communications with defendants' claims analyst; and the Claimant's counsel in the arbitration, who also had written, and possibly oral, communications with defendants' claims analyst. The latter three depositions will take place in Phoenix, Arizona.

9.   The depositions noted in paragraph 8 above, were all noticed prior to the filing of defendants' motion, and as presently noticed, they will all be concluded by September 21, 2006. Accordingly, any delay in responding to defendants' motion occasioned in concluding this discovery is not long. Moreover, this discovery is going to occur in any event, as defendants have raised no objections to any of the notices of deposition. Thus, there is no logical reason to

require plaintiffs to respond to defendants' motion before this discovery is complete.

10. The present scheduling order contemplates that the joint trial management order need not be filed prior to March 19, 2007. Thus, defendants will not be prejudiced by the relatively brief continuance sought by plaintiffs, as it will not impact on the parties' ability to prepare for trial.

11. Counsel to plaintiffs has communicated with counsel to defendants, who has indicated he will object to this requested extension.

Accordingly, for the above-stated reasons, the Gywnn plaintiffs respectfully request that this court grant an extension of time to and including October 27, 2006 for plaintiffs to file a memorandum in opposition to defendants' Motion.

                                                              **PLAINTIFFS, DAVID GWYNN and RAQUEL GWYNN**

                                                              By_____
                                                                      Mario DiNatale (ct 12449)
                                                                      Silver Golub & Teitell, LLP
                                                                       184 Atlantic Street
                                                                       Stamford, CT 06904
                                                                       (203) 325-4491
                                                                       (203) 325-3769 (Fax)
                                                                       mdinatale@sgtlaw.com

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was sent via U.S. Mail, postage prepaid, on this 25th day of August, 2006, to:

Mark B. Seiger, Esq.
Charles F. Gfeller, Esq.
Edwards Angell Palmer & Dodge LLP
90 State House Square
Hartford, CT 06103

Peter M. Nolin, Esq.
Stephanie McLaughlin, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905

MARIO DiNATALE