UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., </br></br>Plaintiffs,</br></br>v.</br></br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,</br></br>Defendants, | CASE NUMBER:</br>3:03 CV 00644 (CFD) |
| DAVID W. GWYNN and RAQUEL GWYNN,</br></br>Plaintiffs,</br>v.</br></br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,</br></br>Defendants. | CASE NUMBER:</br>3:03 CV 1154 (CFD)</br></br></br></br></br></br></br></br>AUGUST 31, 2006 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO THE RYAN PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, National Union Fire Insurance Company of Pittsburgh, PA. and AIG Technical Services, Inc. (collectively, "AIG" or "Defendants"), hereby submit this Memorandum of Law in Opposition to the Motion For Extension of Time submitted by Plaintiffs, Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick, and Merit Capital Associates, Inc. (collectively, the "Ryan Plaintiffs").

The Ryan Plaintiffs claim that they need to "complete certain discovery" before responding to Defendants' Motion for Summary Judgment. However, Defendants' Motion for Summary

Judgment is based *solely* on the language of the Policy and the allegations of the underlying claims (Sowell's Statement of Claim and Amended Statement of Claim). In the Motion, Defendants argue that the allegations of the Statement of Claim and Amended Statement of Claim triggered the Policy's exclusions; furthermore, waiver, estoppel and bad faith are inapplicable as a matter of law. Based *solely* on the language of the Policy and the Statement of Claim and Amended Statement of Claim, Defendants argue that AIG had no duty to defend, no duty to indemnify Plaintiffs, and no liability in connection with the Policy. Thus, additional discovery would be completely *irrelevant* to the disposition of Defendants' Motion for Summary Judgment.[1]

The Ryan Plaintiffs claim that AIG's counsel failed to advise whether AIG objects or consents to their motion for extension. This is simply untrue. AIG's counsel advised the Ryan Plaintiffs' counsel in an August 18, 2006 email that:

> If you read the motion you will see that it raises purely legal issues. . . . Therefore, the discovery that you intend to conduct is irrelevant to the summary judgment motion. As such, <u>I cannot agree to an extension of time to respond for discovery reasons. If, however, you are telling me that you need an extension for other reason, such as because of a planned vacation, I would extend a professional courtesy</u>. As you know, I have thus far consented to every request that you have made of me for extensions of time. . . .

(Emphasis supplied).[2]

Plaintiffs should not be allowed to delay a ruling on Defendants' Motion for Summary Judgment while they engage in costly discovery (including depositions in Arizona) that have no

---

[1] The Ryan Plaintiffs express "surprise" that AIG submitted no affidavit in support of its Motion. Motion for Extension, p.7 n. 4. No affidavit is necessary, however, since AIG's argument is grounded *solely* on the Policy's provisions and the allegations of the Statement of Claim and Amended Statement of Claim. There is no dispute as to the language of the Policy, the Statement of Claim, or the Amended Statement of Claim.

[2] The Ryan Plaintiffs also claim that the continued deposition of AIG's representative was postponed because AIG requested mediation but then refused to address Plaintiffs' "terms and conditions" for mediation and did not "pursue the mediation it claimed it wanted." Motion for Extension, pp.5-6. However, mediation did not go forward because Plaintiffs' required "terms and conditions" included an "offer of real $$" as a *prerequisite* to engaging in mediation.

bearing on the legal issues raised in Defendants' Motion. Accordingly, Defendants respectfully request that the Court deny the Ryan Plaintiffs' Motion for Extension of Time.

    Respectfully Submitted,

    DEFENDANTS/COUNTERPLAINTIFFS
    NATIONAL UNION FIRE INSURANCE
    COMPANY OF PITTSBURGH, PA.
    and AIG TECHNICAL SERVICES, INC.

    BY THEIR ATTORNEYS,
    Edwards Angell Palmer & Dodge LLP

    By: _____

    Mark B. Seiger
    Fed. Bar No. ct05580
    David S. Samuels
    Fed. Bar No. ct24460
    90 State House Square
    Hartford, CT 06103-2715
    Tel: (860) 525-5065
    Fax: (860) 527-4198
    Email: mseiger@eapdlaw.com
    Email: dsamuels@eapdlaw.com

    John D. Hughes
    Massachusetts BBO # 243660
    111 Huntington Avenue
    Boston, MA 02199
    Tel: (617) 951-3373
    Fax: (617) 439-4170
    Email: jhughes@eapdlaw.com

    Donna M. Greenspan
    Florida Bar No.: 059110
    One North Clematis Street
    Suite 400
    West Palm Beach, FL 33401
    Tel: (561) 833-7700
    Fax: (561) 655-8719
    Email: dgreenspan@eapdlaw.com

## **CERTIFICATION**

I hereby certify that on August 3, 2006, the foregoing Memorandum of Law in Opposition to the Ryan Plaintiffs' Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mailto anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

_____
Mark B. Seiger