UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., | ) ) ) | CASE NUMBER: 3:03 CV 00644 (CFD) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| DAVID W. GWYNN and RAQUEL GWYNN, | ) | |
| | ) | CASE NUMBER: |
| Plaintiffs, | ) | 3:03 CV 1154 (CFD) |
| v. | ) | |
| | ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | SEPTEMBER 8, 2006 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER

### I.    INTRODUCTION

Pursuant to *Fed. R. Civ. P.* 26 and *D. Conn. L. Civ. R.* 7(a), defendants, National Union

Fire Insurance Company of Pittsburgh, PA and AIG Technical Services, Inc. n/k/a AIG

Domestic Claims Inc. ("AIG") (collectively, "Defendants") submit this memorandum of law in

support of *Defendants' Motion for a Protective Order* (the "*Motion*"). For the reasons set forth

below, Defendants respectfully request that this Court issue a protective order precluding

plaintiffs, Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick, Merit Capital

Associates, Inc., David W. Gwynn, Raquel Gwynn and Gwynn Financial Services ("Plaintiffs")

from taking any depositions in this case until after AIG's Motion for Summary Judgment filed on August 17, 2006 is heard and decided by this Court.

## II.    ARGUMENT

### A.    Legal Standard

The scope of discovery "is not without bounds, and limitations are imposed where the discovery is 'unreasonably cumulative or duplicative,' overly 'burdensome . . . or expensive' or 'the burden or expense of the proposed discovery outweighs its likely benefit..'" *H. Lewis Packaging, LLC v. Spectrum Plastics, Inc.*, No. 3:03cv2259 (PCD), 2003 WL 22305148, at *1 (D. Conn. Aug. 10, 2003) (quoting *Fed. R. Civ. P.* 26(b)(2)). "A protective order appropriately issues to prevent 'injury, harassment, or abuse of the court's processes.'" *H. Lewis*, 2003 WL 22305148, at *3, *quoting, Bridge C.A.T. Scan Assocs. V. Technicare Corp.*, 710 F.2d 940, 944-45 (2d Cir. 1983). The party requesting the protective order "must show good cause by demonstrating a particular need for protection." *Id. Fed. R. Civ. P.* 26 provides, in pertinent part, as follows:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, **oppression, or undue burden or expense,** including one or more of the following: (1) that the disclosure or discovery not be had . . .
>
> *Fed. R. Civ. P.* 26(c)(emphasis added).

- 2 -

**B.** **In light Of The Pending Motion For Summary Judgment, Defendants Should Not Be Forced To Incur The Expense And Burden of Preparing For And Attending The Depositions.**

Plaintiffs have noticed the following depositions:

| Deponent | Location | Date |
|----------|----------|------|
| 30(b)(6) – AIG | Connecticut | September 11,2006 |
| Struckmeyer & Wilson | Arizona | September 19, 2006 |
| Donald Wilson, Esq. | Arizona | September 19, 2006 |
| Maxine Becker, Esq. | Arizona | September 20, 2006 |
| Frank Moskowitz | Arizona | September 21, 2006 |

These depositions are unnecessary for the adjudication of the legal issues raised in Defendants' Motion For Summary Judgment. Indeed, any claim by Plaintiffs that they need to complete these depositions before responding to Defendants' Motion for Summary Judgment is disingenuous. Defendants' Motion for Summary Judgment is based *solely* on the language of the Policy and the allegations of the underlying claims (Sowell's Statement of Claim and Amended Statement of Claim). In the Motion For Summary Judgment, Defendants argue that the allegations of the Statement of Claim and Amended Statement of Claim triggered the Policy's exclusions; furthermore, waiver, estoppel and bad faith are inapplicable as a matter of law. Based *solely* on the language of the Policy and the Statement of Claim and Amended Statement of Claim, Defendants argue that AIG had no duty to defend, no duty to indemnify Plaintiffs, and no liability in connection with the Policy since coverage never existed for the claim.

AIG's argument is grounded *solely* on the Policy's provisions and the allegations of the Statement of Claim and Amended Statement of Claim. There is no dispute as to the language of the Policy, the Statement of Claim, or the Amended Statement of Claim. Thus, these depositions

- 3 -

are completely *irrelevant* to the disposition of Defendants' dispositive Motion for Summary Judgment. As such, Plaintiffs should not be permitted to force Defendants to engage in costly discovery (including depositions in Arizona) that have no bearing on the threshold legal issues raised in Defendants' Motion For Summary Judgment.

Defendants agree that if the Court's ruling on the Motion For Summary Judgment is not dispositive as to the entire case, Defendants will use their best efforts to complete the fact depositions within forty-five (45) days of receiving the Court's ruling on the Motion For Summary Judgment.

## III.    CONCLUSION

For the foregoing reasons, National Union Fire Insurance Company of Pittsburgh, PA and AIG Technical Services, Inc. n/k/a AIG Domestic Claims Inc. request that this Court grant Defendants' *Motion for a Protective Order* and prohibit Plaintiffs from taking any depositions in this case until after AIG's Motion for Summary Judgment is heard and decided by this Court. Defendants agree that if the Court's ruling on the Motion For Summary Judgment is not dispositive, as to the entire case, Defendants will use their best efforts to complete the fact depositions within forty-five (45) days of receiving the Court's ruling on the Motion For Summary Judgment.

HFD_167722_1/DSAMUELS

DEFENDANTS/COUNTERPLAINTIFFS
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.
and AIG TECHNICAL SERVICES, INC.


By:
Mark B. Seiger
Fed. Bar No. ct05580
David S. Samuels
Fed. Bar No. ct 24460
90 State House Square
Hartford, CT  06103-2715
Tel:  (860) 525-5065
Fax: (860) 527-4198
Email: mseiger@eapdlaw.com
Email: dsamuels@eapdlaw.com

John D. Hughes
Massachusetts BBO # 243660
111 Huntington Avenue
Boston, MA 02199
Tel:  (617) 951-3373
Fax:  (617) 439-4170
Email: jhughes@eapdlaw.com

Donna M. Greenspan
Florida Bar No.: 059110
One North Clematis Street, Suite 400
West Palm Beach, FL  33401
Tel: (561) 833-7700
Fax:  (561) 655-8719
Email: dgreenspan@eapdlaw.com

CERTIFICATION

I hereby certify that on September 8, 2006, the foregoing *Memorandum Of Law In Support of Defendants' Motion for a Protective Order* was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mailto anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the court's CM/ECF System.

Mark B. Seiger

HFD_167722_1/DSAMUELS