UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., | ) ) ) ) | CASE NUMBER: 3:03 CV 00644 (CFD) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | |
| Defendants, | ) ) | |
| DAVID W. GWYNN and RAQUEL GWYNN, | ) ) | |
| Plaintiffs, | ) ) | CASE NUMBER: 3:03 CV 1154 (CFD) |
| v. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | |
| Defendants. | ) | SEPTEMBER 15, 2006 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE GWYNN PLAINTIFFS' MOTION TO DISMISS SECOND AMENDED COUNTERCLAIM**

Defendants, National Union Fire Insurance Company of Pittsburgh, PA. and AIG Technical Services, Inc. (collectively, "AIG" or "Defendants"), hereby submit this Memorandum Of Law in Opposition to the Gwynn Plaintiffs' Motion To Dismiss Count Two of Defendants' Second Amended Counterclaim ("Motion to Dismiss"), submitted by Plaintiffs, David W. Gwynn and Raquel Gwynn (collectively, the "Gwynn Plaintiffs"). In their Motion to Dismiss,

the Gwynn Plaintiffs seek to dismiss Count Two (Unjust Enrichment) of AIG's Second Amended Counterclaim Against the Gwynn Plaintiffs ("Second Amended Counterclaim"). The Gwynn Plaintiffs rely solely on the Memorandum of Law in Support of Motion to Dismiss filed on or about May 5, 2006 by their co-plaintiffs, the Ryan Plaintiffs, in support of the Ryan Plaintiffs' Motion to Dismiss Count Three of Defendants' Amended Counterclaims[1] (the "Ryan Plaintiffs' Memorandum").

## ARGUMENT

### 1) AIG Has Plead Sufficient Facts To State A Claim Under Which Relief May Be Granted For Count Three (Unjust Enrichment) Of The Counterclaim

Under Connecticut law, a claimant need plead only three elements to establish an unjust enrichment claim: first, that the party against whom the claim is asserted received a benefit; second, that the party against whom the claim is asserted unjustly did not pay for the benefit; and third, that the failure of payment was to the claimant's detriment. *Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co.*, 231 Conn. 276, 283 (1994). As long the claimant's allegations are "at least marginally sufficient to satisfy these elements," its unjust enrichment claim must survive a Rule 12(b)(6) motion to dismiss. *Keaney v. Eastern Computer Exchange, Inc.*, No. 3:03CV1893, 2004 WL 885100, at *2 (D. Conn. Apr. 21, 2004).

The Second Amended Counterclaim clearly alleges each of the foregoing elements. First, the Second Amended Counterclaim alleges that the Gwynn Plaintiffs were benefited because AIG paid their Defense Costs and the Arbitration Award arising from Sowell's claims *despite the fact that the Policy's exclusionary provisions precluded coverage for such claims.* Second Amended Counterclaim, ¶¶ 44, 45. Second, the Second Amended Counterclaim alleges that the Gwynn Plaintiffs did not reimburse AIG for payment of these uncovered claims. Second

---

[1] The Ryan Plaintiffs have not responded to Defendants' Second Amended Counterclaim, served August 3, 2006.

PMB_311501_4/DGREENSPAN

Amended Counterclaim, ¶¶ 44, 45. Third, the Second Amended Counterclaim alleges that the Gwynn Plaintiffs' failure to reimburse AIG for its payment of these uncovered claims caused injury to AIG. ¶ 45. Accepting as true all of AIG's allegations of material fact, and drawing all reasonable inferences in AIG's favor, there can be no doubt that AIG has sufficiently stated a claim upon which relief can be granted. Simply put, the Gwynn Plaintiffs received a benefit when AIG paid its uncovered claims, and the Gwynn Plaintiffs unjustly have not paid for such benefit, to AIG's detriment.

The Gwynn Plaintiffs, by incorporating the Ryan Plaintiffs' Memorandum, dedicate several pages of their Motion to Dismiss to arguments concerning the validity of AIG's factual allegations. The Gwynn Plaintiffs' fact-based arguments are plainly incorrect[2], but more importantly, they are procedurally improper. As further explained below, a Rule 12(b)(6) motion is simply not the proper context to determine questions of fact. The only issue before the Court is whether AIG can prove any set of facts in support of its unjust enrichment claim that would entitle it to relief. Looking solely at the factual allegations asserted in AIG's Second Amended Counterclaim, AIG has clearly satisfied this test.

---

[2] For example, the assertion that Plaintiffs paid over $70,000 in premiums for insurance coverage is irrelevant. Ryan Plaintiffs' Memorandum, p.15. In assessing the scope of an insured's entitlement, the "determinative question" is "what coverage the ...[insured] expected to receive and what the [insurer] was to provide, as disclosed by the provisions of the policy." *R.T. Vanderbilt Co. v. Continental Cas. Co.*, 273 Conn. 448, 462-63 (2005) (citations omitted; emphasis supplied). No matter what the Gwynn Plaintiffs paid for protection under the Policy, they paid nothing whatsoever for coverage *outside* of the Policy's provisions. The Gwynn Plaintiffs also assert that AIG decided unilaterally to pay $1,000,000 in settlement of the Sowell Claim. Ryan Plaintiffs' Memorandum, p. 15. Again, this assertion is irrelevant. As explained above, AIG has clearly plead the necessary requirements of an unjust enrichment claim. Finally – and absurdly – the Gwynn Plaintiffs argue that AIG's payment of $1,000,000 in settlement of the Sowell Claim was of no benefit. *Id.*

PMB_311501_4/DGREENSPAN

**2) The Express Provisions Of The Policy Provide No Relief For AIG's Injury And Therefore Cannot Preclude AIG's Unjust Enrichment Claim**

The Gwynn Plaintiffs argue that AIG's properly plead unjust enrichment claim should be dismissed because AIG admits to the enforceability of the Policy generally. This argument, however, misconstrues both the law and AIG's factual assertions.

In Connecticut, "parties who have entered into controlling express contracts are bound by such contracts to the exclusion of <u>inconsistent</u> implied contract obligations." *H.B. Toms Tree Surgery v. Brant*, 187 Conn. 343, 347 (1982) (emphasis supplied). Thus, "[t]he existence of an express contract between the parties does not prevent a court from granting equitable relief to one of the parties as long as the relief is not <u>inconsistent</u> with the contract." *Nettleton Mech. Contractors , Inc. v. City of Meriden*, No. CV 0146838, 2000 WL 175586, *2 (Conn. Super. Feb. 3, 2000) (emphasis supplied); *see Poleverari v. Peatt*, 29 Conn.App. 191 (1992) (awarding unjust enrichment damages despite existence of two valid underlying contracts when express contractual obligations were not inconsistent with equitable remedy).

Indeed, virtually every case cited in the Ryan Plaintiffs' Memorandum for the proposition that "unjust enrichment is inappropriate when there is a contract claim to be had" demonstrates clearly that an unjust enrichment claim is precluded by the existence of a valid underlying contract <u>only to the extent that the contract is inconsistent with the equitable relief sought</u>. *See* Ryan Plaintiffs' Memorandum, p. 16.[3] For example, the Ryan Plaintiffs' Memorandum cites to

---

[3] The first case cited in the Ryan Plaintiffs' Memorandum for this argument, moreover, does not even mention unjust enrichment. By incorporating the Ryan Plaintiffs' Memorandum, the Gwynn Plaintiffs have incorporated the Ryan Plaintiffs' claim that *City of West Haven v. Liberty Mut. Ins. Co.*, 639 F.Supp. 1012 (D.Conn. 1986), contains the following quote: "An allegation of a contract would, of course, preclude the equitable remedy of unjust enrichment." *See* Ryan Plaintiffs' Memorandum, p. 16. In reality, *City of West Haven* contains no such quote, nor

PMB_311501_4/DGREENSPAN

*U.S. Fid. and Guar. Co. v. Metropolitan Prop. and Liab. Ins. Co.*, 10 Conn.App. 125, 127 (1987), for the Connecticut Appellate Court's observation in dicta that "[a]n allegation of a contract enforceable at law would, of course, preclude the equitable remedy of unjust enrichment." However, the Ryan Plaintiffs' Memorandum mysteriously omits reference to *the very next sentence* of that case, which explicitly acknowledges "those situations where a plaintiff has no enforceable right under an alleged contract, leaving him to recover on the basis of unjust enrichment in the alternative." *Id.* (citing 12 S. Williston, Contracts (3d Ed. Jaeger) § 1479). The other cases cited by the Gwynn Plaintiffs (incorporating the Ryan Plaintiffs' Memorandum) make it equally clear that the mere existence of an underlying express contract will not preclude equitable relief for unjust enrichment so long as the contractual obligations are not inconsistent with such relief.[4]    AIG has established the "precondition to recovery based on unjust enrichment" recognized in *every single* "Motion to Strike" case cited by the Gwynn Plaintiffs, i.e,: "[t]he lack of a remedy under [the] contract."[5]

Thus, the Gwynn Plaintiffs have failed to demonstrate, based on the allegations in the Second Amended Counterclaim, that Defendants cannot prove their claim for unjust enrichment. *See Hood v. Aerotek, Inc.*, No. 3:98 CV 1524 CFD, 2000 WL 502838, *1 (D. Conn. Mar. 14,

---

does it even discuss equitable remedies. Defendants previously pointed this out in their opposition to the Ryan Plaintiffs' motion to dismiss the amended counterclaim. Nevertheless, the Gwynn Plaintiffs have incorporated wholesale the Ryan Plaintiffs' Memorandum.

[4] *See, e.g., H.B. Toms Tree Surgery v. Brant*, 187 Conn. 343, 347 (1982) (recognizing that "parties who have entered into controlling express contracts are bound by such contracts to the exclusion of <u>inconsistent</u> implied contract obligations" and in fact *permitting* unjust enrichment claim precisely because there were no express contractual rights or obligations concerning claimant's injury) (emphasis supplied).

[5] *See Burke v. Boatworks Inc.*, No. CV044001838S, *2 (Conn.Super. Jul. 26, 2005); *Ravski v. Conn. State Med. Soc'y*, No. X01CV044000582S, *5 (Conn.Super. Jan. 26, 2005); *Alvarez v. Fleet Nat'l Bank*, No. CV010450643S, 2004 WL 945111, *6 (Conn.Super. Apr. 19, 2004); *Whitby School, Inc. v. Grenaille*, No. CV030195602, 2003 WL 23191957, *2 (Conn.Super. Dec. 29, 2003); *Heaven v. Timber Hill, LLC*, No. CV020188007, 2002 WL 31887918, *2 (Conn.Super. Dec. 6, 2002); *Berman & Sable*, 2002 WL 194528 at *2. *See also Miller v. O.S. Shipping & Trading Corp.*, No. X06CV010166810S, 2001 WL 1468917, *3 (Conn.Super. Nov.7, 2001) (citing *H.B. Toms*, which explicitly recognize that unjust enrichment is precluded only when express contractual remedy exists).

PMB_311501_4/DGREENSPAN

2000) (Droney, J.)    Accordingly, the Ryan Plaintiffs' Motion to Dismiss Count III (Unjust

Enrichment) must be denied.

### 3) The Gwynn Plaintiffs Impermissibly Seek To Have This Court Look Beyond The Four Corners Of The Second Amended Counterclaim On A Motion To Dismiss

A party seeking dismissal under Federal Rule of Civil Procedure 12(b)(6) carries a heavy

burden.  A Rule 12(b)(6) motion to dismiss should be granted only if, as the Gwynn Plaintiffs

themselves acknowledge, "[i]t appears beyond doubt that the [claimant] can prove no set of facts

in support of his claim which would entitle him to relief."  Ryan Plaintiffs' Memorandum, pp.

12-13 (citing *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994)).  In other words, a Rule

12(b)(6) dismissal is appropriate only when "it is clear that no relief could be granted under any

set of facts that could be proved consistent with the allegations."  *In re Scholastic Corp. Sec.

Litig.*, 252 F.3d 63, 69 (2d Cir. 2001).  In addition, the court must accept as true all material facts

alleged in the claim and draw all reasonable inferences in the claimant's favor.  *Charles W. v.

Maul*, 214 F.3d 350, 356 (2d Cir. 2000).

Courts are narrowly limited in what they can properly consider in the context of a Rule

12(b)(6) motion to dismiss.  As this Court has held:

> In determining the adequacy of a claim under Rule 12(b)(6), <u>consideration is
> limited to facts stated on the face of the complaint, in documents appended to the
> complaint or incorporated in the complaint by reference, and to matters of which
> judicial notice may be taken</u>.

*Collins v. Olin Corp.*, 418 F. Supp. 2d 34, 41 (D. Conn. 2006) (Droney, J.) (citing *Courtenay

Communications Corp. v. Hall*, 334 F.3d 210, 213 (2d Cir. 2003)) (emphasis supplied).  This

limitation comports with federal pleading requirements.  As the Second Circuit has held:

> Consideration of extraneous material in judging the sufficiency of a complaint is
> at odds with the liberal pleading standard of [Rule] 8(a)(2), which requires only
> that the complaint contain "a short and plain statement of the claim showing that
> the pleader is entitled to relief."

PMB_311501_4/DGREENSPAN

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154-55 (2d Cir. 2002) (citations omitted). Further, "when a district court considers certain extra-pleading materials and excludes others, it risks depriving the parties of a fair adjudication of the claims by examining an incomplete record." *Id.*

By incorporating the Ryan Plaintiffs' Memorandum, the Gwynn Plaintiffs explicitly acknowledge the validity of this well-established rule. As they state: "[i]n reviewing a 12(b)(6) motion to dismiss, the Court may consider 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken.'" Ryan Plaintiffs' Memorandum, p. 13 (quoting *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993)).

Nevertheless, the Gwynn Plaintiffs, by incorporating the Ryan Plaintiffs' Memorandum, present no less than eleven pages of their own self-serving rendition of the "facts" underlying AIG's unjust enrichment claim. Ryan Plaintiffs' Memorandum, pp. 2-12. This revision of AIG's pleadings is replete with self-interested allegations found nowhere within the four corners of the Second Amended Counterclaim, and at the same time omits key fact pleadings legitimately supporting AIG's unjust enrichment claim.

A Rule 12(b)(6) motion is not the proper context to determine questions of fact. The issue properly before this Court is whether AIG can prove any set of facts in support of its unjust enrichment claim that would entitle it to relief. As explained above, based on the factual allegations contained in AIG's Second Amended Counterclaim, AIG has clearly satisfied this test.

PMB_311501_4/DGREENSPAN

## CONCLUSION

For the foregoing reasons, this Court should deny the Gwynn Plaintiffs' Motion to Dismiss Count II of the Second Amended Counterclaim.

Respectfully Submitted,

DEFENDANTS/COUNTERPLAINTIFFS
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.
and AIG TECHNICAL SERVICES, INC.

By:_____
　　Mark B. Seiger
　　Fed. Bar No. ct05580
　　David S. Samuels
　　Fed Bar No. ct24460
　　90 State House Square
　　Hartford, CT  06103-2715
　　Tel:  (860) 525-5065
　　Fax: (860) 527-4198
　　Email: mseiger@eapdlaw.com
　　Email: dsamuels@eapdlaw.com

　　Donna M. Greenspan
　　Florida Bar No.: 059110
　　One North Clematis Street
　　Suite 400
　　West Palm Beach, FL  33401
　　Tel: (561) 833-7700
　　Fax:  (561) 655-8719
　　Email: dgreenspan@eapdlaw.com

　　John D. Hughes
　　Massachusetts BBO # 243660
　　111 Huntington Avenue
　　Boston, MA 02199
　　Tel:  (617) 951-3373
　　Fax:  (617) 439-4170
　　Email: jhughes@eapdlaw.com

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was delivered by United

States mail, postage prepaid, to the following this 15th day of September, 2006:

Counsel for the Ryan Plaintiffs
Peter M. Nolin, Esq.
Jay H. Sandak, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905
(203) 425-4200

Counsel for the Gwynn Plaintiffs
Mario DiNatale, Esq.
Jonathan M. Levine, Esq.
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06904
(203) 325-4491

Mark B. Seiger

                    PMB_311501_4/DGREENSPAN