UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC.,** | ) ) ) | **CASE NUMBER:** **3:03 CV 00644 (CFD)** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,** | ) ) ) | **OCTOBER 16, 2006** |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' RESPONSE**
**TO DEFENDANTS' OBJECTION TO SEPTEMBER 8, 2006 ORDER**

Plaintiffs Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick and Merit

Capital Associates, Inc. (the "Ryan Plaintiffs") hereby submit this Response to Defendants'

National Union Fire Insurance Company of Pittsburg, PA and AIG Technical Services Inc.

(collectively the "Defendants") *Objection to September 8, 2006 Order* ("Objection")(docket

#211).  Defendants fail to provide the Court with any ground to sustain their Objection.  Thus,

the Objection should be overruled.

This action has been pending for over two years.  Throughout that time, Defendants

have consistently failed to engage in full discovery.  Indeed, Defendants have repeatedly

delayed the production of all relevant documents and have repeatedly delayed the production of

competent witnesses in response to plaintiffs noticing and re-noticing depositions.  On

September 8, 2006, Defendants filed a Motion for Protective Order seeking to stay discovery

until the Court ruled on their pending summary judgment motion.  In that motion, Defendants

claimed that the remaining discovery was irrelevant for the adjudication of their summary judgment motion and to permit discovery to go forward would be too expensive and burdensome. However, as the Ryan Plaintiffs discuss in their *Motion for Extension of Time* (docket #203), Defendants motion for summary judgments raises numerous factual issues that required discovery to proceed, including a claim that no coverage existed. The Court granted the Ryan Plaintiffs' motion on September 8, 2006 (docket #208)[1] thereby permitting the parties to proceed with certain key depositions before the summary judgment motion would be considered. On the same date Magistrate Judge Smith denied AIG's Motion for Protective Order on the grounds that a pending summary judgment is not a proper ground for delaying discovery ( docket #207).

Since the Court granted the Ryan Plaintiffs' motion and denied AIG's Motion for Protective Order, the parties have proceeded with discovery. The parties proceeded with three depositions in Arizona, during which Defendants significantly modified their prior privilege claim allowing testimony and documents in areas to which AIG had previously objected for more than two years. Further, the Ryan Plaintiffs have continued the deposition of Defendants' 30(b)(6) witness for two days on September 25th and 26th. During that deposition, Defendants' most recently offered 30(b)(6) witness, Jonathan Weber, provided testimony directly relevant to the pending summary judgment motion and upon which the Ryan Plaintiffs will rely in opposition to that motion. This deposition is still incomplete,[2] but the parties have agreed to extend the fact discovery cutoff to December 31, 2006, to permit that

---

[1] The Ryan Plaintiffs respectfully refer the Court to that motion (docket #203) for a more complete history of the discovery issues in this action.
[2] Mr. Weber was unable to testify on certain topics, especially those concerning AIG's claims handling after the file was transferred from his department. Accordingly AIG needs to propose an additional 30(b)(6) witness to cover these topics.

deposition and few other depositions which have already been noticed to be taken or completed.

Thus at this time, there are only a few depositions remaining in the case, specifically, three (3) depositions of third parties located in Arizona, the completion of Defendants 30(b)(6) witness and Defendants' completion of the Ryan Plaintiffs' and Gwynn Plaintiffs',[3] depositions.  Discovery is so close to being completed and the parties have agreed to complete that discovery by December 31, 2006.  Thus, there is no reason for any further delay.   In addition, the Ryan Plaintiffs are concerned that in the event the Court permits a stay in discovery, the third party witnesses, that the Ryan Plaintiffs and Gwynn Plaintiffs are actively working with to schedule their deposition in Arizona, may become unavailable.

Defendants should not use summary judgment as a tool to delay the final phase of fact discovery.  Thus, their Objection should be overruled.

**PLAINTIFFS, BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES INC.,**

By_____**/S/**_____
Peter M. Nolin (ct06223)
Stephanie A. McLaughlin (ct22774)
**Sandak Hennessey & Greco LLP**
707 Summer Street
Stamford, CT  06901-1026
(203) 425-4200
(203) 325-8608 (fax)
pnolin@shglaw.com

---

[3] David Gwynn and Raquel Gwynn ("Gwynn Plaintiffs") are the plaintiffs in a consolidated action against Defendants.

**<u>CERTIFICATION OF SERVICE</u>**

      I hereby certify that on October 16, 2006, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

                                _____<u>**/S/**</u>_____

                                Peter M. Nolin