## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC.<br>　　　　　Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 00644 (CFD)<br>)<br>)<br>) |
| vs. | )<br>) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>　　　　　Defendants | )<br>)<br>)<br>)<br>) |
| DAVID W. GWYNN and RAQUEL GWYNN<br>　　　　　Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 01154 (CFD)<br>) |
| vs. | )<br>) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>　　　　　Defendants | )<br>)<br>)<br>) |
| | ) DECEMBER 4, 2006 |

## THE GWYNN PLAINTIFFS' MOTION FOR PROTECTIVE ORDER CONCERNING DEPOSITIONS IN ARIZONA

Plaintiffs, David Gwynn and Raquel Gwynn (hereafter, "plaintiffs" or "the Gwynn Plaintiffs") respectfully move this Court for a Protective Order, pursuant to Fed. R. Civ. P. 26 ( c), to preclude defendants from taking the deposition of a non-party witness, Michael Sowell, which has been noticed for December 27, 2006 in Phoenix, Arizona, unless the depositions of Jeffrey King and Donald Wilson, both of whom are former counsel to defendants, may be taken

during the same week as Mr. Sowell's deposition, so as to avoid the added expenditures of time and expense which would be necessitated by two separate trips to Arizona.

Plaintiffs submit the attached affidavit of Mario DiNatale, Esq., counsel to plaintiffs (Exhibit 1), for the factual support required to grant the motion. In addition, Mr. DiNatale's affidavit is filed pursuant to Fed. R. Civ. P. 26 ( c ) TO describe his good faith attempts to confer with opposing counsel to resolve this dispute without requiring court intervention, and his inability to do so.

The following facts submitted in support this motion are all articulated more fully in Mr. DiNatale's affidavit.

The parties to this action previously travelled to Arizona to depose non-party witnesses on September 20 and 21, 2006. For various reasons, the depositions of Mr. King and Mr. Sowell could not be conducted during the same trip. Mr. Wilson's deposition was begun. However, defendants thereafter produced additional documents which they conceded entitled plaintiffs to continue Mr. Wilson's deposition.

The parties accordingly agreed that it would be necessary to return to Arizona to take these three depositions. The parties conferred by teleconference on October 20, 2006, to discuss scheduling these depositions as well as others, including the continued deposition of plaintiff David Gwynn in Eugene, Oregon, where he resides. Various dates for out of state travel were discussed and agreed to. The parties agreed to take and conclude the Arizona depositions during

the same trip, in order to avoid duplicating the time and expense needed to make such a trip.

The parties proposed travel to Arizona to take these three depositions on December 5 and 6. The parties agreed that undersigned counsel would contact Mr. Sowell to determine his availability during this time, while counsel to defendants would contact Messrs. Wilson and King to determine their availability.

However, King was apparently not available on either December 5 or 6. Counsel thus agreed to take Mr. Gwynn's deposition instead in Oregon on December 6, and also proposed taking the three depositions in Arizona in the week between Christmas and New Year's Day. This is a week that the undersigned had planned to take as vacation. However, he agreed to forego his vacation to take these depositions on condition that all three depositions be taken during the same week.

It now appears that while Sowell is available on December 27 and Wilson on December 28, King is not available on either of those dates.

Defendants' counsel, however, now seeks to renege on their agreement to limit further travel to Arizona to one more trip to conclude all depositions. To date, they have refused to honor plaintiff's request, consistent with prior discussions among all counsel, to postpone Sowell's deposition until such time as all necessary discovery may be concluded in Arizona within one trip. Instead, they continue to insist that the parties travel to Arizona to take Mr. Sowell's deposition on December 27 regardless of the availability of King and Wilson.

Defendants have to date failed to provide a single reason or explanation for their apparent necessity to proceed with Sowell's deposition regardless of the availability of King and Wilson. Nor have they provided a single justification for their insistence that counsel embark on multiple trips to Arizona.

Defendants' intransigence is particularly remarkable in view of the fact that since present counsel entered their appearance in this matter in January 2006, about ten months went by before defendants took a single deposition. Having waited this long, their urgency to move forward with Sowell's deposition despite plaintiffs' objections is inexplicable.

The Gwynn plaintiffs have sought unsuccessfully to resolve this dispute, as Mr. DiNatale's affidavit makes clear. Defendants have refused to reconsider their position. Moreover, attorney Mark Seiger has failed to respond to messages sent by voice, letter and email.

Peter Nolin, Esq., counsel to co-plaintiffs, "the Ryan plaintiffs," consents to having the court grant this motion.

Accordingly, the Court should grant the Gwynn Plaintiffs' Motion for Protective Order, and prohibit defendants from taking Sowell's deposition unless Wilson and King may be deposed during the same time.

4

**PLAINTIFFS, DAVID GWYNN and
RAQUEL GWYNN**

By _____
       Mario DiNatale (ct 12449)
       Silver Golub & Teitell, LLP
       184 Atlantic Street
       Stamford, CT 06904
       (203) 325-4491
       (203) 325-3769 (Fax)
       mdinatale@sgtlaw.com

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was sent via regular U.S. Mail,

postage prepaid, on this 4th day of December, 2006, to:

Mark B. Seiger, Esq.
Charles F. Gfeller, Esq.
Edwards Angell Palmer & Dodge LLP
90 State House Square
Hartford, CT 06103

Peter M. Nolin, Esq.
Stephanie McLaughlin, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905

Donna M. Greenspan, Esq.
Edwards Angell Palmer & Dodge, LLP
One North Clematis Street - Suite 400
West Palm Beach, FL 33401


_____
MARIO DiNATALE

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC.<br>Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 00644 (CFD)<br>) |
| vs. | ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>Defendants | ) |
| DAVID W. GWYNN and RAQUEL GWYNN<br>Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 01154 (CFD) |
| vs. | ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>Defendants | )<br>) DECEMBER 4, 2006 |

**AFFIDAVIT OF MARIO DiNATALE, ESQ.**

MARIO DiNATALE, being duly sworn, does hereby depose and state under penalty of perjury as follows:

1.  I am a member of the firm of Silver Golub & Teitell, LLP, and am an attorney duly admitted to practice before this Court.

2. I represent plaintiffs David and Raquel Gwynn, and have done so from the inception of this lawsuit.

3. I respectfully submit this affidavit, with accompanying exhibits, in support of the Gwynn Plaintiffs' Motion for a Protective Order. Specifically, the Gwynn plaintiffs request that the court enter an order precluding defendants from taking the deposition of Michael Sowell in Phoenix, Arizona on December 27, 2006, unless the depositions of Donald Wilson, Esq., and Jeffrey King, Esq., may also be taken within the same trip. At present, defendants seek to compel plaintiffs to attend Mr. Sowell's deposition (a deposition defendants wish to take) on Dec. 27, 2006, regardless of the availability of Mr. King and Mr. Wilson (depositions which plaintiffs wish to take) on that day or the following two days.

4. This affidavit is also submitted, pursuant to Fed. R. Civ. P. 26 ( c), to affirm that I have sought to confer in good faith with counsel to defendants in an effort to resolve this dispute without court action. I have been unable to do so.

5. My efforts to resolve this dispute prior to troubling the court will be set forth in greater detail below. However, the Court should be advised that defendants in this action have been represented since January 2006 by the firm of Edwards Angell Palmer & Dodge ("EAPD"). The two attorneys I have principally dealt with concerning this case have been Mark Seiger, Esq., and Donna Greenspan, Esq. Attorney Greenspan is a member of the Florida bar, who has been admitted pro hac vice in this matter.

2

6. I have had several communications with Attorney Greenspan in an effort to resolve this dispute. She has refused to reconsider her position.

7. My efforts to resolve this dispute with Attorney Seiger have been equally unavailing. I left a message on his office recording machine on November 29, 2006. I sent him a letter on November 30, 2006. I then sent an email on December 1, 2006. To date, Attorney Seiger has not responded to any of my efforts to communicate with him.

8. In order for the court to consider this Motion, it is necessary to set forth some of the procedural history of this case in detail.

**PROCEDURAL HISTORY UNTIL JANUARY 2006**

9. The Gwynn plaintiffs filed their Complaint in this matter on April 9, 2003. It alleges, inter alia, that defendants violated their duties to defend and indemnify plaintiffs, pursuant to a security broker/dealer's errors and omissions policy, with respect to an arbitration filed in Arizona by Michael Sowell ("the Sowell arbitration"). The causes of action include a claim for bad faith, violations of CUTPA and CUIPA, and the negligent and intentional infliction of emotional distress.

10. The defendants were initially represented by the firm of Finn Dixon and Herling ("Finn Dixon"). The attorneys assigned to the matter were James Hawkins and William Tong. Finn Dixon withdrew as counsel to defendants in November 2005.

3

11.    Before Finn Dixon was granted leave to withdraw, there were several discussions among counsel to all the parties (including Peter Nolin, Esq., counsel to co-plaintiffs, "the Ryan Plaintiffs") concerning depositions that the parties collectively deemed necessary to take. These included no less than 10 depositions of witnesses who resided out of state. We had all agreed to conduct depositions in the states of Oregon, Oklahoma, Illinois, and Arizona. With respect to Arizona, the parties identified six witnesses that all agreed should be deposed. All of them were located in Phoenix. There was discussion, and consensus, to minimize the travel needed to take these depositions as much as possible in order to save time and money. In particular, counsel had agreed to attempt to set aside a full week to conduct the six Arizona depositions, so that we need not have to return to that state twice, thereby duplicating travel time and expense.[1]

12.    However, Finn Dixon withdrew from this case before any of the out-of-state depositions were scheduled or taken.

## EDWARDS ANGELL PALMER & DODGE APPEARS ON DEFENDANTS' BEHALF

13.    After EAPD appeared on defendants' behalf in January 2006, I spoke with Mr. Seiger at various times to discuss depositions. I reiterated my discussions with counsel at Finn Dixon- namely, that we should endeavor to reduce travel time and expense as much as possible. Indeed, Mr. Seiger and I joked about avoiding travel to Phoenix during the months of July and August, when temperatures often climb in excess of 100 degrees.

---

[1]One of the Arizona witnesses, John Nicgorski, Esq., has since passed away.

4

14.    However, for reasons known only to defendants and their counsel, the spring and summer of 2006 went by without defendants noticing a single deposition either within or outside of Connecticut, including those of the individual plaintiffs, whose depositions were begun but not concluded.

15.    On August 17, 2006, defendants filed a Motion for Summary Judgment.  As of the time defendants filed this motion, EAPD still had not noticed a single deposition, nor identified the specific witnesses they wished to depose.[2]

16.    A prior scheduling order required the conclusion of fact discovery by September 30, 2006.  Accordingly, plaintiffs' counsel noticed four depositions in Phoenix for the days between September 19 and 21- Maxine Becker, Esq. (counsel to David Gwynn in the Sowell arbitration); Frank Moskowitz, Esq. (counsel to Sowell); and Donald Wilson, Esq., and Jeffrey King, Esq. (each of whom were "coverage counsel" retained by defendants to advise them of policy coverage and defense issues relating to the Sowell arbitration).

17.    Defendants' response to these notices was to ask plaintiffs to stay discovery until their summary judgment motion could be decided by the Court.  When plaintiffs refused to do so, defendants made a motion to this court to stay discovery until their motion for summary judgment was adjudicated.  The court denied that motion on September 8, 2006.  Exhibit A.

---

[2]Defendants' summary judgment motion is still pending.

5

18.    Thereafter, defendants indicated their desire to depose Sowell. By that time, however, it was not possible to schedule Sowell's deposition at the same time as the others noticed for Arizona between September 19 and 21. Moreover, King was not available during that time period. Accordingly, the parties recognized and agreed that a second trip to Arizona would be necessary.

19.    The depositions of Becker, Moskowitz and Wilson proceeded as noticed on September 20 and 21, 2006.

20.    On September 29, 2006, the parties made a joint Motion to Modify the Scheduling Order, to extend the conclusion of fact discovery until December 31, 2006. Before doing so, however, the witnesses who remained to be deposed were specifically identified by counsel, and listed within the body of the Motion. Exhibit B.

21.    Most of the remaining deponents identified in the Motion to Modify were those whom defendants wanted to depose but had failed to do so by that time. The exceptions were a corporate AIG representative pursuant to Fed. R. Civ. P. 30(b)(6), King, and Wilson. The 30(b)(6) deposition was a continuation of a prior deposition. Wilson was included on the list only because, following his deposition on September 20, counsel to defendants produced a series of documents they had previously deemed to be privileged, and agreed that plaintiffs would be

entitled to inquire further of King concerning those documents.[3]

22.    The Motion to Modify the Scheduling Order was granted.  Thereafter, on October
20, 2006, the parties conferred by telephone to discuss a number of outstanding discovery issues.
Much of the time the parties conferred was used to discuss and schedule out-of-state depositions.
The parties agreed that two more trips would be needed: to Oregon to conclude Mr. Gwynn's
deposition, and to Arizona to take the depositions of Sowell, King and Wilson.  Counsel had
agreed to set aside specific dates for the purpose of travel.  I made it clear during this discussion
that I wanted to travel to Arizona just one more time, and that therefore, all three of these
depositions needed to be scheduled within the same trip.  All counsel agreed to do so.

23.    The reasons for limiting travel to Arizona to one trip were simply to save time and
money.   Essentially, it takes a full day of travel to and from Arizona, and there is no need to
duplicate such an expenditure of time.  Moreover, there should be no need to pay the costs
associated with airfare, meals, lodging, and ground transportation on two occasions.

24.    Counsel discussed travel to Arizona to take all three depositions on December 4
and 5.[4]  However, King was not available on either of those dates, and the parties accordingly

---

[3]The documents defendants disclosed after Wilson's September 20 deposition which they
agreed entitled plaintiffs to resume Wilson's deposition were nearly all relevant to King as well.
Thus, even if King's deposition had been taken during the same trip as Wilson's, the parties
would have had to return to Phoenix to conclude King's deposition as well as Wilson's.

[4]The parties had agreed to set aside a full day for Sowell's deposition, and a second day to
depose both King and Wilson.

7

agreed to postpone *all* of the Arizona depositions, which of course is consistent with the agreement reached during our teleconference. I suggested that we travel to Oregon instead to take Mr. Gwynn's deposition on December 6. All parties agreed to do so.

25. Counsel conferred further. Someone suggested (I do not recall whom) that we take the Arizona depositions between December 27 and 29, 2006. I had originally planned to be on vacation to spend time with my family that week, but agreed to forego my vacation plans on condition that all three depositions be scheduled during that time. No one objected to this request.

26. The parties agreed that I would undertake to contact Mr. Sowell to determine his availability for that time, while EAPD would undertake to contact Garvey Biggers, Esq., counsel to both King and Wilson, to determine their availability.

27. I contacted Mr. Sowell, and he agreed to be deposed on December 27 or 28.

28. On November 20 and 21, 2006, plaintiff Robert Fitzpatrick was deposed by defendants. This was the first deposition taken by defendants in the approximately ten months since EAPD entered its appearance in this case. During that deposition, there was colloquy concerning the Arizona depositions. Attorney Greenspan suggested that we depose Sowell on December 27, regardless of the availability of King and Wilson on December 28. I objected to proceeding in this fashion, indicating that I would not agree to duplicate the time and expense of travel to Arizona, and had not agreed to forego my vacation time unless all three depositions

8

could be taken.

29.    On November 23 (Thanksgiving Day), Attorney Greenspan sent an email to me and Attorney Nolin re-iterating that we proceed to take Sowell's deposition on December 27 regardless of the availability of King and Wilson.

30.    I responded by email the following day indicating that, as we had agreed, I would not give up my vacation time to travel to Arizona during the week following Christmas, and would not duplicate the expenditure of time and money, unless *all three depositions* could be concluded.

31.    Attorney Greenspan, however, continued to insist that we travel to Arizona to take Sowell's deposition on December 27 even if King and/or Wilson were not available.

32.    On November 28, 2006, I attended the deposition of co-plaintiff Bruce Ryan at the Hartford office of EAPD.  During one of the breaks at this deposition, Attorney Greenspan advised that she had retrieved a voice mail message from Attorney Biggers, confirming Wilson's availability for December 28, but indicating that King was not available because of some sort of court hearing.

33.    I advised Attorney Greenspan that I would not agree to travel to Arizona if King were not available, for the reasons previously discussed.  However, she insisted that we travel to Arizona to take Sowell's deposition anyway.

34.    Attorney Greenspan has yet to provide me with a reason as to why it is necessary to

9

take Sowell's deposition on December 27 even if it means a third trip to Phoenix. Nor has she

provided me with a reason as to how her clients would be prejudiced if Sowell's deposition did

not go forward as noticed.

35.    Defendants' position and intransigence with respect to this issue is particularly

remarkable in light of the laissez-faire attitude they have had concerning discovery since the

appearance of EAPD in this case. Having waited close to a full year to conduct *any* depositions,

defendants now seem hell-bent to take the discovery they wish to take without any concern or

regard for the legitimate concerns of plaintiffs' counsel, or the costs to be borne by plaintiffs.

## ATTEMPTS TO RESOLVE THE DISPUTE

36.    Ms. Greenspan participated in the October 20 teleconference described above. She

has never denied that the parties agreed during that conference to travel just one more time to

Arizona. However, she requested something "in writing" documenting that agreement.

37.    I acceded to her request. On November 30, 2006, I sent her a letter which included

a copy of a letter I sent to Attorney King on October 23, 2006, and emails exchanged among

counsel on October 31. A copy of my letter, and attachments, is appended hereto as Exhibit C.

38.    Despite submitting the written proof that she requested, Attorney Greenspan

continued to insist that Sowell's deposition be taken on December 27, even if King and Wilson

are not available.

39.    My November 30 letter also included a compromise, in which I agreed to begin

10

Attorney King's deposition at 4 or 5 PM on December 27 or 28, if that would assist him in

resolving his scheduling problems, or to take his deposition on Friday, December 30, so long as it

commenced at 9:30 AM.

 40.  Attorney Greenspan apparently is not interested in such a compromise. Instead, she

continues to insist that we travel to Arizona to depose Sowell.

 41.  I telephoned Attorney Seiger on November 29 to attempt to resolve this dispute

with him. I left a message on his answering machine, requesting that he telephone me to discuss

this matter. To date, he has not responded to my message.

 42.  I copied Attorney Seiger on my November 30 letter. To date, he has not responded

to the letter.

 43.  I sent Attorney Seiger an email on December 1, again requesting that he be heard in

connection with this dispute. Again, he has failed to respond.

44.    I have conferred with Attorney Nolin, counsel to the Ryan plaintiffs concerning his

recollection of the events described herein.  He has prepared an affidavit, which is attached

hereto as Exhibit D.


Dated: Stamford, Connecticut
       December 4, 2006

_____
MARIO DiNATALE


Sworn to before me this 4th day of December, 2006

_____
NOTARY PUBLIC

Nancy Rees Capelle
ᵗᵃʳʸ Public
ᵐⁱˢˢⁱᵒⁿ Expires Dec. 31, 2008

12

# EXHIBIT A

| | | Counterclaim by David W. Gwynn, Raquel Gwynn.Responses due by 9/19/2006 (Ferguson, L.) (Entered: 08/30/2006) |
|---|---|---|
| 08/31/2006 | 206 | Memorandum in Opposition re 203 First MOTION for Extension of Time to File Response/Reply as to 202 MOTION for Summary Judgment *on all Counts and Incorporated Memorandum of Law* until 10/30/2006 filed by National Union Fire Ins Co of Pittsburgh PA. (Seiger, Mark) (Entered: 08/31/2006) |
| 09/08/2006 | 207 | MOTION for Protective Order by National Union Fire Ins Co of Pittsburgh PA.Responses due by 9/29/2006 (Attachments: # 1 Memorandum in Support of Motion for Protective Order)(Seiger, Mark) (Entered: 09/08/2006) |
| 09/08/2006 | 208 | ORDER granting 203 Motion for Extension of Time to File Response/Reply, granting 204 Motion for Extension of Time to File Response/Reply. Signed by Judge Christopher F. Droney on 9/8/06. (Droney, Christopher) (Entered: 09/08/2006) |
| 09/08/2006 | 209 | ORDER denying 207 Motion for Protective Order. The court finds that discovery should continue while Judge Droney considers the pending motion for summary judgment. Summary Judgment cannot be used as a tactical device aimed at indefinitely prolonging a case. Signed by Judge Thomas P. Smith on September 8, 2006. (Drake, C.) (Entered: 09/08/2006) |
| 09/08/2006 | | Set/Reset Deadlines as to 202 MOTION for Summary Judgment *on all Counts and Incorporated Memorandum of Law*. Responses due by 10/30/2006 (Ferguson, L.) (Entered: 09/11/2006) |
| 09/15/2006 | 210 | Memorandum in Opposition *to the Gwynn Plaintiffs Motion to Dismiss Second Amended Counterclaim* re 205 MOTION to Dismiss filed by AIG Tech Svc Inc and National Union Fire Ins Co of Pittsburgh PA (Seiger, Mark) Modified on 9/19/2006 to edit text to reflect add'l filer(Ferguson, L.). Modified on 9/19/2006 to edit text (Ferguson, L.). (Entered: 09/15/2006) |
| 09/21/2006 | 211 | First MOTION Defendants' Objection to September 8, 2006 *Order* by National Union Fire Ins Co of Pittsburgh PA, AIG Tech Svc Inc.Responses due by 10/12/2006 (Seiger, Mark) (Entered: 09/21/2006) |
| 09/27/2006 | 212 | First MOTION for Extension of Time until October 19, 2006 *Defendants' Motion For Enlargement of Time* To Respond To The Gwynn Plaintiffs' First Request For Admissions by National Union Fire Ins Co of Pittsburgh PA, AIG Tech Svc Inc. (Samuels, David) (Entered: 09/27/2006) |
| 10/02/2006 | 213 | Joint MOTION for Modification of Scheduling Order by Bruce Charles Ryan, David W. Gwynn, Raquel Gwynn, Russell William Newton, Robert Fitzpatrick, Merit Capital Assoc Inc, National Union Fire Ins Co of Pittsburgh PA, AIG Tech Svc Inc. (Ferguson, L.) (Entered: 10/03/2006) |

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITOL ASSOCIATES, INC.<br>        Plaintiffs, | ) <br>) CIVIL ACTION NO.<br>) 3:03 CV 00644 (CFD)<br>)<br>) |
| vs. | )<br>) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>        Defendants | )<br>)<br>)<br>)<br>) |
| DAVID W. GWYNN and RAQUEL GWYNN<br>        Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 01154 (CFD)<br>) |
| vs. | )<br>)<br>) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>        Defendants | )<br>)<br>)<br>)<br>) SEPTEMBER 29, 2006 |

## JOINT MOTION FOR MODIFICATION OF SCHEDULING ORDER

Plaintiffs, David Gwynn, Raquel Gwynn, Bruce C. Ryan, Russell W. Newton, Robert

Fitzpatrick, and Merit Capital Associates, Inc. ("Plaintiffs"), and defendants, National Union Fire

Insurance Company of Pittsburgh, PA and AIG Technical Services, Inc., ("Defendants"), by and

through their undersigned counsel, hereby jointly move for a modification of the Scheduling

Order.  The reason for this request is that the parties have encountered certain scheduling

conflicts in the pursuit of discovery in this matter, particularly with respect to depositions that

need to be taken out of state.  However, after extensive discussion, the parties now feel that the

proposed deadlines set forth below are fair and reasonable for all parties.  This is the third request

for modification of the Scheduling Order.

Plaintiffs and Defendants request the following schedule:

(1)    December 31, 2006:    Fact Discovery to be Completed.  In particular, the

parties have agreed that the following depositions

will be taken: Merit Capital Associates (pursuant to

Fed. R. Civ. P. 30(b)(6)); Bruce Ryan; Russell

Newton; Robert Fitzpatrick; David Gwynn; Michael

Sowell; Jeffrey King; Donald Wilson; and possibly

defendant AIG (pursuant to Fed. R. Civ. P. 30

(b)(6).

(2)    January 15, 2007:    Plaintiffs to Disclose Expert Witnesses.

(3)    February 16, 2007:    Depositions of Plaintiffs' Experts Completed.

(4)    March 16, 2007:    Defendants to Disclose Expert Witnesses.

(5)    April 16, 2007:    Depositions of Defendant's Experts Completed.

(6)     May 9, 2007, or thirty
        (30) days following the ruling
        on any dispositive motions,
        whichever is later:                    Joint Trial Memorandum Filed.

WHEREFORE, the Plaintiffs and Defendants respectfully request that the Court grant

their Joint Motion for Modification of the Scheduling Order, as outlined above.

**PLAINTIFFS, DAVID GWYNN and RAQUEL GWYNN**

By_____

        Mario DiNatale (ct 12449)
        Silver Golub & Teitell, LLP
        184 Atlantic Street
        Stamford, CT 06904
        (203) 325-4491
        (203) 325-3769 (Fax)
        mdinatale@sgtlaw.com

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was sent via U.S. Mail, postage

prepaid, as well as electronically, on this 29th day of September, 2006, to:

Mark B. Seiger, Esq.
Edwards Angell Palmer & Dodge LLP
90 State House Square
Hartford, CT 06103

Peter M. Nolin, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905

Donna M. Greenspan, Esq.
Edwards Angell Palmer & Dodge, LLP
One North Clematis Street - Suite 400
West Palm Beach, FL 33401

MARIO DiNATALE

# EXHIBIT C

November 30, 2006

BY FAX AND REGULAR MAIL

Mark B. Seiger, Esq.
Edwards Angell Palmer & Dodge LLP
90 State House Square
Hartford, CT 06103

Donna M. Greenspan, Esq.
Edwards Angell Palmer & Dodge LLP
One North Clematis Street
Suite 400
West Palm Beach, FL 33401

RE:   **GWYNN, ET AL V. AIG**
      **OUR FILE NO. 16,432**

Dear Counsel:

Enclosed please find a letter I sent to Jeffrey King on October 23, 2006, three days after the telephone conference among all counsel, which was largely spent discussing remaining discovery, and particularly out-of-state depositions. Additionally, I enclose copies of email communications dated October 31, 2003, which addressed the same topic.

As is evident from these communications, we agreed, during our teleconference on October 20, to conclude the remaining Arizona depositions *in one trip.*

Due to King's alleged unavailability on December 5 or 6, the dates we had discussed to conclude all of the Arizona depositions, I agreed to schedule David Gwynn during that time, and further agreed to travel to Arizona the week following Christmas, a time that I had reserved for vacation. I did so, however, on condition that *all* the Arizona depositions be concluded that week.

I telephoned Mark yesterday to discuss this matter further, and share these communications, but to date, my call was not returned.

October 23, 2006

***SENT VIA CERTIFIED MAIL AND FACSIMILE***

Jeffrey A. King, Esq.
Kent & Whittekind, PC
111 W. Monroe, Suite 1000
Phoenix, AZ 85003

**RE:    GWYNN, ET AL. V NATIONAL UNION, ET AL.**
**RYAN, ET AL. V NATIONAL UNION, ET AL.**
<u>**OUR FILE NO. 16, 432**</u>

Dear Attorney King:

On September 28, I sent you a letter, copied to counsel, inquiring of your availability for
deposition on November 28, 29 or 30.  I have yet to receive a response.

On October 20, all counsel in this matter participated in a telephone conference to schedule
remaining depositions in this matter within the court's present scheduling deadline of December
31, 2006.  The dates previously suggested are no longer available.  Please advise of your
availability for deposition in this matter on December 5 or 6, 2006.

The parties need to schedule two other depositions in Phoenix in addition to yours during the
week in question.  Accordingly, the courtesy of a prompt response to this request is greatly
appreciated.

Very truly yours,

Mario DiNatale

MD/sfn
cc: Peter Nolin, Esq. (by fax)
    Mark B. Seiger, Esq. (by fax)
    Garvey Biggers, Esq. (by fax)

## Mario DiNatale- Silver Golub & Teitell

| | |
|---|---|
| **From:** | Mario DiNatale- Silver Golub & Teitell |
| **Sent:** | Tuesday, October 31, 2006 9:50 AM |
| **To:** | 'Seiger, Mark'; 'Greenspan, Donna' |
| **Cc:** | 'Peter Nolin'; 'Stephanie McLaughlin'; Sarah Nielsen - Silver Golub & Teitell |
| **Subject:** | RE: AZ Depos |

Thanks.

---

**From:** Seiger, Mark [mailto:MSeiger@eapdlaw.com]
**Sent:** Tuesday, October 31, 2006 9:41 AM
**To:** Mario DiNatale- Silver Golub & Teitell; Greenspan, Donna
**Cc:** Peter Nolin; Stephanie McLaughlin; Sarah Nielsen - Silver Golub & Teitell
**Subject:** RE: AZ Depos

We will call him.

Mark

**Mark B. Seiger**
Edwards Angell Palmer & Dodge LLP
90 State House Square, 9th Floor
Hartford, CT  06103

Direct:  860.541.7745
Fax:  888.325.9099

Assistant:  Caroline Lukasiewicz
Direct:  860.541.7780
clukasiewicz@eapdlaw.com

www.eapdlaw.com

---

**From:** Mario DiNatale- Silver Golub & Teitell [mailto:mdinatale@sgtlaw.com]
**Sent:** Tuesday, October 31, 2006 9:40 AM
**To:** Seiger, Mark; Greenspan, Donna
**Cc:** Peter Nolin; Stephanie McLaughlin; Sarah Nielsen - Silver Golub & Teitell
**Subject:** AZ Depos

Mark and Donna-

Yesterday, I received 2 letters from Garvey Biggers, counsel to both King and Wilson.  Mark and Peter were copied by fax; Donna, I'm having my secretary fax you copies in a few minutes.

I will decide whether to send a written response to his letters.  However, I am now going to call upon the two of you to discuss deposition dates with him for King and Wilson, consistent with the schedule we discussed by telephone on 10/23.  I would consent to scheduling King's depo

12/3/2006

at 5 or 6 PM on either Dec. 5 or 6, if that helps. If not, please discuss other dates with him, recognizing that we agreed to depose Sowell during the same trip. Obviously, any proposed dates would require confirmation with Sowell, unless defendants no longer feel the need to depose Sowell.

If you need to review other potential travel dates with me and Peter to conduct these depos, please contact us.

It might also be helpful if you discuss with Biggers the reasons why Wilson's deposition is being continued, since he apparently chose to ignore that portion of my letter to him. It might also be productive to discuss with him this notion that I am somehow attempting to turn his clients into "experts," particularly since his firm continues to do legal work for your clients. I have reviewed the transcript, and I note that Donna never objected to any questions on the basis that I was turning Wilson into an "expert" or asking legal opinions of him. Finally, please consider discussing Biggers' assertion that any document "speaks for itself," and that it would not be appropriate to inquire concerning the contents of the document. Again, Donna interposed no such objection during Wilson's testimony.

If you are unwilling to do this, please advise.

If, in fact, we do not go to AZ on Dec. 5 or 6, then I would propose Dec. 6 for David Gwynn's deposition in Eugene, OR. Let me know if this works for you.

Finally, has there been any discussion of dates for the depositions of Ryan, Newton, Fitzpatrick, and the 30(b)(6) representatives of both AIG and Merit? We have 60 days to complete this stuff, and of course, Thanksgiving and Christmas further diminish the remaining time.

I look forward to your response.

Mario

Boston, Ft. Lauderdale, Hartford, New York, Providence, Short Hills, Stamford, West Palm Beach, Wilmington, London (Representative office)

Disclosure Under IRS Circular 230: Edwards Angell Palmer & Dodge LLP informs you that any tax advice contained in this communication, including any attachments, was not intended or written to be used, and cannot be used, for the purpose of avoiding federal tax related penalties or promoting, marketing or recommending to another party any transaction or matter addressed herein.

CONFIDENTIALITY NOTICE
This e-mail message from Edwards Angell Palmer & Dodge LLP is intended only for the individual or entity to which it is addressed. This e-mail may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it.

12/3/2006

# EXHIBIT D

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., Plaintiffs, | ) ) ) ) | CASE NUMBER: 3:03 CV 00644 (CFD) |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., Defendants. | ) ) ) ) ) | |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC. Plaintiffs, | ) ) ) | CASE NUMBER: 3:03 CV 01154 (CFD) |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., Defendants. | ) ) ) ) | DECEMBER 4, 2006 |

### AFFIDAVIT OF PETER M. NOLIN, ESQ.

| | |
|---|---|
| STATE OF CONNECTICUT | ) |
| | ) ss: STAMFORD |
| COUNTY OF FAIRFIELD | ) |

I, Peter M. Nolin, being duly sworn, do hereby depose and state under oath:

1.    I am over the age of 18 years and believe in the obligations of the oath.

2.    I am submitting this Affidavit regarding certain ongoing discovery matters in connection with the above-captioned cases.

3.    In a discovery telephone conference on or about September 27, 2006 with Mario DiNatale and Mark Seiger, the parties jointly agreed to extend the then applicable discovery

cutoff in this action from October 31, 2006 to December 31, 2006.  The parties specifically agreed to take only the following depositions which had previously been noticed in the case:

a. Plaintiff Merit's 30(b)(6) witness,

b. Plaintiff Ryan,

c. Plaintiff Newton,

d. Plaintiff Fitzpatrick,

e. Plaintiff Gwynn.

f. Fact witness Michael Sowell,

g. Fact witness Jeffrey King

h. Fact witness Donald Wilson,

i. Defendant AIG's 30(b)(6) witness.

Because three of the witnesses were in the Phoenix, Arizona area and one was in Eugene, Oregon, the parties agreed to try to schedule the depositions for the mutual convenience of the parties and witnesses and to minimize travel to the west. At the close of that call I reiterated that the extension was only for the depositions identified and that the parties would not seek depositions of additional fact witnesses during this extend period.

4.       On or about October 20, 2006, I participated in another  joint discovery conference with Mario DiNatale, Mark Seiger, Donna Greenspan and my colleague Stephanie McLaughlin to discuss scheduling the remaining depositions in this matter.  Counsel exchanged available dates to complete the remaining nine fact witness depositions before the end of December 2006. Three of these witnesses Michael Sowell, Jeffrey King and Donald Wilson were all located in the Phoenix area.  Given that the Wilson deposition was only being

2

reconvened because the Defendant AIG had produced documents relevant to Wilson's testimony after the first day of Wilson's testimony had been taken on or about September 20, 2006, Attorney DiNatale requested and the parties agreed that they would cooperate to arrange a mutually convenient deposition schedule before December 31, 2006 which would provide for all three of these depositions to be conducted in one week.

5.     Attorney DiNatale reported that Mr. Sowell would cooperate in that scheduling. Because both Mr. Wilson and Mr. King were attorneys who had worked for AIG on the underlying matter Attorney DiNatale requested AIG's cooperation in ensuring the depositions could proceed in a single week. Mr. Seiger assented to that arrangement. Counsel scheduled several periods where counsel would be available for travel to Phoenix if the witnesses, would be available.

_____

Peter M. Nolin (ct06225)

Subscribed and sworn to before me
this 4th day of December, 2006.

_Patricia R. Faubel_
Notary Public  Patricia R. Faubel
~~Commissioner of the Superior Court~~
My Commission Expires 9/30/11

3