UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., | ) ) ) ) | CASE NUMBER: 3:03 CV 00644 (CFD) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | |
| Defendants. | ) ) | |
| DAVID W. GWYNN, RAQUEL GWYNN AND GWYNN FINANCIAL SERVICES, INC. | ) ) ) | CASE NUMBER: 3:03 CV 01154 (CFD) |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | December 15, 2006 |
| Defendants. | ) ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DETERMINE THE
SUFFICIENTY OF PLAINTIFFS' ANSWERS TO DEFENDANTS'
REQUESTS FOR ADMISSION, AND TO COMPEL ANSWERS TO
INTERROGATORIES AND PRODUCTION, AND
<u>INCOPORATED MEMORANDUM OF LAW</u>**

Plaintiffs Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick, ( the

"Individual Plaintiffs") and Merit Capital Associates, Inc. (with the Individual Plaintiffs the

"Merit Plaintiffs") hereby submit this Memorandum in Opposition to *Defendants' Motion To*

*Determine Sufficiency of Plaintiff's Answers to Defendants' Requests for Admission, and to*

*Compel Answers to Interrogatories and Production, and Incorporated Memorandum* dated November 16, 2006 ("Motion"). The Ryan Plaintiffs properly responded to AIG's various discovery requests. AIG's argument to the contrary is without merit. Thus, the Motion should be denied.

## I.   BACKGROUND

### THE NATURE OF THE CASE and FACTUAL BACKGROUND[1]

The Ryan Plaintiffs commenced this action against AIG in April 2003 alleging that AIG breached the duty to defend and to indemnify the Ryan Plaintiffs, under a 2000-2001 insurance policy, acted in bad faith and violated of the Connecticut Unfair Trade Practices Act. After the Ryan Plaintiffs commenced this action, plaintiffs David Gwynn, his wife Raquel Gwynn and Gwynn Financial Services, Inc. (collectively referred to as the "Gwynn Plaintiffs") commenced a related action, *Gwynn et al v. National Union et el,* Docket Number 3:03 CV 01154 (CFD) (the "Gwynn Action"). On April 26, 2004, the Court consolidated the Gwynn Action with this action for all pre-trial purposes.

### DISCOVERY BACKGROUND

Throughout the pendency of this action, Defendants, National Union Fire Insurance Company of Pittsburgh, PA and AIG Technical Services, Inc. (collectively referred to as "AIG" or "Defendant"), have consistently resisted Plaintiffs taking discovery. For most of 2004, AIG refused to participate in the taking of any discovery. AIG still refuses to produce categories of responsive documents to the Ryan Plaintiffs' based on a pending Motion to Reconsider.

---

[1] For a complete rendition of the facts, the Ryan Plaintiffs respectfully refer the Court to their Memorandum in Opposition to Defendants' Summary Judgment dated November 20, 2006.

On October 5, 2004, the Ryan Plaintiffs served requests for production. In response on or about December 3, 2004, AIG objected in part and subsequently produced some limited correspondence, the claim file from the underwriting file from NU.

On October 13, 2004, AIG served its First Request for Production of Documents which included 65 categories of documents. In response to that request, the Ryan Plaintiffs produced approximately 17,000 pages of responsive documents to AIG's then counsel Finn Dixon & Herling LLP.

AIG continued to stymie discovery throughout 2004 by refusing to engage in conferences in an effort to schedule depositions. Finally, in May, 2005, the parties took the first deposition in the consolidated actions, that of third party, Attorney William Federman. Attorney Federman represented the Ryan Plaintiffs in the underlying arbitration. Despite constantly struggling with AIG's refusal to provide information or schedule depositions, the parties took an additional 13 days of deposition testimony from various individuals. Significantly, during the month of May, 2005, AIG commenced the depositions of plaintiffs Robert Fitzpatrick, Bruce Ryan, Russell Newton, David Gwynn and Raquel Gwynn.

In November, 2005, then counsel for AIG, Attorney James Hawkins, notified counsel for the Ryan Plaintiffs and the Gwynn Plaintiffs that AIG was seeking to retain new counsel due to Attorney Hawkins' retirement from Finn Dixon & Herling LLP. At that point, all discovery ceased. On or about January 13, 2006, attorneys at Finn Dixon & Herling LLP notified the Ryan Plaintiffs' counsel that AIG was in the process of retaining new counsel at Edwards Angell Palmer & Dodge, LLP. On January 18, 2006, Attorney Seiger entered his appearance as counsel for AIG. At that time, the Ryan Plaintiffs agreed to accommodate AIG's new counsel with a reasonable amount of time to review the substantial discovery that had already taken place before

continuing with depositions. It was not until May, 2006 that the parties resumed taking depositions.

On February 17, 2006, AIG served the Ryan Plaintiffs with 137 Requests for Admission ("Admissions"). At that time, AIG also served the Ryan Plaintiffs with its purported *First Set of Interrogatories* and its *First Request for Production*.[2] On March 20, 2006, the Ryan Plaintiffs filed their objections to AIG's interrogatories and production requests. On April 21, 2006, the Ryan Plaintiffs responded to AIG's request for admissions. Thereafter, on April 26, 2006, AIG served the Ryan Plaintiffs with another set of requests for admission, interrogatories and production requests. The Ryan Plaintiffs served objections to AIG's second set of interrogatories and production requests on May 17, 2006. The Ryan Plaintiffs served its responses to AIG's second request for admissions on May 18, 2006.

On September 11, 2006, AIG moved for summary judgment on all counts of the Ryan Plaintiffs complaint. The graveman of AIG's motion for summary judgment is that the plain language of the Policy precluded coverage of the Ryan Plaintiffs on the claims alleged in the underlying arbitration ("Sowell Arbitration"); thus, AIG never had any duty to defend or indemnify the Ryan Plaintiffs. AIG attempted to stay all discovery until after the Court entered a ruling on its summary judgment motion. At that time, there were numerous depositions to complete, including AIG's 30(b)(6) witness and a number of depositions that the parties had been attempting to schedule in Arizona. The Court denied AIG's motion to stay discovery.

---

[2] In point of fact, this was AIG's second request for production. As noted, AIG's first request for production was dated October 13, 2004 (containing 65 categories of documents). The Ryan Plaintiffs produced all responsive documents to that request.

4

From September, 2006 to present, the parties have completed the depositions of the Ryan Plaintiffs' and the Gwynn Plaintiffs. The parties also took depositions in Arizona and have now scheduled the final day of AIG's 30(b)(6) witness.

On November 20, 2006, the Ryan Plaintiffs filed their Memorandum in Opposition to AIG's Motion for Summary Judgment. AIG currently has until December 26, 2006 to file its reply to the Ryan Plaintiffs' opposition.

Over seven months after AIG received the Ryan Plaintiffs' Admissions, AIG moves for an order to compel the Ryan Plaintiffs to answer the Admissions again. There is no basis to AIG's Motion. The Ryan Plaintiffs properly responded to AIG's requests.

## II.    ARUGMENT

"A trial court enjoys wide discretion in its handling of pre-trial discovery …" *Robertson v. National Basketball Ass'n,* 622 F.2d 34, 35-36 (2d Cir. 1980). Rule 36 of the Federal Rules of Civil Procedure governs requests for admissions. The purpose of the rule is to expedite trial by removing uncontested issues. F. R. C. P. 36. In contravention of Rule 36, AIG's Admissions improperly paraphrase documents, seek legal conclusions and seek admissions to contested factual matters. This is wholly improper. Thus, AIG's Motion should be denied.

**A.     The Ryan Plaintiffs Properly Responded to the Admissions.[3]**

    1.     The Ryan Plaintiffs' properly admitted that AIG attached certain documents.

In its responses to the Admissions (1, 2, 56, 53, 60, 72-74, 76, 91-94, 96, 109, 110, 112, 116-119, 120-25 and 1-5 of the Second Admissions)), the Ryan Plaintiffs admitted that AIG had attached copies or partial copies of certain identified documents. These admissions are not improper under Rule 36. Several documents that AIG requested the Ryan Plaintiffs to admit to are either AIG's own documents or have been identified in various depositions. The Ryan Plaintiffs have not objected to these documents or claimed that they are not authentic. The Ryan Plaintiffs' admissions to AIG's requests relating to the identification of documents are proper. Thus, AIG's motion to compel regarding these requests should be denied.

    2.     The Ryan Plaintiffs' response that AIG's Admissions did not "accurately state the terms and conditions of the Policy" is proper.

Many of the Admissions improperly request the Ryan Plaintiffs to admit to the language of certain Policy sections. However, the Admissions fail to fully quote the sections at issue. Request No. 18, the same request AIG uses in its Motion, is a perfect example of this.

Request No. 18 states

> Admit that Paragraph 2 (c) of the Policy defines a "Claim" as a written demand for monetary relief, or a civil or arbitration proceeding for monetary or non-monetary relief, brought by an Insureds customer or client.

---

[3] The Ryan Plaintiffs have agreed to revise some of their answers to the Admissions. They submit that they will provide AIG with these revised answers no later than December 21, 2006. AIG never requested a time when these would be submitted before filing its motion to compel.

6

Under the Policy Paragraph 2(c) states:

> "Claim" means the following brought by an Insured's customer or client in such capacity:
>
> 1) a written demand for monetary relief; or
>
> 2) a civil arbitration proceeding for monetary or non-monetary relief which is commenced by"
>
> (i) service of a complaint or similar pleading or
>
> (ii) receipt of filing of an arbitration demand or statement of claim.

Based on the complete language of paragraph 2(c) in order for a written demand for monetary relief or a civil arbitration proceeding for monetary or non-monetary relief to be a Claim it **must** be commenced by service of a complaint (or similar pleading) or filing of an arbitration demand or statement of claim. In Request No. 18, AIG chose to exclude this part of 2(c) ((i) and (ii)). In fact, AIG continues to misquote paragraph 2(c) in its Motion to the Court. (Motion p. 6). "Where it is evident that multiple, interdependent issues are contained in one request, defendant may deny the entire statement if one fact, on which the remainder of the request is premised, is denied." *Diederich v. Dept. of Army,* 132 F.R.D. 614, 621 (S.D.N.Y. 1990). Because AIG failed to properly quote paragraph 2(c), the Ryan Plaintiffs' response to Request No. 18 (and requests of a similar nature, including 19, 22, 24, 25, 42, 48, 57, 58 and 59), was to deny that the request accurately state[ed] the terms and conditions of the Policy. This is a proper response to these Admissions.

> 3. The Ryan Plaintiffs properly responded to Admissions regarding the Sowell Claims.

"A request for admission as to a central fact in dispute is beyond the proper scope of normal discovery. *Pickens v. Equitable Life Assurances Society,* 413 F.2d 1390 (5th Cir. 1969). Although some courts have held that a plaintiff may seek admission on "ultimate facts," this Court concludes that "the plaintiff is not entitled to force the defendants to admit or deny the plaintiff's carefully phrased statements on the crucial issues in the case. *Minnesota Mining & Manufacturing Co. v. Norton Co.,* 36 F.R.D. 1, 3 (N.D. Ohio 1964)." *In re Olympia Holding Corp,* Bkrtcy. 189 B.R. 846, 853 (Fla. 1995).

This is exactly what AIG is trying to accomplish with its Admissions, have the Ryan Plaintiffs admit to the ultimate facts at issue in the case. The Sowell Claims refers to the underlying arbitration that is central to this case. The Ryan Plaintiffs' Amended Complaint contends that AIG acted in bad faith and breached its duties to defend and indemnify the Ryan Plaintiffs based on AIG's conduct in the Sowell Claims. In its Amended Counterclaims and Motion for Summary Judgment, AIG claims that based on the clear language of the Policy, it had no duty to defend the Ryan Plaintiffs because there was no coverage for the Sowell Claims. Therefore, whether the Policy did in fact cover the Ryan Plaintiffs is a central and contested issue in this matter. Thus, Admissions asking the Ryan Plaintiffs to admit AIG's interpretation of the Policy are wholly improper.

AIG's Admissions specifically ask the Ryan Plaintiffs to admit that Sowell Claims alleged *Wrongful Acts* against the Ryan Plaintiffs. *Wrongful Acts* is a defined term in the Policy. AIG never properly quotes the definition of *Wrongful Acts* in the Admissions but continues to

use *Wrongful Acts* as a defined term in the Admissions. AIG claims that *Wrongful Acts* are not covered under the Policy and requests that the Ryan Plaintiffs admit that the Sowell Claims in its entirety allege *Wrongful Acts* against the Ryan Plaintiffs. In a good faith attempt to respond to these Admissions, the Ryan Plaintiffs admitted that the Sowell Claims made numerous allegations against them. Thus, AIG has a proper answer.

    4.    <u>The Ryan Plaintiffs' properly responded that certain Admissions sought legal conclusions.</u>

The Ryan Plaintiffs' properly objected to AIG's Admissions seeking the Ryan Plaintiffs to admit to legal conclusions (Admissions nos. 20, 26-30, 32, 35-41, 56, 69-71, 106-108). Request No. 68 states "Admit that Gwynn's sale of promissory notes made by Charter did not constitute Approved Activities" as defined by the Policy." The Ryan Plaintiffs response to this request was "[t]he Ryan Plaintiffs object to this request to the extent it seeks a legal conclusion. Subject to the foregoing objection, the Ryan Plaintiffs deny this request." This is a proper answer to this request. The Ryan Plaintiffs responded in a similar nature to the other Admissions seeking a legal conclusion. Rule 36 does not preclude the Ryan Plaintiffs from objecting to the request or objecting and answering the request.

AIG's argument that the Ryan Plaintiffs' responses were in some way improper based on the 1970 amendment to Rule 36 is actually unsupported by Rule 36 commentary. The Advisory Committee in the Notes for the 1970 Amendment goes on to state:

> Requests for admission involving the application of law to fact may create disputes between the parties *which are best resolved* in the presence of the judge after much or all of the other discovery has been completed. Power is therefore expressly conferred upon the court to defer decision until a pretrial conference is held or until a designated time prior to trial. On the other hand, the court should not automatically defer decision; in many instances, the importance of the admission lies in enabling the requesting

9

> party to avoid the burdensome accumulation of proof prior to the pretrial conference. (emphasis added)
>
> Courts have also divided on whether an answering party may properly object to request for admission as to matters which that party regards as "in dispute." Compare, *e.g., Syracuse Broadcasting Corp. v. Newhouse,* 217 F,2d 910, 917 (2d Cir, 1959); *Driver v. Gindy Mfg. Corp.,* 24 F.R.D. 473 (E.D. Pa. 1959); with, *e.g., McGonigle v. Baxter,* 27 F.R.D. 504 (E.D. 1961); *United States v. Ehbauer,* 13 F.R.D. 462 (W.D. Mo. 1952) The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give as his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit.

Pursuant to the Advisory Committee Notes, the Ryan Plaintiffs had a right to object to Admissions seeking legal conclusions because these admissions are best resolved in the presence of a judge. Furthermore, the Ryan Plaintiffs denied these Admissions. Thus, AIG has its answer.

    **B.**    <u>**AIG's Admissions Are Improper.**</u>

Rule 36, by its express terms, embraces only requests for admissions of fact or of the application of law to fact. Requests seeking admissions of law are improper. *See Williams v. Krieger,* 61 F.R.D. 142, 144 (S.D.N.Y. 1973). *See In re Olympia Holding Corp,* Bkrtcy. 189 B.R. 846 (Fla. 1995). "In addition to being a source of harassment to the defendants, the Court finds that Plaintiff's Requests for Admissions made inquiries that violate normal rules of discovery. First, a request for admission of a conclusion of law is improper. *Fidelity Trust Co. v. Stickney,* 129 F.2d 506 (7th Cir. 1942). Additionally, a request for admission as to a central fact in dispute is beyond the proper scope of normal discovery. *Pickens v. Equitable Life Assurances Society,* 413 F.2d 1390 (5th Cir. 1969)." *In re Olympia Holding Corp,* Bkrtcy. 189 B.R. 846, 853 (Fla. 1995); *see Audiotext Communications Network, Inc. v. U.S. Telecom, Inc.,* 1995 WL

625744 (D.Kan. 1995) (requests for admissions that seek abstract opinions of the law or opinions of law unrelated to the facts of the case are improper); *William v. Krieger,* 61 F.R.D. 142, 144 (S.D.N.Y. 1973) (recognizing that although interrogatories requiring application of law to the facts of the case are appropriate, questions seeking "pure legal conclusions which are related not to the facts, but to the law of the case" are not).

AIG attempts to misuse Rule 36 by asking the Ryan Plaintiffs to either, agree to AIG's interpretation of the Policy, provide a legal conclusion or admit that AIG's paraphrases of certain Policy provisions are accurate (Request Nos. 3, 5, 17, 20 and 21). This is wholly improper. The language of the Policy is a central disputed issue in this case.

Furthermore, if AIG had properly quoted sections of the Policy, the Ryan Plaintiffs certainly would have admitted that the Policy says what it says. AIG chose to paraphrase sections and to quote only parts of sections. AIG's failure to properly quote sections forced the Ryan Plaintiffs to deny the Admissions.

AIG's claim that the Ryan Plaintiffs should be able to admit that the Sowell Claims alleged *Wrongful Acts* otherwise the Ryan Plaintiffs should never had submitted the Sowell Claims to coverage and would be in violation of Rule 11 (p. 11) is ridiculous. The Sowell Claims include 41 pages of allegations against the Ryan Plaintiffs and the Gwynn Plaintiffs. The Ryan Plaintiffs admit that the Sowell Claims make numerous allegations against them. Thus, the Ryan Plaintiffs properly answered the Admissions. In addition, as noted, AIG failed to quote the definition of *Wrongful Act* verbatim in its Admissions.[4] AIG paraphrased *Wrongful Acts.* Thus, the Ryan Plaintiffs rightly did not admit that Admission.

---

[4] The Policy specifically defines *Wrongful Acts* as:
    "Wrongful Acts" means any act, error or omission by the Broker/Dealer, any director, officer, partner or employee thereof, or by any registered Representative, in their respective capacities as such.

**C.     AIG's Interrogatories Exceed 25 in Violation of Federal Rule 33.**

AIG's Interrogatories are in violation of Rule 33. Rule 33 limits the number of interrogatories each party may ask to 25. F.R.C.P. 33. AIG cleverly couches its Interrogatories as only 2 both with 4 subparts. This is a complete misrepresentation. In point of fact, AIG's Interrogatories total 153 (including the 4 subparts the interrogatories total 612) because they ask the Ryan Plaintiffs to explain why they did not unconditionally admit any of the 153 admissions. Thus, AIG's Interrogatories are in violation of the Federal Rules. *See Concerned Citizens of Belle Haven v. The Belle Haven Club,* 223 F.R.D. 39 (D. Conn. 2004).

In addition the Court should note that the interrogatories do not seek any factual information. What AIG seeks in these interrogatories is an explanation of why counsel objected to or could not permit the Ryan Plaintiffs to affirmatively answer AIG's convoluted and improper requests for admission.[5] These types of interrogatories are not proper and are not calculated to lead to the discovery of admissible evidence.

Moreover, AIG has now completed the depositions of the Ryan Plaintiffs, including the 30(b)(6) witness for Merit. During these depositions, AIG has asked the Ryan Plaintiffs numerous questions about the Policy language and had the right to follow up on any of these issues. The Ryan Plaintiffs answered these questions to the best of their ability. AIG's attempt to compel the Ryan Plaintiffs to answer the interrogatories to explain why they could not answer the requests for admission again is simply harassment and totally improper under the rules of discovery.

---

[5] The Ryan Plaintiffs' counsel has explained their position to AIG's counsel.

**D.     The Ryan Plaintiffs' Have Produced All Responsive Documents.**

The Ryan Plaintiffs' have now produced all responsive documents within their control. The only documents the Ryan Plaintiffs are currently withholding are minute universe of documents protected by the attorney client privilege or work product doctrine. Thus, AIG's request to compel production is unwarranted.

**III.     CONCLUSION**

The Ryan Plaintiffs, unlike AIG, have turned over all requested documents and have tried to answer AIG's inquiries to the best of their ability. The requests for admission served by AIG have been answered fairly to the extent possible given AIG's unfair requests. Based on the foregoing, AIG's Motion should be denied.

>PLAINTIFFS, BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES INC.,
>
>By_____/s/ Stephanie A. McLaughlin_____
>Peter M. Nolin (ct06223)
>Stephanie A. McLaughlin (ct22774)
>**Sandak Hennessey & Greco LLP**
>707 Summer Street
>Stamford, CT 06901
>(203) 425-4200
>(203) 325-8608 (fax)
>pnolin@shglaw.com
>smclaughlin@shglaw.com

13

## CERTIFICATION OF SERVICE

       I hereby certify that on December 15, 2006, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                              _____/s/__Stephanie A. McLaughlin_
                                              Stephanie A. McLaughlin