# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., | ) ) ) ) | CASE NUMBER: 3:03 CV 00644 (CFD) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | |
| Defendants, | ) ) | |
| DAVID W. GWYNN and RAQUEL GWYNN, | ) ) | CASE NUMBER: |
| Plaintiffs, | ) | 3:03 CV 1154 (CFD) |
| v. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) ) | |
| Defendants. | ) | December 18, 2006 |

**DECLARATION OF DAVID S. SAMUELS IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

I, David S. Samuels, hereby declare the following:

1. I am over the age of 18, and I make this Declaration under the penalty of perjury.

2. I make this Declaration pursuant to *Fed. R. Civ. P.* 26(c).

3. I am an attorney and an Associate of the law firm of Edwards Angell Palmer & Dodge LLP representing defendants, National Union Fire Insurance Company of Pittsburgh, PA. and AIG

Technical Services, Inc. n/k/a AIG Domestic Claims Inc. (collectively "AIG" or "Defendants"), in the above-captioned action.

4. The statements in this Declaration are based upon my personal knowledge.

5. On December 6, 2006, plaintiffs Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick, and Merit Capital Associates, Inc. (collectively the "Ryan Plaintiffs") noticed the Rule 30(b)(6) deposition of Defendants.

6. On December 8, 2006, plaintiffs David W. Gwynn and Raquel Gwynn (collectively the "Gwynn Plaintiffs") noticed the Rule 30(b)(6) deposition of Defendants.

7. Between the dates of December 15, 2006 and December 18, 2006, attorney Mark B. Seiger and I have engaged in email exchanges with counsel for the Ryan Plaintiffs and counsel for the Gwynn Plaintiffs (collectively, "Plaintiffs' counsel") in an attempt to resolve the dispute concerning certain topics of examination contained in Plaintiffs' respective notices for the deposition of AIG. Specifically, Defendants contend that certain topics in the notices of deposition are duplicative of prior testimony.

8. Counsel for Defendants conferred with Plaintiffs' counsel in a good faith effort to resolve by agreement Defendants' concerns regarding the duplicative nature of the enumerated items of subject matter without the intervention of the Court; however, the parties have been unable to reach such an agreement.

Dated at Hartford, Connecticut, this 18th day of December, 2006.

_____
David S. Samuels