UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC.<br>    Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 00644 (CFD) |
| vs. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>    Defendants | |
| DAVID W. GWYNN and RAQUEL GWYNN<br>    Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 01154 (CFD) |
| vs. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>    Defendants | ) JANUARY 5, 2007 |

### THE GWYNN PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION TO DETERMINE SUFFICIENCY OF PLAINTIFFS' ANSWERS TO DEFENDANTS' REQUEST FOR ADMISSIONS, AND TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION

Plaintiffs David Gwynn and Raquel Gwynn (hereafter, "the Gwynn Plaintiffs"), through counsel, submit the following objections to the defendants' November 16, 2006 Motion to Determine the Sufficiency of Plaintiffs' Answers to Defendants' Requests for Admissions, and to Compel Answers to Interrogatories and Production ("defendants' motion").

The Gwynn Plaintiffs have reviewed the December 15, 2006 Memorandum of Law submitted by co-plaintiffs (the so-called "Ryan Plaintiffs") in opposition to defendants' motion. They hereby adopt this Memorandum in support of their objection, and respectfully refer this Court to said Memorandum for a detailed recitation of law and facts needed to adjudicate this motion.

However, undersigned counsel submits the following additional facts, unique to the Gwynn Plaintiffs, in further support of the Gwynn Plaintiffs' objection:

1. The Gwynn Plaintiffs timely filed an objection to defendants' February 17, 2006 First Set of Interrogatories on April 20, 2006. A copy of said Objections is appended as Exhibit A.

2. The Gwynn Plaintiffs timely filed responses and objections to defendants' First Request for Admissions on May 4, 2006. A copy of said responses and objections is appended to defendants' motion.

3. The defendants assert in their Motion, at p. 3, ¶ 14, that the Gwynn Plaintiffs never responded to their Second Set of Interrogatories, dated April 26, 2006. This is incorrect, however. The Gwynn Plaintiffs filed a timely objection to this discovery request on May 18, 2006. Indeed, the defendants, on page 13 of their Memorandum, defendants concede this fact, as they assert that "[t]he Gwynn Plaintiffs responded to both sets of Interrogatories..." A copy of said objections is appended hereto as Exhibit B.

4. The Gwynn Plaintiffs timely filed responses and objections to defendants' Second Request for Admissions on May 25, 2006. A copy of said responses and objections is appended

to defendants' motion.

5. Defendants correctly assert that a telephone conference was conducted among all counsel in this matter on May 9, 2006. Defendants' motion at p. 3, ¶ 15. However, the colloquy during said conference was almost entirely conducted between counsel to the Ryan Plaintiffs and counsel to defendants. Although the undersigned had served the Gwynn Plaintiffs' objections and responses to defendants' First Request for Admissions on May 4, 2006, these objections were not discussed during the May 9 conference, for whatever reasons. Moreover, while defendants assert said conference lasted three hours, counsel to the Gwynn Plaintiffs had other business to attend to, and terminated his participation in the conference within approximately one hour.

6. The Gwynn Plaintiffs filed their objections and responses to defendants' Second Request for Admissions on May 25, 2006. Accordingly, those objections were not discussed during the May 9 conference. Nor did defendants attempt to resolve these objections on any subsequent date.

7. The Gwynn Plaintiffs agree to review their responses and objections to defendants' First and Second Request for Admissions, and revise them where appropriate based on the ongoing discovery had in this case.

Accordingly, the Gwynn Plaintiffs respectfully request that the defendants' motion be denied.

PLAINTIFFS, DAVID GWYNN and
RAQUEL GWYNN

By _____
Mario DiNatale (ct 12449)
Silver Golub & Teitell, LLP
184 Atlantic Street
Stamford, CT 06904
(203) 325-4491
(203) 325-3769 (Fax)
mdinatale@sgtlaw.com

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was sent via U.S. Mail, postage prepaid, on this 5th day of January, 2007, to:

Mark B. Seiger, Esq.
Charles F. Gfeller, Esq.
Edwards Angell Palmer & Dodge LLP
90 State House Square
Hartford, CT 06103

Peter M. Nolin, Esq.
Stephanie McLaughlin, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905

_____
MARIO DiNATALE

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITOL ASSOCIATES, INC.<br>    Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 00644 (CFD)<br>)<br>)<br>) |
| vs. | ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>    Defendants | )<br>)<br>)<br>)<br>) |
| DAVID W. GWYNN and RAQUEL GWYNN<br>    Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 01154 (CFD)<br>)<br>) |
| vs. | )<br>) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>    Defendants | )<br>)<br>)<br>)<br>) April 20, 2006 |

### THE GWYNN PLAINTIFFS' OBJECTIONS TO DEFENDANTS' INTERROGATORIES

Pursuant to F.R.C.P. 33, Plaintiffs, David W. Gwynn and Raquel Gwynn (collectively the "Plaintiffs") hereby submit the following objections to Defendants, National Union Fire Insurance Company of Pittsburgh P.A.'s and AIG Technical Services, Inc. (collectively, "Defendants") *First Set of Interrogatories to the Ryan Plaintiffs and to the Gwynn Plaintiffs.*

**INTERROGATORY**

      1.      With reference to the Request for Admissions served contemporaneously with this First Set of Interrogatories:

For each Request for Admission to which you do not admit *without qualification,* please state the following:

    (a)    the number of the particular Request for Admission;

    (b)    all facts upon which you rely that support your failure to admit without qualification the particular Request for Admission;

    (c)    describe all documents that establish, records or refer to such facts as set forth in response to (b) above; and

    (d)    list all persons with any knowledge of the facts set forth in response to (b) above.

**OBJECTIONS:**

**1.    Plaintiffs object to this Interrogatory to the extent it seeks information which is protected from discovery under the attorney-client privilege, the work-product doctrine and any other applicable privilege under the laws of Connecticut.**

**2.    Plaintiffs object to this Interrogatory to the extent it seeks information which is irrelevant, immaterial or not reasonably calculated to lead to discovery of admissible evidence and to the extent the Interrogatory is vague and unclear.**

**3.    Plaintiffs object to this Interrogatory to the extent it seeks confidential propriety**

information related to the Plaintiffs' business operations and/or seeks information which may be protected by copyright and trade-secret laws of the United States and such information will only be produced upon the entry of a suitable protective order.

4.   Plaintiffs object to this Interrogatory to the extent it seeks confidential proprietary information related to other businesses and entities which are not parties to these proceedings and have not been subpoenaed to provide information in these actions;

5.   Plaintiffs object to this Interrogatory to the extent it is overbroad or that responding to it would subject Plaintiffs to undue burden and expense;

6.   Plaintiffs object to this Interrogatory to the extent it purports to obligate Plaintiffs to provide answers based on information or documents in the custody or control of third-parties, including any counsel retained or hired by or through National Union;

7.   Plaintiffs object to the extent that the definitions or instructions purport to impose burdens upon Plaintiffs beyond the customary requirements for discovery under the Federal Rules and the Local Rules for this District.

8.   Plaintiffs object to this Interrogatory to the extent it purports to impose burdens upon Plaintiffs beyond the schedule for discovery agreed to by the parties.

**PLAINTIFFS, DAVID GWYNN and RAQUEL GWYNN**


By_____
      Mario DiNatale (ct 12449)
      Silver Golub & Teitell, LLP
      184 Atlantic Street
      Stamford, CT 06904
      (203) 325-4491
      (203) 325-3769 (Fax)
      mdinatale@sgtlaw.com

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was sent via U.S. Mail, postage prepaid, on this 20th day of April, 2006, to:

Mark B. Seiger, Esq.
Charles F. Gfeller, Esq.
Edwards Angell Palmer & Dodge LLP
90 State House Square
Hartford, CT 06103

Peter M. Nolin, Esq.
Stephanie McLaughlin, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905

_____
MARIO DiNATALE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITOL ASSOCIATES, INC.<br>    Plaintiffs,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>    Defendants | ) CIVIL ACTION NO.<br>) 3:03 CV 00644 (CFD)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| DAVID W. GWYNN and RAQUEL GWYNN<br>    Plaintiffs,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>    Defendants | ) CIVIL ACTION NO.<br>) 3:03 CV 01154 (CFD)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) MAY 18, 2006 |

## THE GWYNN PLAINTIFFS' OBJECTION TO DEFENDANTS' INTERROGATORIES

Pursuant to F.RCP 33, Plaintiffs David W. Gwynn and Raquel Gwynn (collectively, "the Gwynn Plaintiffs") hereby submit the following objections to Defendants, National Union Fire Insurance Company of Pittsburgh, PA.'s and AIG Technical Services, Inc.'s **Second Set of Interrogatories to the Ryan Plaintiffs and the Gwynn Plaintiffs**.

1.      With reference to the Request for Admissions served contemporaneously with this Second Set of Interrogatories:

For each Request for Admission to which you do not admit without qualification, please state the following:
(a) the number of the particular Request for Admission;

(b) all facts upon which you rely that support your failure to admit without qualification the particular Request for Admission;

(c) describe all documents that establish, record or refer to such facts as set forth in response to (b) above; and

(d) list all person with any knowledge of the facts set forth in response to (b) above.

**OBJECTIONS:**

1. The Gwynn Plaintiffs object to this Interrogatory to the extent it seeks information which is protected from discovery under the attorney-client privilege, the work-product doctrine and any other applicable privilege under the laws of Connecticut.

2. The Gwynn Plaintiffs object to this Interrogatory to extent it seeks information which is irrelevant, immaterial or not reasonably calculated to lead to the discovery of admissible evidence and to the extent the Interrogatory is vague and unclear.

3. The Gwynn Plaintiffs object to this Interrogatory to the extent it is overbroad or that responding to it would subject Plaintiffs to undue burden and expense.

4. The Gwynn Plaintiffs object to the extent the definitions or instructions purport to impose burdens upon Plaintiffs beyond the customary requirements for discovery under the Federal Rules of Civil Procedure and the Local Rules for this District.

5. The Gwynn Plaintiffs object to this Interrogatory to the extent it purports to impose burdens

upon Plaintiffs beyond the schedule for discovery agreed to by the parties.

**PLAINTIFFS, DAVID GWYNN and RAQUEL GWYNN**


By_____
   Mario DiNatale (ct 12449)
   Jonathan M. Levine (ct 07584)
   Silver Golub & Teitell, LLP
   184 Atlantic Street
   Stamford, CT 06904
   (203) 325-4491
   (203) 325-3769 (Fax)
   Email: MDinatale@sgtlaw.com
          JLevine@sgtlaw.com

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was sent via U.S. Mail, postage prepaid, this 18th day of May, 2006, to:

Mark B. Seiger, Esq.
Edwards Angell Palmer & Dodge LLP
90 State House Square
Hartford, CT 06103

Peter M. Nolin, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905

_____
MARIO DiNATALE