**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL ) <br> WILLIAM NEWTON, ROBERT FITZPATRICK, ) <br> and MERIT CAPITAL ASSOCIATES, INC., ) <br>         Plaintiffs, ) <br> ) <br> v.                                      ) <br> ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA., and ) <br> AIG TECHNICAL SERVICES, INC., ) <br>         Defendants. ) <br> _____) <br> DAVID W. GWYNN and RAQUEL GWYNN ) <br>         Plaintiffs, ) <br> ) <br> v.                                      ) <br> ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA., and ) <br> AIG TECHNICAL SERVICES, INC., ) <br>         Defendants. ) <br> _____) | CIVIL ACTION NO. <br> 3:03CV00644(CFD) <br><br><br><br><br><br><br><br><br> CIVIL ACTION NO. <br> 3:03CV01154(CFD) <br><br><br> JANUARY 23, 2007 |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' RULE 56(a)(2) STATEMENTS
OR, ALTERNATIVELY, FOR LEAVE TO FILE A RESPONSE TO PLAINTIFFS'
STATEMENTS OF PURPORTEDLY UNDISPUTED MATERIAL FACTS CONTAINED
THEREIN, AND INCORPORATED MEMORANDUM OF LAW**

Defendants, National Union Fire Insurance Company of Pittsburgh, PA. and AIG Technical Services, Inc., now known as AIG Domestic Claims, Inc. (collectively, "Defendants"), through the undersigned counsel, hereby move this Court to strike the *Local Rule 56(a)(2) Statement of Plaintiffs David Gwynn and Raquel Gwynn in Support of Their Memoradum of Law in Opposition to Defendants' Motion for Summary Judgment* ("Gwynn Plaintiffs' Local Rule 56(a)(2) Statement") and *The Ryan Plaintiffs' Local Rule 56(a)(2) Statement* ("Ryan Plaintiffs' Local Rule 56(a)(2) Statement), or, alternatively, for leave to file a response to their statements

of purportedly undisputed material facts contained therein, and in support thereof state as follows:

### I. Material Facts

1. On November 20, 2006, the Gwynn Plaintiffs filed their Local Rule 56(a)(2) Statement and the Ryan Plaintiffs filed their Local Rule 56(a)(2) Statement (collectively, "Plaintiffs' Local Rule 56(a)(2) Statements") in support of their memoranda in opposition to Defendants' Motion for Summary Judgment.

2. The Gwynn Plaintiffs' Local Rule 56(a)(2) Statement contains three sections, titled:

   A. *The Gwynn Plaintiffs' Response to Defendants' 56(a)(1) Statement of Undisputed Material Facts*

   B. *The Gwynn Plaintiffs' Statement of Undisputed Material Facts*

   C. *Disputed Issues of Material Fact*

3. The Ryan Plaintiffs' Local Rule 56(a)(2) Statement contains two sections, titled:

   A. *Response to AIG's Statement of Undisputed Material Facts*

   B. *The Ryan Plaintiffs Counter Statement of Material Facts Not in Dispute*

4. Local Rule 56(a) requires the opponent of a motion for summary judgment to file a Local Rule 56(a)2 Statement that admits or denies each of the facts asserted by the moving party in the movant's Local Rule 56(a)1 Statement. Each denial must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. See D. Conn. L. Civ. R. 56(a)3.

5. The opponent's Local Rule 56(a)2 Statement must also include -- in a separate section entitled "Disputed Issues of Material Fact" -- a list of each issue of material fact as to which it is contended there is a genuine issue to be tried. See D. Conn. L. Civ. R. 56(a)3. Like each denial, each disputed material fact must be followed by a specific citation to (1) the

affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.  See D. Conn. L. Civ. R. 56(a)3.

6. Significantly, Local Rule 56(a) does not *require* or *authorize* the opponent of a summary judgment motion to file the opponent's own statement of undisputed material facts.[1]

---

[1] Local Rule 56(a) states:

1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule 56(a)1 Statement," which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried.  All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.

2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 and corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied.  The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

3. Each statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e). The "specific citation" obligation of this Local Rule requires counsel and pro se parties to cite to specific paragraphs when citing affidavits or responses to discovery requests and to cite to specific pages when citing to deposition or other transcripts or to documents longer than a single page in length. Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming certain facts that are supported by the evidence admitted in accordance with Rule 56(a)1or in the Court imposing sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment, and, when the opponent fails to comply, an order granting the motion if the undisputed facts show that the movant is entitled to judgment as a matter of law.

D. Conn. L. Civ. R. 56(a) (emphasis supplied).

7. Local Rule 56(a) also does not provide for the movant to respond to the opponent's Local Rule 56(a)2 Statement. In the event that the Court does not strike Plaintiffs' Local Rule 56(a)2 Statements or their statements of purportedly undisputed material facts contained therein, Defendants hereby move for permission to respond to such statements.

II. Argument

Plaintiffs' Local Rule 56(a)2 Statements violate Local Rule 56 in several respects. The Ryan Plaintiffs' Local Rule 56(a)2 Statement does not contain the required "Disputed Issues of Material Fact" section. Instead, both the Ryan Plaintiffs and the Gwynn Plaintiffs include in their respective Local 56(a)2 Statements a section containing their version of the purportedly undisputed material facts. As noted above, Local Rule 56(a) neither requires nor authorizes the *opponents* of a summary judgment motion to include a section of *undisputed* material facts in their Local 56(a)2 Statements.

In order to properly submit their own statement of *undisputed* material facts, Plaintiffs would have had to move for summary judgment themselves, which they did not do. Thus, Local Rule 56(a) authorized Plaintiffs only to specifically respond to each of Defendants' itemized undisputed material facts and to set forth their own statements of *disputed* material facts.

Furthermore, Local Rule 56(a) required Plaintiffs to follow each of their denials of Defendants' statement of *undisputed* material facts and each of Plaintiffs' statements of *disputed* material facts with a specific citation to the affidavit of a competent witness or evidence that would be admissible at trial. Plaintiffs did neither. Instead, Plaintiffs provided citations to its own *unauthorized* statements of purportedly *undisputed* material facts. Plaintiffs' Local Rule 56(A) Statements should thus be stricken.

- 5 -

Where, as here, the opponent of a motion for summary judgment fails to provide specific citations to evidence in the record as required by Local Rule 56(a), the Court may deem certain facts admitted or impose sanctions, including an order granting the motion where, as here, the undisputed facts show that the movant is entitled to judgment as a matter of law.  <u>See</u> Local Rule 56(a)3.

WHEREFORE, Defendants respectfully request that the Court enter an order striking Plaintiffs' Rule 56(a)2 Statements, awarding summary judgment in favor of AIG on each of Plaintiffs' claims, or, alternatively, authorizing Defendants to respond to Plaintiffs' statements of undisputed facts, and for such and further relief as the Court deems equitable under the circumstances.

        Respectfully submitted,

        DEFENDANTS/COUNTERPLAINTIFFS
        NATIONAL UNION FIRE INSURANCE
        COMPANY OF PITTSBURGH, PA.
        and AIG TECHNICAL SERVICES, INC.

        BY THEIR ATTORNEYS,
        Edwards Angell Palmer & Dodge LLP


        By: /s/ David S. Samuels

           Mark B. Seiger
           Fed. Bar No. ct05580
           David S. Samuels
           Fed. Bar No. ct 24460
           90 State House Square
           Hartford, CT  06103-2715
           Tel:  (860) 525-5065
           Fax: (860) 527-4198
           Email: mseiger@eapdlaw.com,
           dsamuels@eapdlaw.com

           John D. Hughes
           Massachusetts BBO # 243660
           111 Huntington Ave.
           Boston, MA 02199
           Tel:  (617) 951-3373
           Fax:  (617) 439-4170
           Email: jhughes@eapdlaw.com

           Donna M. Greenspan
           Florida Bar No.: 059110
           One North Clematis Street
           Suite 400
           West Palm Beach, FL  33401
           Tel: (561) 833-7700
           Fax:   (561) 655-8719
           Email: dgreenspan@eapdlaw.com

## CERTIFICATION

    I hereby certify that on January 23, 2007, the foregoing *Defendants' Motion to Strike Plaintiffs' Rule 56(a)(2) Statements and Incorporated Memorandum of Law, or Alternatively, Leave to File a Response* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mailto anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

                                                                               /s/ David S. Samuels
                                                                               David S. Samuels