UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC.<br>Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 00644 (CFD)<br>)<br>)<br>) |
| vs. | ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>Defendants | )<br>)<br>)<br>) |
| DAVID W. GWYNN and RAQUEL GWYNN<br>Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 01154 (CFD)<br>) |
| vs. | ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>Defendants | )<br>)<br>)<br>) JANUARY 24, 2007 |

### THE GWYNN PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO JANUARY 16, 2007 ORDER

Plaintiffs, David and Raquel Gwynn ("the Gwynn Plaintiffs") respectfully submit the following response and objection to <u>Defendants' Objection To January 16, 2007 Order</u>, filed on January 22, 2007 ("defendants' motion").

The Gwynn Plaintiffs assert the following in support of their Response and Objection to defendants' motion:

1. On December 18, 2006, defendants filed a Motion for Protective Order [244] concerning certain depositions that had been noticed by the Gwynn plaintiffs, and co-plaintiffs ("the Ryan plaintiffs") of defendants' corporate representative, pursuant to Fed. R. Civ. P. 30(b)(6).

2. Judge Smith denied defendants' motion for protective order by way of an electronic order entered on January 16. 2007 [258].

3. The Gwynn plaintiffs assert that the court's order denying defendants' motion for protective order was correctly decided, and fully supported by the facts of this case and controlling law.

4. However, defendants' motion, which they styled an "Objection," was filed on January 22, 2007. Defendants now ask the Court to reverse its well-reasoned opinion denying their motion for protective order and "set it aside." Defendants present no new facts, nor any additional law, to justify this relief.

5. Defendants' motion should be denied by this court without any hesitation.

6. While defendants chose to style their pleading an "Objection," it is in reality a motion for reconsideration. As such, defendants have completely ignored the requirements of Local Rule 7 ( c), which directs that motions for reconsideration "shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order."

7. Here, of course, defendants have not presented *any* matters or controlling decisions which it believes the Court has overlooked. Nor can they. The reality is that there is no such information to present.

8. The Gwynn plaintiffs respectfully refer the Court to the Ryan Plaintiffs' Memorandum in Opposition to Defendants' Motion to Compel [243]. In that Memorandum, counsel to the Ryan plaintiffs sets forth the defendants' course of conduct in stalling discovery in this case, to plaintiffs' detriment.

9. Defendants' motion is simply another effort on defendants' part to delay or deny discovery to plaintiffs. It is completely without merit, and should be denied.

          PLAINTIFFS, DAVID GWYNN and
          RAQUEL GWYNN

By_____
    Mario DiNatale (ct 12449)
    Silver Golub & Teitell, LLP
    184 Atlantic Street
    Stamford, CT 06904
    (203) 325-4491
    (203) 325-3769 (Fax)
    mdinatale@sgtlaw.com

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was sent via U.S. Mail, postage prepaid, on this 24th day of January, 2007, to:

Mark B. Seiger, Esq.
Charles F. Gfeller, Esq.
Edwards Angell Palmer & Dodge LLP
90 State House Square
Hartford, CT 06103

Peter M. Nolin, Esq.
Stephanie McLaughlin, Esq.
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06905

_____
MARIO DiNATALE