UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., ) ) ) ) | CASE NUMBER: 3:03 CV 00644 (CFD) |
| Plaintiffs, ) ) | |
| v. ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., ) ) ) ) | |
| Defendants, ) ) | |
| DAVID W. GWYNN and RAQUEL GWYNN, ) ) | |
| Plaintiffs, ) ) | CASE NUMBER: 3:03 CV 1154 (CFD) |
| v. ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., ) ) ) ) | |
| Defendants. ) | JANUARY 29, 2007 |

**DEFENDANTS' REPLY TO THE GWYNN PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO JANUARY 16, 2007 ORDER**

Defendants, National Union Fire Insurance Company of Pittsburgh, PA and AIG Technical Services, Inc. n/k/a AIG Domestic Claims Inc. (collectively, "AIG"), respectfully submit this reply to The Gwynn Plaintiff's Response To Defendants' Objection To January 16, 2007 Order ("the Gwynn Plaintiffs' Reply").

This reply is necessary to correct the Gwynn Plaintiffs' mischaracterization of Defendants' Objection To January 16, 2007 Order filed on January 22, 2007 ("Objection"). In support hereof, AIG asserts the following:

1. On December 18, 2006, AIG filed a Motion For a Protective Order with respect to certain repetitive topics that Plaintiffs noticed for the continued deposition of Defendants' corporate representative ("Motion"). The basis of the Motion was that the topics were addressed previously on multiple occasions and Plaintiffs' repeated attempts to address the topics served no purpose except to harass and cause undue burden and expense on AIG.

2. Magistrate Judge Smith denied the Motion on January 16, 2007 by way of an electronic order.

3. Pursuant to and as required by Fed. R. Civ. P. 72(a), AIG filed its objection to the January 16, 2007 order. Fed. R. Civ. P. 72(a), in pertinent part, specifically states the following:

> **Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in a magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.**

AIG filed its Objection on January 22, 2007- six days after the order was issued.

4. Despite the fact that AIG appropriately filed its Objection, the Gwynn Plaintiffs blatantly attempted to mischaracterize the Objection as a motion for reconsideration. *See the Gwynn Plaintiffs' Reply, ¶ 6.* More importantly, without any justification whatsoever, the Gwynn Plaintiffs wrongly allege that AIG has "completely ignored the requirements" of the local rules. *Id.*

5. AIG filed its objection to preserve its rights, as required by Fed. R. Civ. P. 72(a). The Gwynn Plaintiffs' assertion that AIG was required to file a "memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked" has

no basis in law. *See the Gwynn Plaintiffs' Reply,* ¶ 6.   Moreover, the Gwynn Plaintiffs' allegation that "Defendants' motion is simply another effort on defendants' part to delay or deny discovery to plaintiffs" is wholly without merit and merely designed to prejudice AIG before this Court. *See the Gwynn Plaintiffs' Reply,* ¶ 9.  The record in this matter clearly reflects the extensive discovery that has been taken by Plaintiffs to date.  It is inconceivable that despite the fact that AIG has repeatedly produced its corporate representative and Plaintiffs have repeatedly addressed the same topics, Plaintiffs are, nevertheless, permitted to harass and burden AIG by inquiring into the same topics once again.

DEFENDANTS/COUNTERPLAINTIFFS
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.
and AIG TECHNICAL SERVICES, INC.

By: /s/ David S. Samuels
    Mark B. Seiger
    Fed. Bar No. ct05580
    David S. Samuels
    Fed. Bar No. ct 24460
    Edwards Angell Palmer & Dodge LLP
    90 State House Square
    Hartford, CT  06103-2715
    Tel:  (860) 525-5065
    Fax: (860) 527-4198
    Email: mseiger@eapdlaw.com
    Email: dsamuels@eapdlaw.com

    John D. Hughes
    Massachusetts BBO # 243660
    Edwards Angell Palmer & Dodge LLP
    111 Huntington Avenue
    Boston, MA 02199
    Tel:  (617) 951-3373
    Fax:  (617) 439-4170
    Email: jhughes@eapdlaw.com

    Donna M. Greenspan
    Florida Bar No.: 059110
    Edwards Angell Palmer & Dodge LLP
    One North Clematis Street, Suite 400
    West Palm Beach, FL  33401
    Tel: (561) 833-7700
    Fax:  (561) 655-8719
    Email: dgreenspan@eapdlaw.com

- 5 -

**CERTIFICATION**

      I hereby certify that on January 29, 2007, the foregoing, DEFENDANTS' REPLY TO THE GWYNN PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO JANUARY 16, 2007 ORDER, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

                                          /s/ David S. Samuels
                                          David S. Samuels