## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL ) <br> WILLIAM NEWTON, ROBERT FITZPATRICK, ) <br> and MERIT CAPITAL ASSOCIATES, INC., ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA., and ) <br> AIG TECHNICAL SERVICES, INC., ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. <br> 3:03CV00644(CFD) |
| DAVID W. GWYNN and RAQUEL GWYNN ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA., and ) <br> AIG TECHNICAL SERVICES, INC., ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. <br> 3:03CV01154(CFD) <br><br> February 8, 2007 |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DETERMINE THE SUFFICIENCY OF PLAINTIFFS' ANSWERS TO DEFENDANTS' REQUESTS FOR ADMISSIONS AND TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION

Defendants, National Union Fire Insurance Company of Pittsburgh, PA. and AIG Technical Services, Inc., now known as AIG Domestic Claims, Inc. (collectively, "Defendants"), respectfully submit this Reply in support of their Motion to Determine the Sufficiency of Plaintiffs' Answers to Defendants' Requests for Admissions and to Compel Answers to Interrogatories and Production and Incorporated Memorandum of Law ("Motion to Determine Sufficiency").

On December 15, 2006, Plaintiffs Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick, and Merit Capital Associates, Inc. ("the Ryan Plaintiffs"), filed a Memorandum in Opposition to the Motion to Determine Sufficiency ("Ryan Plaintiffs' Opposition").  On January 5, 2007, Plaintiffs David W. Gwynn and Raquel Gwynn ("the Gwynn Plaintiffs") filed an Objection to the Motion to Determine Sufficiency ("Gwynn Plaintiffs' Opposition"), which adopted the Ryan Plaintiffs' Opposition.  This Reply responds to both the Ryan Plaintiffs' Opposition and the Gwynn Plaintiffs' Opposition (collectively, "Plaintiffs' Opposition").

## PRELIMINARY STATEMENT

Defendants' Motion to Determine Sufficiency clearly identifies critical deficiencies in Plaintiffs' responses to Defendants' Requests for Admissions, Interrogatories, and Requests for Production.  Plaintiffs' Opposition, on the other hand, includes several pages of a self-serving, factually incorrect, but ultimately irrelevant "factual background."  Rather than indulge Plaintiffs' attempt to cloud the relevant issues, Defendants proceed directly to the issues at hand.

### A.  REQUESTS FOR ADMISSIONS

#### Deficiency #1
#### Plaintiffs Failed to Admit That Copies of Documents Are True and Correct

Plaintiffs attempt to justify their failure to admit whether certain documents are "true and correct" by arguing:

> Several documents that AIG requested [Plaintiffs] to admit to are either AIG's own documents or have been identified in various depositions.  Plaintiffs have not objected to these documents or claimed that they are not authentic.

Plaintiffs' Opposition, p. 6 (emphasis supplied).

Plaintiffs do not identify these unobjected-to "several documents" other than to state that they are authentic by virtue of being AIG's "own" documents. Plaintiffs' oblique response sheds no light on whether they *dispute* the genuineness of any of the documents referenced in Defendants' request for admissions. See Fed. R. Civ. P. 36(a). Accordingly, all of AIG's requests to admit that documents are "true and correct" should be deemed admitted.

### Deficiency #2
### Plaintiffs Improperly Denied Requests On the Ground That the Particular Request Does Not "Accurately State the Terms and Conditions of the Policy"

Deficiency #2 concerned Plaintiffs' repeated refusal to admit certain definitions and other provisions set forth in the Policy. Plaintiffs attempt to justify their improper denials by citing to Diederich v. Department of Army, 132 F.R.D. 614 (S.D.N.Y. 1990). Plaintiffs' Opposition, p. 7.

However, Diederich actually supports *Defendants'* position. In that case, the court held:

> Where it is evident that <u>multiple, interdependent issues</u> are contained <u>in one request</u>, defendant may deny the entire statement if one fact, on which the remainder of the request is premised, is denied; plaintiff drafts <u>complex requests</u> at his peril. <u>Compound requests that are capable of separation into distinct components and that follow a logical or chronological order, however, should be denied or admitted in sequence with appropriate designation or qualification by defendant in its response.</u>

132 F.R.D. 614 at 621 (emphasis supplied). Here, the disputed requests (Defendants' First Request for Admissions 18, 19, 22, 24, 25, 42, 48, and 57-59) were <u>not</u> "complex" and did not contain "multiple, interdependent issues" within any *one request*.

In response to Request No. 18, Plaintiffs refused to admit that a "Claim" under the Policy means a written demand or civil arbitration proceeding. Plaintiffs argue that they denied this admission because it did not include the **manner** in which the civil arbitration proceeding could be commenced (i.e., by service of a complaint or by receipt of an arbitration demand or statement of claim). However, the fact that the arbitration proceeding can be commenced by

complaint, demand, or statement of claim does <u>not</u> mean that a Claim is not either a written

demand or arbitration proceeding.

 As pointed out in Defendants' Motion to Determine Sufficiency, Federal Rule of Civil

Procedure 36(a) requires that:

> A denial shall fairly meet the substance of the requested admission, and <u>when good faith</u>
> <u>requires that a party qualify an answer or deny only a part of the matter of which an</u>
> <u>admission is requested, the party shall specify so much of it as is true and qualify or deny</u>
> <u>the remainder</u>.

(Emphasis supplied). Plaintiffs' Opposition, like their responses to AIG's requests, ignores this

rule.

**<u>Deficiency #3</u>**
**<u>Plaintiffs Failed to Admit or Deny Defendants' Requests As Stated,</u>**
**<u>And Instead Admitted Their Own Restated Requests</u>**

 There is no justification under the Federal Rules of Civil Procedure for "admitting" to

one's own self-serving, re-articulated, substituted request for admission in place of a legitimate

objection or denial. By doing just that, Plaintiffs flout Rule 36(a)'s requirement that:

> **<u>A denial shall fairly meet the substance of the requested admission</u>**, and when
> good faith requires that a party qualify an answer or deny only part of the matter
> of which an admission is requested, the party shall specify so much of it as is true
> and qualify or deny the remainder.

<u>Id</u>. (emphasis added).

 Plaintiffs' reliance on case law is misplaced, if not deliberately misleading. Plaintiffs

refer to a statement of law as the purported conclusion of "this Court," but in support thereof cite

to cases from Ohio and Florida. <u>See</u> Plaintiffs' Opposition, p.8 (citing <u>Minnesota Mining &</u>

<u>Mfg. Co. v. Norton Co.</u>, 36 F.R.D. 1 (N.D. Ohio 1964); <u>In re Olympia Holding Corp.</u>, 189 B.R.

846 (Bankr. M.D. Fla. 1995)). This Court has <u>not</u> adopted the conclusions of these cases. To the

contrary, this Court has explicitly ruled that "[t]o the extent that any of the information

[contained in a request for admission] is genuinely in dispute . . . [t]his does <u>not</u> absolve [a respondent from requirements under the Federal Rules of Civil Procedure] to take reasonable efforts to admit facts that are not in dispute." <u>Concerned Citizens of Belle Haven v. The Belle Haven Club</u>, 223 F.R.D. 39, 45 (D. Conn. 2004) (emphasis supplied).

Surely, a "reasonable effort" to comply with Rule 36(a) must require, at a minimum, that Plaintiffs "specifically deny the matter [contained in the request for admission] **<u>or</u>** set forth in detail why [they] cannot truthfully admit or deny the matter."   Fed. R. Civ. P. 36(a) (emphasis added).  Plaintiffs have done neither, instead choosing only to "admit" to their own manipulated versions of Defendants' legitimate requests for admissions, in clear violation of Rule 36.

<b><u>Deficiency  #4</u></b><br><b><u>Plaintiffs Objected on the Improper Basis That the Request "Seeks A Legal Conclusion"</u></b>

Plaintiffs cite to the Advisory Committee Notes in support of their bald statement that the requested admissions "are best resolved in the presence of a judge." <u>See</u> Plaintiffs' Opposition, p.10.   The Committee Notes state clearly, however, that although requests for admission involving the application of law to fact "may" create disputes best resolved in the presence of the judge, the Court "should <u>not</u> automatically defer decision."  Plaintiffs have given no reason *why* the general rule  -- allowing for the admission of the application of law to fact – should not apply to these requests for admission.

Furthermore, Plaintiffs misstate their own responses by claiming that they "denied these Admissions" after objecting on the basis of seeking a legal conclusion.   <u>See</u> Plaintiffs' Opposition, p.10.  With respect to several of the requests referenced in Deficiency #4, Plaintiffs did <u>not</u> simply object and then deny.  Instead, Plaintiffs either improperly restated the requests as explained above in Deficiency #3, or improperly objected on the basis explained in Deficiency #2. See, for example, Plaintiffs' Responses to First Request for Admissions Nos. 26-30.

- 5 -

**Deficiency #5**
**Plaintiffs Failed to Admit or Deny Whether Sowell's Claims**
**Were "Claims" of "Wrongful Acts" as Defined by the Policy**

Plaintiffs' failure to admit that Sowell's Claims were "Claims" of "Wrongful Acts" as defined by the Policy is astounding. In its Insuring Agreement, the Policy provides for "A" and "B" coverage. Coverage "A" states that the Policy "shall pay on behalf of the Broker/Dealer Loss arising from a <u>Claim</u> . . . for any actual or alleged <u>Wrongful Act</u> committed by the Broker/Dealer." (Emphasis supplied). Coverage "B" states that the Policy "shall pay on behalf of a Registered Representative Loss arising from a <u>Claim</u> . . . for any actual or alleged <u>Wrongful Act</u> committed by the Registered Representative in the rendering or failure to render Professional Services on the behalf of the Broker/Dealer." Thus, for an insured to receive payment under either coverage "A" or coverage "B", *there must first be a Claim for an actual or alleged Wrongful Act*. Accordingly, if Sowell's Claims did <u>not</u> constitute Claims for actual or alleged Wrongful Acts, the Policy's Insuring Agreement was never triggered in the first instance.

Plaintiffs argue: "AIG claims that *Wrongful Acts* are not covered under the Policy." Plaintiffs' Opposition, p. 10. Plaintiffs misstate AIG's position. As set forth above, an act *must be* a Wrongful Act to fall within the Insuring Agreement of the Policy. Defendants do <u>not</u> dispute that Sowell's Claims constitute Wrongful Acts under the Policy. It is the *exclusionary* provisions of the Policy that precluded coverage for Sowell's Claims.

Plaintiffs argue that AIG's request for admissions regarding the Sowell Claims is an attempt to have them "admit to the ultimate facts at issue in the case." Plaintiffs' Opposition, p. 8. Deficiency #5, however, concerned the following requests for admissions:

- "...that Sowell alleged certain claims against the Ryan Plaintiffs and the Gwynn Plaintiffs in his Statement of Claim and Amended Statement of Claim ("the Sowell Claims") in the Sowell Arbitration." (Request No. 3)

- "... that the Sowell Claims fall within the definition of 'claims' under [the Policy]." (Request No. 5)

- "... that the Policy provides coverage for its Insureds in connection with Claims for 'actual and alleged' wrongful acts." (Request No. 17)

- "... that the Sowell Claims alleged that Gwynn had committed certain Wrongful Acts ("Gwynn's Wrongful Acts") as defined by the Policy." (Request No. 20)

- "... that the Sowell Claims alleged that the Ryan Plaintiffs had committed certain Wrongful Acts ("the Ryan Plaintiffs' Wrongful Acts") as defined by the Policy." (Request No. 21)

*None* of these requests for admissions asked Plaintiffs to admit that the Policy's *exclusions barred coverage* for Sowell's Claims. To the contrary, these requests asked Plaintiffs to admit that Sowell's Claims *fell within* the Insuring Agreement of the Policy. If Plaintiffs dispute that basic premise, the Court should summarily dismiss this action.[1]

**Deficiency #6**
**Plaintiffs Denied Requests in Contravention of Undisputable Facts**

Plaintiffs have failed entirely to respond to Deficiency #6, which pointed out that Plaintiffs have denied certain facts which clearly cannot in good faith be disputed.

**B. INTERROGATORIES**

Plaintiffs attempt to justify their failure to answer Defendants' interrogatories by belatedly claiming that the interrogatories exceed the limitation set forth in Federal Rule 33. Plaintiffs' Opposition, p. 12. However, Defendants' Interrogatories consist of two separate interrogatories with four subparts each. At most, this totals eight interrogatories, well within Rule 33's 25-interrogatory limit. Defendants' Interrogatories, typical of those commonly served

---

[1] Defendants' separate motion for summary judgment is currently pending.

by litigants in state and federal courts, simply request the factual basis for any legitimate and proper denials in response to any of Defendants' Requests for Admissions.

As demonstrated above, however, Plaintiffs have submitted improper and inadequate responses to almost all of Defendants' Requests for Admissions.  It is Plaintiffs' own violation of the rules that resulted in the need for numerous responses to Defendants' eight interrogatories. Instead of providing the factual basis for their denials, however, Plaintiffs compounded the rule violations  noted above by violating Federal Rule of Civil Procedure 33(b) as well.

## C.  REQUEST FOR PRODUCTION

In their Motion to Determine Sufficiency, p.15, Defendants pointed out that their Request for Production sought a copy of each document described or referred to in response to their interrogatories.   In their Opposition, p.13, Plaintiffs claim that they have "now produced all responsive documents within their control."   Such claim is absurd since, as discussed above, Plaintiffs have *never answered* Defendants' interrogatories.

Plaintiffs also attempt to excuse their discovery rule violations by arguing that the requested information could have been obtained by way of deposition.   Plaintiffs' Opposition, p.12.   However, it is not for Plaintiffs to determine how Defendants conduct their discovery. Plaintiffs do not have the right to ignore proper discovery requests authorized by the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, Defendant respectfully request that the Court grant the Motion to Determine Sufficiency and enter an Order in favor of Defendants granting the relief requested.

Respectfully submitted,

DEFENDANTS/COUNTERPLAINTIFFS
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.
and AIG TECHNICAL SERVICES, INC.

BY THEIR ATTORNEYS,
Edwards Angell Palmer & Dodge LLP


By: /s/ David S. Samuels _____

    Mark B. Seiger
    Fed. Bar No. ct05580
    David S. Samuels
    Fed. Bar No. ct 24460
    90 State House Square
    Hartford, CT  06103-2715
    Tel:  (860) 525-5065
    Fax: (860) 527-4198
    Email: mseiger@eapdlaw.com,
    dsamuels@eapdlaw.com

    John D. Hughes
    BBO # 243660
    101 Federal Street
    Boston, MA 02110
    Tel:  (617) 439-4444
    Fax:  (617) 439-4170
    Email: jhughes@eapdlaw.com

    Donna M. Greenspan
    Florida Bar No.: 059110
    One North Clematis Street
    Suite 400
    West Palm Beach, FL  33401
    Tel: (561) 833-7700
    Fax:  (561) 655-8719
    Email: dgreenspan@eapdlaw.com

<u>CERTIFICATION</u>

I hereby certify that on February 8, 2007, the foregoing Reply Memorandum in Support of Defendants' Motion to Determine the Sufficiency of Plaintiffs' Answers to Defendants' Requests for Admissions and to Compel Answers to Interrogatories and Production was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

/s/ David S. Samuels
David S. Samuels