UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., | ) )  CASE NUMBER: )  3:03 CV 00644 (CFD) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) )  FEBRUARY 12, 2007 ) |
| Defendants. | ) |

**<u>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' RULE 56(a)2 STATEMENTS OR, ALTERNATIVELY, FOR LEAVE TO FILE A RESPONSE TO PLAINTIFFS' STATEMENTS OF PURPORTEDLY UNDISPUTED MATERIAL FACTS CONTAINED THEREIN, AND INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiffs Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick and Merit Capital Associates, Inc. (the "Ryan Plaintiffs") hereby submit this *Memorandum in Opposition to Defendants' Motion to Strike Plaintiffs' Rule 56(a)2 Statements or, Alternatively, for Leave to File a Response to Plaintiffs' Statements Of Purportedly Undisputed Material Facts Contained Therein, and Incorporated Memorandum of Law* dated January 23, 2007.  Defendants National Union Fire Insurance Company of Pittsburgh, PA and AIG Technical Services, Inc. (collectively "AIG") moved for summary judgment before discovery closed with a motion dated August 17, 2006.  Even though the central issue in this case is AIG's breach of its duty to defend the Plaintiffs in an underlying NASD arbitration, AIG asserted that this Court should find coverage did not exist based on AIG hyper-technical reading of its own Policy, and its misconstruction of the underlying arbitration claim.  Plaintiff have pointed to numerous facts which demonstrate

AIG breached its duty to defend, reads the policy in a way which is contrary to AIG's own practice, and has waived or is estopped from denying its defense obligations or coverage by its failure to give proper notices and reservations to its insureds. In support of its motion for Summary Judgment AIG submitted a very narrow statement of facts, which it alleges are not in dispute. In accordance with Local Rule 56(a)2 the Ryan Plaintiffs responded to AIG statement. For the most part the Ryan plaintiffs admitted the facts cited by AIG are undisputed, and the Ryan Plaintiffs noted those few facts which were disputed and pointed out that many of AIG's facts are simply irrelevant. In accordance with Local Rule 56(a)2, the Ryan Plaintiff also included a counter statement of facts they believe are not in dispute, but which preclude the grant of Summary Judgment to AIG. Now belatedly AIG moves to strike those facts but fails to advise this Court whether it disputes any of the counter facts cited by the Ryan Plaintiffs. Because the Ryan Plaintiffs properly have advised the Court of the facts on which they rely to oppose AIG's motion for summary judgment, the Motion to Strike should be denied. Further because AIG has failed to dispute any of the a counter facts raised by the Ryan Plaintiffs, all of these facts should be deemed undisputed for purposes of the Court's consideration of AIG's Motion for Summary Judgment.

## BACKGROUND[1]

It is ironic that AIG now wants to strike facts put before the Court by the Plaintiffs because throughout the pendency of this action, AIG has delayed discovery. For most of 2004, AIG refused to participate in the taking of any discovery. In 2005, AIG filed counterclaims making numerous allegations, including claims for fraud and misrepresentations against the

---

[1] For a detailed review of the claims and underlying fact , the Ryan Plaintiffs respectfully refer the Court to the Fact Section contained in their Memorandum in Opposition to AIG's Summary Judgment.

insureds. Throughout this period AIG resisted Plaintiffs completing a corporate Rule 30b(6) deposition until the Court ordered such deposition to proceed.

In 2006, AIG retained new counsel who requested additional time to review the file. The Ryan Plaintiffs and the Gwynn Plaintiffs did not object to that request. After several more months of delay and subsequent to retaining new counsel, AIG deleted some of its prior counterclaims and amend some of its misrepresentation counterclaims. Thereafter and throughout the summer of 2006, the Ryan Plaintiffs and the Gwynn Plaintiffs continued to push to take and complete the outstanding deposition discovery. As a result of some of this discovery AIG withdrew all of its fraud and misrepresentation counterclaims but asserted new claims which seek to retroactively withdraw coverage.[2]

On or about August 17, 2006 before the Plaintiffs could complete discovery and with several additional depositions being scheduled, AIG filed its Motion for Summary Judgment. In support of its motion, AIG filed a memorandum of law and a Rule 56 Statement with attached documentary evidence but did **not** file an affidavit. In its Motion for Summary Judgment, AIG argues that based on the clear language of the Policy and in particular four exclusions applied to the underlying arbitration claims preclude coverage. Based on that assertion, AIG claims it had no duty to defend and as a matter of law that summary judgment should enter in its favor.

On or about September 8, 2006, AIG filed a protective order seeking to stay all pending discovery until after the Court ruled on the motion for summary judgment. At that time, the parties were in the process of scheduling several depositions of third parties in Arizona and the continued deposition of AIG's 30(b)(6) witness. On September 8, 2006, the Court denied AIG's

---

[2] AIG still has a single defense based on misrepresentation but has represented on the record in a deposition several months ago that the defense would be withdrawn.

motion to stay discovery stating that summary judgment could not be used as a mechanism to delay discovery.

Thereafter Plaintiffs completed most of the deposition they had previously sought, including the 30(b)(6) depositions of AIG, and Plaintiffs made agreements with AIG to complete other depositions.[3]  On November 20, 2006, the Ryan Plaintiffs filed their Opposition to Defendants' Motion for Summary Judgment, Rule 56(a)2 Statement and Affidavit of Robert Fitzpatrick.  The Ryan Plaintiffs Rule 56(a)2 Statement consisted of two parts: 1) Section A, Response to AIG's Statement of Undisputed Material Facts and 2) Section B The Ryan Plaintiffs Counter Statement of Material Facts Not in Dispute.

For the next two months, AIG sought, without objection from the Ryan Plaintiffs or the Gwynn Plaintiffs, multiple extensions of time to prepare and file a reply to both Plaintiffs' opposition papers.  During that entire time, AIG never raised an issue with respect to the sufficiency or form of the Ryan Plaintiffs or the Gwynn Plaintiffs Rule 56(a)2 Statements.  Finally, on January 23, 2007, AIG filed its Reply to the Ryan Plaintiffs' opposition.  AIG also filed a Motion to Strike moving the Court to strike the Ryan Plaintiffs' and the Gwynn Plaintiffs' Rule 56(a)2 Statements on the grounds that the Ryan Plaintiffs failed to comply with Rule 56 because the Rule 56(a)2 Statement did not 1) have specific citations supporting the Ryan Plaintiffs' responses to AIG's Rule 56 Statement and 2) the Ryan Plaintiffs did not have authority to file a statement of undisputed facts under Rule 56.

AIG's Motion to Strike is without merit.  The Ryan Plaintiffs Rule 56(a)2 Statement complies with the Federal Rules.  In addition, nothing in Rule 56 precludes the Ryan Plaintiffs'

---

[3] As of this date the Plaintiffs and AIG have taken all fact deposition they intend to take except that AIG still needs to complete the deposition (commenced in May 2005) of William Federman, the attorney who represented the Ryan Plaintiffs in the underlying arbitration and Plaintiffs need to complete the depositions of two attorneys in Arizona who advised AIG to resume the defense of the Plaintiffs in the middle of the underlying arbitration.

submission of a statement of additional undisputed facts which when considered by the Court would preclude summary judgment.

## **ARGUMENT**

### A. The Ryan Plaintiffs' Rule 56(a)2 Statement Complies with the Federal Rules

#### 1. The Ryan Plaintiffs' Rule 56(a)2 Statement section entitled "Counter Statement of Material Facts Not In Dispute" conforms to the FRCP.

The Ryan Plaintiffs admit they have not complied with strict letter of Local Rule 56(a)2, in that they did not include a section titled "Disputed Issues of Material Fact". The Ryan Plaintiffs submit however, that they have complied with substance of Rules 56 by Providing their own detailed list of material facts which they believe defeat summary judgment.

The Ryan Plaintiffs did not base their opposition to the summary judgment on a dispute of the facts raised by AIG. As noted below, of the 101 statements of material fact stated by AIG, the Ryan plaintiffs admitted without qualification 84 of the statements. Further, The Ryan Plaintiffs do not oppose the summary judgment AIG seeks based on the 17 statements which were disputed in whole or in part. Rather the Ryan Plaintiffs opposed AIG's Motion for Summary Judgment based on numerous additional facts which, taken together with a proper reading of Connecticut law on the duty to defend, demonstrate that AIG should not obtain summary judgment in this case. Each of these additional facts is supported by affidavit testimony of Plaintiff Robert Fitzpatrick and in his affidavit there are specific citations to the documentary evidence and/or deposition testimony where appropriate. The Ryan Plaintiffs believe that each of these additional facts should be deemed undisputed and to date AIG has not disputed them.

> Federal Rule 56(e) provides in part that:
>
> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Based on this clear language, Rule 56 requires a nonmoving party to come forward with "specific facts showing that there is a *genuine issue for trial.*" FRCP 56(e) (emphasis added). This is exactly what the Ryan Plaintiffs did when they filed their Rule 56(a)2 Statement which included a section entitled Counter Statement of Material Facts Not In Dispute. In point of fact, due to AIG's failure to provide the Court with all the material facts involved in this matter, it was incumbent upon the Ryan Plaintiffs to submit its statement of additional facts. The Ryan Plaintiffs characterized these facts as "undisputed" because the evidence supporting them is undisputed and because to date AIG has not disputed such facts. Furthermore, nothing in the Federal Rules precludes the Ryan Plaintiffs from submitting undisputed facts in their opposition papers.[4] Such a statement is fully in compliance with Local Rule 56(a)3, which provides:

> Each statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement . . . must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.

---

[4] AIG asserts that the Ryan Plaintiffs could only submit a counter statement of material facts that are not in dispute if the Ryan Plaintiffs cross-moved for summary judgment. AIG cites to no authority for this contention.

The Ryan Plaintiffs so complied and each of their statements of undisputed fact cite to the particular paragraphs of the affidavit of the Plaintiff Robert Fitzpatrick and such other evidence in the form of documents or deposition transcripts as are available are then more particularly cited in his affidavit. AIG cites no law for the proposition that an opponent cannot submit a counter statements of undisputed material facts in response to a motion for summary judgment. Indeed, AIG provides not a single case to support it motion to strike.

Significantly, the Ryan Plaintiffs Rule 56(a)2 Statement provides this Court with a complete set of the material facts that should be taken into consideration when ruling on the motion for summary judgment. AIG argues that the language of the Policy, in particular the language of exclusion (s)[5], is clear and unambiguous and precludes coverage. AIG's summary judgment analysis, however, turns Connecticut law inside out. The starting point should not be not some abstract analysis of coverage as AIG provided, but rather must be an analysis of the duty to defend under Connecticut law. The duty to defend is broader then the duty to indemnify. *OSP, Inc. v. Aetna Casualty & Surety Co.,* 256 Conn. 343, 350-51 (2001); *Schwartz v. Stevenson,* 37 Conn. App. 581, 585 (1995). The Connecticut Supreme Court has consistently held:

> that the duty to defend means that the insurer will defend the suit, if the injured party states a claim, which, qua claim, is for an injury covered by the policy; it is the claim which determines the insurer's duty to defend; and it is irrelevant that

---

[5] Exclusion (s) of the Policy states:

> [t]he Insurer shall not be liable for Loss in connection with any Claim made against an Insured, alleging, arising out of, based upon or attributable to an Insured exercising discretionary authority or control with regard to management or disposition of assets; however, this exclusion shall not apply to any Insured's purchase or sale of no-load investment company or variable annuities in which there is no initial or contingent sales charge or commission.

7

>the insurer may get information from the insured, or from any one else, which indicates, or even demonstrates, that the injury is not in fact covered. The insurer has promised to relieve the insured of the burden of satisfying the tribunal where the suit is tried, that the claim as pleaded is groundless.

*Keithan v. Massachusetts Bonding & Ins. Co.,* 159 Conn. 128, 139 (1970)(internal citations omitted). *See also Flint v. Universal Machine Co.,* 238 Conn. 637, 647 (1996).

An insurer can have and breach its duty to defend even when the scope of coverage may not apply. An insurer's duty to defend its insured is triggered without regard to the merits of its duty to indemnify. *R.T. Vanderbilt Co. v. Continental Casualty Co.,* 273 Conn. 448, 470 (2005). Thus,

>[i]t is well established … that a liability insurer has a duty to defend its insured in a pending lawsuit if the pleadings allege a covered occurrence, even though facts outside the four corners of those pleadings indicate that the claim may be meritless or not covered. An insurer, therefore, is not excused from its duty to defend merely because the underlying complaint does not specify the connection between the stated cause of action and the policy coverage.

*Hartford Casualty Insurance Co. v Litchfield Mutual Fire Insurance Co.*, 274 Conn. 457, 464 (2005)(internal citation omitted). *See also Connecticut Indemnity Co. v. Perrotti,* 390 F. Supp.2d 158, 169 (D. Conn. 2005). Further the Connecticut Supreme Court has held that the duty to defend may also arise where an insurer knows or should know of certain facts which would require a defense beyond what is stated in the underlying claim.

>We agree with the New York Court of Appeals that we should not employ a "wooden application of the 'four corners of the complaint' rule [that] would render the duty to defend narrower than the duty to indemnify" and that "the sounder approach is to require the insurer to provide a defense when it has actual knowledge of facts establishing a reasonable possibility of coverage." After all, "the duty to defend derives from the insurer's contract with the insured, not from the complaint."

*Id.*, at 467, *quoting Fitzpatrick v. American Honda Motor Co.,* 78 N.Y.2d 61, 67, 575 N.E.2d 90, 571 N.Y.S.2d 672 (1991) *and Employers Ins. of Wausau v. Duplan Corp.,* 899 F.Supp. 1112,

1124 (S.D.N.Y.1995). Thus to analyze AIG's duty to defend, this Court must have before it, the underlying claims, the Policy, and all facts which were known to or should have been known by AIG "establishing a reasonable possibility of coverage."

AIG's statement of undisputed facts did not address any of these issues and certainly did not cover all the facts which were known to AIG establishing a reasonable possibility of coverage. Instead AIG tried to focus this Court on the issue of policy exclusions without focusing on the issue of the duty to defend. AIG all but ignored the factual record which contradicted the claim that the account at issue was discretionary. Further AIG ignored the facts relating to other aspects of the underlying Sowell claim that demonstrated that many of the claims were within the scope of the Policy for purposes of determining AIG's duty to defend. Specifically AIG ignores whole counts of the underlying claim which were not based on claims of a discretionary account, such as the claims based on negligence and the Ryan Plaintiffs' failure to supervise Gwynn. Finally AIG all but ignored the factual record concerning Plaintiffs claims of waiver and estopple with regard to the duty to defend. Accordingly it was incumbent upon the Ryan Plaintiffs to put forward the full factual record by which this Court may evaluate AIG's blatant breach of its defense duties in the underlying arbitration.

Moreover, even AIG's interpretation of its own policy is in doubt. AIG witnesses have contradicted the policy interpretations now submitted years after the fact by AIG's trial counsel. *See* The Ryan Plaintiffs' Rule 56(a)(2) Statement Section B at ¶ 98. For example, AIG argues that a churning allegation in the Sowell Claim triggered exclusion (s). AIG's corporate witnesses testified that for business purposes AIG often covers and defends claims relating to churning (*Id*. at ¶ 98). AIG never disclosed this contradiction in its own Rule 56 statement.

In deciding whether the language of the Policy should have afforded the Ryan Plaintiffs a defense, the Court needs to be privy to AIG's own conflicting testimony and conduct regarding the operation and language of the Policy.  This is not parole evidence about the formation of the insurance contract but rather is evidence of subsequent practice and how the Policy is applied by AIG itself.  *Travelers Indemnity Co. v. Scor Reinsurance Co*. 62 F.3d 74, 78 (2d Cir. 1995) citing *Gelb v. Automobile Ins. Co.,* 168 F.2d 774, 775 (2d Cir.1948)(parties may offer evidence of custom or practice to interpret the meaning of a term used in a contract).  For example, AIG now tries to argue that acts alleged in the underlying claim began before the retroactive date of the Policy.   It certainly should be relevant and material for this Court to know that AIG never asserted this exclusion as grounds to deny its duty to defend or to defeat coverage prior to amending its counterclaims in 2006.  Yet none of these facts are contained in AIG's statement of undisputed facts.  Such information certainly also goes to Plaintiffs' arguments that AIG has waived or is estopped from interpreting the Policy now in a way it did not in dealing with these Plaintiffs for the first several years of their relationship.  AIG's contradictory positions should be before this Court, so that the Court may properly decide whether there are genuine issues of material fact barring summary judgment.  The Ryan Plaintiffs had a right and responsibility to provide the Court with the entire picture.  In filing the Ryan Plaintiffs' Rule 56(a)2 Statement, they did just that.

Furthermore, AIG does not argue that the Ryan Plaintiffs Rule 56(a)2 Statement contains false information or inadmissible evidence.  No where in the motion to strike does AIG dispute any of the additional facts raised by the Ryan Plaintiffs.  Moreover, AIG does not assert that any of the additional facts raised by the Ryan Plaintiffs are inadmissible under the Federal Rules of Evidence.  Instead after two months of extensions of time, AIG moves to strike the additional

evidence presented by the Plaintiffs without citation to any controlling law. Indeed, in the Motion to Strike, AIG belatedly asks this Court for even more time to respond the Ryan Plaintiffs' Counter Statement of Material Facts Not In Dispute, if the motion to strike is denied. This Court has given AIG enough time. AIG could have both moved to strike the facts and at the same time disputed any facts it thought were not proper. AIG having failed to do so, this Court should deem all of the additional facts raised by the Plaintiffs to be undisputed by AIG.

> 2. The Ryan Plaintiffs' properly responded to AIG's Rule 56 Statement

The Ryan Plaintiffs' responses to AIG's Rule 56(a)1 Statement are proper and comply with Rule 56 and the Court should reject AIG's argument to the contrary. AIG's Rule 56 Statement contains 101 alleged undisputed material facts. Of those 101 statements, the Ryan Plaintiffs unequivocally admitted 84 of the factual statements made by AIG and only 17 statements were disputed in some way. Of those 17 statements, the Ryan Plaintiffs responses can be broken into 4 categories:

1. Two Statements that the Ryan Plaintiffs denied outright (nos. 76 and 97);
2. Ten Statements that the Ryan Plaintiffs admitted but denied relevance and admissibility (nos. 72-75 and 77-82);
3. Four Statements that the Ryan Plaintiffs admitted and added additional information (nos. 7, 10, 15 and 45); and
4. One Statement that the Ryan Plaintiffs were unable to admit or deny (no. 61).

Two Statements that the Ryan Plaintiffs denied out right (nos. 76 and 97)

11

The Ryan Plaintiffs denied these two statements outright (76 and 97) because they were not factual statements that can be offered as evidence. In no. 76 AIG claims that a certain chart submitted by Sowell's expert Charles Fath during the underlying arbitration "demonstrated to the Arbitration Panel the monthly and cumulative commissions that Gwynn had received…." This characterization of the chart and what it meant to the arbitration panel is pure speculation by AIG. There is no finding by the arbitrators to support this statement. Indeed, AIG only cites to the actual chart to support this speculative statement and offered no citation to any evidence as to what if anything the chart demonstrated to the arbitration panel. Further this report is an expert summary which was offered in the underlying arbitration but has not been offered by any expert witness in this case. Thus, the Ryan Plaintiffs rightly denied that this statement was an undisputed statement of fact. Evidence which would not be admissible cannot be used to meet a burden under Rule 56. *See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 924 (2d Cir.1985).

In no. 97, the Ryan Plaintiffs denied that AIG's statement that "Plaintiffs do not maintain that they were damaged by AIG's resumption of their defense and payment to vacate the Arbitration Award …." and cite to the Ryan Plaintiffs' and the Gwynn Plaintiffs' complaints as the supporting documentation. This statement is not an undisputed fact but rather is AIG's misinterpretation of the Plaintiffs' claims. The Ryan Plaintiffs disagree with this characterization of their claims and they should not have to provide a citation to counter AIG's misinterpretation. In any case since this is not a statement of a fact and the Ryan plaintiffs were right to simply deny it. There is nothing improper about the Ryan Plaintiffs' denials of these two statements.

<u>Ten Statements that the Ryan Plaintiffs admitted and</u>
<u>denied relevance and admissibility (nos. 72-75 and 77-82)</u>

The next statements at issue are the ones that the Ryan Plaintiffs admitted but then denied their relevance and admissibility (nos. 72-75 and 77-82). These statements deal exclusively with the testimony of Sowell's expert witness Charles Fath ("Fath") in the underlying arbitration. The Ryan Plaintiffs do not cite to specific citations in their responses because they do not deny that Fath so testified at the arbitration. Plaintiffs admit each statement as factually reflecting the testimony given by Fath in the underlying arbitration. The Ryan Plaintiffs have gone a step farther, however, and have put AIG and the Court on notice that the Ryan Plaintiffs dispute the relevance and admissibility of the testimony cited in AIG's Rule 56 Statement. In addition, in nos. 78 and 79 AIG misinterprets a certain chart that Fath prepared and used at the arbitration. Specifically, AIG states that Fath's chart allegedly shows certain commissions for a period of three (3) months. However, the chart indicates that the time period at issue is fifteen months not three months. Thus, the Ryan Plaintiffs merely put AIG on notice of this perceived misstatement and in doing so the Ryan Plaintiffs are using and in fact referenced AIG's attached exhibit. All of the responses to these ten statements are appropriate under the Federal Rules.

<u>Four Statements that the Ryan Plaintiffs admitted to and added</u>
<u>additional information (nos. 7, 10, 15 and 45)</u>

The information the Ryan Plaintiffs added in its responses to these statements (nos. 7, 10, 15 and 45) are supported by the Ryan Plaintiffs' Rule 56 (a)2 Statement which contains detailed citations and exhibits for the Court to consider. In fact, the majority of the Ryan Plaintiffs' responses challenge AIG's interpretation of the Policy rather than add factual information (see no. 10).

No. 7 of AIG's Rule 56 Statement states that "[a]t all times relevant hereto, Gwynn functioned as Merit's Registered Representative. EXHIBIT B, Ryan Complaint at ¶ 13, EXHIBIT C, Gwynn Complaint at ¶ 10." The Ryan Plaintiffs denied this statement but admitted that "[G]wynn was a registered representative of Merit, in many of the alleged dealings between Gwynn and Sowell Gwynn was not functioning as a registered representative of Merit." Thus the Ryan Plaintiffs admitted the bulk of the statement that Gwynn was a registered representative but dispute that he acted as such at all relevant times. AIG has itself failed to cite a factual basis for its statement. The Plaintiffs complaints are not a proper basis to establish a fact, especially since AIG used a time frame beyond what the Plaintiffs alleged. Thus while AIG references Paragraph 13 of the Ryan complaint for a claim that **"[a]t all times relevant hereto**, Gwynn functioned as Merit's Registered Representative", in fact the Ryan Plaintiffs had only alleged "Gwynn, acting as an independent contractor, **worked in part for Merit,** and in that role, Gwynn functioned as a Registered Representative of Merit primarily in the state of Arizona." Thus the very citation made by AIG fails to support its claimed undisputed fact.

Further, in section B of the Ryan Plaintiffs' Rule 56 (a)2 Statement, nos. 7 and 9, the Ryan Plaintiffs state, with citations, that Gwynn had done business with Sowell, including through Merit's brokerage accounts and *otherwise* (emphasis added). This demonstrates that Gwynn did not act as a Merit representative in every encounter with Sowell. Thus, the Ryan Plaintiffs' response to AIG's factual statement is fair in that they admitted Gwynn did act as a registered representative but is more complete since they deny that he did so "at all relevant" times".

No. 10 of AIG's Rule 56 Statement provides certain sections of the Declarations of the Policy. The Ryan Plaintiffs responded "admitted except to the extent endorsement 5 extended

the Policy period." Thus, the Ryan Plaintiffs point to endorsement 5 of the Policy, which AIG attached to its Rule 56 Statement, as the basis for their response. There was no other citation needed.

No. 15 of AIG's Rule 56 Statement states "[o]n or about May 1, 2002, Sowell filed an Amended Statement of Claim before the NASD naming Source Capital Group, Inc. ("Source") as an additional respondent. EXHIBIT B, Ryan Complaint ¶ 46, EXHIBIT C, Gwynn Complaint at ¶ 42. A true and correct copy of the Amended Statement of Claim is hereto attached as EXHIBIT E." The Ryan Plaintiffs responded "ADMITTED, but the Ryan Plaintiffs deny that Source was properly joined in the NASD proceeding commenced by Sowell." The Ryan Plaintiffs admitted AIG's statement and merely advised the Court of the undisputed fact that Source was never made a party to the underlying arbitration. Thus, there was no need for a factual citation.

Finally, as to no. 45 of AIG's Rule 56 Statement, the Ryan Plaintiffs admit that the letter referenced was sent, but dispute the characterization made by AIG that the letter "reiterated" a prior reservation of rights. Significantly AIG provides no citation to support this claimed fact that the January 22, 2002 letter "reiterated" any prior reservation of rights. The Ryan Plaintiffs deny that AIG previously notified Gwynn of any reservation of rights on its duty to defend. In Section B of the Ryan Plaintiff's Rule 56(a)2 Statement, no. 20, the Ryan Plaintiffs' state "AIG neglected to issue a reservation letter to the Gwynn Plaintiffs. Fitzpatrick Affidavit at §20." Accordingly the Ryan Plaintiff's response was appropriate.

<u>One Statement that the Ryan Plaintiffs were unable to admit or deny (no. 61)</u>

There is only one statement that the Ryan Plaintiffs' responded that they could not admit or deny (no. 61). This response was due to AIG's failure to cite to admissible evidence in support of that statement. In no. 61, AIG claimed that a certain letter confirmed a telephone conversation between AIG's coverage counsel and the Gwynn Plaintiffs' coverage counsel. AIG failed to submit any admissible evidence that the telephone conversation ever took place, or if it took place what was said in the conversation. While the letter itself can be offered and would be admitted by the Ryan Plaintiffs, AIG's efforts to have that letter speak for a telephone conversation which has not been proved is improper. AIG's statement is an unsupported characterization of events and is based on speculation or hearsay. Accordingly, the Ryan Plaintiffs stated that they could neither admit nor deny the statement. There is no requirement that the Ryan Plaintiffs cite to a factual statement to support its response when the statement itself is hearsay and made without a factual citation by AIG. *See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 924 (2d Cir.1985)(evidence to support Rules 56 motion must be admissible).

The above described responses comply with the Federal Rules. AIG's argument to the contrary is unsupported by the law and the facts.

B.  <u>A Motion to Strike Is An Inappropriate Vehicle to Challenge the Ryan Plaintiffs' Rule 56 Statement.</u>

Not only has AIG failed to cite any authority to support its wholesale motion to Strike the Ryan Plaintiffs Rule 56(a)2 Statement, it also fails to cite the authority from this District which questions whether a motion to strike is even a procedurally proper method to raise the issue Neither FRCP 56 or "[l]ocal Rule 56 (summary judgment) authorizes motions to strike nor

contemplates them as an appropriate remedy in a violation of the rule." *Santiago v. Owens-Illinois, Inc.,* 2006 WL 3098759 (D.Conn., *Arterton, J.*); *see also Dragon v. I.C. Systems, Inc.,* 2006 WL 3098760 (D. Conn *Arterton, J*); *Ricci v. Destefano,* 2006 WL 2666081 (D.Conn., *Arterton, J.*); *Lewis v. Town of Waterford,* 2006 WL 2192031 (D.Conn., *Smith, J.*).

Here AIG is not contending that the additional facts raised by the Plaintiffs are false or inadmissible. AIG had two months to raise such objections and failed to do so. Instead, AIG merely contends the Court cannot consider all the relevant and admissible facts in determining whether the Motion for Summary Judgment should be denied. Given the case law from this District criticizing the use of such motions to strike, AIG's motion to strike should be denied.

C. <u>AIG has filed its reply to the Ryan Plaintiffs' Opposition Memorandum. They should not be allowed to file another document in response to the Ryan Plaintiffs Rule 56 Statement.</u>

AIG's belatedly request even more time to respond to the Ryan Plaintiffs' Rule 56(a)2 statement, should the Motion to Strike be denied. The Court should deny that request. The Ryan Plaintiffs' filed their Rule 56(a)2 Statement on November 20, 2006 with their detailed affidavit and supporting documents in opposition to the Motion For Summary Judgment. The time to respond the additional facts raised by the Plaintiffs has long since passed. Moreover, AIG should have been aware of the case law from this District rejecting such motions to strike as a vehicle for disputing the facts raised by an opposing party under Rule 56. Mindful of such case law AIG could have filed both the motion to strike and a detailed response to the Ryan Plaintiffs Rule 56(a)2 Statement pointing out which if any of the facts raised by the Ryan Plaintiffs that AIG wanted to contest. Instead, AIG seeks to further delay this Court's consideration of the Summary Judgment Motion. Because AIG has failed to dispute any of the a counter facts raised

by the Ryan Plaintiffs, all of these facts should be deemed undisputed for purposes of the Court's consideration of AIG's Motion for Summary Judgment.

## **CONCLUSION**

Based on the foregoing, AIG's Motion to Strike should be denied and all of the facts in the Ryan Plaintiffs Counter Statement of Undisputed Facts in the Local Rule 56(a)2 Statement should be deemed undisputed.

**PLAINTIFFS, BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES INC.,**

By_____/S/ Peter M Nolin_____
        Peter M. Nolin (ct06223)
        Stephanie A. McLaughlin (ct22774)
        **Sandak Hennessey & Greco LLP**
        707 Summer Street
        Stamford, CT  06901
        (203) 425-4200
        (203) 325-8608 (fax)
        pnolin@shglaw.com
        smclaughlin@shglaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on January 12, 2007, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                              ____/s/ Peter M. Nolin_____
                                                      Peter M Nolin