## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC.<br>Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 00644 (CFD)<br>)<br>)<br>) |
| vs. | )<br>) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>Defendants | )<br>)<br>)<br>)<br>) |
| DAVID W. GWYNN and RAQUEL GWYNN<br>Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 01154 (CFD)<br>)<br>) |
| vs. | )<br>) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>Defendants | )<br>)<br>)<br>) FEBRUARY 28, 2007 |

## THE GWYNN PLAINTIFFS' OBJECTION TO THE DEFENDANTS' JANUARY 23, 2007 MOTION TO STRIKE PLAINTIFFS' RULE 56(a)(2) STATEMENTS OR ALTERNATIVELY FOR LEAVE TO FILE A RESPONSE TO PLAINTIFFS' STATEMENTS OF PURPORTEDLY UNDISPUTED MATERIAL FACTS

Plaintiffs David Gwynn and Raquel Gwynn ("the Gwynn plaintiffs") respectfully submit

this objection to the defendants' motion, dated January 23, 2007, to Strike their Rule 56 (a)(2)

Statements, or alternatively, for leave to file a response to plaintiffs' statements of undisputed

material facts ("defendants' Rule 56(a) motion" or "defendants' motion").

For the reasons more fully articulated herein, defendants' Rule 56(a) motion should be denied. First, it is procedurally improper, as defendants simultaneously filed their Reply to the Gwynn plaintiffs memorandum in opposition to defendants' summary judgment motion, and thus, defendants' summary judgment motion has been fully briefed. Second, it is nothing more than a transparent attempt to shield relevant and material facts from the court's eyes- facts which will clearly demonstrate why defendants' motion for summary judgment cannot succeed.[1]

## A.    Procedural History of Defendants' Summary Judgment Motion.

Defendants filed their summary judgment motion on August 17, 2006. That motion essentially contends that the court should grant summary judgment dismissing plaintiffs' claims on what defendants contend is the "clear and unambiguous" language of exclusion (s) of the policy at issue. They also rely on other exclusions which they claim justified the denial of coverage, and further contend that the law is clear that they cannot be found to have waived their right to rely on these exclusions.

Defendants' summary judgment motion included the requisite local Rule 56(a)(1) Statement ("statement"), which included 101 facts which defendants deem to be material, and to

---

[1]The so-called "Merit Plaintiffs" filed a Memorandum of Law in Opposition to defendants' motion on February 12, 2007. The Gwynn plaintiffs respectfully refer this Court to said memorandum in further support of their objection. Hereafter, "plaintiffs" will be used to refer to the Merit plaintiffs and the Gwynn plaintiffs collectively.

which they assert there can be no dispute.   While the defendants' statement cites the relevant

policy at great lengths, and also extensively cites the testimony of the claimant in the underlying

arbitration which gave rise to this lawsuit (Michael Sowell) and the testimony of and various

charts prepared by Sowell's retained expert (Charles "Chuck" Fath), it is almost completely silent

as to the voluminous discovery conducted in this case, both in the form of depositions and

document production.[2]

     The Gwynn plaintiffs, of course were required to respond to the defendants' summary

judgment motion.  In doing so, they were not required to adopt defendants' legal theories and

confine their objection to responding to those theories, but undisputably had the right to articulate

appropriate legal theories in opposition to defendants' contentions.  Thus, by way of example, the

Gwynn plaintiffs argued that defendants acted in bad faith; that the language of exclusion (s) was

not clear and unambiguous; and that, in any event, defendants had waived their right to make

such arguments, or alternatively, should be stopped from making such arguments.

     Understandably, defendants wanted the court to adjudicate the summary judgment motion

without reference to evidence of their bad faith.  Thus, their Rule 56 (a) statement contained no

facts relevant to these issues.  Accordingly, the Gwynn plaintiffs needed to set forth, with the

---

[2]The inclusion of this testimony of Sowell and Fath is indicative of the defendants' continued bad faith.  As they well know, that testimony was taken only after defendants retained counsel on the Gwynn plaintiff's behalf *halfway through the proceeding*, with the result that counsel missed half of the hearing, and could not possibly be well-prepared for the other half.  Further, defendants did nothing to retain the services of an expert to rebut Fath's testimony.

requisite support from the record, those facts in support of plaintiffs' legal contentions which the court needed in order to adjudicate the summary judgment motion. As Fed. R. Civ. P. 56 (e) expressly provides, "[a]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, *but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth facts showing that there is a genuine issue for trial*" (emphasis supplied).

Thus, the Gwynn plaintiffs filed their Memorandum in Opposition to the summary judgment motion on November 20, 2006. Plaintiff's Memorandum was accompanied by the requisite Rule 56(a)(2) statement, which contained three different sections:

a) The Gwynn Plaintiffs' Response to the Defendants' Rule 56 (a)(1) Statement of Undisputed Material Facts;

b) The Gwynn Plaintiffs' Statement of Undisputed Material Facts; and

c) Disputed Issues of Material Fact.

Thereafter, defendants' counsel requested a number of extensions of time to respond to plaintiffs' memoranda in opposition to defendants' summary judgment motion. Plaintiffs' counsel readily consented to each such extension. At no time did defendants' counsel indicate that they found the Gwynn plaintiffs' Rule 56(a)(2) statement objectionable, or contrary to the local rules. Indeed, there was absolutely no discussion at all about the Rule 56 (a)(2) statements.

Defendants filed a single reply memorandum to the plaintiffs' respective memoranda on

January 23, 2007.  On the same date, they also filed the instant motion Rule 56(a)(1) motion.

**B.**    **Defendants Cite to No Legal Support for This Motion, or Alternatively, Should Be Deemed to Have Waived Their Right to Make This Motion.**

After having received the plaintiffs' Rule 56(a)(2) Statement, defendants had several different ways to proceed.  If they found fault with plaintiffs' Statements, as they now claim, they should have addressed their concerns in discussions with plaintiffs' counsel concerning the summary judgment motion. Another option would have been to file the instant motion *prior* to replying to the plaintiffs' memoranda in opposition to the summary judgment motion. Alternatively, defendants could have filed their reply memorandum, which they did.  However, there is no procedural or legal mechanism authorizing the course they chose here, namely, to reply to plaintiffs' memoranda while simultaneously moving to strike the Rule 56(a)(2) statements.

By replying to plaintiffs' memoranda, defendants chose to attempt to persuade this court that plaintiffs' opposition to the summary judgment motion was not well-founded, and should be given little consideration by the court.  In doing so, they gave little or no attention to the opposing facts the plaintiffs submitted in their respective Rule 56 (a)(2) statements.  Basically, the defendants' Reply is to assert that their position is correct, as a matter of law, and that there is nothing in the plaintiffs' opposing memoranda to require a contrary result.

At the same time, they have objected to the plaintiffs' Rule 56(a)(2) Statements, and now

5

want to move to strike them.  This is the equivalent of defendants answering a Complaint while simultaneously moving to strike the complaint.  It simply makes no sense.

What is apparent is that defendants have chosen a course which, if successful, would deprive plaintiffs of the opportunity to present their version of relevant facts to the court. Defendants want the court to consider *its* version of relevant facts and *its* version of the caselaw while precluding plaintiffs from presenting its own legal theories, and more importantly, the relevant facts which are not only needed for the court to consider defendants' arguments, but also needed to consider plaintiffs' counter-arguments.  In other words, they want the court to ignore the extensive factual record developed through discovery in this case in deciding a motion which is by its nature fact-driven.

This court should not countenance this tactic, however.  Defendants have presented no legal support for their strategy of replying to plaintiffs' memoranda in opposition, while simultaneously moving to strike the factual support for that opposition.  Indeed, plaintiffs' memoranda make no sense absent the factual support asserted to prove their legal claims. Moreover, Fed. R. Civ. P. 56(e) *requires* plaintiffs to "set forth specific facts showing there is a genuine issue for trial."  The Gwynn plaintiffs' Rule 56(a)(2) statement conforms to this requirement.

Accordingly, defendants' Motion should be denied.

**C.      The Gwynn Plaintiffs' Rule 56(a)(2) Statement is Appropriate, and Consistent with the Requirements of Both the Local Rule and Fed. R. Civ. P. 56 (e).**

Defendants find fault with all three parts of the Gwynn plaintiffs' Rule 56(a)(2) Statement.  Their objections are not well-founded, however, and do not serve as a valid legal basis to strike the statement, as defendants wish.

**1. The Gwynn Plaintiffs' Response to Defendants' Rule 56(a)(1) Statement of Undisputed Material Facts.**

The Gwynn plaintiffs are not certain what the legal basis for this objection is. Apparently, defendants assert that plaintiffs relied on "its own *unauthorized* statement of purportedly *undisputed* material facts,"rather than "evidence that would be admissible at trial," defendants' motion at 4 (emphasis in original).

This argument is not only frivolous, it ignores the Gwynn plaintiff's actual responses to defendants' Rule 56 (a)(1) Statement.  Defendants asserted 101 purportedly undisputed material facts.  The Gwynn Plaintiffs objected to a total of 17 of these allegations.

Six of the objections (Nos. 10, 45, 62, 94, 99, and 101) do indeed set out, as required by the rule, "evidence that would be admissible at trial" in denying the purported facts.  Local Rule 56(a)(3).  Defendants, however, would stretch this Rule to prohibit the Gwynn plaintiffs from asserting evidence from discovery, which defendants chose to ignore, in denying their purported undisputed allegations of fact.  There is no legal support for this interpretation of the Rule.

7

Ten of the objections (Nos. 73-76, and 79-84) *admit* the allegations, but simply point out to the court that they are based on evidence that would not be admissible at trial, namely, the testimony and documents presented by Sowell and Fath. This, too, is perfectly appropriate, as Local Rule 56(a)(3) requires that a moving party's statement of undisputed material facts must be supported by specific citations to evidence that would be admissible at trial.

The Gwynn plaintiffs concede that they provided no basis for their denial to number 78. However, this oversight is not grounds for striking their Rule 56 Statement.

**2. The Gwynn Plaintiffs' Statement of Undisputed Material Facts.**

Defendants are incorrect in asserting that Rule 56(a)(2) does not specifically authorize a party, in opposing a motion for summary judgment, to submit what it purports to be undisputed material facts in its Rule 56 (a)(2) Statement. They are also incorrect when they continue that "[i]n order to properly submit their own statement of *undisputed* material facts, Plaintiffs would have had to move for summary judgment themselves, which they did not do." Defendants' motion at p. 4 (emphasis in original). Defendants offer no legal support for this strained interpretation of the rules concerning summary judgment motions. The Court should thus give little consideration to this argument.

Rule 56(a)(2) specifically states that "[e]ach statement of material fact by a movant in a Local Rule 56(a)(1) Statement *or by an opponent in a Local Rule 56(a)(2) Statement,* and each

8

denial in an opponent's Local Rule 56(a)(2) Statement" must be accompanied by an affidavit or evidence that would be admissible at trial (emphasis supplied).  In other words, the Local Rule specifically contemplates that the opposing party would not only submit a Rule 56(a)(2) Statement which denies the moving party's allegations of undisputed material facts, but would submit its own statement of material facts.  Thus, the Local Rule is entirely consistent with Fed. R. Civ. P. 56(e) which mandates that the adverse party's response "must set forth specific facts showing that there is a genuine issue for trial."

Accordingly, a party opposing a summary judgment motion is required to submit those facts, supported by the record, which support the opposing party's objection.  Further, Local Rule 56(a)(2) specifically authorizes the opposing party to submit its own statement of material facts.

The defendants' argument, carried to its logical conclusion, is that the Gwynn plaintiffs are permitted only to respond to their statement of undisputed material facts without submitting their own.  Such a conclusion is not only ridiculous, it is contrary to the relevant rules regarding summary judgment motions.

Of course, it is easy to understand why the defendants would want to shield the facts adduced during discovery from the court's eyes.  These facts, as articulated in the Gwynn plaintiffs' Rule 56 (a)(2) Statement, as well as their Memorandum in opposition to defendants' motion for summary judgment, not only provides the requisite factual basis for denying the motion, it sets forth the defendants' concerted pattern of bad faith which gave rise to this lawsuit.

9

Accordingly, defendants' motion should be denied.

### 3. Disputed Issues of Material Fact.

Finally, the Gwynn Plaintiffs' Rule 56(a)(2) Statement contained 14 issues of what they assert to be disputed issues of material fact. Significantly, defendants do not disagree that these 14 issues are, in fact, in dispute.[3]

The legal basis for defendants' contention in this regard is an improper reading of Local Rule 56(a)(2). Defendants claim that plaintiffs' contentions concerning disputed issues of material facts must be followed by a specific citation to an affidavit or other competent evidence. Defendants' motion at 2-3.

This is incorrect, however. Local Rule 56(a)(3) is very clear that such citations to the record are only required in an opposing party's Rule 56(a)(2) Statement with respect to its contended denials of the moving party's statement of material facts, as well as its own statement of material facts. "Disputed Issues of Material Fact" do not fall into either category. Again, defendants' motion should be denied.

---

[3]By way of example, defendants have requested alternative relief in permitting them leave to "respond to Plaintiffs' statements of undisputed facts," defendants' motion at 5, but have not requested leave to respond to the Gwynn Plaintiffs' disputed issues of material fact.

**PLAINTIFFS, DAVID GWYNN and
RAQUEL GWYNN**

By_____

Mario DiNatale (ct 12449)
Silver Golub & Teitell, LLP
184 Atlantic Street
Stamford, CT 06904
(203) 325-4491
(203) 325-3769 (Fax)
mdinatale@sgtlaw.com

11

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2007, a copy of foregoing **Objection to the Defendants' January 23, 2007 Motion to Strike Plaintiffs' Rule 56(a)(2) Statements or Alternatively for Leave to File a Response to Plaintiffs' Statements of Purportedly Undisputed Material Facts** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

MARIO DINATALE (ct 12449)
SILVER GOLUB & TEITELL LLP
184 Atlantic Street
P. O. Box 389
Stamford, CT 06904
Telephone:  203-325-4491
Fax: 203-325-3769
E-mail:  mdinatale@sgtlaw.com

12