IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL ) <br> WILLIAM NEWTON, ROBERT FITZPATRICK, ) <br> and MERIT CAPITAL ASSOCIATES, INC., ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA, and ) <br> AIG TECHNICAL SERVICES, INC., ) <br>     Defendants. ) <br> ) | CIVIL ACTION NO. <br> 3:03CV00644(CFD) |
| DAVID W. GWYNN and RAQUEL GWYNN ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA, and ) <br> AIG TECHNICAL SERVICES, INC., ) <br>     Defendants. ) <br> ) | CIVIL ACTION NO. <br> 3:03CV01154(CFD) <br> <br> <br> MARCH 26, 2007 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFFS' RULE 56(a)(2) STATEMENTS OR, ALTERNATIVELY, FOR LEAVE TO FILE A RESPONSE TO PLAINTIFFS' STATEMENTS OF PURPORTEDLY UNDISPUTED MATERIAL FACTS CONTAINED THEREIN, AND INCORPORATED MEMORANDUM OF LAW**

Defendants, National Union Fire Insurance Company of Pittsburgh, PA and AIG Technical Services, Inc., now known as AIG Domestic Claims, Inc. (collectively, "Defendants"), through the undersigned counsel, hereby file this *Reply* in support of their *Motion to Strike Plaintiffs' Rule 56(a)(2) Statements, or, Alternatively, For Leave to File a Response to Plaintiffs' Statements of Purportedly Undisputed Material Facts Contained Therein* ("Motion to Strike").

Argument

In their objections to Defendants' Motion to Strike, both the Ryan Plaintiffs and the Gwynn Plaintiffs (collectively, "Plaintiffs") continue to misread the clear language of Local Rule

56(a), and miscomprehend the interplay between the three subparts of the rule. The first subpart requires the *movant* of a summary judgment motion to file a "Local Rule 56(a)1 Statement" setting forth *undisputed* material facts. The second subpart requires the *opponent* to file a "Local Rule 56(a)2 Statement" that: (i) admits or denies each of the facts asserted by the movant; and (ii) includes a separate section entitled "*Disputed* Issues of Material Fact." Thus, a "Local Rule 56(a)**1** Statement" refers to a statement of *undisputed* material facts, while a "Local Rule 56(a)**2** Statement" includes a statement of *disputed* material facts.

The third subpart of the rule instructs the movant to support, by citation or evidence, its Local Rule 56(a)1 Statement of undisputed facts. It instructs the *opponent* to support, by citation or evidence: (i) its Local Rule 56(a)2 Statement of *Disputed* Facts, as well as (ii) each denial of the movant's Local Rule 56(a)1 Statement of undisputed facts. Nowhere does Local Rule 56(a) instruct or allow the *opponent* of a summary judgment motion to file a statement of its own version of undisputed material facts.

Despite Plaintiffs' complaints, the rule as written makes infinite sense. If the opponent of a summary judgment motion cannot dispute the material facts asserted by the movant, and cannot counter the movant's application of existing law to those facts, then summary judgment can and should be entered in favor of the movant. The *opponent's* version of *undisputed* material facts is simply irrelevant to the summary judgment inquiry.

For example, Plaintiffs contend that their version of the undisputed facts is necessary to show that AIG, by its conduct, waived the policy's exclusionary provisions or should be estopped from relying on such exclusions. However, Defendants' summary judgment motion is grounded on the argument that *as a matter of law*, coverage that is excluded under the policy *cannot* be created through waiver or estoppel. In its briefs supporting summary judgment, Defendants rely on <u>Heyman Assocs No. 1 v. Ins. Co. of the State of Pennsylvania</u>, 231 Conn.

756, 777, 653 A.2d 122, 134 (1995) ("a party cannot create through waiver coverage for a claim that the parties expressly had excluded from that contract") and Masonicare Corp. v. Marsh USA, Inc., No. CV 030821900S, 2005 WL 941412, at *1-2 (Conn. Super. Mar. 16, 2005) ("under no conditions can the coverage or restrictions on coverage be extended by waiver and estoppel").  If the Court agrees with Defendants' reliance on such case law, then Plaintiffs' complaints about AIG's alleged conduct are irrelevant.

Plaintiffs also argue that their proffered evidence is necessary to show how AIG's own representatives and attorneys interpreted exclusion "s".  However, as AIG argued in its reply in support of summary judgment, such evidence is irrelevant unless the language of the policy is ambiguous.  Plaintiffs did not argue in their oppositions to summary judgment that exclusion "s" is ambiguous -- nor could they reasonably do so, since the exclusion is set forth in plain and simple English:

> The insurer shall not be liable for Loss in connection with any Claim made against an Insured: . . . s) alleging, arising out of, based upon or attributable to an Insured exercising discretionary authority or control.

In the face of this unambiguous language, Plaintiffs' allegations regarding AIG's interpretation of the policy are, again, irrelevant.

The Ryan Plaintiffs admit that they did not include, as required, a list of each disputed material fact (Ryan's Memorandum, p.5).  They argue, however, that they substantially complied with the rules by providing their own statement of purportedly undisputed facts.  However, this would turn the summary judgment procedure on its head because the movant would be required to dispute the opponent's statement of undisputed facts, rather than the other way round.

Plaintiffs take the position that it was not procedurally proper for Defendants to file their reply in support of summary judgment while contemporaneously moving to strike Plaintiffs' Rule 56(a) Statements.  However, there is nothing in Rule 56(a) that either permits, allows, or

requires the summary judgment *movant* to respond to the opponent's Rule 56(a)2 Statement.  If Plaintiffs had complied with the rules, and had not submitted their own version of undisputed facts, Defendants would have had merely to file their Reply.[1]

Plaintiffs' contention that (i) their consent to an extension of time to respond to their oppositions to summary judgment did not encompass the Rule 56(a) Statements, and (ii) Defendants' motion to strike their Rule 56(a) Statements was untimely, is a specious argument. Plaintiffs served numerous requests for extension to file their oppositions, beginning in August 2006, and did not serve their oppositions until November 2006.  Yet, in such motions for extension, Plaintiffs never requested extensions to serve their Rule 56(a) Statements.  Under Plaintiffs' logic, such statements would be untimely.

## Conclusion

For the foregoing reasons, and as set forth in Defendants' Motion to Strike, the Court should enter an order striking Plaintiffs' Rule 56(a)2 Statements, or, alternatively, authorize Defendants to respond to Plaintiffs' statements of undisputed facts.

---

[1] The Ryan Plaintiffs take their position to even more absurd lengths by arguing that because Defendants moved to strike their unauthorized statement without contemporaneously responding to it, this Court should deem all of Plaintiffs' facts as undisputed. (Ryan's Opposition, p.11).

- 5 -

Respectfully submitted,

DEFENDANTS/COUNTERPLAINTIFFS
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.
and AIG TECHNICAL SERVICES, INC.

BY THEIR ATTORNEYS,
Edwards Angell Palmer & Dodge LLP


By: /s/ David S. Samuels
    Mark B. Seiger
    Fed. Bar No. ct05580
    David S. Samuels
    Fed. Bar No. ct24460
    90 State House Square
    Hartford, CT  06103-2715
    Tel:  (860) 525-5065
    Fax: (860) 527-4198
    Email: mseiger@eapdlaw.com,
    dsamuels@eapdlaw.com

    John D. Hughes
    BBO # 243660
    111 Huntington Ave
    Boston, MA 02199
    Tel:  (617) 439-4444
    Fax:  (617) 439-4170
    Email: jhughes@eapdlaw.com

    Donna M. Greenspan
    Florida Bar No.: 059110
    One North Clematis Street
    Suite 400
    West Palm Beach, FL  33401
    Tel: (561) 833-7700
    Fax:   (561) 655-8719
    Email: dgreenspan@eapdlaw.com

CERTIFICATION

      I hereby certify that on March 26, 2007, the foregoing *Defendants' Reply in Support of Their Motion to Strike Plaintiffs' Rule 56(a)(2) Statements or, Alternatively, For Leave to File a Response To Plaintiffs' Statements of Purportedly Undisputed Material Facts Contained Therein, and Incorporated Memorandum of Law,* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

      /s/ David S. Samuels
      David S. Samuels