UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL ) <br> WILLIAM NEWTON, ROBERT FITZPATRICK, ) <br> and MERIT CAPITAL ASSOCIATES, INC., ) <br>         Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA., and ) <br> AIG TECHNICAL SERVICES, INC., ) <br>         Defendants. ) | CIVIL ACTION NO. <br> 3:03CV00644(CFD) |
| DAVID W. GWYNN and RAQUEL GWYNN ) <br>         Plaintiffs, ) <br> v. ) <br> ) <br> NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURGH, PA., and ) <br> AIG TECHNICAL SERVICES, INC., ) <br>        Defendants. ) | CIVIL ACTION NO. <br> 3:03CV01154(CFD) <br><br> MAY 18, 2007 |

### DEFENDANTS' RULE 72 OBJECTIONS TO MAGISTRATE'S RULING ON DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' RULE 56(a)(2) STATEMENTS

Defendants, National Union Fire Insurance Company of Pittsburgh, PA. and AIG Technical Services, Inc., now known as AIG Domestic Claims, Inc. (collectively, "AIG" or "Defendants"), pursuant to Federal Rule of Civil Procedure 72, hereby object to the Magistrate's Ruling on Defendants' Motion to Strike Plaintiffs' Rule 56(a)(2) Statements ("Ruling").

In his Ruling, the Magistrate states: "Nothing in Local Rule 56 precludes the submission of a statement of undisputed material facts as part of a party's Rule 56(a)(2) Statement." This is clearly erroneous. The Rule 56(a)(2) Statement, filed by the party opposing summary judgment, has two components: (1) a statement denying or admitting the facts asserted by the moving

party, with each denial followed by a specific citation to the affidavit of a witness competent to testify at trial or to evidence that would be admissible in trial; and (2) a separate section entitled "Disputed Issues of Material Fact," setting forth each issue of material fact as to which it is contended there is a genuine issue to be tried.  DeRossi v. National Loss Management, 328 F. Supp. 2d 283, 285 n.1 (D. Conn. 2004).  Significantly, Local Rule 56(a) does not *require* or *authorize* the opponent of a summary judgment motion to file the opponent's own statement of undisputed material facts, as Plaintiffs did here.[1]

---

[1] Local Rule 56(a) states:

1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule 56(a)1 Statement," which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried.  All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.

2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 and corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied.  The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

3. Each statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e). The "specific citation" obligation of this Local Rule requires counsel and pro se parties to cite to specific paragraphs when citing affidavits or responses to discovery requests and to cite to specific pages when citing to deposition or other transcripts or to documents longer than a single page in length. Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming certain facts that are supported by the evidence admitted in accordance

"The Local Rule 56(a) Statement requirement was adopted to supplement the summary judgment briefing and to focus on which issues the parties dispute and which are uncontested." Ricci v. Destefano, 2006 WL 2666081, *2 (D. Conn. 2006). "The purpose of [Local] Rule 56 is to aid the court, by directing it to the material facts that the ***movant*** claims are ***undisputed*** and that the party ***opposing*** the motion claims are ***disputed***." S.E.C. v. Global Telecom Services, L.L.C., 325 F.Supp.2d 94, 108 (D. Conn. 2004) (emphasis supplied). Here, the Magistrate has allowed Plaintiffs to muddy the briefing and cloud the issues by directing the court to material facts that the parties ***opposing*** the motion claim are ***undisputed.***.

In its Ruling, the Magistrate states that Defendants "may respond" to Plaintiffs' statements of allegedly undisputed material facts. *But what is the result if Defendants do not choose to respond*? Local Rule 56(a)1 provides: "All material facts set forth in such statement will be deemed admitted unless controverted by the statement required to be filed and served by the ***opposing party*** in accordance with Local Rule 56(a)2." (emphasis supplied). However, this provision does not apply to Defendants, the summary judgment ***movants***, because the "opposing party" clearly refers to Plaintiffs. See Moazed v. First Union Mortg. Corp., 319 F. Supp. 2d 268, *270 (D. Conn. 2004). Thus, by allowing Plaintiffs' procedurally deficient Rule 56(a) Statements to stand, the Magistrate has created a procedural quagmire.

WHEREFORE, Defendants respectfully request that the Court enter an order striking Plaintiffs' Rule 56(a)2 Statements, and awarding summary judgment in favor of AIG on each of

---

with Rule 56(a)1or in the Court imposing sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment, and, when the opponent fails to comply, an order granting the motion if the undisputed facts show that the movant is entitled to judgment as a matter of law.

D. Conn. L. Civ. R. 56(a) (emphasis supplied).

- 4 -

Plaintiffs' claims, and for such and further relief as the Court deems equitable under the circumstances.

        Respectfully Submitted,

        DEFENDANTS/COUNTERPLAINTIFFS
        NATIONAL UNION FIRE INSURANCE
        COMPANY OF PITTSBURGH, PA.
        and AIG TECHNICAL SERVICES, INC.

        BY THEIR ATTORNEYS,
        Edwards Angell Palmer & Dodge LLP


By:_____/s/ David S. Samuels_____
    Mark B. Seiger
    Fed. Bar No. ct05580
    David S. Samuels
    Fed. Bar No. ct24460
    90 State House Square
    Hartford, CT  06103-2715
    Tel:  (860) 525-5065
    Fax: (860) 527-4198
    Email:  mseiger@eapdlaw.com

    John D. Hughes
    BBO # 243660
    101 Federal Street
    Boston, MA 02110
    Tel:  (617) 439-4444
    Fax:  (617) 439-4170
    Email: jhughes@eapdlaw.com

    Donna M. Greenspan
    Florida Bar No.: 059110
    One North Clematis Street
    Suite 400
    West Palm Beach, FL  33401
    Tel: (561) 833-7700
    Fax:   (561) 655-8719
    Email:  dgreenspan@eapdlaw.com

- 5 -

## **CERTIFICATION**

  I hereby certify that on May 18, 2007, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                /s/ David S. Samuels
                David S. Samuels