UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., <br>      Plaintiffs, <br><br>v. <br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br>      Defendants. | CIVIL ACTION NO. <br>3:03CV00644(CFD) |
| DAVID W. GWYNN and RAQUEL GWYNN <br>      Plaintiffs, <br>v. <br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., <br>      Defendants. | CIVIL ACTION NO. <br>3:03CV01154(CFD) <br><br><br><br>MAY 18, 2007 |

**DEFENDANTS' RULE 72 OBJECTIONS TO MAGISTRATE'S RULING ON DEFENDANTS' MOTION TO DETERMINE THE SUFFICIENCY OF PLAINTIFFS' ANSWERS TO DEFENDANTS' REQUEST FOR ADMISSIONS, AND TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION**

Defendants, National Union Fire Insurance Company of Pittsburgh, PA. and AIG Technical Services, Inc., now known as AIG Domestic Claims, Inc. (collectively, "AIG"), pursuant to Federal Rule of Civil Procedure 72, hereby object to the Magistrate's Ruling on Defendants' Motion to Determine the Sufficiency of Plaintiffs' Answers to Defendants' Request for Admissions, and to Compel Answers to Interrogatories and Production ("Ruling"), and in support thereof state as follows:

## The "FACTS" Section of the Ruling is Clearly Erroneous

In the "Facts" section of the Ruling, p.3, the Magistrate states that "AIG did not pay defense counsel or authorize defense counsel to appeal the award." This statement is clearly erroneous.

In a letter dated March 24, 2003, AIG's then-counsel, Jeffrey A. King, advised Plaintiffs' counsel (including the Ryan Plaintiffs' current counsel, Peter Nolin), that AIG had authorized the appeal. *See* "Exhibit A" annexed hereto for a copy of the March 24, 2003 letter. In fact, the Ryan Plaintiffs specifically acknowledged that AIG had authorized the appeal in their "Local Rule 56(a)(2) Statement," ¶ 82, wherein they stated: "On March 24, 2003, Attorney King on AIG's behalf authorized Federman and Polomski to appeal the award . . ." *See* "Exhibit B" annexed hereto for Local Rule 56(a)(2) Statement excerpt. Contrary to the Magistrate's statement of purported "Fact," AIG did pay defense counsel, as the Ryan Plaintiffs acknowledged in their Local Rule 56(a)(2) Statement," ¶ 91.

Also in the "Facts" section, p.3, the Magistrate erroneously states the substance of AIG's position as follows:

> AIG claims that its decisions to insure and defend the Ryan plaintiffs in 2001 were induced by fraud, as were its decisions to resume the defense of the Ryan plaintiffs and the Gwynn plaintiffs in January 2003 and its decision to pay Sowell in August 2003.

The foregoing clearly is <u>not</u> AIG's position. The substance of AIG's defense and counterclaims is that (1) the subject Policy, *on its face*, excluded coverage for the claims asserted in the underlying arbitration; and (2) Plaintiffs' wrongful conduct, established in fact by the arbitration panel, triggered the exclusionary provisions of the Policy, precluding indemnification. In its second amended counterclaims, AIG alleges one count for declaratory judgment, and another for

unjust enrichment, *not* fraud. The Magistrate's statement that AIG's claims its decisions were "induced by fraud" is clearly erroneous.

### The Statements in the Ruling's "Alleged Deficiency" Sections #3, #5, and #6" Are Clearly Erroneous

In the Ruling's "Alleged Deficiency #3" Section, the Magistrate denigrates the chart supplied by AIG as "not particularly helpful," because, according to the Magistrate, it "merely paraphrases the requests and the responses." The Magistrate's view that the chart "merely paraphrases" AIG's requests for admissions and Plaintiffs' responses is clearly erroneous and perplexing. *The only words deleted from the actual requests and admissions were prefatory phrases such as "Admit that" or "The Ryan (or Gwynn) Plaintiffs admit that . . ." Otherwise, the chart contained the <u>verbatim</u> requests and responses.*

For example, the actual Request for Admission No. 26 and Plaintiffs' responses thereto included the introductory phrases that follow below in bold:

| Request No. | Defendants' Requests for Admissions | Plaintiffs' "Admissions" |
|---|---|---|
| 26 | **ADMIT THAT** the allegations of the Sowell Claims alleged that Gwynn's Wrongful Acts commenced in 1998 | **THE RYAN [/GWYNN] PLAINTIFFS ADMIT THAT** the Sowell Claims made numerous allegations against Gwynn regarding alleged conduct that commenced in 1998" |

The chart provided by AIG showed the request and associated response *verbatim*, except that for purposes of brevity and ease of analysis, the introductory phrases shown above in bold were eliminated. Thus, the chart reflected Request No. 26 and Plaintiffs' response thereto as:

| Request No. | Defendants' Requests for Admissions | Plaintiffs' "Admissions" |
|---|---|---|
| 26 | The allegations of the Sowell Claims alleged that Gwynn's Wrongful Acts commenced in 1998 | The Sowell Claims made numerous allegations against Gwynn regarding alleged conduct that commenced in 1998 |

The Magistrate found Plaintiffs' responses to be "adequate and [to] fairly meet the substance of the requests." Ruling, p. 6. According to the Magistrate, Plaintiffs were within their rights to fail to admit or deny AIG's Requests *as actually made by AIG*. *See* Alleged Deficiency Sections #3, #5, and #6. This is clearly erroneous and ignores the Second Circuit precedent cited by AIG in its motion that "[s]anctions should be imposed . . . for the failure to admit specific requests *as actually made*." Apex Oil Co. v. Belcher Co., 855 F.2d 1009, 1017 (2d Cir. 1988) (emphasis added).

The Magistrate found that AIG demanded an unreasonable "exactitude" in its requests for admissions. Ruling, p.8-9. Surely, AIG is entitled to know whether Plaintiffs admit or deny that Sowell's Statement of Claim and Amended Statement of Claim constituted a "Claim" of "Wrongful Acts" as those terms are defined by the Policy. *If not, then Plaintiffs would have had no basis in the first instance to tender Sowell's Claims for coverage under the Policy.*

For the foregoing reasons, AIG requests that the Court reverse the Ruling and compel better answers to its requests for admissions, and compel answers to interrogatories and production.

- 5 -

        Respectfully Submitted,

        DEFENDANTS/COUNTERPLAINTIFFS
        NATIONAL UNION FIRE INSURANCE
        COMPANY OF PITTSBURGH, PA.
        and AIG TECHNICAL SERVICES, INC.

        BY THEIR ATTORNEYS,
        Edwards Angell Palmer & Dodge LLP


        By:  /s/ David S. Samuels
           Mark B. Seiger
           Fed. Bar No. ct05580
           David S. Samuels
           Fed. Bar No. ct 24460
           90 State House Square
           Hartford, CT  06103-2715
           Tel:  (860) 525-5065
           Fax: (860) 527-4198
           Email:  mseiger@eapdlaw.com

           John D. Hughes
           BBO # 243660
           101 Federal Street
           Boston, MA 02110
           Tel:  (617) 439-4444
           Fax:  (617) 439-4170
           Email: jhughes@eapdlaw.com

           Donna M. Greenspan
           Florida Bar No.: 059110
           One North Clematis Street
           Suite 400
           West Palm Beach, FL  33401
           Tel: (561) 833-7700
           Fax:   (561) 655-8719
           Email:  dgreenspan@eapdlaw.com

- 6 -

## CERTIFICATION

      I hereby certify that on May 18, 2007, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                          /s/ David S. Samuels
                                          David S. Samuels

PMB_328855_2.DOC/DGREENSPAN