# Exhibit Y

## FACSIMILE COVER SHEET

# BERK & MOSKOWITZ
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

TELEPHONE: 480.607.7900  
FACSIMILE: 480.607.7300

FIRM@BERKMOSKOWITZ.COM  
WWW.BERKMOSKOWITZ.COM

December 18, 2002

PLEASE DELIVER TO:

| NAME | COMPANY | FAX NUMBER |
|---|---|---|
| John Nicgorski |  | (602) 240-6600 |

REGARDING: Sowell v. Gwynn et al.

FROM: Frank W. Moskowitz

PAGES: 11 including cover.

COMMENTS: Attached please find the following bates numbered documents:

1. G00120
2. M000008
3. G00117
4. G00131 - G00132
5. S000206 - S000208
6. G00118 - G00119



EXHIBIT  
Moskowitz 281  
9-21-06

### WARNING

THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY CLIENT PRIVILEGED AND CONFIDENTIAL. THIS INFORMATION IS INTENDED ONLY FOR THE RECIPIENT(S) IDENTIFIED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE DO NOT MAKE ANY COPIES OF IT, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE, AND RETURN THE ORIGINAL OF ALL PAGES RECEIVED TO THE ADDRESS SET FORTH ABOVE VIA U.S. MAIL. THANK YOU FOR YOUR ASSISTANCE.

5665 NORTH SCOTTSDALE ROAD · SUITE F-100 · SCOTTSDALE, ARIZONA 85250

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME : 12/18/2002 13:04
                                    NAME : BERK MOSKOWITZ
                                    FAX  : 4806077300
                                    TEL  : 4806077900
```

```
DATE,TIME            12/18 12:58
FAX NO./NAME         6022406600
DURATION             00:05:29
PAGE(S)              11
RESULT               OK
MODE                 STANDARD
                     ECM
```

## FACSIMILE COVER SHEET

# BERK & MOSKOWITZ

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

TELEPHONE: 480.607.7900                FIRM@BERKMOSKOWITZ.COM
FACSIMILE: 480.607.7300                WWW.BERKMOSKOWITZ.COM

December 18, 2002

PLEASE DELIVER TO:

| NAME | COMPANY | FAX NUMBER |
|------|---------|------------|
| John Nicgorski | | (602) 240-6600 |

REGARDING:   Sowell v. Gwynn et al.

FROM:   Frank W. Moskowitz

PAGES: 11 including cover.

COMMENTS: Attached please find the following bates numbered documents:

1. G00120
2. M000008

Power of Attorney

| Branch | Account No. | C | AE | Doc. ID |
|---|---|---|---|---|
| LFM | 000053 | | AS | 51 |

Know all Men by these Presents. That the undersigned __Michael A Sowell__ of __2512 E Goronita Circle Chandler, AZ__ has made, constituted and appointed, and by these presents does make, constitute and appoint: __DAVID W. GWYNN, CFP__ whose address is __7373 E Doubletree Ranch Rd #700__ the true and lawful attorney of the undersigned for and in the name, place and stead of the undersigned, to operate and conduct the account of the undersigned with __Merit Capital Assoc Inc__, (hereinafter referred to as Broker), as said corporation now is or at any time hereafter may be constituted, and at any offices of said corporation, and in conjunction therewith, to give and place any and all orders including (but not exclusively) orders to purchase and/or sell (including short sales) and/or exchange and/or trade in, and/or assign, and/or transfer, and/or authorize the registration of, stocks, bonds and any other securities (including, but not exclusively, options, privileges, puts and calls), and/or commodities, and/or contracts relating to the same, on margin or otherwise, and, as provided in whichever of clause (a) or clause (b) is left as a part hereof, for the withdrawal of funds and/or delivery of securities and/or commodities and/or other property and/or contracts, and any and all other orders and/or instructions that said attorney, in his unrestricted discretion may deem desirable with reference to said account of the undersigned with Broker and with full power and authority to said attorney to receive, accept and/or waive any notice and/or demand that said Broker may give or issue with reference to or by reason of the conduct of said account, giving and granting unto said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes as the undersigned could do if personally present, including, but not limited to instructing transfer agents, hereby ratifying and confirming any and all orders, instructions and/or acts of said attorney heretofore or hereafter given or performed and executed or complied with or relied on by said Broker.

And the undersigned hereby specifically authorizes and instructs said Broker

Cross Out either clause (a) or clause (b) before signing

(a) That all payments of money instructed by said attorney to be paid to said attorney shall be by check to the order of the undersigned, and that all deliveries of securities and/or commodities and/or contracts and/or other property instructed by said attorney to be delivered to said attorney, shall be registered in the name of the undersigned, it being expressly provided that nothing contained in this clause is intended to, nor shall it, restrict the authority of said attorney to give orders for the payment of money against the delivery to you of securities or commodities or contracts, or for the delivery by you of securities, commodities and/or contracts against the payment of money.

Cross out either clause (a) or clause (b) before signing

(b) That all payments made pursuant to the instructions of said attorney shall be made payable to the order of the undersigned or of said attorney or otherwise, as requested by said attorney, and that all securities and/or commodities delivered pursuant to the instructions of said attorney may be delivered to him or as requested by him either registered in the name of the undersigned or in such other name or names as may be requested by said attorney, or in street names and the receipt and acquittance of said attorney shall be sufficient for the payment of such funds or the delivery of such securities and/or commodities;

(c) That all notices, confirmations, statements and/or demands with reference to said account may be served, mailed or delivered to or upon said attorney with the same force and effect as though the same had been personally delivered to the undersigned; all such confirmations and statements may be approved, in writing or otherwise, and/or executed by said attorney with the same force and effect as though the same had been personally approved and/or executed by the undersigned.

Broker is hereby fully authorized to act and rely on the authority and power vested pursuant hereto in the said attorney. The undersigned confirms that the said attorney is solely the agent of the undersigned, and that all acts and transactions of said attorney hereunder are solely for the account and responsibility of the undersigned.

Without imposing any obligation on Broker, nothing herein contained is intended to nor shall it require Broker to act on any instructions of said attorney in any instance or instances in which Broker for any reason desires not to act on any such instructions.

This power of attorney shall not be affected by the subsequent disability or incompetence of the undersigned.

This authority shall continue fully effective (and notwithstanding that the account of the undersigned may have been closed and reopened at any time or from time to time), until said Broker shall actually receive written notice of cancellation bearing the signature of the undersigned and all orders executed and acts done by said Broker in good faith after the death of the undersigned or after the attempted revocation of this power of attorney without actual notice of such death or attempted revocation shall be and remain binding upon the undersigned and the legal representatives, successors and assigns of the undersigned.

_____ Dated __March 7, 19 98__
Client Signature

_____ Dated _____ 19 __
Client Signature (If Joint Account)

_____                                     G00120
Signature of person to whom power of attorney has been granted.

Client: Please return White and Canary copies to the office serving your account.
Please retain the Pink copy for your records.

WEX 2092 (Rev. 2-96)                                      Printed on recycled paper

## Full Power of Attorney

| Branch | Account No. | Broker No. | Doc. ID |
|---|---|---|---|
| LFW | 000053 | A5 | 5W |

This document authorizes the appointed agent to enter trading instructions on behalf of the client as well as to authorize the payment of monies and delivery of securities to be made in the name of the client or to any other third party.

I, __MICHAEL SOWELL__, of __2512 E Loronita Cir. Chandler, AZ__, do hereby name and appoint
(Client's Name)                                    (Client's Address)
__DAVID W GWYNN__ whose address is __7373 E Ahwatree Ranch Rd__ to be my true and lawful attorney and
(Agent)                                           (Agent's Address)
to conduct in my name, place and stead my __LFW 000053__ with __MERIT CAPITAL__
                                         (Account Number)

(hereinafter referred to as "Broker"), as Broker now is or at any time hereafter may be constituted and at any of Broker's offices, to give and place any and all orders including, but not exclusively, orders to purchase, sell (including short sales), exchange, trade in, assign, transfer or authorize the registration of stocks, bonds, open or closed end investment company shares and any other securities such as options, warrants, rights, privileges, puts and calls and/or commodities or contracts for the future delivery of any such commodities or any options on such commodities or future contracts on margin or otherwise. I authorize my attorney to give to Broker any instructions that he may in his discretion deem appropriate for my account number with Broker.

I authorize my attorney to receive, accept and/or waive any notice and/or demand that Broker may give or issue with reference to or by reason of the conduct of the account and I authorize my attorney to do and perform any act necessary in regards to the account that I could do personally including, but not limited to instructing transfer agents, and I hereby confirm any and all orders, instructions or acts of my attorney whenever given or executed and complied with or relied upon by Broker.

I hereby instruct Broker that all payments of money instructed by my attorney to be made may be payable to my order or to the order of my attorney or to the order of any third party as instructed by my attorney, and that all deliveries of securities or commodities or other property may be delivered to my attorney or as instructed by him, and may be registered in my name, or in the name of my attorney, or in the name of any third party or in street name, as my attorney instructs, and the receipt and acquittance of my attorney shall be sufficient for the payment of such money or for the delivery of such securities, commodities or other property.

I instruct, authorize and acknowledge to Broker that all notices, confirmations, statements and/or demands made by Broker referring to account _____ may be mailed, delivered or served to or upon my attorney with the same force and effect as though it had been delivered personally to me, and confirmations and statements may be approved, or executed in writing or in any other manner, by my attorney with the same force and effect as if I had personally approved or executed it.

I hereby fully authorize Broker to act and rely upon the authority and power which I have given to my attorney. I acknowledge and confirm that my attorney is solely my agent and that all acts and instructions given by him are solely on my behalf, for my account, and are my responsibility.

I specifically acknowledge that nothing contained in this authorization is intended to or shall require Broker to act on any instructions of my attorney in any instance in which Broker for any reason desires not to act on those instructions.

This power of attorney is durable and shall not be affected by subsequent disability or incapacity.

The authority I have granted in this power of attorney shall be fully effective even if the account is closed and opened from time to time, until Broker actually receives written notice of revocation of this power of attorney signed by me. All orders executed and any acts done by Broker in good faith after my death or after an attempted revocation of this power of attorney without actual written receipt of a notice of revocation or of actual notice of my death shall be and remain binding upon myself and my legal representatives, successors and assigns.

_____    Dated 3/7/98
Client Signature

_____    Dated _____
Client Signature (If Joint Account)

_____    Dated 3/7/98
Signature of Agent

**We require two signed copies:** Please return the White and Canary copies to the branch serving your account. Please retain the Pink copy for your records.

WEX6210

M000008

## Trading Authorization

| Branch | Account No. | Broker No. | Doc. ID |
|---|---|---|---|
| LFW | 0,0,0,0,5,3 | 15 | TP |

This document authorizes the appointed agent to solely enter trading instructions on behalf of the client.

I, __Michael A Jowell__ (Client's Name), of __2542 E Coronita Circle Chandler AZ__ (Client's Address) do hereby name and appoint __DAVID W GWYNN__ (Agent) whose address is __7373 E Doubletree Ranch Rd #200 Scottsdale AZ__ (Agent's Address) to be my true and lawful attorney and to conduct in my name, place and stead my __LFW 000053__ (Account Number) with __Merit Capital NJJOC-LLC__ (hereinafter referred to as "Broker"), as Broker now is or at any time hereafter may be constituted and at any of Broker's offices, to give and place any and all orders including, but not exclusively, orders to purchase, sell (including short sales), exchange, trade in stocks, bonds, open or closed end investment company shares and any other securities such as options, warrants, rights, privileges, puts and calls and/or commodities or contracts for the future delivery of any such commodities or any options on such commodities or futures contracts on margin or otherwise. I authorize my attorney to give to Broker any instructions that he may in his discretion deem appropriate for my account number with Broker.

I authorize my attorney to receive, accept and/or waive any notice and/or demand that Broker may give or issue with reference to or by reason of the conduct of the account and I authorize my attorney to do and perform any act necessary in regards to the account that I could do personally, and I hereby confirm any and all orders, instructions or acts of my attorney whenever given or executed and complied with or relied upon by Broker.

I instruct, authorize and acknowledge to Broker that all notices, confirmations, statements and/or demands made by Broker referring to account __LFW000053__ may be mailed, delivered or served to or upon my attorney with the same force and effect as though it had been delivered personally to me, and confirmations and statements may be approved, or executed in writing or in any other manner, by my attorney with the same force and effect as if I had personally approved or executed it.

I hereby fully authorize Broker to act and rely upon the authority and power which I have given to my attorney. I acknowledge and confirm that my attorney is solely my agent and that all acts and instructions given by him are solely on my behalf, for my account, and are my responsibility.

I specifically acknowledge that nothing contained in this authorization is intended to or shall require Broker to act on any instructions of my attorney in any instance in which Broker for any reason desires not to act on those instructions.

This power of attorney is durable and shall not be affected by subsequent disability or incapacity.

The authority I have granted in this power of attorney shall be fully effective even if the account is closed and opened from time to time, until Broker actually receives written notice of revocation of this power of attorney signed by me. All orders executed and any acts done by Broker in good faith after my death or after an attempted revocation of this power of attorney without actual written receipt of a notice of revocation or of actual notice of my death shall be and remain binding upon myself and my legal representatives, successors and assigns.

_[signed: Michael A Jowell]_  _3/7/98_
Client Signature                                      Dated

_____                  _____
Client Signature (If Joint Account)                    Dated

We require two signed copies: Please return the White and Canary copies to the branch serving your account. Please retain the Pink copy for your records.

G00117

WEX6209

**Option Client Information Form and Agreement**

Branch: LFW | Account No.: 00596 AS | BROKER #: [illegible] | Doc. I.D.: OP

**Instructions to Broker:** This form must be completed and signed by the client for option accounts for either of the following purposes:

Check One ☒ For initial option transaction(s).  ☐ To up-date level changes, background and financial information to an already existing option account.

Client's Name / Address:
MICHAEL A SOWELL
2562 E CORONITA CIRCLE
CHANDLER, AZ

**Attention Client** — Please read the reverse side of this option client information form and agreement prior to signing at the bottom of this page.

2. (Area Code) Home Phone Number: 602
   ☐ Rent  ☒ Own Residence
   Does anyone have power of attorney? ☐ Yes A/C # or Name  ☒ No
   Is power of Attorney Broker? ☒ No ☐ Yes

3. Is client retired: ☐ Yes ☒ No | Is client a student? ☐ Yes ☒ No
   Employer's name or check if self-employed: WAVEPHORE INC
   Type of Business: TELECOMMUNICATIONS
   Job Function: NETWORK OPS
   Is client an officer, director, or 10% stockholder in any corporation? ☐ Yes ☒ No

4. Marital Status: ☐ Single ☒ Married ☐ Divorced ☐ Widow(er) ☐ Separated
   No. of Dependents: 1
   Client's Stated Annual Income: $110,000.00
   Client's Stated New Worth Exclusive of Family Residence: $2,000,000.00
   Date of Birth: 5/6/54
   Estimated Liquid Net Worth: $1,200,000.00
   Investment Experience — No. of Years: Options 8, Stocks & Bonds 15, Commodities 2, Other __
   Client's Stated Option Investment Objective(s): ☒ Income ☒ Investment Hedge ☐ Speculation

**Client's Options Investment Experience**

5. Trades in past year have been: ☐ Cash ☒ Both ☐ Margin ☐ Neither
   The activity has been: ☐ Covered ☐ Buying ☐ Uncovered (Sales) ☐ Various Strategies ☐ No Activity
   Past Trading History: ☒ Infrequently ☐ Moderately ☐ No Trading ☐ Actively

6. Type of option transactions anticipated: ☒ Writing Covered Calls ☒ Buying Options ☒ Writing Puts ☐ Spreading ☐ Writing Uncovered Calls ☒ Writing Straddles & Combinations ☐ All Types
   Date option disclosure booklet and risk letter on uncovered options sent: Mo __ / Day __ / Year __

7. Broker Name Typed or Printed: GWYNN
   Broker Signature: X [signature]
   Date: __
   Manager's Signature: [signature] R. Patel
   Date: 3/28/98

8. Types of transactions for which account is approved:
   ☐ Level 1 — Writing covered call options
   ☒ Level 2A — Level 1 plus buying options including listed index and foreign currency warrants
   ☒ Level 2B — Level 1 and 2A plus spreading listed options, buying straddles and combinations, writing puts on equities
   ☒ Level 3 — Level 1 and levels 2A and 2B plus all other types of transactions, selling of uncovered index puts, selling of uncovered call options, including variable (ratio) hedging, straddles, combinations and the short sale of listed index and foreign currency warrants

9. In my capacity as R.O.P., I have reviewed the client's financial conditions, investment objective(s) and investment experience, and on that basis feel the above level of trading is suitable for this client.
   Signature of R.O.P.: [signature] R. Patel  Date: 3/28/98

10. I certify that the foregoing client information is accurate and I am aware that the information is relied on by you as my broker in servicing my account. Furthermore, I acknowledge that I have read and understand the option agreement printed on the reverse side of this form, and I hereby agree to be bound by its provisions.
    By signing this agreement, the customer acknowledges that he/she has received a copy of this agreement. This agreement contains a pre-dispute arbitration clause on reverse at paragraph 10.

11. Client's Signature: X Michael A. Sowell  Date: 1/9/98
    Joint Party Signature: X __  Date: __

WEX 5375 (Rev. 4-97)    BRANCH COPY (SEE REVERSE SIDE FOR INSTRUCTIONS)

G00131

### To Our Option Clients

On the reverse side of this form, you will find information which you furnished us relative to your option account. Please review the information carefully to be sure it is accurate. If it is not accurate, please contact your Broker or the Branch Manager of the office that handles your account.

If the information is accurate, please sign and date the form on the reverse side on line 11 after you have read and understand the statement contained on line 10 as well as the option agreement printed below.

After signing the form, please return the Branch Copy (Yellow) and New Accounts Copy (White) to the branch servicing your account using the enclosed envelope. The Client Copy (Green) should be retained for your records.

Thank you,

### Allocation Disclosure Statement

Our clearing firm Wexford Clearing Services Corporation ("Wexford") has chosen the random-method of allocating Options Clearing Corporation assignments. This method is described below. A description of the Options Clearing Corporation's method of allocation to brokerage firms is outlined in the Prospectus.

Each day, their computer system assigns a random number to each short option position (Put or Call) in a client's account. For example, if a client is short 10 option contracts, he or she would receive 10 random numbers. Their computer then selects the lowest of these random numbers which the client has received, and this then becomes that client's random number for the day. All short positions in a particular series of options are sorted according to the random number which they have been assigned, and a listing of these positions is generated by the computer. Any assignments which must be made are based upon this listing, selecting the lowest number first and proceeding until all assignment notices have been satisfied.

The procedure described above is known as the "Random Assignment Method". Should you have any questions relating to it or other options matters, please consult your Broker.

### Option Agreement

1. Option transactions may involve a high degree of risk and may be deemed to be a speculative investment technique. I am fully aware this investment technique offers no guarantee of gain or assurance against loss;

2. I have reviewed my approved level of trading on line 8 and it is consistent with my investment objectives as well as the degree of risk I am willing to assume in relation to option trading;

3. I agree to advise you in writing of any material changes in my investment objectives, financial situation, assumption of risk or background information, insofar as such changes relate to my suitability for options transactions;

4. I herewith acknowledge receipt of an Options Disclosure Booklet and I have read the Allocation Disclosure Statement as stated above;

5. Any option transaction made for my account shall be subject to the rules and regulations of the option exchanges, the NASD and the Options Clearing Corporation or any market where the option transaction is executed. I, acting alone or in concert with others, will not exceed any applicable position or exercise limits with respect to option trading;

6. I am aware that there are time limitations and requirements (5:30 P.M. EST) for accepting an exercise notice. But I also know that situations arise whereby customers neglect to instruct their broker with respect to the disposition of expiring profitable options. I hereby authorize Wexford, in its absolute discretion and without notification, to exercise any and all long options that are in my account at the time of their expiration according to the OCC pricing scheme described in their Operational Procedure #805.F.2 (which states that equity options of 3/4 of a point or more in a retail customer's account and 1/4 of a point or more in a firm or market maker account are automatically exercised; index options are automatically exercised if they are $.01 in-the-money.) Wexford shall have no liability resulting from the exercise or non-exercise of any option contract without appropriate instructions from the client to the contrary.

7. You shall not be liable in connection with the execution, handling, selling, purchasing, exercising or endorsing of puts or calls for my account except for gross negligence or willfull misconduct on your part;

8. Regarding any margin transactions I may make and supplementing the terms and conditions of the margin agreement governing my account, in the event I do not meet margin calls promptly, Wexford is authorized in it's sole discretion, and without notification to me, to take any and all steps necessary to protect itself in connection with put or call transactions made for my account, including without limitation the right to buy and sell short, or short exempt, for my account and risk any part or all of the shares represented by options endorsed for my account, or to buy, or sell or exercise (including but not limited to exercising a long option(s) hedging short position(s) for my account and risk) any puts or calls as it may deem necessary to fully protect itself. Any and all losses and expenses incurred by Wexford in this connection will be reimbursed by me;

9. This agreement shall apply to all puts or calls which you may have executed, purchased, sold or handled for my account and also shall apply to all puts or calls which you may hereafter purchase, sell, handle or execute for my account;

10. • Arbitration is final and binding on the parties.
    • The parties are waiving their right to seek remedies in court, including the right to jury trial.
    • Pre-arbitration discovery is generally more limited than and different from court proceedings.
    • The arbitrators' award is not required to include factual findings or legal reasoning and any party's modification of rulings by the arbitrators is strictly limited.
    • The panel of arbitrators will typically include a minority of arbitrators who were or are affiliated with the securities industry.

    G00132

    The undersigned agrees, and by carrying an account for the undersigned you agree, all controversies which may arise between us concerning any transaction or the construction, performance or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration.
    This contract shall be governed by the laws of the State of New York, and shall enure to the benefit of your successors and assigns, and shall be binding on the undersigned, my heirs, executors, representatives, attorneys-in-fact, administrators and assigns. Any controversy arising out of or relating to my account, to transactions with or for me or to this Agreement or the breach thereof, and whether executed or to be executed within or outside of the United States, shall be settled by arbitration before either the New York Stock Exchange, Inc. or the National Association of Securities Dealers, Inc. or any other self-regulatory organization of which you are a member, as I may elect and under the then existing arbitration procedures of the forum I have elected. If I do not make such election by registered mail addressed to you at your main office within five (5) days after demand by you that I make such election, then you may make such election. Notice preliminary to, in conjunction with, or incident to such arbitration proceeding, may be sent to me by mail and personal service is hereby waived. Judgment upon any award rendered by the arbitrators may be entered in any court having jurisdiction thereof, without notice to me. No person shall bring a putative or certified class action to arbitration, nor seek to enforce any pre-dispute arbitration agreement against any person who has initiated by the putative class action until: (i) the class certification is denied; or (ii) the class is decertified; or (iii) the customer is excluded from the class by the court. Such forbearance to enforce an agreement to arbitrate shall not constitute a waiver of any rights under this agreement except to the extend stated herein.
    In the event of any dispute between us or claim by me or claim by you on account of the purchase, sale, handling, execution or endorsement of puts or calls for my account, the same shall arbitrated in accordance with the rules of the exchange on which the put or call which is the subject of the dispute is traded or in accordance with the rules of New York Stock Exchange Incorporated or the NASD, if the put or call is not traded on a national securities exchange.

11. We agree that our clearing firm or its agents is a third party beneficiary of this agreement and that the terms and conditions hereof, including the arbitration provision, shall be applicable to all matters between or among myself and either my broker, its clearing firm or its agents.

WEX 5375 (Rev. 4-97)

**MERIT CAPITAL**
**ASSOICATES, INC**
Member NASD, SIPC

David W. Gwynn, CFP
Senior Vice President

Miche —                   8/13/98

These are for your files.

Hope WAVO pops soon —

Take Care —

David

S000206

# Option Client Information Form and Agreement

| Branch | Account No. | BROKER # | Doc. I.D. |
|---|---|---|---|
| LTI | 0 0 0 0 5 3 | P S | OP |

**Instructions to Broker:** This form must be completed and signed by the client for option accounts for either of the following purposes:

Check One ☒ For initial option transaction(s). ☐ To up-date level changes, background and financial information to an already existing option account.

**Client's Name / Address**

MICHAEL A SOWELL
2562 E CORONITA CIRCLE
CHANDLER AZ 85225

**Attention Client**
Please read the reverse side of this option client information form and agreement prior to signing at the bottom of this page.

(Area Code) Home Phone Number: 602-814-9068
☐ Rent   ☒ Own Residence
Does anyone have power of attorney? If "Yes", attach a new account form for the agent. ☐ Yes A/C # or Name   ☒ No
Is power of Attorney Broker? ☒ No ☐ Yes

Is client retired: ☐ Yes ☒ No
Is client a student? ☐ Yes ☒ No
Employer's name or, check if self-employed: ☐ Wavephone INC
Type of Business: Telecommunication
Job Function: Network Mgr.
Is client an officer, director, or 10% stockholder in any corporation? ☐ Yes ☐ No

Marital Status: ☐ Single  ☒ Married  ☐ Divorced  ☐ Widow(er)  ☐ Separated
No. of Dependents: 2
Date of Birth: 5/6/53
Client's Stated Annual Income: $70,000.00
Client's Stated New Worth Exclusive of Family Residence: $1,000,000.00
Estimated Liquid Net Worth: $1,000,000.00

Investment Experience — No. of Years:
Options: 3
Stocks & Bonds: 7
Commodities: 0
Other: —

Client's Stated Option Investment Objective(s):
☒ Income
☒ Investment Hedge
☒ Speculation

## Client's Options Investment Experience

Trades in past year have been: ☐ Cash  ☒ Both  ☐ Margin  ☐ Neither
The activity has been: ☐ Covered  ☒ Buying  ☐ Uncovered (Sales)  ☐ Various Strategies  ☐ No Activity
Past Trading History: ☒ Infrequently  ☐ Moderately  ☐ No Trading  ☐ Actively

Type of option transactions anticipated:
☐ Writing Covered Calls  ☒ Buying Options  ☐ Writing Puts  ☐ Spreading  ☐ Writing Uncovered Calls  ☐ Writing Straddles & Combinations  ☐ All Types

Date option disclosure booklet and risk letter on uncovered options sent: / /

Broker Name Typed or Printed: D. GWYNN
Broker Signature: [signed]
Date: 7-28-98
Manager's Signature: R. Patel
Date: 5/3/97

Types of transactions for which account is approved:
☐ Level 1 — Writing covered call options
☒ Level 2A — Level 1 plus buying options including listed index and foreign currency warrants.
☐ Level 2B — Level 1 and 2A, plus spreading listed options, buying straddles and combinations, writing puts on equities.
☐ Level 3 — Level 1 and levels 2A and 2B plus all other types of transactions, selling of uncovered index puts, selling of uncovered call options, including variable (ratio) hedging, straddles, combinations and the short sale of listed index and foreign currency warrants.

In my capacity as R.O.P., I have reviewed the client's financial conditions, investment objective(s) and investment experience, and on that basis feel the above level of trading is suitable for this client.
Signature of R.O.P.: R. Patel   Date: 5/3/98

I certify that the foregoing client information is accurate and I am aware that the information is relied on by you as my broker in servicing my account. Furthermore, I acknowledge that I have read and understand the option agreement printed on the reverse side of this form, and I hereby agree to be bound by its provisions.

By signing this agreement, the customer acknowledges that he/she has received a copy of this agreement. This agreement contains a pre-dispute arbitration clause on reverse at paragraph 10.

Client's Signature: X [signed Michael Sowell]   Date: 7-28-98
Joint Party Signature: X   Date:

WEX 5375 (Rev. 4-97)   CLIENT COPY (SEE REVERSE SIDE FOR INSTRUCTIONS)

S000207

**Option Client Information Form and Agreement**

Branch: L.F. | Account No.: 001963 | BROKER #: A5 | Doc. I.D.: OP

**Instructions to Broker:** This form must be completed and signed by the client for option accounts for either of the following purposes:

Check One: ☒ For initial option transaction(s).   ☐ To up-date level changes, background and financial information to an already existing option account.

**Client's Name / Address:**
MICHAEL A SOWELL
2562 E CARONITA CIRCLE
CHANDLER AZ 85225

**Attention Client**
Please read the reverse side of this option client information form and agreement prior to signing at the bottom of this page.

(Area Code) Home Phone Number: 602-814-7068
☒ Rent   ☐ Own Residence

Does anyone have power of attorney? If "Yes" attach a new account form for the agent: ☐ Yes A/C # or Name   ☒ No
Is power of Attorney Broker? ☐ No  ☒ Yes

Is client retired: ☐ Yes ☐ No
Is client a student?: ☐ Yes ☒ No
Employer's name or check if self-employed: WAVEPHORE INC
Type of Business: TELECOM
Job Function: NETWORK MANAGER
Is client an officer, director, or 10% stockholder in any corporation?: ☐ Yes ☒ No

Marital Status: ☐ Single  ☒ Married  ☐ Divorced  ☐ Widow(er)  ☐ Separated
No. of Dependents: 2
Date of Birth: 5/6/53
Client's Stated Annual Income: $70,000.00
Client's Stated New Worth Exclusive of Family Residence: $1,000,000.00
Estimated Liquid Net Worth: $1,000,000.00

Investment Experience (No. of Years): Options - 5; Stocks & Bonds - ?; Commodities - 0; Other - 0

Client's Stated Option Investment Objective(s): ☒ Income  ☒ Investment Hedge  ☒ Speculation

**5.** Trades in past year have been: ☐ Cash ☒ Both ☐ Margin ☐ Neither
The activity has been: ☐ Covered ☒ Buying ☐ Uncovered (Sales) ☐ Various Strategies ☐ No Activity
Past Trading History: ☒ Infrequently ☐ Moderately ☐ Actively ☐ No Trading

**6.** Type of option transactions anticipated: ☒ Writing Covered Calls  ☒ Buying Options  ☐ Writing Puts  ☐ Spreading  ☐ Writing Uncovered Calls  ☐ Writing Straddles & Combinations  ☐ All Types
Date option disclosure booklet and risk letter on uncovered options sent: Mo. / Day / Year

**7.** Broker Name Typed or Printed: S. GWINN
Broker Signature: [signed]
Date: 7/28/97
Manager's Signature: [signed]
Date: 6/3/98

**8.** Types of transactions for which account is approved:
☒ Level 1 — Writing covered call options
☐ Level 2A — Level 1 plus buying options including listed index and foreign currency warrants.
☐ Level 2B — Level 1 and 2A, plus spreading listed options, buying straddles and combinations, writing puts on equities.
☐ Level 3 — Level 1 and levels 2A and 2B plus all other types of transactions, selling of uncovered index puts, selling of uncovered call options, including variable (ratio) hedging, straddles, combinations and the short sale of listed index and foreign currency warrants.

**9.** In my capacity as R.O.P., I have reviewed the client's financial conditions, investment objective(s) and investment experience, and on that basis feel the above level of trading is suitable for this client.
Signature of R.O.P.: [signed]   Date: 6/3/98

I certify that the foregoing client information is accurate and I am aware that the information is relied on by you as my broker in servicing my account. Furthermore, I acknowledge that I have read and understand the option agreement printed on the reverse side of this form, and I hereby agree to be bound by its provisions.

**10.** By signing this agreement, the customer acknowledges that he/she has received a copy of this agreement. This agreement contains a pre-dispute arbitration clause on reverse at paragraph 10.

**11.** Client's Signature: X [signed] Michael A Sowell   Date: 7-28-98
Joint Party Signature: X   Date:

WEX 5375 (Rev. 4-97)

CLIENT COPY (SEE REVERSE SIDE FOR INSTRUCTIONS)

S000208

LFW

**Inter-Office Memo**

TO: Operations Managers
FROM: New Account Operations
DATE: 4/6/99
SUBJECT: *RETURNED NEW ACCOUNTS DOCUMENTS*

Please be advised that the attached New Account document(s) is being returned to you for the following reason(s):

_____ 1. Signature page received - W9 processed. Need all the pages to process other documents.

_____ 2. W9 must contain a federal I.D. or social security number, not both.

_____ 3. Obsolete documents - need updated form's.

_____ 4. Indicate account number on document.

✓ Other *Cross out clause A or B*

Please correct the attached form and returned to New Accounts Department, One New York Plaza, 10th floor (Mail Code 20-10).

Thank you,

*Tawana Burgess*
EAFU - (212 778-3846)

retdou5.hdrivepad

G00118

# Power of Attorney

Branch: LFM  Acct: 000053  C: AS  Doc. ID: 51

Know all Men by these Presents, That the undersigned **Michael A Souel** of **2512 E Geronimo Crt Chandler, AZ** has made, constituted and appointed, and by these presents does make, constitute and appoint: **DAVID W. GWYNN, CFP** whose address is **7373 E Doubletree Ranch Rd #700** the true and lawful attorney of the undersigned for and in the name, place and stead of the undersigned, to operate and conduct the account of the undersigned with **Merit Capital Assoc Inc** (hereinafter referred to as Broker), as said corporation now is or at any time hereafter may be constituted, and at any offices of said corporation, and in conjunction therewith, to give and place any and all orders including (but not exclusively) orders to purchase and/or sell (including short sales) and/or exchange and/or trade in, and/or assign, and/or transfer, and/or authorize the registration of, stocks, bonds and any other securities (including, but not exclusively, options, privileges, puts and calls), and/or commodities, and/or contracts relating to the same, on margin or otherwise, and, as provided in whichever of clause (a) or clause (b) is left as a part hereof, for the withdrawal of funds and/or delivery of securities and/or commodities and/or other property and/or contracts, and any and all other orders and/or instructions that said attorney, in his unrestricted discretion may deem desirable with reference to said account of the undersigned with Broker and with full power and authority to said attorney to receive, accept and/or waive any notice and/or demand that said Broker may give or issue with reference to or by reason of the conduct of said account, giving and granting unto said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes as the undersigned could do if personally present, including, but not limited to instructing transfer agents, hereby ratifying and confirming any and all orders, instructions and/or acts of said attorney heretofore or hereafter given or performed and executed or complied with or relied on by said Broker.

And the undersigned hereby specifically authorizes and instructs said Broker

Cross Out either clause (a) or clause (b) before signing

(a) That all payments of money instructed by said attorney to be paid to said attorney shall be by check to the order of the undersigned, and that all deliveries of securities and/or commodities and/or contracts and/or other property instructed by said attorney to be delivered to said attorney, shall be registered in the name of the undersigned, it being expressly provided that nothing contained in this clause is intended to, nor shall it, restrict the authority of said attorney to give orders for the payment of money against the delivery to you of securities or commodities or contracts, or for the delivery by you of securities, commodities and/or contracts against the payment of money.

Cross out either clause (a) or clause (b) before signing

(b) That all payments made pursuant to the instructions of said attorney shall be made payable to the order of the undersigned or of said attorney or otherwise, as requested by said attorney, and that all securities and/or commodities delivered pursuant to the instructions of said attorney may be delivered to him or as requested by him either registered in the name of the undersigned or in such other name or names as may be requested by said attorney, or in street names and the receipt and acquittance of said attorney shall be sufficient for the payment of such funds or the delivery of such securities and/or commodities;

(c) That all notices, confirmations, statements and/or demands with reference to said account may be served, mailed or delivered to or upon said attorney with the same force and effect as though the same had been personally delivered to the undersigned; all such confirmations and statements may be approved, in writing or otherwise, and/or executed by said attorney with the same force and effect as though the same had been personally approved and/or executed by the undersigned.

Broker is hereby fully authorized to act and rely on the authority and power vested pursuant hereto in the said attorney. The undersigned confirms that the said attorney is solely the agent of the undersigned, and that all acts and transactions of said attorney hereunder are solely for the account and responsibility of the undersigned.

Without imposing any obligation on Broker, nothing herein contained is intended to nor shall it require Broker to act on any instructions of said attorney in any instance or instances in which Broker for any reason desires not to act on any such instructions.

This power of attorney shall not be affected by the subsequent disability or incompetence of the undersigned.

This authority shall continue fully effective (and notwithstanding that the account of the undersigned may have been closed and reopened at any time or from time to time), until said Broker shall actually receive written notice of cancellation bearing the signature of the undersigned and all orders executed and acts done by said Broker in good faith after the death of the undersigned or after the attempted revocation of this power of attorney without actual notice of such death or attempted revocation shall be and remain binding upon the undersigned and the legal representatives, successors and assigns of the undersigned.

_[signature]_ Client Signature          Dated **March 7, 19 98**

_____ Client Signature (if Joint Account)          Dated _____ 19 ___

_____ Signature of person to whom power of attorney has been granted.

Client: Please return White and Canary copies to the office serving your account.
Please retain the Pink copy for your records.

WEX 2002 (Rev. 2-96)

Printed on recycled paper

G00119