UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC.<br>Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 00644 (CFD) |
| vs. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>Defendants | |
| DAVID W. GWYNN and RAQUEL GWYNN<br>Plaintiffs, | ) CIVIL ACTION NO.<br>) 3:03 CV 01154 (CFD) |
| vs. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC.,<br>Defendants | ) JUNE 20, 2007 |

### THE GWYNN PLAINTIFFS' ANSWER TO DEFENDANTS' SECOND AMENDED COUNTERCLAIMS

Plaintiffs, David Gwynn and Raquel Gwynn ("the Gwynn Plaintiffs"), through counsel hereby provides their Answer to the Defendants' August 23, 2005 Second Amended Counterclaim Against the Gwynn Plaintiffs, and hereby state as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Counterclaims.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Counterclaims.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Counterclaims.

4. Deny the allegations contained in Paragraph 4 of the Counterclaims, except admit that David W. Gwynn, at one time, resided in and was a citizen of the state of Arizona.

5. Deny the allegations contained in Paragraph 5 of the Counterclaims, except admit that Raquel Gwynn, at one time, resided in and was a citizen of the state of Arizona.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Counterclaims.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Counterclaims.

8. Admit the allegations of Paragraph 8 of the Counterclaims.

9. Deny the allegations contained in Paragraph 9 of the Counterclaims, except admit that National Union issued a Securities Broker/Dealer's Professional Liability Insurance Policy No. 473-36-20 to Merit ("the Policy"), and respectfully refer the Court to the Policy for its true and complete terms.

10. Deny the allegations of Paragraph 10 of the Counterclaims, except admit that those listed as "Insureds" in Paragraph 10 are among those insured under the policy, and

respectfully refer the Court to the Policy for its true and complete terms.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Counterclaims.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Counterclaims.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Counterclaims.

14. Admit the allegations of Paragraph 14 of the Counterclaims.

15. Deny the allegations of Paragraph 15 of the Counterclaim, except admit that those listed as "Insureds" in Paragraph 15 are among those insured under the policy, and respectfully refer the Court to the Policy for its true and complete terms.

16. Deny the allegations of Paragraph 16 of the Counterclaims, and respectfully refer the Court to the Policy for its true and complete terms.

17. Deny the allegations of Paragraph 17 of the Counterclaims, and respectfully refer the Court to the Policy for its true and complete terms.

18. Deny the allegations of Paragraph 18 of the Counterclaims, and respectfully refer the Court to the Policy for its true and complete terms.

19. Deny the allegations of Paragraph 19 of the Counterclaims, except admit that the Policy provides coverage to Gwynn and the Ryan Plaintiffs, and respectfully refer the Court to

the Policy for its true and complete terms.

20. Admit the allegations of Paragraph 20 of the Counterclaims.

21. Deny the allegations of Paragraph 21 of the Counterclaims, except admit that the Policy contains the language in Paragraph 4f of the Policy as cited, and respectfully refer the Court to the Policy for its true and complete terms.

22. Deny the allegations of Paragraph 22 of the Counterclaims, and respectfully refer the Court to the Policy for its true and complete terms.

23. Deny the allegations of Paragraph 23 of the Counterclaims, and respectfully refer the Court to the Policy for its true and complete terms.

24. Deny the allegations contained in Paragraph 24 of the Counterclaims.

25. Deny the allegations of Paragraph 25 of the Counterclaims, and respectfully refer the Court to the Policy for its true and complete terms.

26. Admit the allegations of Paragraph 26 of the Counterclaims.

27. Admit that Michael Sowell, in his Statement of Claim and Amended Statement of Claim, essentially made the allegations asserted in Paragraph 27 of the Counterclaims, though he did not use the language defendants used in Paragraph 27.

28. Deny the allegations of Paragraph 28 of the Counterclaims, except admit that Sowell provided Gwynn with certain stock certificates, which Gwynn deposited into the Merit

account, and that Sowell signed a Power of Attorney.

29. Deny the allegations of Paragraph 28 of the Counterclaims.

30. Deny the allegations of Paragraph 30 of the Counterclaims, except admit that Paragraph 30 correctly cites portions of Sowell's Statement of Claim.

31. Deny the allegations of Paragraph 31 of the Counterclaims.

32. Deny the allegations of Paragraph 32 of the Counterclaims, except admit that Sowell alleged that he provided Gwynn with funds to invest in Novation.

33. Deny the allegations of Paragraph 33 of the Counterclaims.

34. Deny the allegations of Paragraph 33 of the Counterclaims.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Counterclaims.

36. Admit the allegations of Paragraph 36 of the Counterclaims.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Counterclaims.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Counterclaims.

39 Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Counterclaims.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Counterclaims.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Counterclaims.

42. Deny the allegations of Paragraph 42 of the Counterclaim.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Counterclaims.

44. Deny the allegations of Paragraph 44 of the Counterclaims.

45. Deny the allegations of Paragraph 45 of the Counterclaims.

Respectfully Submitted,

**PLAINTIFFS, DAVID GWYNN and RAQUEL GWYNN**

By_____
Mario DiNatale (ct 12449)
Silver Golub & Teitell, LLP
184 Atlantic Street
Stamford, CT 06904
(203) 325-4491
(203) 325-3769 (Fax)
mdinatale@sgtlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 20, 2007, a copy of foregoing **Gwynn Plaintiffs' Answer to Defendants' Second Amended Counterclaims** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
MARIO DINATALE (ct 12449)
SILVER GOLUB & TEITELL LLP
184 Atlantic Street
P. O. Box 389
Stamford, CT 06904
Telephone: 203-325-4491
Fax: 203-325-3769
E-mail: mdinatale@sgtlaw.com