UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., | ) ) ) ) CASE NUMBER: 3:03 CV 00644 (CFD) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) JUNE 22, 2007 |
| Defendants. | ) ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Plaintiffs Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick and Merit Capital Associates, Inc. (the "Ryan Plaintiffs") hereby answer the Second Amended Counterclaims of the Defendants and the Counterclaim Plaintiffs National Union Fire Insurance Company of Pittsburg, PA., and AIG Technical Services, Inc. (together "National Union"), dated August 3, 2006 as follows:

1. The Ryan Plaintiffs admit the allegations in Paragraph 1.

2. The Ryan Plaintiffs admit the allegations in Paragraph 2.

3. The Ryan Plaintiffs admit the allegations in Paragraph 3.

4. The Ryan Plaintiffs admit the allegations in Paragraph 4.

5. The Ryan Plaintiffs admit the allegations in Paragraph 5.

6. The Ryan Plaintiffs admit the allegations in Paragraph 6.

7. The Ryan Plaintiffs admit the allegations in Paragraph 7.

8. The Ryan Plaintiffs deny sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 and leave National Union to its proof.

9. The Ryan Plaintiffs admit the allegations in Paragraph 9.

10. The Ryan Plaintiffs admit the allegations in Paragraph 10.

11. The Ryan Plaintiffs deny that Paragraph 11 accurately and completely states the terms of the Policy, to which the Ryan Plaintiffs respectfully refer the Court.

12. The Ryan Plaintiffs admit the allegations in Paragraph 12.

13. The Ryan Plaintiffs admit the allegations in Paragraph 13.

14. The Ryan Plaintiffs admit the allegations in Paragraph 14 but deny that Mr. Fitzpatrick performed any of the acts complained of by National Union while working in any capacity for Source, deny that Mr. Fitzpatrick was ever simultaneously employed by Merit and Source and deny that Fitzpatrick was ever a corporate officer of Merit.

15. The Ryan Plaintiffs admit the allegations in Paragraph 15.

16. The Ryan Plaintiffs admit the allegations in Paragraph 16.

17. The Ryan Plaintiffs admit that the Policy provides coverage for its Insureds but deny that Paragraph 17 accurately or completely states the terms of the Policy to which the Ryan Plaintiffs respectfully refer the Court.

18. The Ryan Plaintiffs admit that the Policy includes such language but deny that Paragraph 18 accurately or completely states the terms of Paragraph 29c) of the Policy to which the Ryan Plaintiffs respectfully refer the Court.

19. The Ryan Plaintiffs admit the allegations in Paragraph 19.

20. The Ryan Plaintiffs admit the allegations in Paragraph 20.

21. The Ryan Plaintiffs admit the allegations in Paragraph 21.

22. The Ryan Plaintiffs admit that the Policy excludes coverage in certain situations but denies that Paragraph 22 accurately or completely states or quotes the Policy to which the Ryan Plaintiffs respectfully refer the Court.

23. The Ryan Plaintiffs admit the allegation in Paragraph 23.

24. The Ryan Plaintiffs deny that Paragraph 24 accurately or completely states the terms of or the effect of the Policy to which the Ryan Plaintiffs respectfully refer the Court.

25. The Ryan Plaintiffs admit that certain Wrongful Acts and Interrelated Wrongful Acts alleged in a claim may be excluded from coverage under the Policy, but the Ryan Plaintiffs deny that Paragraph 25 accurately or completely states the terms of the Policy to which the Ryan Plaintiffs respectfully refer the Court.

26. The Ryan Plaintiffs deny that Paragraph 26 accurately or completely states the terms of the Policy to which the Ryan Plaintiffs respectfully refer the Court.

27. The Ryan Plaintiffs admit the allegations in Paragraph 27.

28. The Ryan Plaintiffs admit that Sowell made the allegations alleged in Paragraph 28 among numerous other allegations but leave National Union to its proof of the facts underlying Sowell's allegations.

29. The Ryan Plaintiffs admit that Sowell made the allegations alleged in Paragraph 29 among numerous other allegations but leave National Union to its proof of the facts underlying Sowell's allegations.

30. The Ryan Plaintiffs admit that Sowell made the allegations alleged in Paragraph 30 among numerous other allegations but leave National Union to its proof of the facts underlying Sowell's allegations.

31. The Ryan Plaintiffs admit that Sowell made the allegations alleged in Paragraph 31 among numerous other allegations but leave National Union to its proof of the facts underlying Sowell's allegations.

32. The Ryan Plaintiffs admit that Sowell's expert witness produced a report during the arbitration but deny the remaining allegations in Paragraph 32 and leave National Union to its proof of the facts underlying Sowell's allegations.

33. The Ryan Plaintiffs admit that Sowell made the allegations alleged in Paragraph 33 among numerous other allegations but leave National Union to its proof of the facts underlying Sowell's allegations.

34. The Ryan Plaintiffs admit that Sowell made the allegations alleged in Paragraph 34 among numerous other allegations but leave National Union to its proof of the facts underlying Sowell's allegations.

35. The Ryan Plaintiffs admit that Sowell made the allegations alleged in Paragraph 35 among numerous other allegations but leave National Union to its proof of the facts underlying Sowell's allegations.

36. The Ryan Plaintiffs admit that Sowell made the allegations alleged in Paragraph 36 among numerous other allegations but leave National Union to its proof of the facts underlying Sowell's allegations.

37. The Ryan Plaintiffs admit that Sowell made claims against Raquel Gwynn, but the Ryan Plaintiffs deny sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 37 and leave National Union to its proof.

38. The Ryan Plaintiffs admit Paragraph 38.

39. The Ryan Plaintiffs deny sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 39 and leave National Union to its proof.

40. The Ryan Plaintiffs admit that National Union extended the Policy to September 23, 2001 due to National Union's admitted failure to comply with the notice requirements under Connecticut law.

41. The Ryan Plaintiffs admit the allegations in Paragraph 41.

42. The Ryan Plaintiffs admit they gave notice on or about September 21, 2001 as alleged in Paragraph 42.

COUNT ONE
(Declaratory Judgment)

The Ryan Plaintiffs hereby incorporate each and every answer set forth in paragraphs 1 through 42 of the Second Amended Counterclaim.

43. The Ryan Plaintiffs admit there is a dispute between the parties as to whether AIG performed under the Policy, but the Ryan Plaintiffs deny the remaining allegations of Paragraph 43.

44. The Ryan Plaintiffs deny sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 44 and leave National Union to its proof.

COUNT TWO
(Unjust Enrichment)

The Ryan Plaintiffs hereby incorporate each and every answer set forth in paragraphs 1 through 42 of the Second Amended Counterclaim.

45. The Ryan Plaintiffs deny the allegations in Paragraph 45.

46. The Ryan Plaintiffs deny the allegations in Paragraph 46.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:**

The Counterclaims fail to state a claim against the Ryan Plaintiffs upon which relief can be granted.

**Second Affirmative Defense:**

The Ryan Plaintiffs incorporate all the facts and allegations of their Amended Complaint against National Union as defenses under theories of waiver, unclean hands, and estoppel.

>**PLAINTIFFS, BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES INC.,**
>
> By_____/s/ Stephanie A. McLaughlin
> Peter M. Nolin (ct06223)
> Stephanie A. McLaughlin (ct22774)
> **Sandak Hennessey & Greco LLP**
> 707 Summer Street
> Stamford, CT  06901
> (203) 425-4200
> (203) 325-8608 (fax)
> pnolin@shglaw.com
> smclaughlin@shglaw.com

**CERTIFICATION OF SERVICE**

       I hereby certify that on June 22, 2007, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                                                                                    _____/s/ Stephanie A. McLaughlin

                                                                                                 Stephanie A. McLaughlin