Slip Copy  
Slip Copy, 2007 WL 4800719 (D.Conn.)  
**(Cite as: 2007 WL 4800719 (D.Conn.))**

Page 1

Crawford v. First Colony Life Ins. Co.  
D.Conn.,2007.  
Only the Westlaw citation is currently available.  
United States District Court,D. Connecticut.  
Doris CRAWFORD, Plaintiff,  
v.  
FIRST COLONY LIFE INSURANCE CO., Defendant.  
**Civil Action No. 3-07-cv-113 (JCH).**

Dec. 27, 2007.

Charles Kenneth Norris, Chinigo Leone & Maruzo, Norwich, CT, for Plaintiff.  
Steven M. Richard, Nixon Peabody LLP, Providence, RI, for Defendant.

### RULING

JANET C. HALL, District Judge.

*1 On November 26, 2007 this court denied defendant, First Colony Life Insurance, Co.'s ("First Colony"), Motion for Summary Judgment. *See* Ruling (Doc. No. 21). In that Ruling, the court ordered First Colony to show cause why judgment should not enter for plaintiff, Doris Crawford. *See id.* at 7. In response to this order to show cause, First Colony submitted a Show Cause Memorandum. *See* Defendant's Show Cause Memo. ("Def.'s Mem.")(Doc. No. 22). This Memorandum essentially moves the court to reconsider its Ruling on the Motion for Summary Judgment, and thus the court will review it under the standard for reconsideration. *See e.g. id.* at 12 ("First Colony respectfully requests that this Court reconsider its ruling and grant Defendant's Motion for Summary Judgment.").

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."*Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts before it may also entitle a party to succeed on a motion to reconsider. *Eisemann v. Greene,* 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

First Colony does not argue that there has been any intervening change in the law, nor that there is newly discovered evidence. *See* Def.'s Mem. Furthermore, First Colony does not argue that the court overlooked controlling law, but merely disagrees with the court's interpretation of the controlling law. *See id.*Therefore, First Colony has not met the strict standard for reconsideration. As such, First Colony has failed to show cause as to why judgment should not enter for Crawford.

### CONCLUSION

The clerk is ordered to enter judgment for the plaintiff.

**SO ORDERED.**

D.Conn.,2007.  
Crawford v. First Colony Life Ins. Co.  
Slip Copy, 2007 WL 4800719 (D.Conn.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.