## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRUCE CHARLES RYAN, RUSSELL WILLIAM NEWTON, ROBERT FITZPATRICK, and MERIT CAPITAL ASSOCIATES, INC., | ) ) ) | CASE NUMBER: 3:03 CV 00644 (CFD) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and AIG TECHNICAL SERVICES, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | JULY 25, 2008 |

### OBJECTION TO MOTION FOR EXTENSION OF TIME TO DISCLOSE DEFENSE EXPERT

Plaintiffs, Bruce Charles Ryan, Russell William Newton, Robert Fitzpatrick, and Merit Capital Associates, Inc., (The "Ryan Plaintiffs") hereby object to the Motion for Extension of Time to Make Rebuttal Expert Disclosure (Docket No. 339) filed by the Defendants, National Union Fire Insurance Company of Pittsburgh, PA, and AIG Technical Services, Inc., on July 22, 2008. Defendants have shown no good reason for a further extension of time for the disclosure of experts and the reason they have cited in their motion is pretextual.

This action has been pending since the spring of 2003. Fact discovery has been completed for many months.[1] Because the Defendants' Motion for Summary Judgment had been pending, they sought and received several extensions of time for the parties to disclose expert witnesses in this matter. In addition, Co-Plaintiffs, David Gwynn and Raquel Gwynn, have

---

[1] There is still a pending discovery motion the Court has not ruled on. On January 28, 2006, the Magistrate Judge ordered AIG to produce certain discovery including a log of all bad faith claims filed against it (document #157). AIG filed a *Rule 72 Objections to Magistrate's Ruling on Plaintiffs' Motion to Compel and for Sanctions and Defendants' Motion for Protective Order* dated March 14, 2006 (document #161). Asking the Court, *Droney, J.*, to reconsider the Judge Smith's January, 2006 order. The Ryan Plaintiffs responded to AIG's Rule 72 Objection on April 11, 2006 (document #178/179). The Court has still not entered an order on AIG's Rule 72 Objection.

received extensions of time for the schedule to disclose experts based on personal issues related to their counsel. By disclosure dated April 14, 2008, the Ryan Plaintiffs disclosed two experts, Thomas Forde and James Schratz. Both experts committed to make themselves immediately available for a deposition as soon as they were disclosed. Attached to the disclosure were expert reports from Mr. Forde and Mr. Schratz.

Defendants did not depose Mr. Forde until July 8, 2008 and did not depose Mr. Schratz until July 17, 2008.[2] Each expert was fully deposed and answered all questions put to them on the nature of their opinions

Although they have had months to line up their own experts in this matter, the Defendants now seek an extension of time of thirty days to disclose their experts with depositions to be conducted 60 days thereafter. Defendants claim that Mr. Schratz' report was incomplete. This argument is utterly pretextual. Mr. Schratz' report discloses that there were 31 separate instances in which the Defendants failed to comply with the standard practice customarily followed by insurance carriers in handling the defense of the underlying matters; these failures served as the basis for Mr. Schratz' conclusion that the Defendants had acted in bad faith. In response to questioning by Defense counsel, Mr. Schratz indicated that, in recently reviewing his report in preparation for his deposition and in light of the Court's ruling on April 4, 2008, denying Summary Judgment, he believed there were three other acts of the Defendants' which also failed to meet the standard of customary practice for insurance carriers in defending their insureds. Although these opinions were not stated in his report, Mr. Schratz fully disclosed them in his deposition and Defense counsel was at leave to fully question him on all aspects of his opinions of these additional acts of bad faith. In addition, Mr. Schratz noted that through a

---

[2] July 15th was the Court ordered deadline for Defendants' to depose Plaintiffs experts but the Ryan Plaintiffs did not object to Defendants taking Mr. Schratz deposition after the deadline because of counsel's scheduling issues.

typographical error, his secretary had omitted to list one of the depositions which he had considered from his report. He fully disclosed that fact to Defense counsel and Defense counsel was at liberty to inquire about it at the deposition. Thus, Mr. Schratz' report was fully congruent with the requirements of Federal R. Civ. P. 26(a) at the time it was prepared and he orally supplemented it in full detail at his deposition. At Defense counsel's request, Mr. Schratz agreed to incorporate these additional opinions into his report and to provide the report to Defense counsel in the next few weeks. Thus, there will be nothing added to his report that has not already been disclosed to Defense counsel. Therefore, there is no reason for Defendants to delay the retention and disclosure of their own experts based on the "need to wait for an updated report from Mr. Schratz."

While Defendants have moved to extend their expert disclosure deadline, they have failed to seek to amend the current Court imposed deadline of September 9, 2008 for the filing of the parties' Joint Pretrial Memorandum. If the current motion is granted, Defendants would not be disclosing their experts until after the deadline had passed and would be under no obligation to produce their experts for deposition until several weeks after the Pretrial Memorandum is required to be filed with this Court. Obviously, such scheduling would unduly prejudice the Plaintiffs.

WHEREFORE, for all the foregoing reasons, the Ryan Plaintiffs respectfully object to the Defendants' request for an extension of time to disclose their expert witnesses. If the Court should grant the extension of the expert disclosure deadlines, the Ryan Plaintiffs respectfully request that the schedule be harmonized to insure that the Joint Pretrial Memorandum is not due until such time as Plaintiffs have received full disclosure from the Defendants regarding their

experts and have had an opportunity to complete the deposition of any such disclosed expert

witnesses.

> PLAINTIFFS, BRUCE CHARLES RYAN,
> RUSSELL WILLIAM NEWTON, ROBERT
> FITZPATRICK, and MERIT CAPITAL
> ASSOCIATES INC.,
>
> By_____/S/ Stephanie A. McLaughlin_____
> Peter M. Nolin (ct06223)
> Stephanie A. McLaughlin (ct22774)
> **Sandak Hennessey & Greco LLP**
> 707 Summer Street
> Stamford, CT  06901-1026
> (203) 425-4200
> (203) 325-8608 (fax)
> pnolin@shglaw.com
> smclaughlin@shglaw.com

**<u>CERTIFICATION</u>**

I hereby certify that on July 25, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

  /s/ Stephanie A. McLaughlin_____
Stephanie A. McLaughlin